IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-251-GMS |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PHILIPS' REPLY TO EASTMAN KODAK COMPANY'S COUNTERCLAIMS**

Plaintiff U.S. Philips Corporation ("Philips") presents this Reply to the Counterclaims of Defendant Eastman Kodak Company ("Kodak") as follows:

**Nature of Counterclaims**

1. Philips admits that this purports to be an action for a declaration of patent noninfringement, invalidity, and unenforceability, and for damages and declaratory relief under Delaware statutory and common law; any other allegations are denied.

2. Philips denies the allegations of paragraph 2.

3. Upon information and belief, Philips admits that the CCITT Study Group VIII, in collaboration with the Joint Photographic Experts Group (JPEG) of ISO/IEC JTC 1/SC 29/WG 10, prepared an international technical standard, CCITT Recommendation T.81, which is entitled "Terminal Equipment and Protocols for Telematic Services: Information Technology-Digital Compression and Coding of Continuous-Tone Still Images-Requirements and Guidelines," but otherwise denies all other allegations to the extent they are inconsistent with the above.

4. Upon information and belief, Philips admits that the JPEG Standard is published in two separate standards: (i) CCITT Recommendation T.81, published in September 1992; and

(ii) ISO International Standard 10918-1, published on or about February 15, 1994; and that the JPEG standard provides compatibility for compression, decompression, transmission, and storage of digital still images and allows users to store and share digital still images among and between products from various manufacturers worldwide, but otherwise denies the allegations of this paragraph.

5. Upon information and belief, Philips admits that a variety of hardware devices and software applications follow the JPEG standard, but otherwise denies the allegations of this paragraph.

6. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 6 and on that basis denies the allegations.

7. Philips denies the allegations of paragraph 7.

8. Philips admits that Philips has filed lawsuits against Kodak, Konica-Minolta, and LG Electronics in the United States for infringement of the '075 patent, but otherwise denies the allegations of this paragraph.

## The Parties

9. Philips admits that Kodak is a corporation organized and existing under the laws of New Jersey and having an office and principal place of business at 343 State Street, Rochester, New York 14650.

10. Philips admits that Philips is a corporation organized and existing under the laws of Delaware, with a place of business at 1251 Avenue of the Americas, New York, New York 10020, but otherwise denies the allegations of this paragraph.

## Jurisdiction and Venue

11. Philips admits that this purports to be an action that arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the United States patent laws, and the laws of Delaware, but otherwise denies the allegations of this paragraph.

12. Philips admits that the Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1338, but otherwise denies the allegations of this paragraph.

13.     Philips admits that the Court has personal jurisdiction over Philips, but otherwise denies the allegations of this paragraph.

14.     Philips admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## Summary of Philips' Standard-Setting Conduct

A.      To the extent that any response is required to heading A., Philips repeats and re-alleges herein the replies set forth in paragraphs 15 through 52 below.

15.     Philips admits that the '075 patent issued to Philips in February 1990, but upon information and belief, denies the remaining allegations of this paragraph.

16.     Upon information and belief, Philips denies the allegations of paragraph 16.

17.     Upon information and belief, Philips denies the allegations of paragraph 17.

18.     Upon information and belief, Philips denies the allegations of paragraph 18.

19.     Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 19 regarding Kodak's participation in the development and adoption of the JPEG standard and on that basis denies such allegations; any other allegations are denied.

1.      To the extent that any response is required to heading A.1., Philips repeats and re-alleges herein the replies set forth in paragraphs 20 through 22 below.

20.     Philips lacks sufficient information and belief to admit or deny any allegations of paragraph 20 and on that basis denies such allegations.

21.     Upon information and belief, Philips denies the allegations of paragraph 21.

22.     Upon information and belief, Philips denies the allegations of paragraph 22.

2.      To the extent that any response is required to heading A.2., Philips repeats and re-alleges herein the replies set forth in paragraphs 23 through 35 below.

23.     Upon information and belief, Philips admits that a letter from ISO Working Group 8 was addressed to Loek Zeckendorf around June 1986, but otherwise denies the allegations of this paragraph.

24.   Upon information and belief, Philips admits that German Patent Application No. 3,631,252 purports on its face to have been filed on September 13, 1986, and that the '075 patent claims priority to German Patent Application No. 3,631,252, but otherwise denies the allegations of this paragraph.

25.   Upon information and belief, Philips denies the allegations of paragraph 25.

26.   Upon information and belief, Philips admits that a document entitled "CCITT Patent Policy," dated 8-9 December 1983, contains the text presented in the framed box in Kodak's counterclaim paragraph 26; Philips lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 26 and on that basis denies the allegations.

27.   Upon information and belief, Philips denies the allegations of paragraph 27.

28.   Upon information and belief, Philips denies the allegations of paragraph 28.

29.   Upon information and belief, Philips admits that a document entitled "Report of the Joint Photographic Experts Group Meeting, 24-26 March 1987, Darmstadt" states that a document entitled "Information to be Given on Photographic Compression Techniques" was presented at the March 1987 meeting, admits that a document entitled "Information to be Given on Photographic Compression Techniques" contains the text presented in the framed box in Kodak's counterclaim paragraph 29; Philips otherwise denies the allegations of this paragraph.

30.   Upon information and belief, Philips admits that a document entitled "Report of the Joint Photographic Experts Group Meeting, 24-26 March 1987, Darmstadt" states that twelve compression techniques were presented at the meeting, but otherwise denies the allegations of this paragraph.

31.   Philips admits that German Patent Application No. 3,717,399 purports on its face to have been filed on May 23, 1987, and that the '075 patent claims priority to German Patent Application No. 3,717,399, but otherwise denies the allegations of this paragraph.

32.   Upon information and belief, Philips admits that a document entitled "Report of the Joint Photographic Experts Group Meeting, Copenhagen, 16-19 June 1987" states that ten

techniques were presented at the meeting; Philips lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 32 and on that basis denies the allegations.

33. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 33 and on that basis denies the allegations.

34. Philips admits that the '075 patent purports on its face to have issued to Philips on February 13, 1990, from United States Patent Application No. 96,177 filed on September 11, 1987, but upon information and belief, denies the remaining allegations of this paragraph.

35. Upon information and belief, Philips denies the allegations of paragraph 35.

3. To the extent that any response is required to heading A.3., Philips repeats and re-alleges herein the replies set forth in paragraphs 36 through 45 below.

36. Upon information and belief, Philips admits that a document entitled "Report of the Twelfth WG8 Meeting, Copenhagen, 25-29 January 1988" states that the JPEG committee agreed that the ADCT technique should be the basis for the future standard; Philips lacks sufficient information and belief to admit or deny any other allegations and on that basis denies any other allegations.

37. Upon information and belief, Philips admits that a document entitled "JPEG Delegate List, ISO/JTC1/SC2/WG8 N668," indicates that Norman Richards of Philips Research Labs attended the January 1988 JPEG meeting, but otherwise denies the allegations of this paragraph.

38. Philips lacks sufficient information and belief to admit or deny the allegations in paragraph 38 and on that basis denies the allegations.

39. Upon information and belief, Philips admits that a document entitled "Draft Annexe 2, List of Attendees of 9-13 May 1988, Ottawa" states that Gerald Weth attended the May 1988 meeting, admits that a document entitled "Draft Annexe 3, Documents Tabled at the JPEG Meeting, 9-13 May 1988, Ottawa" states that a document entitled "Patent Policy on JPEG Standard" was "tabled" at the May 1988 meeting, but otherwise denies the allegations of this paragraph.

5

40. Upon information and belief, Philips denies the allegations of paragraph 40.

41. Philips lacks sufficient information and belief to admit or deny Kodak's allegation that "[i]n response to JPEG's calls for patents, Kodak's Michael Nier responded for Kodak and indicated that Kodak had no relevant patents" and on that basis denies the allegation; upon information and belief, Philips denies any other allegations.

42. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 42 and on that basis denies the allegations.

43. Upon information and belief, Philips denies the allegations of paragraph 43.

44. Philips admits that the '075 patent purports on its face to have issued on February 13, 1990, but upon information and belief, denies the remaining allegations of this paragraph.

45. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 45 that Kodak representative Michael Nier attended this meeting and on that basis denies such allegations; upon information and belief, Philips denies any other allegations.

4. To the extent that any response is required to heading A.4., Philips repeats and re-alleges herein the replies set forth in paragraphs 46 through 52 below.

46. Upon information and belief, Philips admits that a document entitled "Request for Patent Statements or Re-statements," dated 4 August 1991, contains the text presented in the framed box in Kodak's counterclaim paragraph 46; Philips lacks sufficient information and belief to admit or deny Kodak's allegation that "[s]everal JPEG members including Kodak responded to this call for patents" and on that basis denies the allegation; any other allegations are denied.

47. Upon information and belief, Philips denies that Philips received this request; Philips lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 47 and on that basis denies the allegations.

48. Upon information and belief, Philips denies the allegations of paragraph 48.

49. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 49 and on that basis denies the allegations.

50.     Upon information and belief, Philips denies that Philips established itself as an active member of the British Standards Institution, that Philips chaired IST/37, and that Philips represented the United Kingdom in the work of ISO/IEC JTC1/SC29; Philips lacks sufficient information and belief to admit or deny the remaining allegations of paragraph 50 and on that basis denies the allegations.

51.     Upon information and belief, Philips denies the allegations of paragraph 51.

52.     Upon information and belief, Philips admits that on or about February 15, 1994, the ISO formally approved ISO International Standard 10918-1, but otherwise denies the allegations of this paragraph.

B.      To the extent that any response is required to heading B., Philips repeats and re-alleges herein the replies set forth in paragraphs 53 through 56 below.

53.     Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 53 and on that basis denies the allegations.

54.     Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 54 and on that basis denies the allegations.

55.     Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 55 and on that basis denies the allegations.

56.     Upon information and belief, Philips denies the allegations of paragraph 56.

C.      To the extent that any response is required to heading C., Philips repeats and re-alleges herein the replies set forth in paragraphs 57 through 62 below.

57.     Upon information and belief, Philips denies the allegations set forth in paragraphs 57(a)-(d) and (f); Philips lacks sufficient information and belief to admit or deny the allegations set forth in paragraph 57(e) and on that basis denies the allegations.

58.     Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 58 regarding Kodak representative Michael Nier and on that basis denies such allegations; upon information and belief, Philips denies any other allegations.

59.     Upon information and belief, Philips denies the allegations of paragraph 59.

60. Upon information and belief, Philips denies the allegations of paragraph 60.

61. Upon information and belief, Philips denies the allegations of paragraph 61.

62. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 62 regarding Kodak's investments since the adoption of the JPEG and on that basis denies the allegations; any other allegations are denied.

## FIRST COUNTERCLAIM
### Declaratory Judgment - Noninfringement of the '075 Patent

63. To the extent that any response is required to paragraph 63 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 above.

64. Philips admits that this purports to be an action for declaratory judgment of noninfringement of any valid claim of the '075 patent; any other allegations are denied.

65. Philips admits that it holds all right, interest and title in and to the '075 patent relevant to this lawsuit; any other allegations are denied.

66. Philips admits that Kodak has been and still is infringing one or more claims of the '075 patent.

67. Philips admits that it is entitled to an award of actual damages on account of Kodak's alleged infringement of the '075 patent.

68. Philips admits that in addition to its request for an award of actual damages Philips is entitled to a permanent injunction against Kodak.

69. Philips admits that Kodak's infringing activities constitute willful infringement and, therefore, entitle Philips to recover treble damages under 35 U.S.C. § 284.

70. Philips admits that this case is an exceptional case justifying an award of attorneys' fees and costs to Philips under 35 U.S.C. § 285.

71. Philips admits that Kodak purports to deny the allegations made by Philips as listed in paragraphs 65-70; any other allegations are denied.

72. Philips denies the allegations of paragraph 72.

73. Philips admits that Kodak purports to desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above; any other allegations are denied.

## SECOND COUNTERCLAIM
### Declaratory Judgment - Invalidity of the '075 Patent

74. To the extent that any response is required to paragraph 74 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 above.

75. Philips admits that this purports to be an action for declaratory judgment of invalidity of the claims of the '075 patent; any other allegations are denied.

76. Philips admits that it holds all right, interest and title in and to the '075 patent relevant to this lawsuit; any other allegations are denied.

77. Philips admits that Kodak has been and still is infringing one or more claims of the '075 patent.

78. Philips admits that Kodak purports to deny the allegations made by Philips as listed in paragraphs 76-77; any other allegations are denied.

79. Philips denies the allegations of paragraph 79.

80. Philips denies the allegations of paragraph 80.

81. Philips denies the allegations of paragraph 81.

82. Philips denies the allegations of paragraph 82.

83. Philips admits that Kodak purports to desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above; any other allegations are denied.

## THIRD COUNTERCLAIM
### Declaratory Judgment - Unenforceability Based on Equitable Estoppel

84. To the extent that any response is required to paragraph 84 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 above.

85. Philips admits that this purports to be an action for declaratory judgment of unenforceability based on equitable estoppel; any other allegations are denied.

86. Philips admits that it holds all right, interest and title in and to the '075 patent relevant to this lawsuit; any other allegations are denied.

87. Philips admits that Kodak has been and still is infringing one or more claims of the '075 patent.

88. Philips admits that Kodak purports to deny the allegations made by Philips as listed in paragraphs 86-87; any other allegations are denied.

89. Upon information and belief, Philips denies the allegations of paragraph 89.

90. Upon information and belief, Philips denies the allegations of paragraph 90.

91. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 91 and on that basis denies the allegations.

92. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 92 and on that basis denies the allegations.

93. Upon information and belief, Philips denies the allegations of paragraph 93.

94. Philips admits that there exists an actual judicial controversy between Kodak and Philips concerning whether Philips' claims for relief are barred by equitable estoppel.

95. Philips admits that Kodak purports to desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above; any other allegations are denied.

## FOURTH COUNTERCLAIM
### Declaratory Judgment - Unenforceability Based on Implied License

96. To the extent that any response is required to paragraph 96 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 and paragraphs 89-93 above.

97. Philips admits that this purports to be an action for declaratory judgment of unenforceability based on implied license; any other allegations are denied.

98. Philips admits that it holds all right, interest and title in and to the '075 patent relevant to this lawsuit; any other allegations are denied.

99. Philips admits that Kodak has been and still is infringing one or more claims of the '075 patent.

100. Philips admits that Kodak purports to deny the allegations made by Philips as listed in paragraphs 97-99; any other allegations are denied.

101. Upon information and belief, Philips denies the allegations of paragraph 101.

102. Upon information and belief, Philips denies the allegations of paragraph 102.

103. Upon information and belief, Philips denies the allegations of paragraph 103.

104. Upon information and belief, Philips denies the allegations of paragraph 104.

105. Upon information and belief, Philips denies the allegations of paragraph 105.

106. Philips admits that there exists an actual judicial controversy between Kodak and Philips concerning whether Philips' claims for relief are barred by doctrine of implied license.

107. Philips admits that Kodak purports to desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above; any other allegations are denied.

## FIFTH COUNTERCLAIM
### Deceptive Trade Practices - 6 Del. C. § 2532 et seq.

108. To the extent that any response is required to paragraph 108 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 and paragraphs 89-93 above.

109. Philips admits that this purports to be an action for deceptive trade practices; any other allegations are denied.

110. Philips denies the allegations of paragraph 110.

111. Philips denies the allegations of paragraph 111.

112. Philips denies the allegations of paragraph 112.

113. Philips denies the allegations of paragraph 113.

## SIXTH COUNTERCLAIM
### Fraud

114. To the extent that any response is required to paragraph 114 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 and paragraphs 89-93 above.

115. Philips admits that this purports to be an action for fraud; any other allegations are denied.

116. Upon information and belief, Philips denies the allegations of paragraph 116.

117. Upon information and belief, Philips denies the allegations of paragraph 117.

118. Upon information and belief, Philips denies the allegations of paragraph 118.

119. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 119 and on that basis denies the allegations.

120. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 120 and on that basis denies the allegations.

121. Upon information and belief, Philips denies the allegations of paragraph 121.

## SEVENTH COUNTERCLAIM
### Negligent Misrepresentation

122. To the extent that any response is required to paragraph 122 of the counterclaims, Philips repeats and re-alleges herein the replies set forth in paragraphs 1 through 62 and paragraphs 89-93 above.

123. Philips admits that this purports to be an action for negligent misrepresentation; any other allegations are denied.

124. Upon information and belief, Philips denies the allegations of paragraph 124.

125. Upon information and belief, Philips denies the allegations of paragraph 125.

126. Upon information and belief, Philips denies the allegations of paragraph 126.

127. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 127 and on that basis denies the allegations.

128. Philips lacks sufficient information and belief to admit or deny the allegations of paragraph 128 and on that basis denies the allegations.

129. Philips denies the allegations of paragraph 129.

## PHILIPS' AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

130. Kodak fails to state a claim for deceptive trade practices upon which relief can be granted.

131. Kodak fails to state a claim for fraud upon which relief can be granted.

### Second Affirmative Defense (Statute of Limitations)

132. Kodak's purported Fifth Counterclaim for deceptive trade practices is barred by the statute of limitations.

133. Kodak's purported Sixth Counterclaim for fraud is barred by the statute of limitations.

134. Kodak's purported Seventh Counterclaim for negligent misrepresentation is barred by the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Philips respectfully prays that judgment be entered:

 A. declaring that the '075 patent is valid and enforceable;

 B. declaring that Kodak has infringed the '075 patent;

 C. declaring that Kodak's infringement of the '075 patent has been deliberate and willful;

 D. preliminarily and permanently enjoining Kodak, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from infringement of the '075 patent;

 E. compensating Philips for all damages caused by Kodak's infringement of the '075 patent;

      F.      enhancing Philips' damages up to three times their amount, pursuant to 35 U.S.C. § 284;

      G.      granting Philips pre- and post-judgment interest on its damages, together with all costs and expenses;

      H.      granting Philips reasonable attorney fees pursuant to 35 U.S.C. § 285; and

      I.      awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff has demanded a trial by jury on all claims.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

------

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. PHILIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig-Rient
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Dated: November 6, 2006
174867.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2006, the attached **PHILIPS' REPLY TO EASTMAN KODAK COMPANY'S COUNTERCLAIMS** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Francis DiGiovanni, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building, 8th Floor<br>1007 North Orange Street<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| John Allcock, Esquire<br>DLA Piper Rudnick Gray Cary<br>401 B Street<br>Suite 1700<br>San Diego, CA  92101 | **VIA FEDERAL EXPRESS** |
| Timothy W. Lohse, Esquire<br>DLA Piper Rudnick Gray Cary<br>2000 University Avenue<br>East Palo Alto, CA  94303 | **VIA FEDERAL EXPRESS** |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon