IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Notice of Scheduling Conference, Fed. R. Civ. P. 16, and Local Rule 16.2(b), U.S. Philips Corporation ("Philips") and Eastman Kodak Company ("Kodak") submit this Joint Status Report. The following addresses each of the agenda items appearing in the Court's Notice of Scheduling Conference. Counsel will appear and be prepared to further discuss these and other matters that the Court may raise.

1. **Jurisdiction and Service**

    a. **Does the Court Have Subject Matter Jurisdiction?**

    This Court has jurisdiction over the subject matter of this action pursuant to the patent laws of the United States, Title 35 of the United States Code, and 28 U.S.C §§ 1331 and 1338.

    b. **Are All Parties Subject to the Court's Jurisdiction?**

    Both parties have admitted that they are subject to the Court's jurisdiction.

    c. **Do any Remain to be Served?**

    Kodak has answered Philips' complaint and has asserted counterclaims. Philips has replied to Kodak's counterclaims.

2. **Substance of the Action**

   a. **Factual and Legal Bases for Plaintiff's Claims?**

Philips' claim for patent infringement is based on U.S. Patent No. 4,901,075 ("the '075 patent"). Philips believes that Kodak has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '075 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale, and importing JPEG image encoding products or services within the United States. The accused products and services of Kodak include, but are not limited to, certain digital cameras, film scanners, document scanners, image encoding software products, and image encoding services.

   b. **Factual and Legal Bases for Defendants' Claims and Defenses?**

Kodak denies that it has infringed any claim of the '075 patent, whether literally, under the doctrine of equivalents, directly or indirectly by contributing to or inducing direct infringement by others. Kodak also contends that the claims of the '075 patent are invalid. In addition to its affirmative defenses, Kodak has asserted counterclaims against Philips for a declaratory judgment of noninfringement, invalidity of the '075 patent, and unenforceability based on equitable estoppel and implied license. Kodak has also asserted counterclaims against Philips based on deceptive trade practices under 6 Del.C. § 2532 et seq., fraud and negligent misrepresentation.

3. **Identification of Issues in Dispute**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute include the following:

   a) infringement of one or more claims of the '075 patent;
   b) willful infringement of the '075 patent;
   c) validity of the '075 patent;
   d) enforceability of the '075 patent;
   e) Kodak's affirmative defenses based on, among other things, Philips participation in development and approval of the JPEG standard, including equitable estoppel and

implied license and state law counterclaims including deceptive trade practices, fraud, and negligent misrepresentation;

f) the amount of damages, if any, should Kodak or Philips be found liable;

g) increased damages under 35 U.S.C. § 284; and

h) any further relief, including without limitation an award of attorneys' fees and costs under, *inter alia*, 35 U.S.C. § 285 to either Philips or Kodak.

4. **Narrowing of Issues**

   a. **Can the Issues in Litigation be Narrowed by Agreement or by Motions?**

At the present time, the parties are unable to narrow the issues in litigation by agreement. The parties contemplate being able to narrow the issues by eliminating claims and/or defenses and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth in section 12(I) below.

   b. **Are there Dispositive or Partially Dispositive Issues Appropriate for Decision on Motion?**

Philips believes that several of Kodak's state law counterclaims should be dismissed for failure to state a claim, are barred by the statute of limitations, or are preempted by federal patent law. Kodak believes that, at the very least, full discovery is necessary prior to the determination of its state law counterclaims.

The parties anticipate that following the conclusion of fact and expert discovery, dispositive and/or partially dispositive motions relating to Philips' infringement allegations and Kodak's invalidity allegations of the '075 patent may be appropriate.

5. **Relief**

   a. **Philips' Claims**

Philips seeks damages adequate to compensate for the infringement but in no event less than a reasonable royalty, together with interest and costs. Philips also seeks increased damages due to Kodak's willful infringement. Finally, Philips seeks an award of reasonable attorney's

fees, expenses and costs in this action under 35 U.S.C. § 285. At this stage of the proceedings, Philips believes it is premature to identify the amount of damages sought. Generally, the base amount of damages is computed by multiplying a royalty base consisting of each infringing product or use by a royalty rate.

### b.    Kodak's Claims

Kodak seeks a declaratory judgment that the '075 patent is not infringed and is invalid. Kodak also seeks damages in connection with its state law counterclaims including deceptive trade practices, fraud and negligent misrepresentation according to proof at trial. In addition, Kodak seeks a permanent injunction, treble damages and attorney's fees under 6 Del.C. § 2533. Finally, Kodak seeks an award of reasonable attorney's fees, expenses and costs in this action under 35 U.S.C. § 285.

### 6.    Amendment of Pleadings

The parties agree to seek leave to amend on or before **August 24, 2007**.

### 7.    Joinder of Parties

The parties agree to seek leave to join any additional parties on or before **August 24, 2007**.

### 8.    Discovery

#### a.    Discovery Contemplated by Each Party and the Amount of Time it May Take to Complete Discovery?

Philips anticipates that discovery related to the infringement issue will likely be directed to the design, structure, function, and use of the accused products and services. That discovery will likely be directed to Kodak as well as to third-party suppliers and customers of the accused products and services. Discovery related to the damages issue will likely be directed to marketing, revenues, and profits associated with the accused products and services, as well as the factors that are relevant to determination of a reasonable royalty.

Kodak anticipates that it will require discovery on each of the following issues:

4

1. The factual basis for Philips' claims of infringement, willful infringement and damages;
2. The prior art to the '075 patent;
3. Prosecution of the '075 patent including Philips' knowledge of any material prior art that was not cited to the U.S. Patent Office;
4. Philips' participation in the standards setting organizations responsible for development and approval of the JPEG standard (requiring extensive Hague Convention\foreign discovery);
5. Patent disclosure obligations, both implied and express, of the standard setting organizations responsible for development and approval of the JPEG standard (requiring extensive Hague Convention\foreign discovery).

As for the amount of time it may take to complete discovery, see the proposed discovery schedule set forth in section 12 below.

    **b.**    **Can Discovery be Limited?**

With the exceptions contained in this paragraph, the parties believe that discovery should not be limited. The parties agree that each party may take up to 140 hours of depositions of fact witnesses. The parties further agree that limitations regarding the number of interrogatories and requests for the production of documents shall be governed by the Federal Rules of Civil Procedure.

    **c.**    **Are Less Costly and Time-Consuming Methods Available to Obtain Necessary Information?**

At the present time, the parties do not believe that any less costly or time-consuming methods are available for the exchange of discovery materials.

**9.**    **Estimated Trial Length**

The parties respectfully request two (2) weeks of trial for all issues.

    **a.**    **Is it Feasible or Desirable to Bifurcate Issues for Trial?**

Philips believes that it is feasible and desirable to bifurcate issues for trial. The parties'

5

legal claims and defenses should be tried to a jury. The parties' equitable claims and defenses should be tried to the bench.

Kodak believes that there is substantial overlapping evidence relating to the parties' legal and equitable claims such that separate trials would be a waste of judicial resources and time.

        **b.**    **Is it Possible to Reduce the Length of the Trial by Stipulations, Use of Summaries or Statements, or Other Expedited Means of Presenting Evidence?**

Philips believes it is possible that stipulations, summaries, statements, and declarations can be used to reduce the length of the bench trial on equitable issues.

At the present time, Kodak is unable to determine whether expedited means of presenting evidence at trial will be appropriate.

    **10.**    **Jury Trial**

The parties have requested a jury trial on all issues so triable.

    **11.**    **Settlement**

        **a.**    **Have There Been Settlement Discussions?**

Prior to the service of the complaint, Philips and Kodak exchanged information and engaged in discussions concerning the '075 patent and settlement.

        **b.**    **What are the Prospects for Settlement?**

The parties are uncertain about the prospects for settlement.

        **c.**    **Is Referral to the Magistrate for Mediation or other ADR Mechanism Appropriate?**

The parties are amenable to referral to the Magistrate or outside mediator for purposes of mediation.

    **12.**    **Other Matters Counsel Considers Conducive to the Just, Speedy and Inexpensive Determination of This Action**

The parties propose the following discovery schedule:

    A.    Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) will be exchanged on or before **February 28, 2007.**

B. The parties will submit a joint proposed protective order on or before **February 28, 2007**.

C. Initiation of fact discovery on **February 28, 2007**.

D. All motions to join other parties and amend the pleadings shall be filed on or before **August 24, 2007**.

E. The *Markman* hearing should be scheduled for a total of 8 hours with each side having 4 hours. On or before **September 25, 2007**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on **October 9, 2007**, and the answering claim construction briefs on **October 23, 2007**.

F. Kodak shall inform Philips whether it intends to rely upon advice of counsel as a defense to willful infringement on or before **November 30, 2007**.

G. All fact discovery shall be initiated so that it will be completed on or before **January 31, 2008**. All expert discovery shall be initiated so that it will be completed on or before **April 14, 2008**.

H. The parties will serve opening expert reports on issues for which they bear the burden of proof on or before **February 14, 2008**. Responsive expert reports will be due on or before **March 14, 2008**.

I. The parties will submit any letter briefs seeking permission to file summary judgment motions on or before **April 22, 2008**, answering letter briefs will be filed on or before **May 6, 2008**, and reply letter briefs will be filed on or before **May 16, 2008**.

J. At least thirty (30) days before a joint pretrial order is due, Philips will send a draft pretrial order to Kodak. Kodak will provide comments and additional information to Philips at least fifteen (15) days before the joint pretrial order is due.

K. Opening briefs on all motions *in limine* shall be filed on or before six (6) weeks

prior to the Pretrial Conference. All answering briefs on all motions *in limine* shall be filed within fourteen (14) days from filing of the opening briefs. All reply briefs on all motions *in limine* shall be filed within seven (7) days from filing of the answering briefs.

### 13. Electronic Discovery

The parties have exchanged views about electronic discovery.

### 14. Statement that Counsel Have Conferred About Each of the Above Matters

Counsel for the parties have conferred about each of the agenda items set forth in the Court's Notice of Scheduling Conference.

| ASHBY & GEDDES | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| /s/ *John G. Day* | /s/ *Francis DiGiovanni* |
| Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com | Francis DiGiovanni (I.D. #3189)<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>(302) 658-9141<br>fdigiovanni@cblh.com |
| *Attorneys for Plaintiff*<br>*U.S. PHILIPS CORPORATION* | *Attorney for Defendant/Counterclaimant*<br>*EASTMAN KODAK COMPANY* |
| *Of Counsel:*<br>Thomas W. Winland<br>Steven M. Anzalone<br>Frank A. De Costa, III<br>Houtan K. Esfahani<br>Joyce Craig-Rient<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001-4413<br>Telephone:    (202) 408-4000 | *Of Counsel:*<br>John Allcock<br>Sean C. Cunningham<br>Tim Lohse<br>John D. Kinton<br>T. Jesse Hindman<br>DLA PIPER US LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone:    (619) 699-2700 |

Dated: January 17, 2007