IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-251-GMS |
| v. | ) ) ) | |
| EASTMAN KODAK COMPANY, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S OBJECTIONS AND RESPONSE TO DEFENDANT EASTMAN KODAK COMPANY'S FIRST 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF U.S. PHILIPS CORPORATION**

Plaintiff U.S. Philips Corporation ("Philips"), by its attorneys, hereby objects and responds to Defendant Eastman Kodak Company's ("Kodak") First 30(b)(6) Notice of Deposition to Philips.

## GENERAL OBJECTIONS

1. Philips objects to the time and location of the deposition, particularly because the notice of deposition provides only one specific date and time for the deposition. Subject to its objections, Philips will make available representatives at a mutually agreeable time and place.

2. Philips objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Philips will be able to prepare a witness or witnesses to testify is necessarily commensurate in scope with the specificity of the Topics.

3. Philips objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or

information otherwise protected from disclosure.

4. Philips objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Philips under confidentiality obligations, or that is subject to agreement, court order, or other duty preventing disclosure to Kodak.

5. Philips objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Philips, or relevant to the claims and defenses in this litigation.

6. Philips objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Philips.

7. Philips objects to the Deposition Topics to the extent they are cumulative.

8. Philips objects to the Deposition Topics to the extent that they call for legal conclusions and/or expert opinions.

9. Philips objects to the definitions and instructions set forth in Kodak's First 30(b)(6) Notice of Deposition to the extent that those definitions and instructions purport to impose obligations on Philips that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

10. Philips incorporates its objections to the definitions and instructions set forth in Philips' responses to Kodak's discovery requests as though fully set forth herein.

11. Philips objects to the definition of "Philips" to the extent it potentially includes entities or persons outside the possession, custody, or control of Philips. Philips interprets "Philips" to mean U.S. Philips Corporation.

12. Philips objects to the definition of "Philips Application" as overly broad and unduly burdensome as it purports to extend to "foreign counterpart applications, and any other

2

applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit." Philips interprets "Philips Application" to mean U.S. applications for the Patent-in-Suit.

13. Philips objects to the definition of "Related Philips Patents" as overly broad and unduly burdensome as it purports to extend to "foreign patents corresponding to or related in any way to the Patent-in-Suit, the invention disclosed in the Patent-in-Suit or any other patent related to video compression technology assigned in whole or in part to Philips." Philips interprets "Related Philips Patents" to mean U.S. patents related to the Patent-in-Suit.

14. Philips objects to the definition of "Related Philips Patent Applications" as overly broad and unduly burdensome as it purports to extend to "any . . . foreign patent applications that led to or matured into any of the Related Philips Patents" and "any . . . foreign patent application from or through which the Patent-in-Suit or any of the Related Philips Patents claim priority, and any predecessors, continuations, divisionals or continuations-in-part of any of the foregoing patent applications." Philips interprets "Related Philips Patent Applications" to mean U.S. patent applications from or through which the Patent-in-Suit or any U.S. patent related to the Patent-in-Suit claim priority.

15. Philips objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips interprets "JPEG Standard" to mean the JPEG Standard described in CCITT Recommendation T.81 and ISO/IEC 10918-1.

16. Philips objects to the definition of "MPEG Standard" as vague and overly broad as it purports to extend to "any and/or all" of the international standards for compression, decompression, processing, and coded representation of moving picture, audio and their

combination developed by the ISO and the IEC. Philips interprets "MPEG Standard" to mean the standards for video and audio compression and for multimedia delivery developed by the Moving Picture Experts Group (MPEG).

17. Philips' deposition responses will be based on Philips' present knowledge, information, and belief and may be subject to change or modification based on Philips' further discovery, or on facts or circumstances that may come to Philips' knowledge. Philips assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

18. Philips' deposition responses are made solely for the purposes of this action.

19. These general objections apply to all of the Deposition Topics. To the extent that specific objections are cited as to a specific Deposition Topic, those specific objections are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the Topic.

## RESPONSE AND OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1.**

> Philips' possession, custody, control of (including the identification and location of each document custodian), investigation and collection of documents produced or to be produced in this litigation, including documents relating to:
> (a) the Patent-in-Suit;
> (b) the Philips Application;
> (c) the Related Philips Patents;
> (d) any Related Philips Patent Applications;
> (e) Philips' participation in development and adoption of the JPEG or MPEG Standards;
> (f) Philips' participation in standards-setting committees including the JPEG and MPEG Standards related committees of the ISO, CCITT, ANSI, and BSI; and
> (g) Peter Vogel.

**Response:**

Philips objects to this topic as vague and ambiguous with regard to the meaning of the term "participation."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 1.

**Topic No. 2.**

Philips' knowledge of documents not in Philips' possession, custody and/or control (including identification and location of each custodian) relating to:
(a) the Patent-in-Suit;
(b) the Philips Application;
(c) the Related Philips Patents;
(d) any Related Philips Patent Applications;
(e) Philips' participation in development and adoption of the JPEG or MPEG Standards;
(f) Philips' participation in standards-setting committees including the JPEG and MPEG Standards related committees of the ISO, CCITT, ANSI, and BSI; and
(g) Peter Vogel.

**Response:**

Philips objects to this topic as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks "Philips' knowledge of documents not in Philips' possession, custody, and/or control."

Philips further objects to this topic as vague and ambiguous with regard to the meaning of the term "participation."

Philips further objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to ANSI and BSI.

Based on the foregoing General and Specific objections, Philips will not provide a

5

witness on this topic.

**Topic No. 3.**

> Philips' possession, custody, control of (including the identification and location of each custodian), investigation and collection of electronic records, computerized information and/or electronically stored information produced or to be produced in this litigation, including:
> (a) the Patent-in-Suit;
> (b) the Philips Application;
> (c) the Related Philips Patents;
> (d) any Related Philips Patent Applications;
> (e) Philips' participation in development and adoption of the JPEG or MPEG Standards;
> (f) Philips' participation in standards-setting committees including the JPEG and MPEG Standards related committees of the ISO, CCITT, ANSI, and BSI; and
> (g) Peter Vogel.

**Response:**

Philips objects to this topic as vague and ambiguous with regard to the meaning of the term "participation."

Philips further objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to ANSI and BSI.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 3.

**Topic No. 4.**

> Philips' document retention and/or destruction policies including such policies with respect to electronic records, computerized information and/or electronically stored information.

**Response:**

Subject to and without waiving the foregoing General objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 4.

6

**Topic No. 5.**

    Information relating to the relationships among and between the various Philips corporate entities, both domestic and international, including U.S. Philips Corporation, Royal Philips Electronics, Philips Kommunikations Industrie AG (Germany), Philips Research Laboratories (United Kingdom), Philips Data Systems, Philips International B.V. (Netherlands), Philips Telecommuicatie Industrie (Netherlands), Philips Consumer Electronics B.V. (Netherlands), Philips Patentverwaltung GmbH, and N. V. Philips' Gloeilampenfabrieken including:
        (a) organizational and corporate structure;
        (b) corporate histories and formation;
        (c) voting relationships;
        (d) corporate ownership;
        (e) governing corporate documents;
        (f) common employees;
        (g) common board members;
        (h) asset transfers; and
        (i) Peter Vogel.

**Response:**

Philips objects to this topic as vague and ambiguous with regard to the meaning of the term "relationships."

Philips further objects to this topic as overly broad and unduly burdensome to the extent it requires identification of organizational information, including common employees, common board members, and asset transfers, for an unspecified and unlimited time period.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 5.

**Topic No. 6.**

    Philips' knowledge of, participation, and/or involvement in any standards setting organizations alleged to be related to the subject matter of the Patent-in-Suit, the Philips Application, the Related Philips Patents or any Related Philips Patent Applications including the JPEG and MPEG Standards related committees of the:
        (a) ISO;
        (b) CCITT;
        (c) ANSI; and
        (d) BSI.

**Response:**

Philips objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to ANSI and BSI.

Philips objects to this topic as vague and ambiguous with regard to the meaning of the terms "knowledge," "participation," and "involvement."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 6.

**Topic No. 7.**

> Bylaws and rules including patent and patent application disclosure policies, requests or rules (express or implied) of the JPEG and MPEG Standards related committees of the:
> (a) ISO;
> (b) CCITT;
> (c) ANSI; and
> (d) BSI.

**Response:**

Philips objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to ANSI and BSI.

Philips further objects to this topic as failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks information for an unspecified and unlimited time period.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 7.

**Topic No. 8.**

> Identification, disclosure, or non-disclosure of any patents or patent applications by Philips to:

(a) ISO;
(b) CCITT;
(c) ANSI; and
(d) BSI.

**Response:**

Philips objects to this topic as vague, ambiguous, overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested to the extent it: (1) purports to extend to "non-disclosure" and "any patents or patent applications;" and (2) seeks information for an unspecified and unlimited time period.

Philips further objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to patents and patent applications other the patent asserted in the Complaint and to the extent it seeks information relating to ANSI and BSI.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 8.

**Topic No. 9.**

Identification, disclosure, or non-disclosure of any patents or patent applications by third party\other entities to:
(a) ISO;
(b) CCITT;
(c) ANSI; and
(d) BSI.

**Response:**

Philips objects to this topic as vague, ambiguous, overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested to the extent it: (1) purports to extend to "non-disclosure" and "any patents or patent applications;" and (2) seeks information for an unspecified and unlimited time period.

9

Philips further objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to patents and patent applications other than the patent asserted in the Complaint and to the extent it seeks information relating to ANSI and BSI.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 9.

**Topic No. 10.**

    Any assignment, acquisition, transfer, or sale of any rights involving:
        (a) the Patent-in-Suit;
        (b) the Philips Application;
        (c) the Related Philips Patents; and
        (d) any Related Philips Patent Applications.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 10.

**Topic No. 11.**

    Philips' policies relating to employee inventors and patent transfers, assignment, or ownership.

**Response:**

Philips objects to this topic as vague, ambiguous, overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 11.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. PHILIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig-Rient
Lei Mei
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400

Dated: April 6, 2007
179525.1