IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S
OBJECTIONS AND RESPONSES TO DEFENDANT
EASTMAN KODAK COMPANY'S NOTICE OF DEPOSITION AND REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS OF ERIK SCHYLANDER**

Plaintiff U.S. Philips Corporation ("Philips"), by its attorneys, hereby objects and

responds to Defendant Eastman Kodak Company's ("Kodak") Notice of Deposition and Request

for Production of Documents and Things of Erik Schylander.

**OBJECTIONS TO NOTICE OF DEPOSITION**

1.      Philips objects to the time and location of the deposition.  Philips will work with

Kodak to schedule the deposition at a mutually agreeable time and place.

2.      Philips objects to the use, including use by other parties, of any testimony from

the noticed deposition in separate cases.

3.      Philips objects to the extent that this deposition in combination with depositions

of other witnesses would cause Kodak to exceed any of the limits on depositions set forth in the

Federal Rules of Civil Procedure.

4.     Philips objects to the extent that this deposition seeks information that is protected by claims of attorney-client privilege or attorney work product or any other applicable privilege or immunity.

## OBJECTIONS AND RESPONSES TO SCHEDULE A

### GENERAL OBJECTIONS

1.     Nothing in these responses should be construed as waiving rights or objections which might otherwise be available to Philips, nor should Philips' responses to any of these document requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the document requests or the responses thereto.

2.     To the extent that Kodak's document requests seek information from internal work product files from any of Philips' counsel, including, but not limited to, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Ashby & Geddes, P.A., Philips objects to providing such information and to the production or listing of these documents on a withheld document list.

3.     Philips objects to providing commercial, financial, regulatory, marketing, and other information to the extent such information relates to countries other than the United States as unduly burdensome, overly broad, and irrelevant to any issue in the suit, and not reasonably calculated to lead to the discovery of admissible evidence.

4.     The incidental production of any information, document, or thing covered by any of Philips' General or Specific Objections shall not be construed as a waiver of the objection with respect to any other information, document, or thing.

5.     Any Philips response to a particular request indicating that it will produce documents means that Philips will produce such documents to the extent they exist, can be

located after a reasonable search of Philips' files, and are not subject to the attorney/client privilege, work-product immunity, or other applicable privilege or objection. A response that documents will be produced shall not be construed as a representation that such documents exist or existed. Any such response indicates only that documents responsive to the request, subject to applicable objections, will be produced if any such documents are found after a reasonable search.

6.      Philips reserves the right to mask from documents produced any matter that is not called for or with respect to which Philips has objected to the request for production.

7.      Philips reserves the right to produce voluminous or atypical documents by making them available for inspection and copying by Kodak at Philips' facilities or at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.'s facilities.

8.      Philips objects to the document requests as overly broad, unreasonably cumulative, and unduly burdensome to the extent they seek information from electronic backup sources or the recovery of deleted electronic data or information.

9.      Philips objects to the document requests as overly broad and unduly burdensome to the extent they purport to impose obligations or seek information beyond what is required under Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the local rules, and applicable case law. Philips objects to each of these document requests to the extent that the information sought would improperly require Philips to create or compile collections of information that do not currently exist, or formulate opinions or conclusions that do not currently exist.

10.     Philips objects to the document requests as unduly burdensome and overly broad to the extent they ask Philips to obtain or provide information that is not available from a reasonable search of its files or a reasonable inquiry of its current employees. Similarly, Philips

objects to obtaining or providing information that is not in Philips' possession, custody, or control, such as information known to persons not currently employed by Philips or information in the custody of third parties.

11.    Philips objects to the document requests to the extent that they seek documents and information protected by attorney-client privilege or work product doctrine, or prepared in anticipation of litigation or for trial.  Any production of attorney-client privileged or work-product protected information is inadvertent and shall not constitute waiver of any privilege or protection.

12.    Philips objects to the document requests to the extent that they seek confidential information of third parties subject to a nondisclosure agreement or other obligations of secrecy.

13.    Philips objects to the document requests as unreasonably burdensome to the extent they request information that can be independently obtained by Kodak from other sources, such as documents in the custody and control of Kodak and materials available from the U.S. Patent and Trademark Office or available on the Internet.

14.    Philips objects to the document requests to the extent that they purport to require Philips to review an unreasonably large volume of electronic mail ("e-mail") files.  If necessary, Philips will review and produce relevant, non-privileged documents responsive to the requests from e-mail files pursuant to an agreed upon procedure.

15.    Philips objects to the document requests as unduly burdensome, overly broad, and not relevant to any claim or defense of any party to this action to the extent they ask Philips to obtain or provide information on behalf of "past and present corporate parents, past or present subsidiaries of its corporate parents, . . ."  Philips will perform a reasonable search and make reasonable inquiries, but cannot obtain or provide information that is not currently in Philips'

possession, custody, or control. Moreover, the information of separate entities that are not parties to this action is not within the scope of permissible discovery since such information is not in Philips' possession, custody, or control, nor is it relevant to any claim or defense of the parties to this action.

16.    Philips objects to the document requests as vague, unduly burdensome, overly broad, and not relevant to the extent they ask Philips to obtain or provide information for an unspecified and unlimited time period.

17.    Philips objects to the document requests as unduly burdensome and overly broad to the extent they ask Philips to provide information that is not relevant and necessary to Kodak's case and which would require disclosure of trade secrets or other confidential research, development, or commercial information. Whenever requested information is confidential and its disclosure might be harmful, "the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).

18.    Philips objects to any document request seeking information about the exploratory efforts of Philips' counsel in investigating Philips' claims or Kodak's counterclaims and preparing this case for trial. Such information would tend to reveal counsel's mental impressions, conclusions, opinions, or legal theories. Consequently, such information is beyond the ambit of discovery. *See* Fed. R. Civ. P. 26(b)(3).

19.    Philips objects to the definition of "document" as overly broad and unduly burdensome to the extent it includes information beyond what is required under Rule 34 of the Federal Rules of Civil Procedure.

20.     Philips objects to the definition of "Philips Application" as overly broad and unduly burdensome as it purports to extend to "foreign counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit."

21.     Philips objects to the definition of "Related Philips Patents" as overly broad and unduly burdensome as it purports to extend to "foreign patents corresponding to or related in any way to the Patent-in-Suit, the invention disclosed in the Patent-in-Suit or any other patent related to video compression technology assigned in whole or in part to Philips."

22.     Philips objects to the definition of "Related Philips Patent Applications" as overly broad and unduly burdensome as it purports to extend to "any . . . foreign patent applications that led to or matured into any of the Related Philips Patents" and "any . . . foreign patent application from or through which the Patent-in-Suit or any of the Related Philips Patents claim priority, and any predecessors, continuations, divisionals or continuations-in-part of any of the foregoing patent applications."

23.     Philips objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard."

24.     Philips objects to the definition of "MPEG Standard" as vague and overly broad as it purports to extend to "any and/or all" of the international standards for compression, decompression, processing, and coded representation of moving picture, audio and their combination developed by the ISO and the IEC.

25.     Philips objects to these requests to the extent they are duplicative and/or cumulative of Kodak's prior document requests.

26.    Philips will supplement its responses in accordance with Rule 26(e).

27.    The General Objections apply to all of Kodak's document requests, including subparts. To the extent that any particular General Objection is cited in response to any specific document requests, those specific citations are provided because they are believed to be particularly applicable to the document request and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the document request.

28.    The following responses reflect Philips' present knowledge, information, and belief, and may be subject to change or modification based upon Philips' further discovery or facts or circumstances that may subsequently come to Philips' knowledge.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Any and all documents pertaining or relating to: The JPEG Standard, including the development, establishment, and adoption thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Philips specifically objects to this document request as overly broad and unduly burdensome to the extent it seeks documents and things beyond the development and adoption of the JPEG standard described in CCITT Recommendation T.81 and ISO/IEC 10918-1, namely, to the extent it seeks "[a]ny and all documents pertaining or relating to" the JPEG Standard. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other

sources.  Philips also objects to this request to the extent it seeks documents or things that are not

in Philips' possession, custody, or control.  Philips further objects to this request to the extent it

seeks documents protected by the attorney-client privilege, the work-product immunity, or any

other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will

produce relevant, non-privileged documents responsive to this request, to the extent any such

documents exist.

**DOCUMENT REQUEST NO. 2:**

Any and all documents pertaining or relating to:  Any investigation, testing, or analysis
of the JPEG Standard conducted by or on behalf of Philips.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Philips specifically objects to this document request as not relevant to a claim or defense

of any party or likely to lead to the discovery of admissible evidence to the extent it extends

beyond the subject matter of the Patent-in-Suit.  Philips also objects to this request as vague,

ambiguous, and overly broad as to the terms "pertaining or relating to" and "testing or analysis

of the JPEG Standard."  Philips also objects to the definition of "JPEG Standard" as vague and

overly broad as it purports to extend to "all national standards body versions, equivalents, or

variations of the ISO standard or the CCITT standard."  Philips also objects to this request to the

extent it seeks documents protected by the attorney-client privilege, the work-product immunity,

or any other applicable privilege or immunity.  Philips further objects to this request to the extent

it prematurely seeks expert discovery outside the timetable specified in the Court's Scheduling

Order and outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 3:**

Any and all documents pertaining or relating to: Any analysis, review, inspection, test, or observation for the purpose of determining whether any claims of the Patent-in-Suit or the Related Philips Patent cover the JPEG Standard.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Philips specifically objects to this document request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as overly broad and unduly burdensome to the extent it purports to extend to "the Related Philips Patents." Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit. Philips also objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips further objects to this request to the extent it prematurely seeks expert discovery outside the timetable specified in the Court's Scheduling Order and outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 4:**

Any and all documents pertaining or relating to: The MPEG Standard, including the development, establishment, and adoption thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Philips specifically objects to this document request as overly broad and unduly burdensome to the extent it seeks documents and things beyond the development and adoption of the MPEG standard, namely, to the extent it seeks "[a]ny and all documents pertaining or relating to" the MPEG Standard. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 5:**

Any and all documents pertaining or relating to: Any analysis, review, inspection, test, or observation for the purpose of determining whether any claims of the Patent-in-Suit or the Related Philips Patent cover the MPEG Standard.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Philips specifically objects to this document request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. Philips also objects to this request as vague, ambiguous, and overly broad

as to the term "pertaining or relating to."  Philips also objects to this request as overly broad and

unduly burdensome to the extent it purports to extend to "the Related Philips Patents."  Philips

also objects to this request as not relevant to a claim or defense of any party or likely to lead to

the discovery of admissible evidence to the extent it extends beyond the territory or subject

matter of the Patent-in-Suit.  Philips further objects to this request to the extent it prematurely

seeks expert discovery outside the timetable specified in the Court's Scheduling Order and

outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, Philips will

produce relevant, non-privileged documents responsive to this request, to the extent any such

documents exist.

**DOCUMENT REQUEST NO. 6:**

Any and all documents pertaining or relating to:  Philips' dealings or interaction with,
participation in, and/or observation of any activity associated with any of the
organizations (including their members) responsible for establishing the JPEG
Standard, including but not limited to correspondence, communications, memos,
reports, statements, and records of meetings.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Philips specifically objects to this document request as vague, ambiguous, and overly

broad as to the term "pertaining or relating to."  Philips also objects to this request as vague,

ambiguous, and misleading as to the term "dealings or interaction with, participation in, and/or

observation of."  Philips also objects to the definition of "JPEG Standard" as vague and overly

broad as it purports to extend to "all national standards body versions, equivalents, or variations

of the ISO standard or the CCITT standard."  Philips also objects to this request as overly broad

and unduly burdensome to the extent it requests information that can be independently obtained

by Kodak from other sources.  Philips further objects to this request to the extent it seeks

documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 7:**

Any and all documents pertaining or relating to: Philips' dealings or interaction with, participation in, and/or observation of any activity associated with any of the organizations (including their members) responsible for establishing the MPEG Standard, including but not limited to correspondence, communications, memos, reports, statements, and records of meetings.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as vague, ambiguous, and misleading as to the term "dealings or interaction with, participation in, and/or observation of." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 8:**

Any and all documents pertaining or relating to: The ISO and its standards-setting committees and groups that dealt with image compression or data compression technology including without limitation those involving development and adoption of the JPEG or MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague and ambiguous as to the terms "pertaining or relating to" and "dealt with." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 9:**

Any and all documents pertaining or relating to: The CCITT and its standards-setting committees and groups that dealt with image compression or data compression technology including without limitation those involving development and adoption of the JPEG or MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague and ambiguous as to the terms "pertaining or relating to" and "dealt with."

Philips also objects to this request as unduly burdensome to the extent it requests information

that can be independently obtained by Kodak from other sources.  Philips also objects to this

request to the extent it seeks documents or things that are not in Philips' possession, custody, or

control.  Philips further objects to this request to the extent it seeks documents protected by the

attorney-client privilege, the work-product immunity, or any other applicable privilege or

immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will

produce relevant, non-privileged documents responsive to this request, to the extent any such

documents exist.

**DOCUMENT REQUEST NO. 10:**

Any and all documents pertaining or relating to:  The ANSI and its standards-setting
committees and groups that dealt with image compression or data compression
technology including without limitation those involving development and adoption of
the JPEG or MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Philips specifically objects to this document  request as not relevant to a claim or defense

of any party or likely to lead to the discovery of admissible evidence.  Philips also objects to this

request as vague and ambiguous as to the terms "pertaining or relating to" and "dealt with."

Philips also objects to this request as unduly burdensome to the extent it requests information

that can be independently obtained by Kodak from other sources.  Philips also objects to this

request to the extent it seeks documents or things that are not in Philips' possession, custody, or

control.  Philips further objects to this request to the extent it seeks documents protected by the

attorney-client privilege, the work-product immunity, or any other applicable privilege or

immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 11:**

Any and all documents pertaining or relating to: The IEC and its standards-setting committees and groups that dealt with image compression or data compression technology including without limitation those involving development and adoption of the JPEG or MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague and ambiguous as to the terms "pertaining or relating to" and "dealt with." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 12:**

Any and all documents pertaining or relating to: The BSI and its standards-setting committees and groups that dealt with image compression or data compression technology including without limitation those involving development and adoption of the JPEG or MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague and ambiguous as to the terms "pertaining or relating to" and "dealt with." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 13:**

Any and all documents pertaining or relating to: Philips' participation in the ISO, CCITT, ANSI, IEC, BSI and any of their standards-setting committees and groups including without limitation those involving development and adoption of the JPEG and MPEG Standards.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as vague, ambiguous, and misleading as to the term "participation." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips further objects to this

request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 14:**

> Any and all documents pertaining or relating to: Philips' correspondence and other communications with the ISO, CCITT, ANSI, IEC, BSI and any of their standards-setting committees and groups, and/or members of those committees and groups.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Philips specifically objects to this document request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 15:**

> Any and all documents pertaining or relating to: The Adaptive Discrete Cosine Transform method.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources.  Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to."  Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control.  Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 16:**

Any and all documents pertaining or relating to:  Adaptive binary arithmetic coding or the Q Coder.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources.  Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to."  Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control.  Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 17:**

Any and all documents pertaining or relating to:  Generalized block truncated coding.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources.  Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to."  Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control.  Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 18:**

Any and all documents pertaining or relating to:  Bylaws and rules of the ISO, CCITT, ANSI, IEC, and BSI including any of their standard-setting committees and groups and including without limitation patent and patent application disclosure policies, requests or rules (express or implied).

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources.  Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or

relating to." Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 19:**

Any and all documents pertaining or relating to: Identification, disclosure, or non-disclosure of any patents or patent applications to the ISO, CCITT, ANSI, IEC, BSI and any of their standards-setting committees and groups, and/or members of those committees and groups.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request as overly broad and unduly burdensome to the extent it extends to "non-disclosure" and "any patents or patent applications." Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 20:**

Any and all documents pertaining or relating to: Any image or data compression project concerning or associated with ESPRIT.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 21:**

Any and all documents pertaining or relating to: Communications including without limitation those internal to Philips relating to development or approval of the JPEG Standard.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips also objects to this request to the extent it seeks

documents or things that are not in Philips' possession, custody, or control. Philips further

objects to this request to the extent it seeks documents protected by the attorney-client privilege,

the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will

produce relevant, non-privileged documents responsive to this request, to the extent any such

documents exist.

**DOCUMENT REQUEST NO. 22:**

Any and all documents pertaining or relating to: Communications including without
limitation those internal to Philips relating to development or approval of the MPEG
Standard.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Philips specifically objects to this document request as unduly burdensome to the extent

it requests information that can be independently obtained by Kodak from other sources. Philips

also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or

relating to." Philips also objects to this request to the extent it seeks documents or things that are

not in Philips' possession, custody, or control. Philips further objects to this request to the extent

it seeks documents protected by the attorney-client privilege, the work-product immunity, or any

other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will

produce relevant, non-privileged documents responsive to this request, to the extent any such

documents exist.

**DOCUMENT REQUEST NO. 23:**

Any and all documents pertaining or relating to: Patent or patent application
disclosure policies, rules, or requests, either express or implied, of standards-setting
committees including without limitation the JPEG and MPEG Standards related
committees of the ISO, CCITT, ANSI, IEC, and BSI.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Philips specifically objects to this document request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources. Philips also objects to this request as vague, ambiguous, and overly broad as to the term "pertaining or relating to." Philips also objects to this request to the extent it seeks documents or things that are not in Philips' possession, custody, or control. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 24:**

Any and all documents pertaining or relating to: Communications relating to or involving in any way Peter Vogel.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to" and "relating to or involving in any way." Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

23

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 25:**

Any and all documents pertaining or relating to:  Your knowledge of the Patent-in-Suit, the Philips Application, the Related Philips Patents and/or any Related Philips Patent Applications.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to."  Philips also objects to this request as overly broad and unduly burdensome to the extent it purports to extend to "the Philips Application, Related Philips Patents and/or any Related Philips Patent Applications."  Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit.  Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

ASHBY & GEDDES

/s/ *John G. Day*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. PHILIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig-Rient
Lei Mei
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400

Dated:  April 13, 2007
179692.1