**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA

TO:    COUNSEL OF RECORD ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Eastman Kodak Company provides notice of service of subpoena on the following persons or entities as indicated:

1.    IBM Corporation. A copy of the subpoena is attached hereto as Exhibit A.

2.    Joan L. Mitchell. A copy of the subpoena is attached hereto as Exhibit B.

3.    BSI Management Systems America, Inc. A copy of the subpoena is attached hereto as Exhibit C.

Dated: April 20, 2007

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone (619) 699-2700

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

534472v1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 20, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on April 20, 2007, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

BY E-MAIL AND HAND DELIVERY:
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

BY E-MAIL AND U.S. MAIL:
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig-Rient
Pat Hart
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

Francis DiGiovanni
Francis DiGiovanni (#3189)

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

U.S. PHILIPS CORPORATION

Plaintiff
V.
EASTMAN KODAK COMPANY

Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Civil Action No. 06-00251
(GMS)

TO: IBM Corporation
1133 Westchester Avenue
White Plains, NY 10604

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>27th Floor<br>New York, NY 10020-1104 | DATE AND TIME<br>June 13, 2007 at 9:00 am. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>DLA Piper US LLP<br>401 B. Street, Suite 1700<br>San Diego, CA 92117 | DATE AND TIME<br>May 21, 2007 at 9:00 am. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Eastman Kodak Company | April 19 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

T. Jesse Hindman
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101
619.699.2923

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                       _____
                                                       ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### EASTMAN KODAK COMPANY'S SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* OF IBM CORPORATION

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Eastman Kodak Company ("Kodak"), by and through its counsel, will take the deposition of IBM Corporation, on June 13, 2007 at 9:00 am at the offices of DLA Piper US LLP, 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, (212) 335-4500 (or at a time and place as otherwise agreed by the parties).

The deposition, on the deposition topics listed in Attachment A, will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths, and will continue from day to day until completed. Some or all of the deposition may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

SD\1733687.1
223612-25

Before the deposition, on May 21, 2007 at the offices of DLA Piper US LLP, 401 B

Street, Suite 1700 San Diego, CA 92101 (or at the time and place as otherwise agreed by the

parties), IBM Corporation must produce documents in its possession, custody and control in

response to the document requests listed in Attachment A.  Fed.R.Civ.P. 45(a)(1)(C).

Dated: _April 19_, 2007

_____
John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

2

## ATTACHMENT A

## TO THE SUBPOENA FOR IBM CORPORATION

### *DEFINITIONS*

1.     "IBM" means IBM Corporation, including without limitation all of its corporate locations, predecessors, affiliates, successors, subsidiaries, divisions or parts thereof; all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with IBM; and others acting on behalf of IBM.

2.     As used herein, "product" refers to any system, apparatus, method, device, software, encoder, decoder, codec, and/or process using Video Coding Technology.

3.     "Video Coding Technology" means any technology for compressing and/or decompressing data representing motion and/or still images, including but not limited to the coding methods described in the JPEG Standard and MPEG Standards.

4.     "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purpose.

5.     "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes.  To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

6.     "ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee ("CCITT").

7.     "ISO" means the International Organization for Standardization.

3

8.    "IEC" means the International Electrotechnical Commission.

9.    The term "participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

10.    The phrase " JPEG Standard" refers to the Standard | Recommendation ISO/IEC 10918-1 | ITU-T Rec. T.81, entitled " Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines."

11.    The phrase "MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1", the ISO/IEC 13818-2 Standard for "MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

12.    "Van Voorhis '780 patent" means United States Patent No. 3,925,780, entitled "Apparatus for Data Compression Encoding and Decoding" to David C. Van Voorhis, issued December 9, 1975, attached hereto as Exhibit C.

13.    "Van Voorhis '833 patent" means United States Patent No. 3,984,833, entitled "Apparatus for Encoding Extended Run-Length Codes" to David Curtis Van Voorhis, issued October 5, 1976, attached hereto as Exhibit D.

## *INSTRUCTIONS*

1.    This subpoena calls for you to produce all documents identified below that are within your possession, custody, or control, or are otherwise available to you.

2.    Electronics records and computerized information that are produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

3.    If, after exercising due diligence to secure the information requested, you cannot fully comply with a specific Request, or any part thereof, please state the reason(s) for your inability to reply and respond to the fullest extent possible.

4

### *DOCUMENT REQUESTS*

1.      All documents authored by IBM or by any of its employees concerning Video Coding Technology prior to September 11, 1987.

2.      Documents sufficient to fully describe the methods for image encoding and decoding used by any Video Coding Technology for: (1) any projects or products that led to the inventions of the Van Voorhis '780 patent and/or Van Voorhis '833 patent; (2) any projects or products that were based on the inventions of the Van Voorhis '780 patent and/or Van Voorhis '833 patent prior to September 11, 1987: (3) any other products made by or at the direction of IBM that used Video Coding Technology prior to September 11, 1987; and (4) any other projects of IBM that used Video Coding Technology prior to September 11, 1987.

3.      Documents sufficient to describe any IBM projects or products disclosed in documents produced in response to Request Number 2, including documents sufficient to describe the project and/or product names and model numbers.

4.      Documents sufficient to demonstrate the public use, knowledge, availability, offer for sale and/or sale of any project or product disclosed in documents produced in response to Request Number 2 and which occurred prior to September 11, 1987, including documents sufficient to demonstrate such use, knowledge, availability, offer for sale and/or sale that occurred prior to September 11, 1987.

5.      All documents concerning patent licenses from IBM for the following patents (hereinafter referred to as the "IBM Patents"), regardless of whether a license was actually executed, including patent licenses:

        a.      U.S. Patent No. 4,633,490 to Gerald Goertzel and Joan L. Mitchell, entitled "Symmetrical Adaptive Data Compression/Decompression System," issued December 30. 1986;

5

       b.      U.S. Patent No. 4,652,856 to Kottappuram M. A. Mohiuddin and Jorma J. Rissanen, entitled " A Multiplication-free Multi-Alphabet Arithmetic Code," issued February 4, 1986;

       c.      U.S. Patent No. 4,369,463 to Dimitris Anastassiou and Joan L. Mitchell, entitled " Grey Scale Image Compression with Code Words a Function of Image History," issued January 18, 1983;

       d.      U.S. Patent No. 4,749,983 to Glen G. Langdon Jr., entitled " Compression of Multilevel Signals," issued June 7, 1988;

       e.      U.S. Patent No. 4,935,882 to William B. Pennebaker and Joan L. Mitchell, entitled " Probability Adaptation for Arithmetic Coders," issued June 19, 1990;

       f.      U.S. Patent No. 4,905,297 to Glen G. Langdon, Joan L. Mitchell, William B. Pennebaker and Jorma J. Rissanen, entitled " Arithmetic Coding Encoder and Decoder System," issued February 27, 1990;

       g.      U.S. Patent No. 5,099,440 to William B. Pennebaker and Joan L. Mitchell, entitled " Probability Adaptation for Arithmetic Coders," issued March 24, 1992.

      6.      All documents relating to any disclosure by You of Video Coding Technology to the ISO and/or CCITT Standards Bodies concerning the JPEG Standard prior to February 15, 1994, including (but not limited to) any proposal, submission, description, contribution and/or technical specification.

      7.      All documents relating to any participation by IBM, or any employee of IBM, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, prior to February 15, 1994, with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards, including (but not limited to) any communication, proposal, submission, contribution, and/or technical specification, including participation by Ronald Arps,

6

H. J. Hall, John W. Lowe, Joan L. Mitchell, Richard C. Pasco, William G. Pennebaker, and Charles F. Touchton.

       8.      All Communications between IBM and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee relating to the JPEG Standard and/or MPEG Standards, including communications to or from those employees listed in Request Number 7.

### *DEPOSITION TOPICS*

       1.      The authenticity of any documents produced by IBM in response to this subpoena.

       2.      The search for and collection of any documents relevant or responsive to this subpoena.

       3.      The methods for image encoding and decoding used by any Video Coding Technology for: (1) any projects or products that lead to the inventions of the Van Voorhis '780 patent and/or Van Voorhis '833 patent; (2) any projects or products that were based on the inventions of the Van Voorhis '780 patent and/or Van Voorhis '833 patent prior to September 11, 1987; (3) any other products made by or at the direction of IBM that used Video Coding Technology prior to September 11, 1987; and (4) any other projects of IBM that used Video Coding Technology prior to September 11, 1987.

       4.      Any IBM projects or products disclosed in documents produced in response to Request Number 4, including project and/or product names and model numbers.

       5.      The public use, knowledge, availability, offer for sale and/or sale of any project or product disclosed in documents produced in response to Document Request Number 2 and which

occurred prior to September 11, 1987, including such use, knowledge, availability. offer for sale and/or sale that occurred prior to September 11, 1987.

6.    Patent licenses or attempts by IBM to license the IBM Patents, including discussions concerning licensing of the IBM Patents and IBM Q-Coder Patents.

7.    Patent licenses from IBM or attempts by IBM to license the patents listed in Document Request No. 5, regardless of whether a license was actually executed, including patent licenses for such patents

8.    Documents authored by IBM or by any of its employees concerning Video Coding Technology prior to September 11. 1987.

9.    Participation by IBM, or any employee of IBM, in any ISO and/or CCITT Standards Bodies prior to February 15, 1994 with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards, including (but not limited to) any communication, proposal. submission, contribution, and/or technical specification. including those documents currently or formerly in the possession of the employees listed in Document Request Number 7 above.

10.    Communications between IBM and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies relating to the JPEG Standard and/or MPEG Standards, including by those employees listed in Document Request Number 7 above.

8

# EXHIBIT C

℗ₒ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

U.S. PHILIPS CORPORATION

Plaintiff
V.
EASTMAN KODAK COMPANY

Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Civil Action No. 06-00251
(GMS)

TO:  Joan L. Mitchell
c/o IBM Corporation
1133 Westchester Avenue
White Plains. NY 10604

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DLA Piper US LLP | June 14, 2007 at 9:00 am |
| 1251 Avenue of the Americas | |
| 27th Floor | |
| New York, NY 10020-1104 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP | May 21, 2007 at 9:00 am |
| 401 B. Street, Suite 1700 | |
| San Diego, CA 92117 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Eastman Kodak Company | April 19 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

T. Jesse Hindman
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101
619.699.2923

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc
www.FormsWorkflow.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### EASTMAN KODAK COMPANY'S SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* OF JOAN L. MITCHELL

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Eastman Kodak Company ("Kodak"), by and through its counsel, will take the deposition of Joan L. Mitchell, on June 14, 2007 at 9:00 am at the offices of DLA Piper US LLP, 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, (212) 335-4500, (or at a time and place as otherwise agreed by the parties).

The deposition, on topics that include but are not limited to those listed in Attachment A, will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths, and will continue from day to day until completed. Some or all of the deposition may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Before the deposition, on May 21, 2007 at the offices of DLA Piper US LLP, 401 B

Street, Suite 1700 San Diego, CA 92101 (or at the time and place as otherwise agreed by the

parties), Ms. Mitchell must produce documents in her possession, custody and control in

response to the document requests listed in Attachment A.  Fed.R.Civ.P. 45(a)(1)(C).

Dated: _April 19_, 2007

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
Attorneys for Defendant
Eastman Kodak Company

## ATTACHMENT A

## TO THE SUBPOENA FOR JOAN L. MITCHELL

### *DEFINITIONS*

1.     "IBM" means IBM Corporation. including without limitation all of its corporate locations, predecessors, affiliates, successors, subsidiaries, divisions or parts thereof; all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with IBM; and others acting on behalf of IBM.

2.     "Video Coding Technology" means any technology for compressing and/or decompressing data representing motion and/or still images, including but not limited to the coding methods described in the JPEG Standard.

3.     "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as rules. guidelines, or definitions of characteristics, to ensure that materials. products. processes and/or services are fit for their purpose.

4.     "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes.  To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

5.     "ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee ("CCITT").

6.     "ISO" means the International Organization for Standardization.

7.     "IEC" means the International Electrotechnical Commission.

8.    The term "participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

9.    The phrase " JPEG Standard" refers to the Standard | Recommendation ISO/IEC 10918-1 | ITU-T Rec. T.81, entitled " Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines."

10.    The phrase "MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1", the ISO/IEC 13818-2 Standard for "MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

## *INSTRUCTIONS*

1.    This subpoena calls for you to produce all documents identified below that are within your possession, custody, or control, or are otherwise available to you.

2.    Electronics records and computerized information that are produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

3.    If, after exercising due diligence to secure the information requested, you cannot fully comply with a specific Request, or any part thereof, please state the reason(s) for your inability to reply and respond to the fullest extent possible.

## *DOCUMENTS REQUESTED*

1.    All documents relating to any disclosure by IBM of Video Coding Technology to the ISO and/or CCITT Standards Bodies concerning the JPEG Standard and/or MPEG Standards prior to February 15, 1994. including (but not limited to) any proposal, submission, description, contribution and/or technical specification.

2.      All documents relating to any participation by IBM, or any employee of IBM, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, prior to February 15, 1994, with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards, including (but not limited to) any communication, proposal, submission, contribution, and/or technical specification, including participation by Ronald Arps, H. J. Hall, John W. Lowe, Joan L. Mitchell, Richard C. Pasco, William G. Pennebaker, and Charles F. Touchton.

3.      All Communications between IBM and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee relating to the JPEG Standard and/or MPEG Standards, including communications to or from those employees listed in Document Request Number 2.

4.      All documents concerning patent licenses from IBM for the following patents, regardless of whether a license was actually executed, including patent licenses:

    a.      U.S. Patent No. 4,633,490 to Gerald Goertzel and Joan L. Mitchell, entitled "Symmetrical Adaptive Data Compression/Decompression System," issued December 30. 1986;

    b.      U.S. Patent No. 4,652,856 to Kottappuram M. A. Mohiuddin and Jorma J. Rissanen, entitled "A Multiplication-free Multi-Alphabet Arithmetic Code," issued February 4, 1986;

    c.      U.S. Patent No. 4.369.463 to Dimitris Anastassiou and Joan L. Mitchell, entitled "Grey Scale Image Compression with Code Words a Function of Image History," issued January 18, 1983;

      d.     U.S. Patent No. 4,749,983 to Glen G. Langdon Jr., entitled "Compression of Multilevel Signals," issued June 7, 1988;

      e.     U.S. Patent No. 4,935,882 to William B. Pennebaker and Joan L. Mitchell, entitled "Probability Adaptation for Arithmetic Coders," issued June 19, 1990;

      f.     U.S. Patent No. 4,905,297 to Glen G. Langdon, Joan L. Mitchell, William B. Pennebaker and Jorma J. Rissanen, entitled "Arithmetic Coding Encoder and Decoder System." issued February 27, 1990;

      g.     U.S. Patent No. 5,099,440 to William B. Pennebaker and Joan L. Mitchell, entitled "Probability Adaptation for Arithmetic Coders," issued March 24, 1992.

### *DEPOSITION TOPICS*

1.     The authenticity of any documents produced in response to this subpoena.

2.     The search for and collection of any documents relevant or responsive to this subpoena.

3.     Patent licenses from IBM for the patents listed in Document Request No. 4 above, regardless of whether a license was actually executed.

4.     Participation by IBM, or any employee of IBM, in any ISO and/or CCITT Standards Bodies with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards, including (but not limited to) any communication, proposal, submission, contribution. and/or technical specification, including those documents currently or formerly in the possession of the employees listed in Document Request Number 2 above.

5.     Communications between IBM and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies relating to the JPEG Standard and/or MPEG Standards, including by those employees listed in Document Request Number 2 above.

# EXHIBIT B

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF  VIRGINIA

| | |
|---|---|
| U.S. PHILIPS CORPORATION, Plaintiff<br>V.<br>EASTMAN KODAK COMPANY, Defendant | **SUBPOENA IN A CIVIL CASE**<br>Case Number:[1] 06-251-GMS<br>U.S.D.C For The District Of Delaware |

TO: BSI Management Systems America, Inc.
    In care of:
    CT Corporation System
    4701 Cox Road, Suite 301
    Glen Allen, VA 23060-6802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attachment B for deposition topics

| PLACE OF DEPOSITION<br>DLA Piper US LLP<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190-5159 | DATE AND TIME<br>June 11, 2007<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    See Attachment A.

| PLACE<br>DLA Piper US LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92117 | DATE<br>May 21, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_signature_ , Attorney for Defendant | DATE<br>April _14_, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Jesse Hindman
DLA Piper US LLP
401 B St., Suite 1700
San Diego, CA 92101
619.699.2923

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

American LegalNet, Inc
www.USCourtForms.com

[1] action is pending in district other than district of issuance, state district under case number.

SD\1675832.1

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

SD\1675832.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-00251-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EASTMAN KODAK COMPANY'S SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* OF BSI MANAGEMENT SYSTEMS AMERICA, INC**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Eastman Kodak Company ("Kodak"), by and through its counsel, will take the deposition of BSI Management Systems America, Inc. ("BSI"), on June 11, 2007 at 9:00 am at the offices of DLA Piper US LLP, 1775 Wiehle Avenue, Suite 400, Reston, VA 20190-5159, (703) 773-4500, (or at a time and place as otherwise agreed by the parties).

The deposition, on the topics listed in Attachment B, will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths, and will continue from day to day until completed. Some or all of the deposition may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Before the deposition, on May 21, 2007, BSI must produce documents in its possession, custody and control in response to the document requests listed in Attachment A. Fed.R.Civ.P. 45(a)(1)(C). All responsive documents should be produced to Jesse Hindman of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101.

Dated: _April 19_, 2007

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

**ATTACHMENT A**
**ATTACHED TO EASTMAN KODAK COMPANY'S SUBPOENA**
**TO BSI MANAGEMENT SYSTEMS AMERICA, INC.**

**DEFINITIONS**

1.    "BSI." "you" or "your" means BSI Management Systems America, Inc.,
including without limitation all of its corporate locations, predecessors, affiliates, successors,
subsidiaries, parents, divisions or parts thereof; all past or present directors, officers, agents,
representatives, employees, consultants. attorneys, and entities acting in joint-venture or
partnership relationships with BSI Management Systems America. Inc.; and others acting on
behalf of BSI Management Systems America, Inc.

2.    "Philips" means U.S. Philips Corporation including its predecessors, successors,
assigns, past and present subsidiaries, past and present corporate parents, past or present
subsidiaries of its corporate parents, divisions, affiliates, officers, directors, agents and
employees. attorneys and other persons acting on its behalf, including Royal Philips Electronics,
Philips Kommunikations Industrie AG (Germany), Philips Research Laboratories (United
Kingdom), Philips Data Systems. Philips International B.V. (Netherlands). Philips
Telecommuicatie Industrie (Netherlands), Philips Consumer Electronics B.V. (Netherlands), and
Peter Vogel.

3.    As used herein, "product" refers to any system. apparatus. method. device,
software, encoder. decoder, codec, and/or process using Video Coding Technology.

4.    "Video Coding Technology" means any technology for compressing and/or
decompressing data representing motion and/or still images, including but not limited to the
coding methods described in the JPEG Standard and MPEG Standards.

5.    "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purpose.

6.    "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes. To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

7.    " ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee (" CCITT").

8.    " ISO" means the International Organization for Standardization.

9.    " IEC" means the International Electrotechnical Commission.

10.    The term " participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

11.    The phrase " JPEG Standard" refers to the Standard | Recommendation ISO/IEC 10918-1 | ITU-T Rec. T.81, entitled " Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines."

12.    The phrase " MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1," the ISO/IEC 13818-2 Standard for " MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

13.    "Person" means any natural person or any business, legal, or governmental entity or association.

14.    "Document" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

15.    "Thing" means any tangible object other than a Document.

16.    The term "Communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations: and any writings memorializing such oral contact.

17.    The terms and phrases "Relating," "Concerning," "Referring or Relating to," "Refer or Relate to," "Refers or Relates to," or "Reflecting" mean and refer to the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, or refers in any way to the matters set forth.

## INSTRUCTIONS

1.    The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

2.     Where a document is stored electronically, you shall produce an electronic copy of the original document in its native format, including all stored metadata. Where a claim of privilege is made with respect to portion of an electronic document, you may redact only that portion, in such a manner as to retain the original metadata to the extent possible. If it is not possible to retain all original metadata (for example, a file modification time), you shall separately produce the original metadata that was modified by the redaction process.

3.     All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

4.     Each document and thing produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the document or thing at any time.

5.     If you cannot produce any of these documents in full, produce them to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

6.     In you cannot produce all of the requested documents, describe in detail every reason for any failure or inability to produce each of those requested documents.

7.     If you cannot locate documents or things responsive to these requests after the exercise of due diligence, state in detail the particulars of the efforts that you made to locate such

documents or things and the reasons for their disappearance or unavailability. If such documents or things exist but are unavailable to you, state to the best of your knowledge, where the documents or things are located, including the name, address, and telephone number of the custodian.

8.    If any document covered by these requests, or any portion thereof, is withheld by reason of a claimed privilege, a privilege log is to be furnished at the time that documents are produced, identifying any such document for which the privilege is claimed, together with the following information with respect to any document withheld, or any portion thereof: author(s); recipient(s); sender(s); indicated or blind copies; title of the document, if any; date; general subject matter; present location of all copies of such document; the basis or bases on which the privilege is claimed; and the request to which such document relates. Where a portion of a document has been withheld as privileged (for example, by redacting the document), the privilege log shall identify the produced document.

9.    These requests shall apply to all documents in your possession, custody or control at the present time or coming into your possession, custody or control prior to the date of the production. If you know of the existence of such documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents and things, and the person who has the possession, custody or control of the documents or things.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following documents pursuant to Fed. R. Civ. P. 45:

1.      All documents relating to any disclosure by You of Video Coding Technology to the ISO and/or CCITT Standards Bodies concerning the JPEG Standard, including (but not limited to) any proposal, submission, description, contribution and/or technical specification.

2. .    All documents relating to any participation by BSI, or any employee of BSI, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards.

3.      All Communications between BSI and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee relating to the JPEG Standard and/or MPEG Standards, including communications to or from those employees listed in Request Number 8.

4.      All BSI meeting minutes concerning, referring or relating to the setting of the JPEG Standard and/or MPEG Standards.

5.      All BSI voting records concerning the setting of the JPEG Standard and/or MPEG Standards.

6.      All documents concerning or evidencing the involvement of Philips in the setting of the JPEG and/or MPEG standards.

7.    All documents concerning or evidencing the involvement of John Morris of Philips in the setting of the JPEG and/or MPEG standards.

8.    All documents concerning or evidencing the involvement of Norman Richards of Philips in the setting of the JPEG and/or MPEG standards.

9.    All documents concerning or evidencing the involvement of Simon Turner of Philips in the setting of the JPEG and/or MPEG standards.

**ATTACHMENT B**
**ATTACHED TO EASTMAN KODAK COMPANY'S SUBPOENA**
**TO BSI MANAGEMENT SYSTEMS AMERICA, INC.**

**DEFINITIONS**

All definitions set forth in Attachment A attached to Eastman Kodak Company's

Subpoena to BSI Management Systems America, Inc. are incorporated herein in their entirety.

**INSTRUCTIONS**

This subpoena calls for you to designate and make available for the purpose of giving

testimony at the deposition the officer(s), director(s), managing agent(s), and/or other person(s)

who is (are) most knowledgeable and able to testify about each of the subjects identified below

under the heading "Deposition Topics."

**DEPOSITION TOPICS**

1.      The authenticity of any documents produced by BSI in response to this subpoena.

2.      The search for and collection of any documents relevant or responsive to this

subpoena.

3.      Participation by BSI, or any employee of BSI, in any ISO and/or CCITT

Standards Bodies in connection with the development and/or adoption of the JPEG Standard

and/or MPEG Standards, including (but not limited to) any communication, proposal,

submission, contribution, and/or technical specification.

4.      Communications between BSI and any of its employees and the ISO and/or

CCITT Standards Bodies and any sub-group of those Standards Bodies relating to the JPEG

Standard and/or MPEG Standards.

5.    Participation by Philips. or any employee of Philips, including but not limited to John Morris, Simon Turner and Norman Richards, in any ISO and/or CCITT Standards Bodies in connection with the development and/or adoption of the JPEG Standard and/or MPEG Standards, including (but not limited to) any communication, proposal, submission, contribution, and/or technical specification.