## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | Case No. 06-0251 GMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### EASTMAN KODAK COMPANY'S UNOPPOSED APPLICATION FOR ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

1. Defendant Eastman Kodak Company ("Kodak") respectfully applies for the issuance by the Court of three Letters of Request filed concurrently herewith, seeking the assistance of the judicial authorities of Germany for purposes of obtaining witness testimony and documents from four German residents.

2. This Application is made pursuant to, and in conformity with, the Hague Convention of 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, *reprinted in* 28 U.S.C.A. § 1781, ("the Hague Convention") and Rules 28 and 30 of the Federal Rules of Civil Procedure.

3. Issuance of a Letter of Request under the Hague Convention is the proper method for seeking testimony and documents of persons residing abroad. Fed. R. Civ. P. 28; *Pain v. United Technologies Corp.*, 637 F.2d 775, 788-90 (D.C. Cir. 1980).

4. Kodak seeks evidence from: (1) Gerald Weth; (2) Joachim Speidel; (3) Ulf Rothgordt; and (4) Karl-Heinz Wenzel (collectively referred to herein as "the

SD\1735194.1

witnesses"). Each of the witnesses is a German resident and a former employee of Philips Kommunikations Industrie AG ("PKI"), a German subsidiary of Plaintiff U.S. Philips Corporation's ("Philips") global parent corporation. In addition, Peter Vogel, the named inventor of the patent-in-suit, was a PKI employee.

5.     The witnesses participated on behalf of PKI and the Philips group in the standards-setting organizations responsible for promulgation of the Joint Photographic Experts Group's international standard for still image compression ("the JPEG standard), which Philips now claims its patents cover.

6.     Kodak anticipates that the testimony and documents requested from the witnesses will establish that Philips: (1) knew the technical details of the proposed JPEG standard; (2) was aware of the patent disclosure policies of each organization that required disclosure of patents and patent applications relevant to the JPEG standard; (3) failed to disclose its patents including the patent-in-suit and related patent applications it now claims are necessary to implement the JPEG standard; and (4) voted on several occasions to approve the JPEG standard.

7.     When discovery opened, Kodak tried to resolve the issue without Court intervention by first issuing subpoenas to Philips for Messrs. Wenzel, Weth and Rothgordt. Philips responded indicating that these witnesses were not under the control of Philips and that Kodak would have to independently effect service of process to ensure their attendance at deposition. It is under these circumstances that Kodak brings this application.

8.     Therefore, Kodak requests that the Court approve and sign the attached Letters of Request. Kodak further requests that after the Court has signed the Letters of

Request, that the Clerk of this Court authenticate the Court's signature under the seal of this Court, and that the Letters of Request be thereafter returned by the Clerk to counsel for Kodak. Counsel will finalize translations of the Letters of Requests and promptly cause the Letters of Request to be transmitted to the appropriate judicial authorities in Germany, in conformity with Article 2 of the Hague Convention.

9.    **The undersigned attorneys stand ready to reimburse this Court and/or the judicial authorities of Germany for any expenses incurred in connection with the execution of these Letters of Request.**

10.    In accordance with Local Rule 7.1.1, counsel for Kodak has conferred with counsel for Philips and Philips has indicated that it will not oppose this Application for Issuance of Letters of Request.

## ARGUMENT

11.    Kodak seeks evidence from four former employees ("the witnesses")[1] of Philips Kommunikations Industrie AG ("PKI"), a German subsidiary in the Philips group of companies. The witnesses participated on behalf of PKI and the Philips group in the standards-setting organizations responsible for promulgation of the Joint Photographic Experts Group's international standard for still image compression ("the JPEG standard), which Philips now claims its patents cover. Because Philips has indicated that it cannot produce several of these witnesses and because the witnesses have information essential to Kodak's counterclaims and defenses, Kodak seeks to compel testimony and document

---

[1]    The witnesses from whom testimony and documents are sought are Karl-Heinz Wenzel, Gerald Weth, Dr. Ulf Rothgordt and Dr. Joachim Speidel.

production through the 1970 Hague Convention on the Taking of Evidence Abroad in

Civil or Commercial Matters ("Hague Evidence Convention").

## I.    THE ISSUANCE OF LETTERS OF REQUEST IS THE APPROPRIATE PROCEDURE FOR OBTAINING FOREIGN EVIDENCE

12.    The Hague Evidence Convention requests that signatory nations, such as

the United States and Germany, respond to requests from other signatories for evidence

related to civil or commercial matters.  23 U.S.T. 2555.  Such requests are styled as a

Letter of Request.  A Letter of Request is directed to the foreign judicial authority in

order to enlist the cooperation of the courts of that nation in compelling evidence from

witnesses.  *See* Fed. R. Civ. P. 28(b).  Letters of Request for the examination of witnesses

are properly issued pursuant to the Hague Evidence Convention when, as here, the

information is "significant to the resolution" of the litigation.  *See DBMS Consultants v.*

*Computer Assocs. Int'l Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990).

13.    Federal courts have statutory power under 28 U.S.C. § 1781 and also

"inherent" authority to issue letters of request to foreign countries.  *See United States v.*

*Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *see also* 28 U.S.C. 1651 ("All Writs Act")

and Fed. R. Civ. P. 28(b).  Kodak respectfully requests that the Court grant this

application and issue the attached proposed Letters of Request.

## II.    KODAK REQUIRES FOREIGN EVIDENCE-TAKING TO FULLY AND FAIRLY PRESENT ITS DEFENSES AND COUNTERCLAIMS AT TRIAL

14.    Philips' infringement allegations are based on Kodak's manufacture and

sale of products that implement the JPEG standard.  The JPEG standard resulted from a

collaborative effort ("the JPEG committee") that consisted of representatives from at

least two international standards-setting organizations—the International Telegraph and

Telephone Consultative Committee ("CCITT") and the International Standards

Organization ("ISO"). The CCITT and ISO each had a subcommittee dedicated to developing a worldwide standard for still-image compression and decompression: CCITT Study Group VIII and ISO Working Group 8. The JPEG committee also coordinated its efforts and initiated a "formal liaison" with CCITT Study Group XV, which developed Recommendation H.261, a precursor to the MPEG standard.[2]

15.    Philips, by and through its related entities and employees in the Philips group of companies, was a member and active participant in both the ISO and CCITT JPEG related subcommittees as well as the JPEG committee itself. However, Philips never disclosed the patent-in-suit, or its related foreign counterparts and applications, in connection with JPEG standardization. Instead, Philips remained silent and ignored applicable patent disclosure obligations and explicit disclosure requests to committee members. Philips' misleading silence led the relevant committees to believe that the techniques adopted as the JPEG standard were free from patent claims. Had Philips disclosed the patent-in-suit and made the royalty demands it now makes, the JPEG related committees would have chosen one of the available alternative compression techniques. Based on Philips' misleading conduct, Kodak has asserted defenses and counterclaims that include waiver and equitable estoppel, laches, implied license, unclean hands, fraud, negligent misrepresentation, and deceptive trade practices under Delaware state law.

_____

[2] MPEG, short for "Motion Picture Experts Group," is a CCITT-ISO standards effort similar to JPEG, which standardized the compression of video and audio rather than still images.

16.    The witnesses are German residents and former employees of PKI. PKI was part of the Philips group of companies and an organizational member of CCITT Study Groups VIII and XV, and the JPEG committee itself. In addition, Peter Vogel, the named inventor of the patent-in-suit, was a PKI employee. As employees of PKI, the witnesses attended and participated in numerous CCITT Study Groups VIII and XV, and JPEG meetings during development and ultimate adoption of the JPEG standard. Kodak anticipates that the testimony and documents requested from the witnesses will establish that Philips:

(i)    knew the technical details of the proposed JPEG standard;

(ii)    was aware of the patent disclosure policies of each organization that required disclosure of patents and patent applications relevant to the JPEG standard;

(iii)    failed to disclose its patents including the patent-in-suit and related patent applications it now claims are necessary to implement the JPEG standard; and

(iv)    voted on several occasions to approve the JPEG standard.

17.    Finally, Kodak sought to avoid Court intervention by noticing the depositions of Messrs. Wenzel, Weth and Rothgordt through Philips. (*See* Declaration of T. Jesse Hindman ("Hindman Decl.") at ¶ 2; Ex. 1, filed concurrently herewith) In response, Philips indicated that these witnesses were "not within the control of Philips" and that "Kodak would have to independently effect service of process on these

individuals to ensure their attendance at any deposition."[3] (*See id.* at ¶ 3; Ex. 2.) The

witnesses, as German citizens, are outside the subpoena power of the United States.

Kodak therefore requests that the Court issue the attached proposed Letters of Request

seeking judicial assistance from the appropriate judicial authorities of Germany to obtain

testimony and documents from the witnesses.

## III.    CONCLUSION

18.    The questions and document requests in the attached proposed Letters of

Request are narrowly tailored to obtain relevant testimony and evidence and are

necessary in order for Kodak to fully and fairly present its defenses and counterclaims at

trial.  For the foregoing reasons, Kodak respectfully requests that the Court grant this

Application and issue the attached Letters of Request to the appropriate German

authorities.


Dated:  May 1, 2007                              Respectfully submitted,

                                                 By: /s/ Francis DiGiovanni
                                                     Francis DiGiovanni (#3189)
                                                     Kristen Healey Cramer (#4512)
                                                     CONNOLLY BOVE LODGE & HUTZ LLP
                                                     The Nemours Building
                                                     1007 N. Orange Street
                                                     Wilmington, DE 19899
                                                     Tel: (302) 658-9141
                                                     e-mail: fdigiovanni@cblh.com

---

[3]    Like Messrs. Wenzel, Weth and Rothgordt, Dr. Joachim Speidel is a former PKI employee
and Kodak anticipates that Philips would respond similarly if Kodak attempted to notice Dr.
Speidel's deposition.

John Allcock
Sean Cunningham
John Kinton
T. Jesse Hindman
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700
(619) 699-2701 Fax

*Attorneys for Defendant/Counterclaimant*
*Eastman Kodak Company*

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on May 1, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on May 1, 2007, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

BY E-MAIL AND HAND DELIVERY:
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

BY E-MAIL AND U.S. MAIL:
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig-Rient
Pat Hart
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)