UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 06-00251 GMS<br><br>MAY − 2 2007 |

**DEFENDANT EASTMAN KODAK COMPANY'S REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970
ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL
MATTERS**

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Bavaria, Germany and requests assistance in obtaining evidence to be used in civil proceedings before this Court.

This request is made pursuant to, and in conformity with, Chapter I of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* ("the Hague Convention"), to which both the United States and the Republic of Germany are parties, the Regulation on Judicial Assistance in Civil Matters (ZRHO) and Rules 28 and 30 of the United States Federal Rules of Civil Procedure.

Specifically, this Court requests assistance in compelling testimony and documents from two witnesses located in Bavaria, in relation to the above-named action. The Court asserts that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention, that

1

is, testimony or documents merely intended to lead to relevant evidence for trial. This Request fully complies with German reservations under the Hague Evidence Convention. Trial in this action is scheduled to commence on April 28, 2008.

The particulars of this Hague Evidence Request are as follows:

1. *Sender*

    Hon. Gregory M. Sleet
    United States District Judge
    United States District Court for the
    District of Delaware
    844 N. King Street, Room 4324
    Wilmington, DE 19801
    U.S.A.

    *(CIV NO. 06-00251 GMS)*

2. *Central Authority of the Requested State:*

    CENTRAL AUTHORITY FOR BAVARIA
    Präsidentin des Oberlandesgerichts München
    Prielmayerstrasse 5
    80097 München
    GERMANY

3. *Person to whom the executed request is to be returned:*

    *Defendant's German Legal Representative:*

    Johannes Heselberger
    BARDEHLE PAGENBERG DOST
    ALTENBURG GEISSLER
    Galileiplatz 1
    81679 München
    Germany
    Tel: +49-89-92805581
    Fax: +49-89-92805444
    heselberger@bardehle.de

    *on behalf of:*

    Hon. Gregory M. Sleet
    United States District Judge
    United States District Court for the
    District of Delaware
    844 N. King Street, Room 4324
    Wilmington, DE 19801
    U.S.A.

2

*4.     In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:*

5.     *Requesting judicial authority:*     Hon. Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware
844 N. King Street, Room 4324
Wilmington, DE 19801
U.S.A.

*To the competent authority of:*     The Federal Republic of Germany

6.     *Names and addresses of the parties and their representatives:*

   a.     *Plaintiff*     **U.S. PHILIPS CORPORATION**, a Delaware corporation with offices in New York

   <u>*Plaintiff's U.S. Legal Representatives:*</u>

   Steven J. Balick, Esq.
   Tiffany Geyer Lydon, Esq.
   ASHBY & GEDDES
   500 Delaware Avenue, 8th Floor
   P.O. Box 1150
   Wilmington, DE 19899
   U.S.A.
   Tel: +1.302.654.1888
   Fax: +1.302.654.2067
   Email: sbalick@ashby-geddes.com
   Email: jday@ashby-geddes.com
   Email: tlydon@ashby-geddes.com

   *and*

   Thomas Winland, Esq.
   Steven M. Anzalone, Esq.
   Frank A. De Costa, III, Esq.
   Houtan K. Esfahani, Esq.
   Joyce Craig-Rient, Esq.
   FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
   901 New York Avenue, N.W.
   Washington, D.C. 2001
   U.S.A.

|     |           |                                                           |
| --- | --------- | --------------------------------------------------------- |
|     |           | Tel: +1.202.408.4000                                       |
|     |           | Fax: +1.202.408.4400                                       |
|     |           | Email: thomas.winland@finnegan.com                         |
|     |           | Email: steven.anzalone@finnegan.com                        |
|     |           | Email: frank.decosta@finnegan.com                          |
|     |           | Email: houtan.esfahani@finnegan.com                        |
|     |           | Email: joyce.craig-rient@finnegan.com                      |
| b.  | Defendant | **EASTMAN KODAK COMPANY**, a New Jersey corporation with offices in New York |

*Defendant's U.S. Legal Representatives:*

Francis DiGiovanni, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1001 N. Orange Street
Wilmington, DE 19899
U.S.A.
Tel: +1.302.658.9141
Fax: +1.302. 658-5614
Email: fdigiovanni@cblh.com

*and*

John Allcock, Esq.
Sean C. Cunningham, Esq.
Timothy Lohse, Esq.
John D. Kinton, Esq.
Jesse Hindman, Esq.
Nikki Wyll, Esq.
DLA PIPER US LLP
401 B. Street, Suite 1700
San Diego, CA 92101
U.S.A.
Tel: +1.619.699.2700
Fax: +1.619.699.2701
Email: John.Allock@dlapiper.com
Email: Sean.Cunningham@dlapiper.com
Email: Timothy.Lohse@dlapiper.com
Email: John.Kinton@dlapiper.com
Email: Jesse.Hindman@dlapiper.com
Email: Nikki.Wyll@dlapiper.com

*Defendant's German Legal Representatives:*

Johannes Heselberger
Peter Hess
Tilman Mueller-Stoy
Alexander Wunsch
BARDEHLE PAGENBERG DOST
ALTENBURG GEISSLER
Galileiplatz 1
81679 München
Germany
Tel: +49-89-92805581
Fax: +49-89-92805444
heselberger@bardehle.de
hess@bardehle.de
mueller-stoy@bardehle.de
wunsch@bardehle.de

6. *Nature and purpose of the proceedings and summary of the facts:*

**PARTIES**

Plaintiff/Counterdefendant U.S. Philips Corporation ("Philips") is a corporation organized and existing under the laws of Delaware, with a place of business in New York, New York. U.S. Philips is a subsidiary of global parent Royal Philips Electronics, one of the world's largest publicly-traded electronics companies.

Defendant/Counterclaimant Eastman Kodak Company ("Kodak") is a corporation organized and existing under the laws of New Jersey, with a place of business in Rochester, New York. Kodak is a public company, providing a wide range of products, equipment and services in the areas of photographic film, digital photography, health imaging, and printing.

**ALLEGATIONS IN THE COMPLAINT**

Plaintiff Philips initiated a civil lawsuit in the United States District Court for the

District of Delaware against Defendant Kodak on April 18, 2006, pursuant to the Patent Laws of the United States, 25 U.S.C. § 1 *et seq*. Philips alleges that Kodak has infringed, and continues to infringe, United States Patent Number 4,901,075 ("the '075 patent") (*Annex D*; Exhibit 1) through Kodak's manufacture and sale of products that comply with the Joint Photographic Experts Group ("JPEG") standard for digital still image compression and decompression (the "JPEG standard").

Philips seeks a judgment that Kodak has infringed the '075 patent and that the infringement was deliberate and willful; that Kodak be permanently enjoined from making, using, selling or importing within the United States all JPEG compliant image encoding hardware and software products and services, including products made by such products and services; for damages; reasonable attorneys fees, and such other relief as the Court deems proper.

**DEFENDANT KODAK'S DEFENSES AND COUNTERCLAIMS**

In its Answer and Counterclaims, Kodak denies that its products infringe the '075 patent and asserts that the '075 patent is invalid and unenforceable. Furthermore, Kodak asserts that Philips' claims fail due to Philips' participation, through its related corporate entities and representatives, in the development and adoption of the JPEG standard.

Kodak asserts that the JPEG standard is the result of almost a decade of worldwide collaboration by representatives of numerous companies, countries and standard-setting organizations. The Joint Photographic Experts Group ("the JPEG committee") was a collaborative effort that consisted of representatives from at least two international standard-setting organizations—the International Telegraph and Telephone Consultative Committee ("CCITT") and the International Standards Organization

6

("ISO"). The CCITT and ISO each had a subcommittee dedicated to developing a worldwide standard for still-image compression and decompression: CCITT Study Group VIII and ISO Working Group 8. Kodak asserts that Philips was a member and active participant in both subcommittees as well as the JPEG committee itself. In addition, Kodak asserts that Philips was an active participant in a third standards-setting body involved with JPEG standardization, the British Standards Institute's ("BSI") subcommittee IST/37.

Kodak asserts that Philips, by and through its related entities and representatives in the Philips group of companies, was a member of CCITT Study Group VIII, ISO Working Group 8, BSI's subcommittee IST/37 and JPEG. Kodak further asserts that Philips:

(i) knew the technical details of the proposed JPEG standard;

(ii) was aware of the patent disclosure policies of each organization that required it to disclose patents and patent applications relevant to the JPEG standard;

(iii) failed to disclose its patents including the '075 patent and related patent applications it now claims are necessary to implement the JPEG standard; and

(iv) voted on several occasions to approve the JPEG standard.

Kodak also asserts that despite specific requests by committee leaders for patent disclosure and patent disclosures by other standard-setting committee members, Philips never disclosed that it had patents or patent applications that might be relevant to the JPEG standard. Kodak asserts that it also participated in the development and adoption of the JPEG standard and that it, along with other JPEG standardization participants, reasonably relied on Philips' silence and/or misrepresentations to conclude that Philips

did not possess patents or patent applications relevant to the JPEG standard.

Kodak further asserts that Philips waited an unreasonably long period of time to assert the '075 patent. Kodak asserts that it began making and publicly marketing, advertising and selling its products which incorporated the JPEG standard in the early 1990s. Despite Kodak's widespread public marketing and sale of JPEG standard enabled products, Philips did not inform Kodak of its purported belief that Kodak infringed its patent rights until a communication dated October 1, 2002. Philips did not file suit until April 18, 2006. Kodak asserts that in the intervening years of Philips' delay, the JPEG standard became deeply entrenched as the preeminent standard for the digital compression, storage and transmission of still images, and Kodak has made significant investments in developing and marketing products and services that implement that standard. Kodak asserts that as a result of Philips' conduct, Kodak has incurred damages and will continue to be damaged in the future.

Based on the above facts, Kodak asserts defenses and counterclaims based on waiver and equitable estoppel, laches, implied license, unclean hands, fraud, negligent misrepresentation, and deceptive trade practices under Delaware state law. Kodak seeks a judgment: that Kodak has not infringed the '075 patent; that the claims of the '075 patent are invalid; that Philips is barred from enforcing the '075 patent based on equitable estoppel; that Kodak has an implied license for the '075 patent; that Philips has engaged in deceptive trade practices, fraud and negligent misrepresentation; for a permanent injunction prohibiting Philips' deceptive trade practices and further enforcement of the '075 patent; damages; attorneys' fees and such other relief as the Court or jury deems proper.

## STAGE OF THE PROCEEDINGS

Philips commenced this action on April 18, 2006 when it filed its Complaint in the United States District Court for the District of Delaware. Kodak filed its Answer and Counterclaims on October 17, 2006. Philips filed its answer to those counterclaims on November 6, 2006. Responses to written interrogatories and requests for production of documents have been served by the parties. Trial is scheduled to commence on April 28, 2008.

## THE WITNESSES

The witnesses from whom testimony and documents are sought are Karl-Heinz Wenzel and Gerald Weth. Both of these witnesses are German citizens, residents of Bavaria and former employees of Philips Kommunikations Industrie AG ("PKI"). PKI was part of the Philips group of companies and an organizational member of CCITT Study Group VIII and the JPEG committee. Numerous representatives of PKI attended CCITT Study Group VIII and JPEG committee meetings during development and ultimate adoption of the JPEG standard. In addition, Peter Vogel, the named inventor of the '075 patent was a PKI employee.

Both of the aforementioned witnesses were employed by PKI during the relevant timeframe. Karl-Heinz Wenzel attended numerous CCITT Study Group VIII meetings as a PKI representative. And Gerald Weth attended at least one key JPEG committee meeting as a PKI representative.

## RELEVANCE OF THE EVIDENCE SOUGHT

*Karl-Heinz Wenzel:*

Kodak asserts that Karl-Heinz Wenzel, former employee and CCITT Study Group

9

VIII representative of PKI, has information essential to Kodak's defenses and counterclaims. For example, documents collected by Kodak show that Karl-Heinz Wenzel attended numerous CCITT Study Group VIII meetings on behalf of PKI and began attending those meetings as early as June, 1985. (*Annex D*; Exhibit 15, COM VIII-R 1-E, p. 17.) In particular, Karl-Heinz Wenzel attended a February 1988 CCITT Study Group VIII meeting which included a report on Study Group VIII's participation in the development of the JPEG standard. (*Annex D*; Exhibit 16, COM VIII-R 13-E, p. 12.) At the meeting, the committee chairman requested disclosure of patents relevant to standards under consideration. (*Annex D*; Exhibit 16, COM VIII-R 13-E, p. 7.)

In addition, Karl-Heinz Wenzel attended an October 1991 CCITT Study Group VIII meeting in Geneva. (*Annex D*; Exhibit 17, Temporary Document 807/3E, p. 7.) According to the meeting report, Karl-Heinz Wenzel may have voted to approve a draft that later issued as CCITT Recommendation T.81, the CCITT version of the JPEG standard. (*Annex D*; Exhibit 17, Temporary Document 807/3E, p.2, ("At the conclusion of the three meetings, the meeting participants concluded that Draft Recommendation T.80 and T.81 should be processed for approval in accordance with the procedures contained in Resolution 2.")) During this same meeting, IBM disclosed a proposed licensing arrangement for its JPEG related patents stating a willingness to license its applicable patents for a one-time fee of $5,000 or $10,000. (*Annex D*; Exhibit 17, Temporary Document 807/3E, pp. 2, 14-16.) Kodak believes that Karl-Heinz Wenzel continued to attend and participate in CCITT Study Group VIII meetings through final approval of the JPEG standard. Kodak claims that neither Karl-Heinz Wenzel nor Philips ever disclosed any patents to JPEG.

Kodak asserts that the facts surrounding Karl-Heinz Wenzel's participation in CCITT Study Group VIII will establish: (1) Philips' participation in JPEG standardization; (2) Philips knowledge of the technical specifications of the JPEG standard; (3) Philips' knowledge of the applicable JPEG related committee patent disclosure policies; (4) Philips' knowledge of other JPEG related committee members' patent disclosures and licensing statements, and (5) Philips' failure to properly disclose the '075 patent. *Annex A*, attached hereto, contains questions for the witness that bear directly on these matters.

The District Court asserts that the facts surrounding Karl-Heinz Wenzel's participation in JPEG standardization is essential to Kodak's ability to fully set forth its claims and defenses at trial. Justice cannot be completely served without Karl-Heinz Wenzel's testimony.

*Gerald Weth:*

Kodak asserts that Gerald Weth, former employee and JPEG representative of PKI, has information essential to Kodak's defenses and counterclaims. Documents collected by Kodak indicate that Gerald Weth attended a May 1988 JPEG meeting in Ottawa, Canada where a draft functional specification of the JPEG standard was presented. (*Annex D*; Exhibit 7, WG8 N817, pp. 1, 5.) At this meeting, the JPEG committee chairman also distributed a memo entitled "Patent Policy on the JPEG Standard" that discussed patent disclosure obligations of JPEG committee members. (*Annex D*; Exhibit 8, WG8 N730.) In addition, it was reported to JPEG committee members that previous patent searches had not turned up any JPEG applicable patents. JPEG committee members, including PKI, were advised to perform their own JPEG

patent searches. (*Annex D*; Exhibit 7, WG8 N817, p. 3.) Kodak claims that neither Gerald Weth nor Philips ever disclosed any patents to the JPEG committee.

Kodak asserts that the facts surrounding Gerald Weth's attendance at the May 1988 Ottawa JPEG committee meeting will establish: (1) Philips' participation in JPEG standardization; (2) Philips knowledge of the technical specifications of the JPEG standard; (3) Philips' knowledge of the applicable JPEG related committee patent disclosure policies; and (4) PKI's failure to properly disclose the '075 patent. Evidence collected by Kodak indicates that Mr. Weth likely attended other JPEG meetings on behalf of PKI and Philips. *Annex B*, attached hereto, contains questions for the witness that bear directly on these matters.

The District Court asserts that the facts surrounding Mr. Weth's participation in JPEG standardization is essential to Kodak's ability to fully set forth its claims and defenses at trial. Justice cannot be completely served without Mr. Weth's testimony.

8.     *Evidence to be obtained or other judicial act to be performed:*

The District Court seeks both oral testimony and document production from the witnesses. The District Court further requests that the documents produced by the witnesses be made available for inspection and copying by the parties at least two weeks prior to the oral examination so that counsel may have an opportunity to supplement the questions to be put to the witnesses based on information disclosed in the documents.

The District Court notes that Kodak attempted to procure the deposition of both of the witnesses through counsel for Philips. However, counsel for Philips indicated that neither of the witnesses were within the control of Philips and that Kodak would have to

independently seek to compel the witnesses to give evidence abroad. (*Annex D*; Exhibit 6, 3/2/07 letter from Joyce Craig-Rient)

For the reasons set forth above, the District Court believes that both of the witnesses will be able to provide evidence directly relevant to the main issues between the parties and without which the ends of justice could not be properly met. The District Court believes that this evidence is not available from any other source.

Questions to be put to Karl-Heinz Wenzel are listed as *Annex A*. Questions to be put to Gerald Weth are listed as *Annex B*. Documents sought for production are listed as *Annex C*. Documents supporting this Request and for use during the witness examination are attached as *Annex D*.

| | | |
|---|---|---|
| 9. | ***Identities and addresses of persons to be examined:*** | Karl-Heinz Wenzel<br>Wiesenweg 7<br>90562 Heroldsberg<br>GERMANY<br>Tel: +49 911 5180872<br><br>Gerald Weth<br>Bahnhofstrasse 37<br>90559 Burgthann<br>GERMANY<br>Tel: +49 (0) 911 526-0<br>gweth@lucent.com |
| 10. | ***Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined:*** | Please see attached list (*Annexes* A & B) |
| 11. | ***Documents or other property to be inspected:*** | Please see attached list (*Annex C*) |
| 12. | ***Any requirement that the evidence be given on oath or affirmation and any specific form to be used:*** | Each of the witnesses should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of |

Germany.

*13.   Special methods or procedure to be followed:*

The District Court requests:

(1)   that the parties' representatives or their designees, interpreters, and a U.S. verbatim court reporter as well as a German stenographer be permitted to attend and participate in the examinations;

(2)   that the parties' legal representatives or their designees be permitted to submit additional questions to each of the witnesses following responses to the questions attached hereto in *Annexs A & B*;

(3)   that the interpreters be permitted to assist with the witness examinations, at Kodak's cost;

(4)   that a U.S. court reporter be permitted to record verbatim the witness examinations at Kodak's cost; and

(5)   that the German court ensure that any documents produced are authenticated in accordance with its normal practice and procedures.

The District Court additionally requests that the confidentiality of any evidence produced as a result of this Request be maintained pursuant to the laws of Germany. Finally, in conformity with Article 7 of the Hague Evidence Convention, the U.S. District Court requests that the Defendant's designee in the United States, Legal Language Services (an international litigation support firm), be advised of the date and location of the German hearings to execute this Request. Legal Language Services may also be contacted if the German authorities require clarification with respect to any aspect of this Request.

| | | |
|---|---|---|
| *14.* | *Request for notification of the times and place for the execution of the Request and identity of the person to be notified:* | It is requested that testimony be taken at such place, date or time as ordered by the German Court or as otherwise agreed to by the witnesses and the respective representatives of the Parties. |

When the time and place for execution of this request is ordered by the German Court, it is requested that you provide notice thereof to:

***Defendant's US designee:***

Cara LaForge
LEGAL LANGUAGE SERVICES
8014 State Line Road, Suite 110
Leawood, KS 66208
Tel: +1.913.341.3167
Fax: +1.913.341.3168
Email: claforge@legallanguage.com

***Defendant's German designee:***

Peter Hess
Johannes Heselberger
BARDEHLE PAGENBERG DOST
ALTENBURG GEISSLER
Galileiplatz 1,
81679 München
Germany
Tel: +49-89-92805571
Fax: +49-89-92805444
hess@bardehle.de
heselberger@bardehle.de

| | | |
|---|---|---|
| *15.* | *Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:* | None. |
| *16.* | *Specification of privilege or duty to refuse to give evidence under the laws of the State of origin:* | Each of the witnesses may refuse to answer any question propounded pursuant to Section 13 above if such answer (1) |

|  |  |  |
|---|---|---|
|  |  | would subject the witness to a real and appreciable danger of criminal liability in the United States, or (2) would disclose a confidential communication between the witness and his attorney. |
| 17. | *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:* | Defendant Eastman Kodak Company<br><br>*c/o Defendant's legal representative: in the US:*<br><br>John Allcock, Esq.<br>Sean C. Cunningham, Esq.<br>Timothy Lohse, Esq.<br>John D. Kinton, Esq.<br>Nikki Wyll, Esq.<br>Jesse Hindman, Esq.<br>DLA PIPER US LLP<br>401 B. Street, Suite 1700<br>San Diego, CA 92101<br>U.S.A.<br>Tel: +1.619.699.2700<br>Fax: +1.619.699.2701<br>Email: John.Allock@dlapiper.com<br>Email: Sean.Cunningham@dlapiper.com<br>Email: Timothy.Lohse@dlapiper.com<br>Email: John.Kinton@dlapiper.com<br>Email: Nikki.Wyll@dlapiper.com<br>Email: Jesse.Hindman@dlapiper.com |
| 18. | *Date of Request:* |  |
| 19. | *Signature and seal of the Requesting Authority:* | Hon. Gregory M. Sleet<br>United States District Judge<br>United States District Court for the District of Delaware<br>844 N. King Street, Room 4324<br>Wilmington, DE 19801<br>U.S.A. |



FILED
MAY 1 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

*Annex A*: Questions to be put to Karl-Heinz Wenzel (in English and in German)
*Annex B*: Questions to be put to Gerald Weth (in English and in German)
*Annex C*: Documents Sought for Production (in English and in German)
*Annex D*: Documents to be Used During Witness Examination\Documents Supporting this Request (in English and German)