UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO. 06-00251 GMS



MAY – 2 2007

## DEFENDANT EASTMAN KODAK COMPANY'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Baden-Württemberg, Germany and requests assistance in obtaining evidence to be used in civil proceedings before this Court.

This request is made pursuant to, and in conformity with, Chapter I of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* ("the Hague Convention"), to which both the United States and the Republic of Germany are parties, the Regulation on Judicial Assistance in Civil Matters (ZRHO) and Rules 28 and 30 of the United States Federal Rules of Civil Procedure.

Specifically, this Court requests assistance in compelling testimony and documents from a witness located in Baden-Württemberg, in relation to the above-named action. The Court asserts that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence

1

Convention, that is, testimony or documents merely intended to lead to relevant evidence for trial. This Request fully complies with German reservations under the Hague Evidence Convention. Trial in this action is scheduled to commence on April 28, 2008.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| *1.* | *Sender* | Hon. Gregory M. Sleet<br>United States District Judge<br>United States District Court for the<br>District of Delaware<br>844 N. King Street, Room 4324<br>Wilmington, DE 19801<br>U.S.A.<br><br>*(CIV NO. 06-00251 GMS)* |
| *2.* | *Central Authority of the Requested State:* | CENTRAL AUTHORITY FOR BADEN-WÜRTTEMBERG<br>Freiburg Amtsgericht<br>Holzmarkt # 2<br>79098 Freiburg<br>GERMANY |
| *3.* | *Person to whom the executed request is to be returned:* | *Defendant's German Legal Representative:*<br><br>Johannes Heselberger<br>BARDEHLE PAGENBERG DOST ALTENBURG GEISSLER<br>Galileiplatz 1<br>81679 München<br>Germany<br>Tel: +49-89-92805581<br>Fax: +49-89-92805444<br>heselberger@bardehle.de<br><br>*on behalf of:*<br><br>Hon. Gregory M. Sleet<br>United States District Judge<br>United States District Court for the<br>District of Delaware<br>844 N. King Street, Room 4324<br>Wilmington, DE 19801<br>U.S.A. |

4.      *In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:*

5.      **Requesting judicial authority:**        Hon. Gregory M. Sleet
                                                    United States District Judge
                                                    United States District Court for the
                                                    District of Delaware
                                                    844 N. King Street, Room 4324
                                                    Wilmington, DE 19801
                                                    U.S.A.

        **To the competent authority of:**          The Federal Republic of Germany

6.      **Names and addresses of the parties and their representatives:**

        a.      **Plaintiff**                        **U.S. PHILIPS CORPORATION**, a Delaware
                                                     corporation with offices in New York

                                                     **Plaintiff's U.S. Legal Representatives:**

                                                     Steven J. Balick, Esq.
                                                     Tiffany Geyer Lydon, Esq.
                                                     ASHBY & GEDDES
                                                     500 Delaware Avenue, 8th Floor
                                                     P.O. Box 1150
                                                     Wilmington, DE 19899
                                                     U.S.A.
                                                     Tel: +1.302.654.1888
                                                     Fax: +1.302.654.2067
                                                     Email: sbalick@ashby-geddes.com
                                                     Email: jday@ashby-geddes.com
                                                     Email: tlydon@ashby-geddes.com

                                                     *and*

                                                     Thomas Winland, Esq.
                                                     Steven M. Anzalone, Esq.
                                                     Frank A. De Costa, III, Esq.
                                                     Houtan K. Esfahani, Esq.
                                                     Joyce Craig-Rient, Esq.
                                                     FINNEGAN, HENDERSON, FARABOW,
                                                     GARRETT & DUNNER, L.L.P.
                                                     901 New York Avenue, N.W.
                                                     Washington, D.C. 20001
                                                     U.S.A.
                                                     Tel: +1.202.408.4000

Fax: +1.202.408.4400
Email: thomas.winland@finnegan.com
Email: steven.anzalone@finnegan.com
Email: frank.decosta@finnegan.com
Email: houtan.esfahani@finnegan.com
Email: joyce.craig-rient@finnegan.com

*b.*    *Defendant*    **EASTMAN KODAK COMPANY**, a New Jersey corporation with offices in New York

*Defendant's U.S. Legal Representatives:*

Francis DiGiovanni, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1001 N. Orange Street
Wilmington, DE 19899
U.S.A.
Tel: +1.302.658.9141
Fax: +1.302. 658.5614
Email: fdigiovanni@cblh.com

*and*

John Allcock, Esq.
Sean C. Cunningham, Esq.
Timothy Lohse, Esq.
John D. Kinton, Esq.
Jesse Hindman, Esq.
Nikki Wyll, Esq.
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
U.S.A.
Tel: +1.619.699.2700
Fax: +1.619.699.2701
Email: John.Allock@dlapiper.com
Email: Sean.Cunningham@dlapiper.com
Email: Timothy.Lohse@dlapiper.com
Email: John.Kinton@dlapiper.com
Email: Jesse.Hindman@dlapiper.com
Email: Nikki.Wyll@dlapiper.com

*Defendant's German Legal Representatives:*

Johannes Heselberger

4

Peter Hess
Tilman Mueller-Stoy
Alexander Wunsch
BARDEHLE PAGENBERG DOST
ALTENBURG GEISSLER
Galileiplatz 1
81679 München
Germany
Tel: +49-89-92805581
Fax: +49-89-92805444
heselberger@bardehle.de
hess@bardehle.de
mueller-stoy@bardehle.de
wunsch@bardehle.de

6.    *Nature and purpose of the proceedings and summary of the facts:*

## PARTIES

Plaintiff/Counterdefendant U.S. Philips Corporation ("Philips") is a corporation

organized and existing under the laws of Delaware, with a place of business in New

York, New York.  U.S. Philips is a subsidiary of global parent Royal Philips Electronics,

one of the world's largest publicly-traded electronics companies.

Defendant/Counterclaimant Eastman Kodak Company ("Kodak") is a corporation

organized and existing under the laws of New Jersey, with a place of business in

Rochester, New York.  Kodak is a public company, providing a wide range of products,

equipment and services in the areas of photographic film, digital photography, health

imaging, and printing.

## ALLEGATIONS IN THE COMPLAINT

Plaintiff Philips initiated a civil lawsuit in the United States District Court for the

District of Delaware against Defendant Kodak on April 18, 2006, pursuant to the Patent

Laws of the United States, 25 U.S.C. § 1 *et seq.*  Philips alleges that Kodak has infringed,

and continues to infringe, United States Patent Number 4,901,075 ("the '075 patent") (*Annex D*; Exhibit 1) through Kodak's manufacture and sale of products that comply with the Joint Photographic Experts Group ("JPEG") standard for digital still image compression and decompression (the "JPEG standard").

Philips seeks a judgment that Kodak has infringed the '075 patent and that the infringement was deliberate and willful; that Kodak be permanently enjoined from making, using, selling or importing within the United States all JPEG compliant image encoding hardware and software products and services, including products made by such products and services; for damages; reasonable attorneys fees, and such other relief as the Court deems proper.

## DEFENDANT KODAK'S DEFENSES AND COUNTERCLAIMS

In its Answer and Counterclaims, Kodak denies that its products infringe the '075 patent and asserts that the '075 patent is invalid and unenforceable. Furthermore, Kodak asserts that Philips' claims fail due to Philips' participation, through its related corporate entities and representatives, in development and adoption of the JPEG standard.

Kodak asserts that the JPEG standard is the result of almost a decade of worldwide collaboration by representatives of numerous companies, countries and standards-setting organizations. The Joint Photographic Experts Group ("the JPEG committee") was a collaborative effort that consisted of representatives from at least two international standards-setting organizations—the International Telegraph and Telephone Consultative Committee ("CCITT") and the International Standards Organization ("ISO"). The CCITT and ISO each had a subcommittee dedicated to developing a worldwide standard for still-image compression and decompression: CCITT Study

Group VIII and ISO Working Group 8.

Kodak asserts that Philips was a member and active participant in both ISO and CCITT JPEG related subcommittees as well as the JPEG committee itself. Kodak also asserts that Philips was a member of CCITT Study Group XV, which developed Recommendation H.261, a precursor to the MPEG standard. MPEG, short for "Motion Picture Experts Group," is a CCITT-ISO standards effort similar to JPEG, which standardized the compression of video and audio rather than still images. The JPEG committee coordinated its efforts and initiated a "formal liaison" with CCITT Study Group XV. In addition, Kodak asserts that Philips was an active participant in a third standards setting body involved with JPEG standardization, the British Standards Institute's ("BSI") subcommittee IST/37.

Kodak asserts that Philips, by and through its related entities and representatives in the Philips group of companies, was a member of CCITT Study Groups VIII and XV, ISO Working Group 8, BSI's subcommittee IST/37 and JPEG. Kodak further asserts that Philips:

    (i)     knew the technical details of the proposed JPEG standard;

    (ii)    was aware of the patent disclosure policies of each organization that required it to disclose patents and patent applications relevant to the JPEG standard;

    (iii)   failed to disclose its patents including the '075 patent and related patent applications it now claims are necessary to implement the JPEG standard; and

    (iv)   voted on several occasions to approve the JPEG standard.

Kodak also asserts that despite specific requests by committee leaders for patent disclosure and patent disclosures by other standards-setting committee members, Philips

never disclosed that it had patents or patent applications that might be relevant to the JPEG standard. Kodak asserts that it also participated in the development and adoption of the JPEG standard and that it, along with other JPEG standardization participants, reasonably relied on Philips' silence and/or misrepresentations to conclude that Philips did not possess patents or patent applications relevant to the JPEG standard.

Kodak further asserts that Philips waited an unreasonably long period of time to assert its patent. Kodak asserts that it began making and publicly marketing, advertising and selling its products which incorporated the JPEG standard in the early 1990s. Despite Kodak's widespread public marketing and sale of JPEG standard enabled products, Philips did not inform Kodak of its purported belief that Kodak infringed its patent rights until a communication dated October 1, 2002. Philips did not file suit until April 18, 2006. Kodak asserts that in the intervening years of Philips' delay, the JPEG standard became deeply entrenched as the preeminent standard for the digital compression, storage and transmission of still images, and Kodak has made significant investments in developing and marketing products and services that implement that standard. Kodak asserts that as a result of Philips' conduct, Kodak has incurred damages and will continue to be damaged in the future.

Based on the above facts, Kodak asserts defenses and counterclaims based on waiver and equitable estoppel, laches, implied license, unclean hands, fraud, negligent misrepresentation, and deceptive trade practices under Delaware state law. Kodak seeks a judgment: that Kodak has not infringed the '075 patent; that the claims of the '075 patent are invalid; that Philips is barred from enforcing the '075 patent based on equitable estoppel; that Kodak has an implied license for the '075 patent; that Philips has engaged

in deceptive trade practices, fraud and negligent misrepresentation; for a permanent injunction prohibiting Philips' deceptive trade practices and further enforcement of the '075 patent; damages; attorneys' fees and such other relief as the Court or jury deems proper.

## STAGE OF THE PROCEEDINGS

Philips commenced this action on April 18, 2006 when it filed its Complaint. Kodak filed its Answer and Counterclaims on October 17, 2006. Philips filed its answer to those counterclaims on November 6, 2006. Responses to written interrogatories and requests for production of documents have been served by the parties. Trial is scheduled to commence on April 28, 2008.

## THE WITNESS

The witness from whom testimony and documents are sought is Dr. Joachim Speidel, a German citizen, resident of Baden-Württemberg and a former employee of Philips Kommunikations Industrie AG ("PKI"). PKI was part of the Philips group of companies and an organizational member of CCITT Study Groups VIII and XV, and the JPEG committee. Numerous representatives of PKI attended CCITT Study Groups VIII and XV, and JPEG meetings during development and ultimate adoption of the JPEG standard. In addition, Peter Vogel, the named inventor of the '075 patent, was a PKI employee. Dr. Joachim Speidel was employed by PKI during the relevant time period and represented Philips before CCITT Study Group XV.

## RELEVANCE OF THE EVIDENCE SOUGHT

Kodak asserts that Dr. Joachim Speidel, former employee and CCITT Study Group XV representative of PKI, has information essential to Kodak's defenses and

counterclaims. Specifically, Kodak asserts that the evidence it has collected shows that

Dr. Joachim Speidel attended numerous CCITT Study Group XV meetings on behalf and

as a representative of PKI, and is identified as a "core member" of Study Group XV.

(*Annex C*, Exhibit 6, Document # 317R, p. 10.) Kodak further asserts that CCITT Study

Group XV and Dr. Joachim Speidel coordinated efforts with the JPEG committee and

were aware of JPEG's potential implementation of "two dimensional variable word-

length coding," the technique that Philips claims infringes its patent. (*Annex C*, Exhibit

6, Document # 317R, p. 37.)

　　　　Of particular importance, Kodak claims that PKI demonstrated its knowledge and

understanding of CCITT patent disclosure policies when Dr. Joachim Speidel, on behalf

of PKI, disclosed to CCITT Study Group XV the three German patent applications to

which the '075 patent claims priority. (*Annex C*; Exhibit 7, Document # 395R, p. 15 &

Exhibit 8, Document #383.) Kodak further asserts that Dr. Joachim Speidel

demonstrated PKI's knowledge of CCITT licensing policy when he submitted a licensing

statement to CCITT Study Group XV agreeing to license Philips' applicable patents on

reasonable and non-discriminatory terms. (*Annex C*; Exhibit 9.)

　　　　Kodak asserts that the facts surrounding Dr. Joachim Speidel's participation in

CCITT Study Group XV will establish: (1) Philips' knowledge of the technical

specifications of the JPEG standard; (2) Philips' knowledge of CCITT patent disclosure

policies; (3) Philips' knowledge of CCITT member licensing obligations, and (4) Philips'

failure to properly disclose the '075 patent to the JPEG related committees.

　　　　Finally, Kodak asserts that Dr. Joachim Speidel co-authored an article disclosing

the subject matter of the '075 patent with Peter Vogel, the '075 patent named inventor

and PKI employee. (*Annex C*; Exhibit 10.) Therefore, Kodak asserts that Dr. Joachim

Speidel has relevant information surrounding the invention and scope of the '075 patent.

The District Court asserts that the facts surrounding Dr. Joachim Speidel's

participation in CCITT Study Group XV are essential to Kodak's ability to fully set forth

its claims and defenses at trial. Justice cannot be completely served without Dr. Joachim

Speidel's testimony.

**8.      *Evidence to be obtained or other judicial act to be performed:***

The District Court seeks both oral testimony and document production from the

witness. The District Court further requests that the documents produced by the witness

be made available for inspection and copying by the parties at least two weeks prior to

the oral examination so that counsel may have an opportunity to supplement the

questions to be put to the witness based on information disclosed in the documents.

For the reasons set forth above, the District Court believes that the witness will be

able to provide evidence directly relevant to the main issues between the parties, without

which the ends of justice cannot be properly met. The District Court believes that this

evidence is not available from any other source.

Questions to be put to Dr. Joachim Speidel are listed as *Annex A.* Documents

sought for production are listed as *Annex B.* Documents supporting this Request and for

use during the witness examination are attached as *Annex C.*

| | | |
|---|---|---|
| **9.** | ***Identities and addresses of persons to be examined:*** | Dr. Joachim Speidel<br>Institute of Telecommunications<br>University of Stuttgart<br>Pfaffenwaldring 47 (ETI 2)<br>70569 Stuttgart<br>Tel: +49 (0) 711 685 68017 |
| **10.** | ***Questions to be put to the persons*** | Please see attached list (*Annex* A) |

> *to be examined or statement of the*
> *subject matter about which they*
> *are to be examined:*

11. ***Documents or other property to be***
    ***inspected:***               Please see attached list (*Annex B*)

12. ***Any requirement that the evidence***      The witness should be examined under oath
    ***be given on oath or affirmation***       or affirmation, or in the alternative, should
    ***and any specific form to be used:***      be instructed of the consequences for the
                                                 giving of untruthful and false answers
                                                 under the laws of Germany.

13. ***Special methods or procedure to be followed:***

The District Court requests:

(1)     that the parties' representatives or their designees, interpreters, and a
        U.S. verbatim court reporter and a German stenographer be permitted
        to attend and participate in the examination;

(2)      that the parties' legal representatives or their designees be permitted to
        submit additional questions to the witness following responses to the
        questions attached hereto in *Annex A*;

(3)     that the interpreters be permitted to assist with the witness
        examination, at Kodak's expense;

(4)     that a U.S. court reporter be permitted to record verbatim the witness
        examination at Kodak's expense; and

(5)     that the German court ensure that any documents produced are
        authenticated in accordance with its normal practice and procedures.

The District Court additionally requests that the confidentiality of any evidence
produced as a result of this Request be maintained pursuant to the laws of Germany.
Finally, in conformity with Article 7 of the Hague Evidence Convention, the U.S. District

Court requests that the Defendant's designee in the United States, Legal Language

Services (an international litigation support firm), be advised of the date and location of

the German hearing to execute this Request.  Legal Language Services may also be

contacted if the German authorities require clarification with respect to any aspect of this

Request.

| | |
|---|---|
| **14.    *Request for notification of the times and place for the execution of the Request and identity of the person to be notified:*** | It is requested that testimony be taken at such place, date or time as ordered by the German Court or as otherwise agreed to by the witness and the respective representatives of the Parties. |

When the time and place for execution of this request is ordered by the German Court, it is requested that you provide notice thereof to:

***Defendant's U.S. designee:***

Cara LaForge
LEGAL LANGUAGE SERVICES
8014 State Line Road, Suite 110
Leawood, KS  66208
Tel: +1.913.341.3167
Fax: +1.913.341.3168
Email: claforge@legallanguage.com


***Defendant's German designee:***

Peter Hess
Bardehle Pagenberg Dost Altenburg
Geissler
Galileiplatz 1,
81679 München
Germany
Tel: +49-89-92805571
Fax: +49-89-92805444
hess@bardehle.de

Johannes Heselberger

Bardehle Pagenberg Dost Altenburg
Geissler
Galileiplatz 1,
81679 Munchen
Germany
Tel: +49-89-92805581
Fax: +49-89-92805444
heselberger@bardehle.de

| | | |
|---|---|---|
| 15. | *Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:* | None. |
| 16. | *Specification of privilege or duty to refuse to give evidence under the laws of the State of origin:* | The witness may refuse to answer any question propounded pursuant to Section 13 above if such answer (1) would subject the witness to a real and appreciable danger of criminal liability in the United States, or (2) would disclose a confidential communication between the witness and his attorney. |
| 17. | *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:* | Defendant Eastman Kodak Company |

*c/o Defendant's legal representative: in the U.S.:*

John Allcock, Esq.
Sean C. Cunningham, Esq.
Timothy Lohse, Esq.
John D. Kinton, Esq.
Nikki Wyll, Esq.
Jesse Hindman, Esq.
DLA PIPER US LLP
401 B. Street, Suite 1700
San Diego, CA 92101
U.S.A.
Tel:  +1.619.699.2700
Fax:  +1.619.699.2701
Email: John.Allock@dlapiper.com
Email:  Sean.Cunningham@dlapiper.com
Email:  Timothy.Lohse@dlapiper.com
Email:  John.Kinton@dlapiper.com
Email:  Nikki.Wyll@dlapiper.com
Email:  Jesse.Hindman@dlapiper.com

18.    *Date of Request:*

19.    *Signature and seal of the Requesting*
       *Authority:*



Hon. Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware
844 N. King Street, Room 4324
Wilmington, DE 19801
U.S.A.

*Annex A*:  Questions to be put to Dr. Joachim Speidel (in English and in German)
*Annex B*:  Documents Sought for Production (in English and in German)
*Annex C*:  Documents to be Used During Witness Examination\Documents Supporting
this Request (in English and German)

**FILED**

MAY 1 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE