UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) Case No. 06-251-GMS |
| | ) |
| | ) **JOINT STIPULATION AND [PROPOSED]** |
| Plaintiff, | ) **PROTECTIVE ORDER** |
| | ) |
| vs. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

It is stipulated and agreed by and between counsel for plaintiff U.S. Philips Corporation ("Philips") and defendant Eastman Kodak Corporation ("Kodak") that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1.    This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.    As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

### DESIGNATION

3.    Any Producing Party may designate Discovery Material as "CONFIDENTIAL BUSINESS INFORMATION" in accordance with this Protective Order if such party in good faith believes such Discovery Material contains CONFIDENTIAL BUSINESS INFORMATION as defined in paragraph 5. The burden of establishing that Discovery Material is CONFIDENTIAL BUSINESS INFORMATION as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL BUSINESS INFORMATION shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.    Any Producing Party may designate Discovery Material as "OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Protective Order if such party in good faith believes such Discovery Material contains OUTSIDE ATTORNEYS' EYES ONLY information as defined in paragraph 6. The burden of establishing that Discovery Material is OUTSIDE ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party. The designation of any Discovery Material as OUTSIDE ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

5.    As used herein CONFIDENTIAL BUSINESS INFORMATION refers to information that a producing party believes in good faith to be confidential or sensitive information, including, but not limited to, research, design, development, planning, personal or

2

commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). Information to be treated under this Stipulated Protective Order as CONFIDENTIAL BUSINESS INFORMATION shall include but not be limited to:

(a)    Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following legend:

"CONFIDENTIAL BUSINESS INFORMATION" or "CONFIDENTIAL BUSINESS INFORMATION- SUBJECT TO PROTECTIVE ORDER" (both designations shall mean the same thing). Except that documents and/or information may be made available for inspection without designation and designated subsequently at the time of production.

(b)    Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, provided that, prior to or at any time up to thirty (30) calendar days after the inspection, the party permitting inspection specifically identifies in writing the CONFIDENTIAL BUSINESS INFORMATION that will be or that was disclosed by the inspection. To ensure that the producing party has the full thirty (30) calendar days to make appropriate designation, all information gleaned from inspection of things and premises will be automatically treated as CONFIDENTIAL BUSINESS INFORMATION for thirty (30) calendar days after the day of inspection. There will be no waiver of confidentiality by the

3

inspection of CONFIDENTIAL BUSINESS INFORMATION before it is copied and marked pursuant to this Order.

(c)    Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30, for thirty (30) calendar days following receipt of the final transcript by counsel for the producing party, but not thereafter unless, before the thirty (30) calendar day period has expired, counsel for the producing party notifies counsel for the receiving party in writing that CONFIDENTIAL BUSINESS INFORMATION is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL BUSINESS INFORMATION, or during the deposition, counsel for the producing party or any other party designates the transcript or portions thereof to be CONFIDENTIAL BUSINESS INFORMATION.

(d)    Where particular Discovery Material contains both CONFIDENTIAL BUSINESS INFORMATION and non-confidential information, only the CONFIDENTIAL BUSINESS INFORMATION is subject to the limitations on disclosure set forth in this Protective Order.

6.    As used herein OUTSIDE ATTORNEYS' EYES ONLY Discovery Material includes, but is not limited to, technical information relating to the producing parties' trade secrets, confidential financial information, or documents related to current or future business plans or strategies of a producing party within the meaning of Fed. R. Civ. P. 26(c)(7) that is not within the scope of discovery identified in Paragraph 5, including such financial information as costs, revenues and profits.  Information to be treated under this Stipulated Protective Order as OUTSIDE ATTORNEYS' EYES ONLY shall include but not be limited to:

(a)    Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following legend:  "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (both designations shall mean the same thing).  Except that documents and/or information may be made available for inspection without designation and designated subsequently at the time of production.

(b)    Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, provided that, prior to or at any time up to thirty (30) calendar days after the inspection, the party permitting inspection specifically identifies in writing the OUTSIDE ATTORNEYS' EYES ONLY Discovery Material that will be or that was disclosed by the inspection.  To ensure that the producing party has the full thirty (30) calendar days to make appropriate designation, all information gleaned from inspection of things and premises will be automatically treated as OUTSIDE ATTORNEYS' EYES ONLY Discovery Material for thirty (30) calendar days after the day of inspection.  There will be no waiver of confidentiality by the inspection of OUTSIDE ATTORNEYS' EYES ONLY Discovery Material before it is copied and marked pursuant to this Order.

(c)    Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30, for thirty (30) calendar days following receipt of the final transcript by counsel for the producing party, but not thereafter

unless, before the thirty (30) calendar day period has expired, counsel for the producing party notifies counsel for the receiving party in writing that OUTSIDE ATTORNEYS' EYES ONLY Discovery Material is set forth in the transcript and specifies in writing the portions of the transcript that disclose OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, or during the deposition, counsel for the producing party or any other party designates the transcript or portions thereof to be OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.

(d)     Where particular Discovery Material contains both OUTSIDE ATTORNEYS' EYES ONLY information and non-confidential information, only the OUTSIDE ATTORNEYS' EYES ONLY information is subject to the limitations on disclosure set forth in this Protective Order.

7.     Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY by placing one of the following legends on the face of any such document:

"Contains CONFIDENTIAL BUSINESS INFORMATION Subject to Protective Order. ."

"Contains OUTSIDE ATTORNEYS' EYES ONLY Subject to Protective Order."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY.

8.     One of the following legends shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY information:

"Contains CONFIDENTIAL BUSINESS INFORMATION.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL BUSINESS INFORMATION is included."

"Contains OUTSIDE ATTORNEYS' EYES ONLY information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose OUTSIDE ATTORNEYS' EYES ONLY information is included."

9.     Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL BUSINESS INFORMATION— Restricted Access According to Court Order" or "OUTSIDE ATTORNEYS' EYES ONLY — Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

"This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties to this action."

The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY and filed in accordance with this Paragraph.  The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court and except that outside counsel of record for any party may have access thereto by request to the Clerk of Court at any time during Court hours.

**USE**

10.    All material designated CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY shall be used only in preparation for and trial of this Action (the above-captioned action) as well as Related Actions (defined and subject to the conditions below) or any appeal therefrom, and cannot be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal / other unrelated litigation, arbitration or claim, governmental purpose, or in connection with the preparation or prosecution of any patent application.  Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material.

11.    All material designated CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of material designated as CONFIDENTIAL BUSINESS INFORMATION under this Order or any portion thereof, shall immediately be affixed with the words "CONFIDENTIAL BUSINESS INFORMATION" OR "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" (both shall mean the same thing), if those words do not already appear on such copies.

13.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of material designated as OUTSIDE ATTORNEYS' EYES ONLY under this Order or any portion thereof, shall immediately be affixed with the words "OUTSIDE ATTORNEYS' EYES ONLY" OR "OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO

8

PROTECTIVE ORDER" (both shall mean the same thing), if those words do not already appear on such copies.

14.     Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.  The producing third-party will have all other rights and obligations under this Stipulated Protective Order as held by parties to this action.

Upon a showing of good cause, third-parties may designate additional Discovery Material as "OUTSIDE ATTORNEYS' EYES ONLY" if there are specific concerns articulated at the time of production why such Discovery Material should not be disclosed to the in-house attorneys or legal counsel defined in Paragraph 16, subsection (c).  Third-Party Discovery Material designated as "OUTSIDE ATTORNEYS' EYES ONLY" will not at any time be re-designated as "CONFIDENTIAL BUSINESS INFORMATION" pursuant to the terms of Paragraph 17 unless otherwise directed by the Court or authorized in writing by the Producing Party.

15.     Any attorney, patent applicant, or individual who, on behalf of a Receiving Party, actually has received or reviewed any CONFIDENTIAL BUSINESS INFORMATION or information designated as OUTSIDE ATTORNEYS' EYES ONLY  (e.g., design specifications, functional specifications, or product specifications) of a technical nature of an in-process technology—that is technology currently being researched, developed, or distributed by the

9

Producing Party—shall not thereafter prosecute, file, supervise, or assist in any way in the prosecution of any patent application relating to such technology disclosed in the CONFIDENTIAL BUSINESS INFORMATION or information designated as OUTSIDE ATTORNEYS' EYES ONLY on behalf of any party for the pendency of this litigation and for a period of two years after conclusion of this litigation. All technical documents produced by the Parties of the type identified here, which disclose an alleged embodiment of the patented invention or describe the alleged infringing technology and which are CONFIDENTIAL BUSINESS INFORMATION or information designated as OUTSIDE ATTORNEYS' EYES ONLY shall be considered to be "in-process technology" unless otherwise agreed between the Producing Party and the Receiving Party. This restriction does not apply generally to the law firms involved in this litigation, but it does apply to the specified individuals who have access to such CONFIDENTIAL BUSINESS INFORMATION or information designated as OUTSIDE ATTORNEYS' EYES ONLY. For purposes of this paragraph, prohibited patent prosecution shall include, without limitation: preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above matters with others performing these activities. This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of prosecution that do not involve the merits, substance, or technical nature of the above patent prosecution.

## DISCLOSURE

16.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL BUSINESS INFORMATION may be disclosed by the Receiving Party only to the following persons:

(a.)    any "outside" attorney of record in this Action or Related Actions. Outside attorneys are those not employed by a party or related entity and include attorneys employed by firms of record but not otherwise identified specifically on pleadings.

(b.)    Related Actions include all legal proceedings instituted by U.S. Philips Corporation or any related entity, alleging rights under U.S. Patent No, 4,901,075, against any defendant to this Action or any entity related to such defendant, and all legal proceedings instituted by any defendant to this Action or any entity related to such defendant against U.S. Philips Corporation or any related entity, in which rights under U.S. Patent No. 4,901,075 are at issue. Disclosure of Confidential Discovery Material in such legal proceedings may only be undertaken if there are procedures in place in that Related Action to maintain the confidential nature of any Discovery Material filed in such proceeding, excluding any portions of such Discovery Material that are included in the written judgment of such court or administrative body, with all parties agreeing to jointly request such protective measures, and with all parties agreeing that such protective measures are necessary for the proper administration of justice.

(c.)    up to three designated in-house attorneys or legal counsel of a party;

(d.)    courts or administrative bodies of other jurisdictions exercising authority over Related Actions, as well as personnel of such courts and administrative bodies and all appropriate courts of appellate jurisdiction;

11

(e.)     support personnel for attorneys and individuals listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, translators and clerical staff employed by any attorney or individual identified in sub-paragraph (a) above and assisting in connection with this Action;

(f.)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney or individual described in sub-paragraphs (a) or (c) above to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(g.)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(h.)     service contractors (such as document copy services), jury consultants and graphic artists;

(i.)     any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL BUSINESS INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL BUSINESS INFORMATION sought to be disclosed;

(j.)     personnel of the Court and all appropriate courts of appellate jurisdiction; and

(k.)     any other person agreed to by the Producing Party in writing. CONFIDENTIAL BUSINESS INFORMATION shall not be disclosed to persons described in paragraphs 16(f) or (k) unless and until such person has executed the affidavit in the form attached as Exhibit A.

CONFIDENTIAL BUSINESS INFORMATION shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL BUSINESS INFORMATION pursuant to Paragraphs 16 and 18 of this Protective Order.

17.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as OUTSIDE ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the persons or entities identified in Paragraph 16, subsections (a)-(b) and (d)-(k), under the same terms and conditions as set forth in Paragraph 16.

18.    At least seven (7) calendar days before the disclosure of any CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material of the Producing Party is made to an individual described above in Paragraph 16, sub-paragraphs (f) or (k), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past four (4) years, a list of all consulting agreements or arrangements that said individual has entered into during the past four (4) years, including any matters on which such individual has offered a report, testified, or consulted on, a list of patents or published patent applications on which the individual is named as an inventor or is an interest holder, the subject matter of any unpublished patent applications on which the individual is named as an inventor or is an interest holder, and a list of past and present business relationships or affiliations with any Party to this action.  The list should disclose the name, address and phone number (if available) of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the

13

subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact

that certain information is being withheld on the basis that it is proprietary shall be disclosed by

the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.

Such notice shall be accompanied by an executed acknowledgement from the individual to

whom the disclosure is to be made, in the form of Exhibit A attached hereto.  In the event that

said individual enters into any subsequent consulting agreements or arrangements, the Receiving

Party shall promptly notify the Producing Party of such agreements or arrangements.  The

Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL

BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY information to any

individual described in Paragraph 16, sub-paragraphs (f) or (k), and state the reasons therefor in

writing to the Receiving Party within seven (7) calendar days of receipt of the Notice.  Failure to

object during such period shall be deemed approval and the individual identified in the Notice

shall be considered a qualified recipient of CONFIDENTIAL BUSINESS INFORMATION or

OUTSIDE ATTORNEYS' EYES ONLY material under the terms of this Protective Order.  If

the parties are unable to reach agreement after the Receiving Party provides Notice to the

Producing Party, the Party seeking to disclose CONFIDENTIAL BUSINESS INFORMATION

or OUTSIDE ATTORNEYS' EYES ONLY materials to a person described in Paragraph 16,

subparagraphs (f) or (k) may file an expedited motion seeking an Order granting that person

access to CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES

ONLY materials.  CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE

ATTORNEYS' EYES ONLY material will not be disclosed pending resolution of the expedited

motion.

19.    The recipient of any CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

20.    None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY has/had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)    known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d)    obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

15

(f)     previously produced, disclosed and/or provided by the Producing

Party to the Receiving Party or any third party without an obligation of

confidentiality.

The Receiving Party shall have the burden of proof to remove the

restrictions set forth herein based on grounds (a)-(f).

21.     The receiving party may seek to remove the confidentiality restrictions set forth

herein on the ground that information designated CONFIDENTIAL BUSINESS

INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY does not fall within the definitions

of "CONFIDENTIAL BUSINESS INFORMATION" or "OUTSIDE ATTORNEYS' EYES

ONLY" set forth in Paragraphs 3-6 above.  In such event, the Producing Party shall have the

burden of proof of establishing that Discovery Material challenged under this Paragraph

constitutes CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES

ONLY Discovery Material as defined in Paragraphs 3-6.

### INADVERTENT PRODUCTION/DESIGNATION

22.     The inadvertent production of documents subject to the attorney-client privilege

or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney

work-product doctrine.  In addition, the fact that a document was inadvertently produced shall

not be used in any manner as evidence in support of any such alleged waiver.  If a party has

inadvertently produced information subject to a claim of immunity or privilege, upon request, the

document and all copies shall be returned within five (5) business days of such request or as soon

thereafter as is commercially reasonable.  Moreover, any notes or summaries, other than those

expressly permitted under this section, referring to or relating to any such inadvertently produced

information subject to a claim of immunity or privilege shall be destroyed.  Nothing herein shall

prevent the Receiving Party from preparing a record for its own use containing the date, author,

address(es), and topic of the document and such other information as is reasonably necessary to

identify the document and describe its nature to the Court in any motion to compel production of

the document. Such a record of the identity and nature of a document may not be used for any

purpose other than preparation of a motion to compel in this Action. After the return of the

document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or

work-product by making a motion to the Court.

     23.    The inadvertent failure by a party to designate Discovery Material as

CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY

shall not be a waiver of such designation provided that the party who fails to make such

designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL

BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY within fifteen (15)

days from when the failure to designate first became known to the Producing Party or as soon

thereafter as is commercially reasonable. The inadvertent failure by a party to designate

Discovery Material as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE

ATTORNEYS' EYES ONLY shall not preclude the filing of a motion at a later date seeking to

impose such designation or challenging the propriety thereof. The party receiving Discovery

Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL

BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY shall not be in breach

of this Order for any use made of such Discovery Material before the Receiving Party is

informed of the inadvertent failure to designate. Once the Receiving Party has been informed of

the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take

reasonable steps to, at the Producing Party's option, either ensure that all copies of any such

Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any

such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 16 through 18 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph, to the extent possible, the undesignated information and/or data will be expunged and not used.

24.    In the event of disclosure of Discovery Material designated CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

25.    In the event that any CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTION TO DESIGNATIONS

26.    Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY. The process for making such an objection and for resolving the dispute shall be as follows:

18

a. The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

b. The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

c. Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY and entitled to such protection under this Protective Order.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

27. Not later than sixty (60) days after the Termination of this Action and all Related Actions, all CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, including all copies thereof, shall be returned to the Producing

19

Party or destroyed, except that each parties' outside counsel may maintain all papers filed with the Court, transcripts of testimony and their own work product containing confidential information for archival purposes, provided that such counsel and their employees shall not disclose any party's CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Stipulated Protective Order. The party receiving any CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material shall certify in writing that all such material, including CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

28.    The following materials will be excluded from discovery in this case: expert witnesses' notes, drafts, and communications with counsel. Other materials relied upon by any expert witness in forming his or her opinions are not affected by this provision.

29.    This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

30.    The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

20

31.    If at any time CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY materials.  If the Producing Party does not move for a protective order within ten (10) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) calendar day notice period, such material in response thereto.

32.    Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.

33.    All notices required by any paragraphs of this Protective Order are to be made by facsimile and/or e-mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein maybe waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.

34.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material, the attorney shall not disclose the contents of CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY Discovery Material produced by any other party or non-party.

35.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, communications, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

36.     All persons receiving CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY materials are enjoined from producing them to any other persons, except in conformance with this Protective Order. Each individual who receives CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

37.     For purposes of this Protective Order, "Termination of this Action and all Related Actions" is defined to mean the exhaustion of all appeals from orders and final judgments in this

Action and all Related Actions or the settlement of this Action and all Related Actions by the parties.

38.    The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action and all Related Actions.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

39.    Any party may move at any time to modify the terms of this Protective Order.  A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

40.    Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

41.    This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

FOR DEFENDANT                           FOR PLAINTIFF
EASTMAN KODAK COMPANY                    U.S. PHILIPS CORPORATION

By:_____              By:_____
Francis DiGiovanni (I.D. #3189)         Steven J. Balick (I.D. #2114)
The Nemours Building                    John G. Day (I.D. #2403)
1007 N. Orange Street                   Tiffany Geyer Lydon (I.D. #3950)
Wilmington, Delaware 19899              500 Delaware Avenue, 8th Floor
(302) 658-9141                          P.O. Box 1150
fdigiovanni@cblh.com                    Wilmington, Delaware 19899
                                        (302) 654-1888
                                        sbalick@ashby-geddes.com
                                        jday@ashby-geddes.com
                                        tlydon@ashby-geddes.com


    *Of Counsel:*                           *Of Counsel:*

    John Allcock                            Thomas W. Winland
    Sean C. Cunningham                      Steven M. Anzalone
    Tim Lohse                               Frank A. De Costa, III
    John D. Kinton                          Houtan K. Esfahani
    T. Jesse Hindman                        Joyce Craig-Rient

    DLA PIPER US LLP                        FINNEGAN, HENDERSON,
    401 B Street, Suite 1700                  FARABOW, GARRETT & DUNNER
    San Diego, California 92101-4297        901 New York Avenue, N.W.
    (619) 699-2700                          Washington, DC 20001-4413
                                            (202) 408-4000

Dated: July __, 2007


IT IS SO ORDERED this ____ day of _____ 2007.


                    _____
                    Honorable Gregory M. Sleet
                    United States District Judge


24

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) Case No. 06-251-GMS |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**AGREEMENT CONCERNING INFORMATION
COVERED BY THE STIPULATED PROTECTIVE ORDER**

I certify that I have read and am fully familiar with the terms of the stipulated Protective Order entered on _____, 20___ in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL BUSINESS INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY material, as set forth in said stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order.

_____          _____
Date                                                    Signature

_____          _____
Location                                               Printed Name