IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EASTMAN KODAK COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-251-GMS |

## NOTICE OF SERVICE OF SUBPOENA

TO:   COUNSEL OF RECORD ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Eastman Kodak Company provides notice of service of subpoena on the following persons or entities as indicated on August 17, 2007:

1.   Robert A. Derounian.  A copy of the subpoena is attached hereto as Exhibit A.


Dated: August 17, 2007              /s/ Kristen Healey Cramer
                                    Francis DiGiovanni (#3189)
                                    Kristen Healey Cramer (#4512)
                                    CONNOLLY BOVE LODGE & HUTZ LLP
                                    The Nemours Building
                                    1007 N. Orange Street
                                    Wilmington, DE  19899
                                    Phone (302) 658-9141
                                    e-mail: kcramer@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone (619) 699-2700

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## CERTIFICATE OF SERVICE

I, Kristen H. Cramer, hereby certify that on August 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on August 17, 2007, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY:**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL:**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

Kristen Healey Cramer
Kristen Healey Cramer (#4512)

# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

U.S. PHILIPS CORPORATION

**SUBPOENA IN A CIVIL CASE**

Plaintiff
V.
EASTMAN KODAK COMPANY

Case Number:[1] Civil Action No. 06-00251
USDC, District of Delaware

Defendant.

TO: Robert A. Derounian
9 Thorntree Circle
Penfield, NY 14526-1223

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attachment A for deposition topics.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hyatt Regency Rochester<br>125 East Main Street<br>Rochester, NY 14604<br>(585) 546-1234 | September 14, 2007 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92101<br>619.699.2700 | September 10, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Eastman Kodak Company<br>*[signature]* | August 16, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Kristen Healey Cramer (DE Bar No. 4512) |
| Connolly Bove Lodge & Hutz LLP |
| 1007 North Orange Street |
| PO Box 2207 |
| Wilmington, DE 19899 |
| 302.888.6317 |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>EASTMAN KODAK COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)   Civil Action No. 06-00251-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EASTMAN KODAK COMPANY'S
SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM*
OF ROBERT A. DEROUNIAN**

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Eastman Kodak Company ("Kodak"), by and through its counsel, will take the deposition of Robert A. Derounian on September 14, 2007 at 9:00 a.m. at the Hyatt Regency Rochester, 125 East Main Street, Rochester, New York, 14604, (585) 546-1234.

The deposition, on the topics listed in Attachment A, will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths, and will continue from day to day until completed. Some or all of the deposition may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

SD\1752568.1

Before the deposition, by September 10, 2007, Mr. Derounian must produce documents in his possession, custody and control in response to the document requests listed in Attachment B. Fed.R.Civ.P. 45(a)(1)(C). All responsive documents should be produced to Nikki Wyll of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101

Dated: August 16, 2007

/s/ Kristen Healey Cramer
Francis DiGiovanni (#3189)
Kristen Healey Cramer (#4512)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
T. Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

# ATTACHMENT A

## Definitions & Instructions

1. "Kodak" refers to Defendant and Counterclaimant Eastman Kodak Company.

2. "Mr. Derounian," "you" and "your" refers to Robert A. Derounian and any other person acting on his behalf.

3. "Philips" means U.S. Philips Corporation including its predecessors, successors, assigns, past and present subsidiaries, past and present corporate parents, past or present subsidiaries of its corporate parents, divisions, affiliates, officers, directors, agents and employees, attorneys and other persons acting on its behalf, including Royal Philips Electronics, Philips Kommunikations Industrie AG (Germany), Philips Research Laboratories (United Kingdom), Philips Data Systems, Philips International B.V. (Netherlands), Philips Telecommuicatie Industrie (Netherlands), Philips Consumer Electronics B.V. (Netherlands), and Peter Vogel.

4. As used herein, "product" refers to any system, apparatus, method, device, software, encoder, decoder, codec, and/or process using Video Coding Technology.

5. "Image Coding Technology" means any technology for compressing and/or decompressing data representing moving images, facsimile images and/or still images, including but not limited to the coding methods described in the JPEG Standard and MPEG Standards.

6. "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as

3

rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purpose.

7. "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes. To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

8. "ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee (" CCITT" ).

9. "ISO" means the International Organization for Standardization.

10. "IEC" means the International Electrotechnical Commission.

11. The term "participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

12. The phrase "JPEG Standard" refers to the Standard | Recommendation ISO/IEC 10918-1 | ITU-T Rec. T.81, entitled "Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines."

13. The phrase "MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1," the ISO/IEC 13818-2 Standard for " MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

14. The term "Widcom" means Widcom, Inc., including its predecessors, successors, assigns, past and present subsidiaries, past and present corporate parents, divisions, affiliates, officers, directors, agents and employees, attorneys and other persons acting on its behalf, including Widergren Communications, Inc., and Robert Widergren, Andrew Tescher, Stanley Fralick, John Douglas and Eric Hamilton.

15. "Widcom VTC-56" and "VTC-56" mean the coder-decoder, or "codec," that was developed by Widcom and was claimed to be capable of compressing a video image and transmitting it over 56 kilobits-per-second lines or links, and includes all of its prototypes as well as its previous, predecessor, and subsequent models.

16. "Widcom's Personal Videoconferencing Station" and "PVS" mean the videoconferencing system developed by Widcom and referred to by those names, and includes all of its prototypes as well as its previous, predecessor, and subsequent models.

17. "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and means any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, communications, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and

notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, FIDL, verilog, or other code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind known to you or in your possession, custody, or control.

18. "Thing(s)" means any tangible object other than a document including without limitation objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

19. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm, or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "person."

20. "Communication(s)" includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers,

such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

21. "Relate," "relates," or "relating" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, supporting, disputing, contradicting, or otherwise discussing the subject matter.

22. The term "identify," when used with respect to a document, means to provide information sufficient to locate that document, including but not limited to the following: the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which the document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

23.  The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

24.  The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the interrogatory more inclusive.

25.  The terms "each" and "any" shall mean each and every.

26.  The term "any" shall include the word all, and vice versa.

27.  The term "date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

28.  If any documents or materials sought by this Notice are withheld on the grounds of a claim of attorney client privilege, work product immunity or some other privilege or immunity, the witness shall identify each such document on a privilege log. Any such privilege log shall contain at a minimum:

   (a) information identifying and summarizing the withheld document by subject matter,
   (b) author(s),
   (c) recipient(s) (including any carbon copied recipients),
   (d) date,
   (e) when any author or recipient is an attorney, identify that author or recipient as an attorney, and
   (f) specific ground for withholding the document.

## DEPOSITION TOPICS

1. Your involvement in and knowledge concerning Kodak's videoconferencing program, including your responsibilities and goals of the program.

2. Your knowledge of videoconferencing codecs used in Kodak's videoconferencing programs.

3. Your knowledge of the Widcom VTC-56, including the first time you became aware of the VTC-56.

4. Kodak's purchase of the Widcom VTC-56.

5. Kodak's use of the Widcom VTC-56.

6. The operation and capabilities of the Widcom VTC-56.

7. Any discussions between you and any Widcom employee concerning the function, operation and capabilities of the VTC-56.

## DOCUMENT REQUESTS

1. All documents or things, including but not limited to technical manuals or communications between you and Widcom, or you and other Kodak employees, that describe the operation and functions of the VTC-56 product.

2. All documents or things, including but not limited to technical manuals or communications between you and Widcom, or you and other Kodak employees, that describe the operation of a coder board of the VTC-56 product.

3. All documents or things, including but not limited to technical manuals or communications between you and Widcom, or you and other Kodak employees, that describe the operation of a cosine transform board of the VTC-56 product.

4. All documents or things, including but not limited to technical manuals or communications between you and Widcom, or you and other Kodak employees, that describe the operation of the block coder of the VTC-56 product.

5. All documents, including but not limited to the code and code tables, relating to the code tables used by the VTC-56 product.

6. All documents relating to the code, including but not limited to source code, object code or compiled code, incorporated into the VTC-56 product and the execution and operation of the code of the VTC-56 product.

7. All documents and things relating to or describing the sale or offer for sale of the VTC-56 product prior to September 13, 1986, including but not limited to all sales contracts, invoices or communications for the sale or offer for sale of the VTC-56 product, press releases, reports, news articles, communications between Kodak and Widcom or between Kodak employees or correspondence.

8. All documents relating to or describing the public use of the VTC-56 product prior to September 13, 1986, including but not limited to any photographs, drawings, videos, press releases, reports, news articles, communications between Kodak and Widcom or between Kodak employees or correspondence.

9.  All documents or things, including but not limited to all reports, memos, notes, testimony or declarations, generated by or given to you concerning any analysis of any code of the VTC-56 product, including but not limited to source code, object code and compiled code.

10. All documents or things, including but not limited to all reports, memos, notes, testimony or declarations, generated by or given to you relating to an analysis of the operation of the VTC-56 product.

11. All documents describing code of the VTC-56 product, including but not limited to source code, object code and compiled code and any different versions of any software, in your possession, custody or control.