## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

U.S. PHILIPS CORPORATION,

      Plaintiff,

      v.

EASTMAN KODAK COMPANY,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 06-0251 GMS

## DECLARATION OF NICOLE WYLL IN SUPPORT OF EASTMAN KODAK COMPANY'S APPLICATION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

I, Nicole Wyll, declare as follows:

    1.    I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter. Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

    2.    Attached hereto as Exhibit No. 1 is a true and correct copy of the August 8, 2006 letter from Bruce Watrous, Jr. to Richard Clark.

    3.    Attached hereto as Exhibit No. 2 is a true and correct copy of the January 24, 2007 letter from T. Jesse Hindman to Richard Clark.

    4.    Attached hereto as Exhibit No. 3 is a true and correct copy of the February 13, 2007 letter from A L J Thomas to T. Jesse Hindman.

    5.    Attached hereto as Exhibit No. 4 is a true and correct copy of the April 19, 2007 subpoena to BSI Management Systems America, Inc.

6.      Attached hereto as Exhibit No. 5 is a true and correct copy of the May 2, 2007 letter from John Fellas to T. Jesse Hindman.

7.      Attached hereto as Exhibit No. 6 is a true and correct copy of the May 16, 2007 letter from John Fellas to T. Jesse Hindman.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated this 21 day of August, 2007, in San Diego, California.

Nicole Wyll
DLA Piper US LLP

## CERTIFICATE OF SERVICE

I, Kristen Healey Cramer, hereby certify that on August 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on August 21, 2007, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001


/s/ Kristen Healey Cramer
Kristen Healey Cramer (#4512)

# EXHIBIT
# 1



**DLA Piper Rudnick Gray Cary US LLP**
401 B Street, Suite 1700
San Diego, California  92101-4297
**T**   619.699.2639
**F**   619.699.2701
**W**  www.dlapiper.com
bj.watrous@dlapiper.com
Admitted to practice in California

August 8, 2006

OUR FILE NO. 223612-25

*VIA EMAIL & OVERNIGHT MAIL*

Richard Clark
Managing Director, and Chair IST/37
Elysium Ltd.
Milton House, Whitehill Road
Crowborough
East Sussex TN6 1LB

Re:     **Philips Intellectual Property & Standards GmbH v. Kodak GmbH**
        **U.S. Philips Corporation v. Eastman Kodak Company**

Dear Richard:

My law firm represents Kodak GmbH and Eastman Kodak Company (collectively "Kodak") in two patent infringement actions recently brought by Philips Intellectual Property & Standards GmbH and U.S. Philips Corporation (collectively "Philips") in Dusseldorf, Germany and Delaware, USA.  The lawsuits allege that certain Kodak products infringe European patent EP 0 260 748 B1 and U.S. Patent No. 4,901,075  ("the Vogel patents").  Philips also alleges that ISO/IEC International Standard 10918-1 ("the JPEG Standard") specifies certain methods for coding digital signals that are covered by one or more claims of the Vogel patents.

We are investigating involvement by Philips (and its parent, subsidiaries and related entities) in the development and adoption of the JPEG Standard.  In addition to Philips' involvement in ISO and CCITT committees, we understand Philips participated in the IST/37 committee that reviewed and considered the JPEG Standard before its formal adoption in 1992.  We also understand that Dr. Simon Turner of Philips Research served as the Chair of IST/37 during the adoption timeframe and, as such, appears to have had the responsibility of signing off on the British version of the JPEG Standard.  We further understand that Philips voted—during the Fourth Meeting of IST/37 in June 1992—to approve the draft that eventually became the JPEG Standard and that Philips did so without disclosing the Vogel patents to IST/37.

In light of these facts, we respectfully ask that you—in your capacity as the Chair of IST/37—request the permission of IST/37 to provide us with the following documents: (i) a copy of the meeting report for the Fourth Meeting of IST/37 in June 1992, including any corresponding attachments or attendance lists, (ii) a copy of the UK published version of the JPEG Standard, including any corresponding appendices of participants, contributors, and/or disclosed patents, and (iii) a copy of any patent disclosure policies that applied to IST/37 and its members during the 1990-1993 timeframe.

**Serving clients globally**



Richard Clark
August 8, 2006
Page Two

We look forward to your prompt response.  Please let us know if you have any questions.  If we can provide any additional information to help IST/37 consider this limited request, we are happy to do so.

Sincerely,

**DLA Piper Rudnick Gray Cary US LLP**

Bruce A. Watrous, Jr.

SD\1668947.2



# Shipment Receipt

(Keep this for your records.)

**Transaction Date** 08 Aug 2006

**Address Information**

**Ship To:**
RICHARD CLARK
ELYSIUM LTD.
6196993587
MANAGIN DIRECTOR, AND CHAIR IST/37
MILTON HOUSE, WHITEHILL ROAD
CROWBOROUGH UK TN61LB
UNITED KINGDOM

**Shipper:**
DLA Piper Rudnick Gray Cary US LLP
Irene Folk
6196992700
401 B Street, Ste 1700
San Diego CA 92101
UNITED STATES

---

**Shipment Information**

| | |
|---|---|
| **Service:** | UPS Express |
| *Guaranted By: | End of Day, Thurs. 10 Aug. 2006 |
| **Quantum View Notify SM 1:** | irene.folk@dlapiper.com |
| Delivery; Exception | |
| **E-mail Failure Notification:** | irene.folk@dlapiper.com |
| **Shipment ID:** | 02Y747VN4V8 |
| **Actual Weight:** | Letter |
| **Billable Weight:** | Letter |
| **Description of Goods:** | LETTER |

---

**Package Information**

**Package 1 of 1**

| | |
|---|---|
| Tracking Number: | 1Z02Y7476698613611 |
| Package Type: | UPS Letter |
| Client-Matter: | 223612-000025 |
| Attorney ID: | 15300 |

---

**Billing Information**

**Bill Shipping Charges to:**          Shipper's Account UPS Account

**All Shipping Charges in USD**

---

* For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

**Responsibility for Loss or Damage**
Unless governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention), the Convention on the Contract for the International Carriage of Goods by Road (CMR Convention) or other mandatory law, UPS's liability for damage, loss or delay of this shipment is limited to a maximum of US$100 (or local currency equivalent) or as otherwise limited by the UPS Terms and Conditions of Carriage/Service for the country of origin of this shipment. No protection for loss or damage of this shipment in excess of the amount pursuant to the previous sentence is provided unless the shipper declares a higher value for carriage and pays an additional charge. If the shipper declares a higher value for carriage and pays the applicable charge, then liability shall be limited to proven damages of not more than the sum so declared. If C.O.D. is available for this shipment, the entry of a C.O.D. amount is not a declaration of value for carriage, and all checks or other negotiable instruments tendered in payment of C.O.D. amounts will be accepted by UPS at shipper's risk. UPS does not accept for transportation packages

# EXHIBIT
# 2

**DLA PIPER**

DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Jesse Hindman
jesse.hindman@dlapiper.com
T  619.699.2923
F  619.764.6623

January 24, 2007

*VIA EMAIL & INTERNATIONAL MAIL*

OUR FILE NO. 223612-25

Richard Clark
Managing Director, and Chair IST/37
Elysium Ltd.
Milton House, Whitehill Road
Crowborough
East Sussex TN6 1LB


Re:  **Philips Intellectual Property & Standards GmbH v. Kodak GmbH**
     **U.S. Philips Corporation v. Eastman Kodak Company**

Dear Richard:

This letter is in follow up to Mr. Watrous's August 8, 2006 letter.  Unfortunately, my office has not received any response from IST/37 in connection with our prior request for documents relating to Philips' participation in IST/37's consideration and adoption of the JPEG standard.  In particular, we are interested in a copy of the Meeting Report or any minutes relating to the Fourth Meeting of IST/37 in June 1992, including any corresponding attachments or attendance list.  Of course, any other documents relating to Philips' participation (in particular Dr. Simon Turner and Dr. John Morris) in the review and formal adoption of the JPEG standard by IST/37 would also be greatly appreciated.

**Serving clients globally**



Richard Clark
January 24, 2007
Page Two


We respectfully ask that you reiterate our request for these materials to IST/37.  Please let us know if you have any questions.  If we can provide any additional information to help IST/37 consider this limited request, we are happy to do so.  We look forward to your prompt response.

Very truly yours,

**DLA Piper US LLP**


Jesse Hindman
Associate

Admitted to practice in California

JH:bkl


SD\1681527.1
223612-25

From:    Origin ID: RBLA  (858) 638-6760
Pam Gomez
DLA Piper Rudnick Gray Cary
4365 EXECUTIVE DRIVE, SUITE 1100

SAN DIEGO, CA 92121
UNITED STATES

**SHIP TO:** 441892667411          BILL SENDER

**Richard Clark**
**Elysium Ltd**
**Milton House**
**Whitehill Road**

**Crowborough, East Su,  TN61LB**
GB



Ship Date: 24JAN07
ActWgt: 1 LB
System#: 5380492/INET2600
Account#: S *********                                    TotWgt: 1 LB

REF:
DESC-1: Correspondence/No Customs Value
DESC-2:
DESC-3:
DESC-4:
EEI: NO EEI 30.37(a)
COUNTRY MFG: US
CARRIAGE VALUE: 0.00 USD
CUSTOMS VALUE:  USD
T/C: S 180581332          D/T: S 180581332
SIGN: Pam Gomez
EIN/VAT:

**IP ENVELOPE**

TRK#  **7906 5736 2271**    FORM
                                      0430                    **STN**    AM

**TN61LB**    - -GB

## X5 XPWA



These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to United States law prohibited.

The Warsaw Convention may apply and will govern and in most cases limit the liability of Federal Express for loss or delay of or damage to your shipment. Subject to the conditions of the contract

**CONSIGNEE COPY - PLEASE PLACE IN POUCH**

Shipping Label: Your shipment is complete **This shipping label constitutes the air waybill for this shipment.**
1.Use the  "Print" feature from your browser to send this page to your laser or inkjet printer. Fold the printed page along the horizontal line.
2. Place 2 originals of the shipping label in the pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in addition; charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stoppingplaces which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may add an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, misdelivery, nondelivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God,perils of the air, weather conditions, mechanical delays, acts of public enemies,war, strike civil commotion, or acts or omissions of public authorities(including cutoms and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years. as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com

# EXHIBIT
# 3


389 Chiswick High Road  London  W4 4AL  UK

Tel  +44 (0)20 8996 9000
Fax +44 (0)20 8996 7400
www.bsi-global.com

Jesse Hindman
D L A Piper US LLP
401 B Street, Suite 1700,
San Diego, California 92101-4297

13 February 2007

BY EMAIL AND MAIL

Dear Mr Hindman

**RE:   Phillips Intellectual Property & Standards GmbH v Kodak GmbH**
**U.S. Phillips Corporation v Eastman Kodak Company**
**Your file Number: 223612-25**

I am a lawyer in the BSI legal department.

Your letter of 24 January 2007 to Mr Clark, as chair of IST37 was passed to
me for review and response.

IST37 is a BSI committee.  Custody of minutes and related documents
produced by BSI committees lies with BSI and accordingly any decision
regarding release of such documents rests with BSI.

I note your request for copies of certain documents as set out in your letter.

I have to advise you that BSI's policy is not to provide committee documents
to third parties and it is therefore unable to meet your request.

Yours sincerely

**A L J Thomas**
**Commercial Lawyer**

**Direct Tel: +44 208 996 6321**
**Direct Fax: +44 208 996 7356**

*raising standards worldwide*™

British Standards Institution is incorporated by Royal Charter

# EXHIBIT
# 4

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF  VIRGINIA

| | |
|---|---|
| U.S. PHILIPS CORPORATION, Plaintiff<br><br>V.<br><br>EASTMAN KODAK COMPANY, Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 06-251-GMS<br>U.S.D.C For The District Of Delaware |

TO: BSI Management Systems America, Inc.
   In care of:
   CT Corporation System
   4701 Cox Road, Suite 301
   Glen Allen, VA 23060-6802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attachment B for deposition topics

| PLACE OF DEPOSITION<br>DLA Piper US LLP<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190-5159 | DATE AND TIME<br>June 11, 2007<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   See Attachment A.

| PLACE<br>DLA Piper US LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92117 | DATE<br>May 21, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_____, Attorney for Defendant | DATE<br>April 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Jesse Hindman
DLA Piper US LLP
401 B St., Suite 1700
San Diego, CA 92101
619.699.2923

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] action is pending in district other than district of issuance, state district under case number.

SD\1675832.1

American LegalNet, Inc
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

SD\1675832.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION. | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## EASTMAN KODAK COMPANY'S SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* OF BSI MANAGEMENT SYSTEMS AMERICA, INC

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. Eastman Kodak Company ("Kodak"), by and through its counsel. will take the deposition of BSI Management Systems America, Inc. ("BSI"), on June 11, 2007 at 9:00 am at the offices of DLA Piper US LLP, 1775 Wiehle Avenue. Suite 400, Reston, VA 20190-5159. (703) 773-4500, (or at a time and place as otherwise agreed by the parties).

The deposition. on the topics listed in Attachment B, will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths, and will continue from day to day until completed. Some or all of the deposition may be recorded stenographically and may be recorded by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

Before the deposition, on May 21, 2007, BSI must produce documents in its possession,

custody and control in response to the document requests listed in Attachment A. Fed.R.Civ.P.

45(a)(1)(C). All responsive documents should be produced to Jesse Hindman of DLA Piper US

LLP, 401 B Street, Suite 1700. San Diego. CA 92101.


Dated: *April 19*, 2007

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego. CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

**ATTACHMENT A**
**ATTACHED TO EASTMAN KODAK COMPANY'S SUBPOENA**
**TO BSI MANAGEMENT SYSTEMS AMERICA, INC.**

**DEFINITIONS**

1.    "BSI." "you" or "your" means BSI Management Systems America, Inc..

including without limitation all of its corporate locations. predecessors, affiliates, successors,

subsidiaries. parents. divisions or parts thereof; all past or present directors, officers, agents,

representatives, employees, consultants. attorneys, and entities acting in joint-venture or

partnership relationships with BSI Management Systems America. Inc.; and others acting on

behalf of BSI Management Systems America, Inc.

2.    "Philips" means U.S. Philips Corporation including its predecessors, successors,

assigns, past and present subsidiaries, past and present corporate parents, past or present

subsidiaries of its corporate parents, divisions, affiliates, officers, directors, agents and

employees. attorneys and other persons acting on its behalf, including Royal Philips Electronics,

Philips Kommunikations Industrie AG (Germany), Philips Research Laboratories (United

Kingdom), Philips Data Systems. Philips International B.V. (Netherlands). Philips

Telecommuicatie Industrie (Netherlands), Philips Consumer Electronics B.V. (Netherlands), and

Peter Vogel.

3.    As used herein, "product" refers to any system. apparatus. method. device,

software, encoder. decoder. codec, and/or process using Video Coding Technology.

4.    "Video Coding Technology" means any technology for compressing and/or

decompressing data representing motion and/or still images, including but not limited to the

coding methods described in the JPEG Standard and MPEG Standards.

5.     "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purpose.

6.     "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes. To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

7.     " ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee (" CCITT" ).

8.     " ISO" means the International Organization for Standardization.

9.     " IEC" means the International Electrotechnical Commission.

10.     The term " participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

11.     The phrase " JPEG Standard" refers to the Standard | Recommendation ISO/IEC 10918-1 | ITU-T Rec. T.81, entitled " Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines."

12.     The phrase " MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1," the ISO/IEC 13818-2 Standard for " MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

13.    "Person" means any natural person or any business, legal, or governmental entity or association.

14.    "Document" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

15.    "Thing" means any tangible object other than a Document.

16.    The term "Communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations: and any writings memorializing such oral contact.

17.    The terms and phrases "Relating," "Concerning," "Referring or Relating to," "Refer or Relate to," "Refers or Relates to," or "Reflecting" mean and refer to the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, or refers in any way to the matters set forth.

## INSTRUCTIONS

1.    The singular form of a word should be interpreted in the plural as well.  Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.  The words "and" and "or" shall be construed conjunctively or disjunctively. whichever makes the request most inclusive.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

2.    Where a document is stored electronically, you shall produce an electronic copy of the original document in its native format, including all stored metadata. Where a claim of privilege is made with respect to portion of an electronic document, you may redact only that portion, in such a manner as to retain the original metadata to the extent possible. If it is not possible to retain all original metadata (for example, a file modification time), you shall separately produce the original metadata that was modified by the redaction process.

3.    All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

4.    Each document and thing produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the document or thing at any time.

5.    If you cannot produce any of these documents in full, produce them to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

6.    In you cannot produce all of the requested documents, describe in detail every reason for any failure or inability to produce each of those requested documents.

7.    If you cannot locate documents or things responsive to these requests after the exercise of due diligence, state in detail the particulars of the efforts that you made to locate such

documents or things and the reasons for their disappearance or unavailability. If such documents or things exist but are unavailable to you, state to the best of your knowledge, where the documents or things are located, including the name, address, and telephone number of the custodian.

8.    If any document covered by these requests, or any portion thereof, is withheld by reason of a claimed privilege, a privilege log is to be furnished at the time that documents are produced, identifying any such document for which the privilege is claimed, together with the following information with respect to any document withheld, or any portion thereof: author(s); recipient(s); sender(s); indicated or blind copies; title of the document, if any; date; general subject matter; present location of all copies of such document; the basis or bases on which the privilege is claimed; and the request to which such document relates. Where a portion of a document has been withheld as privileged (for example, by redacting the document), the privilege log shall identify the produced document.

9.    These requests shall apply to all documents in your possession, custody or control at the present time or coming into your possession, custody or control prior to the date of the production. If you know of the existence of such documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents and things, and the person who has the possession, custody or control of the documents or things.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following documents pursuant to Fed. R. Civ. P. 45:

1.      All documents relating to any disclosure by You of Video Coding Technology to the ISO and/or CCITT Standards Bodies concerning the JPEG Standard, including (but not limited to) any proposal, submission. description. contribution and/or technical specification.

2.  .    All documents relating to any participation by BSI, or any employee of BSI, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV. and/or the joint ISO/CCITT JPEG Committee. with respect to Video Coding Technology concerning the JPEG Standard and/or MPEG Standards.

3.      All Communications between BSI and any of its employees and the ISO and/or CCITT Standards Bodies and any sub-group of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee relating to the JPEG Standard and/or MPEG Standards, including communications to or from those employees listed in Request Number 8.

4.      All BSI meeting minutes concerning, referring or relating to the setting of the JPEG Standard and/or MPEG Standards.

5.      All BSI voting records concerning the setting of the JPEG Standard and/or MPEG Standards.

6.      All documents concerning or evidencing the involvement of Philips in the setting of the JPEG and/or MPEG standards.

7.    All documents concerning or evidencing the involvement of John Morris of Philips in the setting of the JPEG and/or MPEG standards.

8.    All documents concerning or evidencing the involvement of Norman Richards of Philips in the setting of the JPEG and/or MPEG standards.

9.    All documents concerning or evidencing the involvement of Simon Turner of Philips in the setting of the JPEG and/or MPEG standards.

**ATTACHMENT B**
**ATTACHED TO EASTMAN KODAK COMPANY'S SUBPOENA**
**TO BSI MANAGEMENT SYSTEMS AMERICA, INC.**

**DEFINITIONS**

All definitions set forth in Attachment A attached to Eastman Kodak Company's

Subpoena to BSI Management Systems America, Inc. are incorporated herein in their entirety.

**INSTRUCTIONS**

This subpoena calls for you to designate and make available for the purpose of giving

testimony at the deposition the officer(s), director(s), managing agent(s), and/or other person(s)

who is (are) most knowledgeable and able to testify about each of the subjects identified below

under the heading "Deposition Topics."

**DEPOSITION TOPICS**

1.    The authenticity of any documents produced by BSI in response to this subpoena.

2.    The search for and collection of any documents relevant or responsive to this

subpoena.

3.    Participation by BSI. or any employee of BSI, in any ISO and/or CCITT

Standards Bodies in connection with the development and/or adoption of the JPEG Standard

and/or MPEG Standards, including (but not limited to) any communication, proposal,

submission, contribution, and/or technical specification.

4.    Communications between BSI and any of its employees and the ISO and/or

CCITT Standards Bodies and any sub-group of those Standards Bodies relating to the JPEG

Standard and/or MPEG Standards.

5.      Participation by Philips. or any employee of Philips, including but not limited to John Morris, Simon Turner and Norman Richards, in any ISO and/or CCITT Standards Bodies in connection with the development and/or adoption of the JPEG Standard and/or MPEG Standards. including (but not limited to) any communication, proposal, submission. contribution, and/or technical specification.

# EXHIBIT
# 5

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

John Fellas
Direct Dial: 212-837-6075
fellas@hugheshubbard.com

May 2, 2007

<u>VIA FAX AND MAIL</u>

T. Jesse Hindman
DLA Piper US LLP
401 B St., Suite 1700
San Diego, CA 92101

Re:  *U.S. Philips Corp. v. Eastman Kodak Co.,*
Subpoena addressed to BSI AMERICA Management Systems
America, Inc.

Dear Mr. Hindman:

This firm represents BSI Management Systems America, Inc. ("BSI AMERICA") in connection with a purported subpoena (the "Subpoena"), dated April 19, 2007, purportedly served on it by Eastman Kodak Co.  This letter constitutes BSI AMERICA's response to the Subpoena pursuant to Federal Rule of Civil Procedure 45.

BSI AMERICA does not and did not have any involvement in the matters which are the subject of the Subpoena.[1]  Accordingly, there are no responsive documents within its possession, custody or control.  For the same reason, BSI AMERICA does not have any actual or reasonably available knowledge on the subjects on which Kodak seeks a deposition.  Therefore, no officer, director, managing agent, employee of BSI AMERICA or other person who consents to testify on its behalf can be designated to testify on any of the subjects identified in the Subpoena.

In any case, the Subpoena is objectionable on many grounds, including without limitation:

1.    The Subpoena is facially invalid and procedurally defective.

2.    The Subpoena purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

---

[1]    British Standards Institution, an English corporation and the national standards body of the United Kingdom, is a separate entity from BSI AMERICA, to which the Subpoena is directed.  Not only is British Standards Institution not subject to the Subpoena, but it is the policy of the British Standards Institution to remain impartial in third-party disputes in any matter such as this concerning standards.

3.     The Subpoena purports, in Definition No. 1, to apply to unspecified, undefined or
       unnamed "predecessors, affiliates, successors, subsidiaries, parents, divisions or
       parts thereof, all past or present directors, officers, agents representatives,
       employees, consultants, attorneys, and entities acting in joint-venture or
       partnership relationships with BSI AMERICA Management Systems America,
       Inc.; and others acting on behalf of BSI AMERICA Management Systems
       America, Inc." In doing so, the Subpoena purports to impose an obligation on
       entities that are beyond the limits of the subpoena power under the Federal Rules
       of Civil Procedure.

4.     The Subpoena purports to require a person who is not a party to travel to a place
       more than 100 miles from the place where that person resides, is employed or
       regularly transacts business in person.

5.     The document requests, definitions and the instructions in the Subpoena are
       overbroad, unduly burdensome, vague, and oppressive. The subjects on which a
       deposition is sought are not described with sufficient particularity and are
       overbroad, unduly burdensome, vague and oppressive.

6.     The Subpoena seeks documents and information on matters that are not relevant
       to the subject matter of the pending action, and are neither relevant to the claim or
       defense of any party nor reasonably calculated to lead to the discovery of
       admissible evidence.

7.     The Subpoena seeks documents and information available from the parties to the
       above-referenced action, or from other more readily available sources.

8.     The Subpoena calls for the production of documents and information which
       constitute proprietary information, trade secrets or other confidential, research,
       development or commercial information.

9.     The Subpoena seeks the production of documents and information which are
       protected by the attorney-client privilege, the work product doctrine, or any other
       applicable privilege, rule, or duty of confidentiality which precludes or limits
       production or disclosure of information.

10.    The Subpoena fails to comply with Fed. R. Civ. P. 45(c)(1) in that no reasonable
       steps have been taken to avoid imposing undue burden or expense on a person
       purportedly subject to the Subpoena.

11.    The Subpoena does not provide a reasonable or sufficient time for production.

Page 3

BSI AMERICA expressly reserves the right to amend, expand or delete any part of the objections stated herein.

If you have any questions, please do not hesitate to get in touch with me.

Sincerely,

John Fellas

# EXHIBIT
# 6

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

John Fellas
Direct Dial: 212-837-6075
fellas@hugheshubbard.com

May 16, 2007

<u>VIA FAX AND MAIL</u>

T. Jesse Hindman
DLA Piper US LLP
401 B St., Suite 1700
San Diego, CA 92101

Re:     *U.S. Philips Corp. v. Eastman Kodak Co.,*
        <u>Subpoena addressed to BSI Management Systems America, Inc.</u>

Dear Mr. Hindman:

We write to follow-up on our telephone conversation of last week concerning the purported subpoena (the "Subpoena") addressed to BSI Management Systems America, Inc. ("BSI AMERICA"), dated April 19, 2007, purportedly served on it by your client. Having had an opportunity to speak to our client about the matter, we stand by our objections to the Subpoena set forth in our letter dated May 2, 2007.

As we explained, BSI AMERICA does not and did not have any involvement in the matters which are the subject of the Subpoena. Accordingly, there are no responsive documents within its possession, custody or control. For the same reason, BSI AMERICA does not have any actual or reasonably available knowledge on the subjects on which your client seeks a deposition. Therefore, no officer, director, managing agent, employee of BSI AMERICA or other person who consents to testify on its behalf can be designated to testify on any of the subjects identified in the Subpoena.

While you suggested that the Subpoena to BSI AMERICA extends to documents regarding standards in the possession of its parent, this is not the case. Among its activities, British Standards Institution operates the National Standards Body (the "NSB") of the United Kingdom ("UK"), which is sponsored and regulated by the UK government, through the Department of Trade and Industry ("DTI"). BSI AMERICA, by contrast, is a management systems company and does not conduct any business on behalf of the NSB. Indeed, rules established by the UK government, through the DTI, impede the NSB from sharing its information with other British Standards Institution affiliates, including BSI AMERICA. These rules further mandate that NSB activities remain separate from the activities of other British

Standard Institution affiliates, such as BSI AMERICA.  Thus BSI AMERICA does not have possession, custody or control over the documents sought by your client.  *See, e.g., U.S. International Trade Commission v. Asat, Inc.*, 411 F.3d 245 (D.C.Cir. 2005) (denying motion to compel nonparty domestic subsidiary from producing documents held by foreign parent corporation where subsidiary lacked access to documents in ordinary course of business).

As we discussed on the telephone, your client may be free to make an application to obtain evidence from British Standards Institution through the Hague Convention on Taking Evidence Abroad In Civil or Commercial Matters.  Indeed, in light of the fact that NSB is regulated by the UK government, it would be more appropriate and consistent with principles of international comity for an issue which involves the regulation of an English entity by the UK government to be resolved by the English courts.  *See, e.g., Orlich v. Helm Brothers, Inc.*, 160 A.D.2d 135, 143 (1st Dep't 1990) ("When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory"); *Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F.Supp.2d 469 (D. Del. 2003) (requiring party seeking discovery from nonparty to go through Hague Convention).

Accordingly, for the reasons stated above, and as set forth in our letter of May 2, 2007, BSI AMERICA stands by its objections to the Subpoena.

Sincerely,

John Fellas