**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br><br>Plaintiff, )<br><br>       v. )<br><br>EASTMAN KODAK COMPANY, )<br><br>Defendant. )<br>_____ ) | Civil Action No. 06-251-GMS |

## NOTICE OF SERVICE OF SUBPOENA

TO:    COUNSEL OF RECORD ON ATTACHED SERVICE LIST

      PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Eastman Kodak Company provides notice of service of subpoena on the following persons or entities as indicated on August 23, 2007:

      1.    Alcatel-Lucent.  A copy of the subpoena is attached hereto as Exhibit A.


Dated: August 24, 2007

                     /s/ Kristen Healey Cramer
                     Francis DiGiovanni (#3189)
                     Kristen Healey Cramer (#4512)
                     CONNOLLY BOVE LODGE & HUTZ LLP
                     The Nemours Building
                     1007 N. Orange Street
                     Wilmington, DE  19899
                     Phone (302) 658-9141
                     e-mail: kcramer@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone (619) 699-2700

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## <u>CERTIFICATE OF SERVICE</u>

I, Kristen H. Cramer, hereby certify that on August 24, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on August 24, 2007, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**<u>BY E-MAIL AND HAND DELIVERY:</u>**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**<u>BY E-MAIL AND U.S. MAIL:</u>**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

Kristen Healey Cramer
Kristen Healey Cramer (#4512)

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF  NEW JERSEY

| | |
|---|---|
| U.S. PHILIPS CORPORATION | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff | |
| V. | |
| EASTMAN KODAK COMPANY | Case Number:[1] Civil Action No. 06-00251 |
| | USDC, District of Delaware |
| Defendant. | |

TO:    Alcatel-Lucent
          600 Mountain Avenue
          Murray Hill, NJ 07974

          Service of Process on:
             Corporation Service Company
             830 Bear Tavern Rd.
             West Trenton, NJ 08628

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  See Attachment B for deposition topics.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DLA Piper US LLP | September 7, 2007 at |
| 401 B Street, Suite 1700 | 9:00 a.m. |
| San Diego, CA 92101 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP | August 31, 2007 |
| 401 B Street, Suite 1700 | |
| San Diego, CA 92101 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Eastman Kodak Company<br>*Kristen Healey Cramer* | August 22, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kristen Healey Cramer (DE Bar No. 4512)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899
302.888.6317

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                        SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-00251-GMS |
| v. | ) |
| | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## EASTMAN KODAK COMPANY'S SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* OF ALCATEL-LUCENT

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of

Civil Procedure, Eastman Kodak Company ("Kodak"), by and through its counsel, will take the

deposition of Alcatel-Lucent ("Lucent"), on September 7, 2007 at 9:00 a.m. at the offices of

DLA Piper US LLP, 401 B. Street, Suite 1700, San Diego, CA 92117 (or at a time and place as

otherwise agreed by the parties).

The deposition, on the deposition topics listed in Attachment B, will take place upon oral

examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized

by law to administer oaths, and will continue from day to day until completed. Some or all of

the deposition may be recorded stenographically and may be recorded by videotape. Some or all

of the deposition testimony may involve real-time computer connection between the deposition-

taker and stenographer using software such as "LiveNote."

Before the deposition, on August 31, 2007 at the offices of DLA Piper US LLP, 401 B

Street, Suite 1700 San Diego, CA 92101, (619) 699-2700 (or at the time and place as otherwise

agreed by the parties), Lucent must produce documents in its possession, custody and control in

response to the document requests listed in Attachment A.  Fed.R.Civ.P. 45(a)(1)(C).


Dated: *August 21* , 2007

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
Nicole Wyll
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
Attorneys for Defendant
Eastman Kodak Company

## ATTACHMENT A

## TO THE SUBPOENA FOR AT&T CORP.

### *DEFINITIONS*

1.     "Lucent," "you" or "your" means Alcatel-Lucent, including without limitation all
of its corporate locations, predecessors, affiliates, successors, subsidiaries, divisions or parts
thereof, including divisions or parts acquired from AT&T Technologies and Philips
Kommunikations Industrie AG (Germany); all past or present directors, officers, agents,
representatives, employees, consultants, attorneys, and entities acting in joint-venture or
partnership relationships with Alcatel-Lucent; and others acting on behalf of Alcatel-Lucent.

2.     The term "Philips" means U.S. Philips Corporation including its predecessors,
successors, assigns, past and present subsidiaries, past and present corporate parents, past or
present subsidiaries of its corporate parents, divisions, affiliates, officers, directors, agents and
employees, attorneys and other persons acting on its behalf, including Royal Philips Electronics,
Philips Kommunikations Industrie AG (Germany), Philips Research Laboratories (United
Kingdom), Philips Data Systems, Philips International B.V. (Netherlands), Philips
Telecommuicatie Industrie (Netherlands), Philips Consumer Electronics B.V. (Netherlands),
Philips Patentverwaltung GmbH, N. V. Philips Gloeilampenfabrieken and Peter Vogel.

3.     The term "Widcom" means Widcom, Inc., including its predecessors, successors,
assigns, past and present subsidiaries, past and present corporate parents, divisions, affiliates,
officers, directors, agents and employees, attorneys and other persons acting on its behalf,
including Widergren Communications, Inc., and Robert Widergren.

4.     "Widcom VTC-56" and "VTC-56" mean the coder-decoder, or "codec," that was
developed by Widcom and was claimed to be capable of compressing a video image and

SD\1752944.1                                   3

transmitting it over 56 kilobits-per-second lines or links, and includes all of its prototypes as well as its previous, predecessor, and subsequent models.

5.      "Widcom's Personal Videoconferencing Station" and "PVS" mean the videoconferencing system developed by Widcom and referred to by those names, and includes all of its prototypes as well as its previous, predecessor, and subsequent models.

6.      As used herein, "product" refers to any system, apparatus, method, device, software, encoder, decoder, codec, and/or process using Image Coding Technology.

7.      "Image Coding Technology" means any technology for compressing and/or decompressing data representing moving images, facsimile images and/or still images, including but not limited to the coding methods described in the JPEG Standard and MPEG Standards.

8.      "Standard" or "Standards" or "Recommendation" refers to any documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purpose.

9.      "Standards Body" refers to any organization that maintains and/or issues documented agreements containing technical specifications or other precise criteria to be used consistently as rules, guidelines, or definitions of characteristics, to ensure that materials, products, processes and/or services are fit for their purposes.  To illustrate, the ITU-T (formerly CCITT) and ISO are Standards Bodies.

10.     "ITU-T" means the International Telecommunication Union Telecommunication Standardization Sector and all predecessors, including the International Telephone and Telegraph Consultative Committee ("CCITT").

11.     "ISO" means the International Organization for Standardization.

12.     "IEC" means the International Electrotechnical Commission.

13.     The term "participation" refers to involvement of any kind relating to the activity (such as development, consideration, or adoption of a standard) and/or organization (such as the ISO and/or CCITT) referred to in the request.

14.     The phrase "JPEG Standard" refers to the Standard Recommendation ISO/IEC 10918-1|ITU-T Rec. T.81, entitled "Information Technology — Digital Compression and Coding of Continuous-Tone Still Images — Requirements and Guidelines."

15.     The phrase "MPEG Standards" refer collectively to one or more of the ISO/IEC 11172-2 Standard for "MPEG-1," the ISO/IEC 13818-2 Standard for "MPEG-2," and the ISO/IEC 14496-2 Standard for "MPEG-4."

16.     "Pirsch patent" means United States Patent No. 4,420,771, entitled "Technique for Encoding Multi-Level Signals" to Peter Pirsch, issued December 13, 1983, attached hereto as Exhibit A.

17.     "Pirsch article" means the article entitled "Adaptive Intra-Interframe DPCM Coder," published in The Bell System Technical Journal, Vol. 61, No. 5, pp. 747-64 (May-June 1982), attached hereto as Exhibit B.

## INSTRUCTIONS

1.     This subpoena calls for you to produce all documents identified below that are within your possession, custody, or control, or are otherwise available to you.

2.     Electronic records and computerized information that are produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

3.      If, after exercising due diligence to secure the information requested, you cannot fully comply with a specific Request, or any part thereof, please state the reason(s) for your inability to reply and respond to the fullest extent possible.

## DOCUMENT REQUESTS- GENERAL

1.      All documents authored by Lucent or by any of its employees concerning Image Coding Technology prior to September 11, 1987, including such documents by Peter Pirsch.

2.      Documents sufficient to fully describe the methods for image encoding and decoding used by any Image Coding Technology for: (1) any projects or products that led to the inventions of the Pirsch patent and/or Pirsch article; (2) any projects or products that were based on the inventions of the Pirsch patent and/or Pirsch article prior to September 11, 1987; (3) any other products made by or at the direction of Lucent that used Image Coding Technology prior to September 11, 1987; and (4) any other projects of Lucent that used Image Coding Technology prior to September 11, 1987.

3.      Documents sufficient to describe any Lucent projects or products disclosed in documents produced in response to Document Request Number 2, including documents sufficient to describe the project and/or product names and model numbers.

4.      Documents sufficient to demonstrate the public use, knowledge, availability, offer for sale and/or sale of any project or product disclosed in documents produced in response to Document Request Number 2 and which occurred prior to September 11, 1987, including documents sufficient to demonstrate such use, knowledge, availability, offer for sale and/or sale that occurred prior to September 11, 1987.

5.      All documents concerning patent licenses from Lucent for (1) U.S. Patent No. 4,973,961, to Christos Chamzas and Donald L. Duttweiler, entitled "Method and Apparatus for

Carry-over Control in Arithmetic Entropy Coding," issued November 27, 1990; and (2) U.S.
Patent No. 5,025,258 to Donald L. Duttweiler, entitled "Adaptive Probability Estimator for
Entropy Encoding/Decoding," issued June 18, 1991; and (3) the Pirsch Patent, regardless of
whether a license was actually executed, including patent licenses for each patent.

      6.     All documents concerning any device, apparatus or product made by or otherwise
associated with Widcom, including but not limited to the Widcom VTC-56 and/or the Widcom
Personal Videoconferencing Station, and including but not limited to documents concerning the
research, development, conception, reduction to practice, use, sale, offer for sale, distribution,
display, and marketing thereof by any person or entity.

      7.     All documents concerning any video conferencing codec, video compressor or
video compression system or technology developed by Widcom for other companies, including
without limitation Bell & Howell and Defense Advanced Research Projects Agency
("DARPA"), including but not limited to documents concerning the research, development,
conception, reduction to practice, use, sale, offer for sale, distribution, display, and marketing
thereof by any person or entity.

      8.     All documents concerning papers, articles, publications, public statements,
reviews, announcements, and news reports by anyone regarding any product associated with
Widcom, including but not limited to the Widcom VTC-56, the Widcom Personal
Videoconferencing Station, any video compressor developed by Widcom for Bell & Howell, or
any video conferencing codec developed by Widcom for DARPA, including but not limited to
all drafts and final versions of any such materials and any memoranda or correspondence
between co-authors or others concerning either the work reflected in the materials or the
publications themselves.

## DOCUMENTS REQUESTED- STANDARDS SETTING

9.    All documents relating to any disclosure by You of Image Coding Technology to the ISO and/or CCITT Standards Bodies concerning the JPEG Standard prior to February 15, 1994, including (but not limited to) any proposal, submission, description, contribution and/or technical specification.

10.    All documents relating to any participation by Lucent or any employee of Lucent, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, prior to February 15, 1994, with respect to Image Coding Technology concerning the JPEG Standard and/or MPEG Standards, including but not limited to any communication, proposal, submission, contribution, and/or technical specification, including participation by Barry G. Haskel, Nikil S. Jayant, James J. Johnston, R. Aravind, Hermant Behda, Guido Bertocci, Christos Chamzas, Stephen A. Corteselli, William R. Daumer, T.C. Dodd, Donald L. Duttweiler, Adrian Ligtenberg, David Malah, Ms. G. Mascavich (or Mascarich), David S. Nelson, Atal Puri, Sharad Singhal, D. Stanwyck, Ming-Ting Sun, Donald R. Thelen, Tony G. Tao, and Richard Yackel.

11.    All Communications between Lucent and any of its employees and the ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee relating to the JPEG Standard and/or MPEG Standards, including communications to or from those employees listed in Request Number 10.

12.    All documents relating to any participation by Philips, or any employee of Philips, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, prior to February 15, 1994, with respect to Image Coding Technology concerning the JPEG Standard and/or MPEG Standards, including but not limited to any communication, proposal, submission, contribution, and/or technical specification, and including participation by current or former Philips employees, including but not limited to Loeck Zeckendorf, Gerald Weth, Ulf Rothgordt, Peter Vogel, Karl Heinz Wenzel, Dr. Cord Brandis, Jan van der Meer, Norman Richards, John Morris, Simon Turner, Hendrick Eisema, Louis Van Loon, Erik Schylander, P. De Wit, Burkhard Krupa and Joachim Spiedel.

ATTACHMENT B

**DEPOSITION TOPICS- GENERAL**

1.      The authenticity of any documents produced by Lucent in response to this
subpoena.

2.      The search for and collection of any documents relevant or responsive to this
subpoena.

3.      The methods for image encoding and decoding used by any Image Coding
Technology for: (1) any projects or products that lead to the inventions of the Pirsch patent
and/or Pirsch article; (2) any projects or products that were based on the inventions of the Pirsch
patent and/or Pirsch article prior to September 11, 1987; (3) any other products made by or at the
direction of Lucent that used Image Coding Technology prior to September 11, 1987; and (4)
any other projects of Lucent that used Image Coding Technology prior to September 11, 1987.

4.      Any Lucent projects or products disclosed in documents produced in response to
Document Request Numbers 2-3, including project and/or product names and model numbers.

5.      The public use, knowledge, availability, offer for sale and/or sale of any project or
product disclosed in documents produced in response to Document Request Number 4 and which
occurred prior to September 11, 1987, including such use, knowledge, availability, offer for sale
and/or sale that occurred prior to September 11, 1987.

6.      Patent licenses or attempts by Lucent to license (1) U.S. Patent No. 4,973,961, to
Christos Chamzas and Donald L. Duttweiler, entitled "Method and Apparatus for Carry-over
Control in Arithmetic Entropy Coding," issued November 27, 1990; (2) U.S. Patent No.
5,025,258 to Donald L. Duttweiler, entitled "Adaptive Probability Estimator for Entropy
Encoding/Decoding" issued June 18, 1991; and (3) the Pirsch Patent, regardless of whether a

license was actually executed, including patent licenses for each patent and discussions concerning licensing of such patents.

      7.      Documents authored by Lucent or by any of its employees concerning Image Coding Technology prior to September 11, 1987.

      8.      Lucent's purchase or knowledge of any Widcom product, including without limitation the Widcom VTC-56 and the Widcom Personal Videoconferencing Station

## DEPOSITION TOPICS- STANDARDS RELATED

      9.      Participation by Lucent, or any employee of Lucent, in any ISO and/or CCITT Standards Bodies prior to February 15, 1994 with respect to Image Coding Technology concerning the JPEG Standard and/or MPEG Standards, including but not limited to any communication, proposal, submission, contribution, and/or technical specification, including those documents currently or formerly in the possession of the employees listed in Document Request Number 10 above.

      10.      Communications between Lucent and any of its employees and the ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies relating to the JPEG Standard and/or MPEG Standards, including those employees listed in Document Request Number 10 above.

      11.      Participation by Philips, or any employee of Philips, including those employees listed in Document Request 12 above, in any ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies including but not limited to the ISO Working Group 8, ISO Working Group 10, the CCITT Study Group VIII, the CCITT Study Group XV, and/or the joint ISO/CCITT JPEG Committee, prior to February 15, 1994 with respect to Image Coding

Technology concerning the JPEG Standard and/or MPEG Standards, including but not limited to any communication, proposal, submission, contribution, and/or technical specification.

12.    Communications between Philips and any of its employees and the ISO and/or CCITT Standards Bodies and any subgroup of those Standards Bodies relating to the JPEG Standard and/or MPEG Standards, including those employees listed in Document Request Number 12 above.