IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. ) | Civil Action No. 06-251-GMS |

**PLAINTIFF U.S. PHILIPS CORPORATION'S OBJECTIONS AND RESPONSE
TO DEFENDANT EASTMAN KODAK COMPANY'S NOTICE OF DEPOSITION AND
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS OF PETER VOGEL**

Plaintiff U.S. Philips Corporation ("Philips"), by its attorneys, hereby objects and responds to Defendant Eastman Kodak Company's ("Kodak") Notice of Deposition and Requests for Production of Documents and Things of Peter Vogel.

**OBJECTIONS TO NOTICE OF DEPOSITION**

1. Philips objects to the time and location of the deposition. Subject to its objections, Philips will make available Mr. Vogel at a mutually agreeable time and place.

2. Philips objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases.

3. Philips objects to the extent that this deposition in combination with depositions of other witnesses would cause Kodak to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

4. Philips objects to the extent that this deposition seeks information that is protected by claims of attorney-client privilege or attorney work product or any other applicable privilege

or immunity.

## OBJECTIONS AND RESPONSES TO SCHEDULE A

To the extent the requests for production are directed to Philips, Philips objects and responds as noted below.

## GENERAL OBJECTIONS

1. Nothing in these responses should be construed as waiving rights or objections which might otherwise be available to Philips, nor should Philips' responses to any of these document requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the document requests or the responses thereto.

2. To the extent that Kodak's document requests seek information from internal work product files from any of Philips' counsel, including, but not limited to, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Ashby & Geddes, P.A., Philips objects to providing such information and to the production or listing of these documents on a withheld document list.

3. Philips objects to providing commercial, financial, regulatory, marketing, and other information to the extent such information relates to countries other than the United States as unduly burdensome, overly broad, and irrelevant to any issue in the suit, and not reasonably calculated to lead to the discovery of admissible evidence.

4. The incidental production of any information, document, or thing covered by any of Philips' General or Specific Objections shall not be construed as a waiver of the objection with respect to any other information, document, or thing.

5. Any Philips response to a particular request indicating that it will produce documents means that Philips will produce such documents to the extent they exist, can be

located after a reasonable search of Philips' files, and are not subject to the attorney/client privilege, work-product immunity, or other applicable privilege or objection. A response that documents will be produced shall not be construed as a representation that such documents exist or existed. Any such response indicates only that documents responsive to the request, subject to applicable objections, will be produced if any such documents are found after a reasonable search.

  6. Philips reserves the right to mask from documents produced any matter that is not called for or with respect to which Philips has objected to the request for production.

  7. Philips reserves the right to produce voluminous or atypical documents by making them available for inspection and copying by Kodak at Philips' facilities or at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.'s facilities.

  8. Philips objects to the document requests as overly broad, unreasonably cumulative, and unduly burdensome to the extent they seek information from electronic backup sources or the recovery of deleted electronic data or information.

  9. Philips objects to the document requests as overly broad and unduly burdensome to the extent they purport to impose obligations or seek information beyond what is required under Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the local rules, and applicable case law. Philips objects to each of these document requests to the extent that the information sought would improperly require Philips to create or compile collections of information that do not currently exist, or formulate opinions or conclusions that do not currently exist.

  10. Philips objects to the document requests as unduly burdensome and overly broad to the extent they ask Philips to obtain or provide information that is not available from a reasonable search of its files or a reasonable inquiry of its current employees. Similarly, Philips

3

objects to obtaining or providing information that is not in Philips' possession, custody, or control, such as information known to persons not currently employed by Philips or information in the custody of third parties.

11. Philips objects to the document requests to the extent that they seek documents and information protected by attorney-client privilege or work product doctrine, or prepared in anticipation of litigation or for trial. Any production of attorney-client privileged or work-product protected information is inadvertent and shall not constitute waiver of any privilege or protection.

12. Philips objects to the document requests to the extent that they seek confidential information of third parties subject to a nondisclosure agreement or other obligations of secrecy.

13. Philips objects to the document requests as unreasonably burdensome to the extent they request information that can be independently obtained by Kodak from other sources, such as documents in the custody and control of Kodak and materials available from the U.S. Patent and Trademark Office or available on the Internet.

14. Philips objects to the document requests to the extent that they purport to require Philips to review an unreasonably large volume of electronic mail ("e-mail") files. If necessary, Philips will review and produce relevant, non-privileged documents responsive to the requests from e-mail files pursuant to an agreed upon procedure.

15. Philips objects to the document requests as unduly burdensome, overly broad, and not relevant to any claim or defense of any party to this action to the extent they ask Philips to obtain or provide information on behalf of "past and present corporate parents, past or present subsidiaries of its corporate parents, . . . ." Philips will perform a reasonable search and make reasonable inquiries, but cannot obtain or provide information that is not currently in Philips'

4

possession, custody, or control. Moreover, the information of separate entities that are not parties to this action is not within the scope of permissible discovery since such information is not in Philips' possession, custody, or control, nor is it relevant to any claim or defense of the parties to this action.

16. Philips objects to the document requests as vague, unduly burdensome, overly broad, and not relevant to the extent they ask Philips to obtain or provide information for an unspecified and unlimited time period.

17. Philips objects to the document requests as unduly burdensome and overly broad to the extent they ask Philips to provide information that is not relevant and necessary to Kodak's case and which would require disclosure of trade secrets or other confidential research, development, or commercial information. Whenever requested information is confidential and its disclosure might be harmful, "the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).

18. Philips objects to any document request seeking information about the exploratory efforts of Philips' counsel in investigating Philips' claims or Kodak's counterclaims and preparing this case for trial. Such information would tend to reveal counsel's mental impressions, conclusions, opinions, or legal theories. Consequently, such information is beyond the ambit of discovery. *See* Fed. R. Civ. P. 26(b)(3).

19. Philips objects to the definition of "document" as overly broad and unduly burdensome to the extent it includes information beyond what is required under Rule 34 of the Federal Rules of Civil Procedure.

20. Philips objects to the definition of "Prior Art" as calling for legal conclusions and analysis. Philips further objects on the grounds that the definition renders vague and ambiguous any request incorporating the term "Prior Art."

21. Philips objects to the definition of "Philips Application" as overly broad and unduly burdensome as it purports to extend to "foreign counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit."

22. Philips objects to the definition of "Related Philips Patents" as overly broad and unduly burdensome as it purports to extend to "foreign patents corresponding to or related in any way to the Patent-in-Suit, the invention disclosed in the Patent-in-Suit or any other patent related to video compression technology assigned in whole or in part to Philips."

23. Philips objects to the definition of "Related Philips Patent Applications" as overly broad and unduly burdensome as it purports to extend to "any . . . foreign patent applications that led to or matured into any of the Related Philips Patents" and "any . . . foreign patent application from or through which the Patent-in-Suit or any of the Related Philips Patents claim priority, and any predecessors, continuations, divisionals or continuations-in-part of any of the foregoing patent applications."

24. Philips objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard."

25. Philips objects to the definition of "MPEG Standard" as vague and overly broad as it purports to extend to "any and/or all" of the international standards for compression,

decompression, processing, and coded representation of moving picture, audio and their combination developed by the ISO and the IEC.

26. Philips objects to these requests to the extent they are duplicative and/or cumulative of Kodak's prior document requests.

27. Philips will supplement its responses in accordance with Rule 26(e).

28. The General Objections apply to all of Kodak's document requests, including subparts. To the extent that any particular General Objection is cited in response to any specific document requests, those specific citations are provided because they are believed to be particularly applicable to the document request and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the document request.

29. The following responses reflect Philips' present knowledge, information, and belief, and may be subject to change or modification based upon Philips' further discovery or facts or circumstances that may subsequently come to Philips' knowledge.

<strong><u>RESPONSE AND OBJECTIONS TO DOCUMENT REQUESTS</u></strong>

**DOCUMENT REQUEST NO. 1:**

Any and all documents pertaining or relating to: The Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to." Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 2:**

Any and all documents pertaining or relating to: The Related Philips Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to." Philips also objects to this request as overly broad and unduly burdensome to the extent it purports to extend to "the Related Philips Patents." Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 3:**

Any and all documents pertaining or relating to: The Related Philips Patent Applications.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to." Philips also objects to this request as overly broad and unduly burdensome to the extent it purports to extend to "the Related Philips Patent

Applications." Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit. Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 4:**

Any and all documents pertaining or relating to: The background leading up to the alleged invention(s) in the Patent-in-Suit, including lab notebooks, engineering notebooks, drafts of the patent, invention disclosure statement and/or patent applications and correspondence.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Philips specifically objects to this document request as vague, ambiguous, and overly broad as to the terms "pertaining or relating to." Philips also objects to this request as overly broad and unduly burdensome to the extent it purports to extend to "the background leading up to the alleged invention(s) in the Patent-in-Suit." Philips also objects to this request as not relevant to a claim or defense of any party or likely to lead to the discovery of admissible evidence to the extent it extends beyond the territory or subject matter of the Patent-in-Suit.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 5:**

Any and all documents pertaining or relating to: The scope, extent, and results of any prior art searches conducted by You, Philips, on Philips' behalf or by anyone substantially involved with the prosecution of the Patent-in-Suit prior to its issuance as a United States Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 4 [sic]:**

Any and all documents pertaining or relating to: The Prior Art to the alleged inventions, known at any time to You, to Philips, or to Philips' attorneys or by anyone substantially involved with the prosecution of the Patent-in-Suit prior to its issuance as a United States Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving the foregoing general and specific objections, and to the extent the request can be understood, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 5 [sic]:**

Any and all documents pertaining or relating to: The conception of the alleged invention(s) in the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 6:**

Any and all documents pertaining or relating to: The diligence towards reduction to practice of the alleged invention(s) in the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 7:**

Any and all documents pertaining or relating to: The reduction to practice of the alleged invention(s) in the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 8:**

Any and all documents pertaining or relating to: The involvement of persons other than the named inventor in the conception, diligence towards reduction to practice, and the reduction to practice of the alleged intention(s), of the Patent-in-Suit, and the nature of the assistance provided.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 9:**

Any and all documents pertaining or relating to: The preparation, filing, prosecution and issuance of the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Philips specifically objects to this discovery request as unduly burdensome to the extent it requests information that can be independently obtained by Kodak from other sources, such as materials available from the U.S. Patent and Trademark Office or foreign patent offices. Philips further objects to this request to the extent it seeks documents precluded from disclosure by a judicial or administrative order or protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 10:**

Any and all documents pertaining or relating to: The design, manufacture, offer for sale, and sale of the first product which practiced or embodied the alleged invention(s) of the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 11:**

Any and all documents pertaining or relating to: The existence of any secondary considerations (as that term is used in *Graham v. John Deere Co.*, 383 U.S. 1 (1966)), other than commercial success, such as long felt need, failures of others, industry acknowledgements, copying, etc., of the subject matter being claimed.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Philips objects to the extent this request purports to require Philips to make investigations and legal determinations that it has not previously made. Philips also objects to this request as prematurely calling for expert discovery. Philips will timely respond to this request when and to the extent Kodak asserts the particulars of a defense based on a specific claim of obviousness. Philips also objects to this request to the extent it seeks documents precluded from disclosure by a judicial or administrative order or protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. Philips further objects to this request to the extent it seeks expert discovery outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 12:**

Any and all documents pertaining or relating to: Your knowledge of or involvement in any factual bases for Philips' contention that Kodak is or was infringing the Patent-in-Suit literally or equivalently.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 13:**

Any and all documents pertaining or relating to: Your knowledge of or involvement in standards setting organizations related to the claimed subject matter, including but not limited to ANSI, ISO, CCITT, BSI, ESPRIT or IEC.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Philips objects to this request as vague, ambiguous, and overly broad as to the term "standards setting organizations related to the claimed subject matter." Philips also objects to this request as vague, ambiguous, and misleading as to the term "involvement." Philips further objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 14:**

Any and all documents pertaining or relating to: Your knowledge of or involvement in any investigation, opinion, or analysis (whether pre-filing or otherwise) performed by Philips, or on Philips' behalf, relating to any Kodak product, including, without limitation, any alleged infringement of the Patent-in-Suit by any Kodak product.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Philips objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 15:**

Any and all documents pertaining or relating to: Your knowledge of the Accused Products and any related Kodak Products.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 16:**

Any and all documents pertaining or relating to: Your receipt of remunerations, awards, stocks or any accolades whatsoever related to your involvement at any time with the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 17:**

Any and all documents pertaining or relating to: Your knowledge relating to any efforts to enforce and/or license the Patent-in-Suit.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Philips objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 18:**

Any and all documents pertaining or relating to: The article titled "Improved Hybrid Coders with 2D-Signal Processing for Moving Pictures," published in SPIE- The International Society for Optical Engineering, Vol. 804 in March 1987, whether authored by you or Joachim Speidel, including drafts of the article, notes relating to the article, lab or engineering notebooks, correspondence or draft correspondence with SPIE.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 19:**

Any and all documents pertaining or relating to: SPIE policies and procedures provided to you, relating to confidentiality and submission of written materials.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

**DOCUMENT REQUEST NO. 20:**

Any and all documents pertaining or relating to: Any articles, papers or presentations authored by You before September 11, 1987, related to the claimed subject matter.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the foregoing general and specific objections, Philips will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist and have not already been produced.

                                    ASHBY & GEDDES

                                    */s/ Tiffany Geyer Lydon*
                                    _____
                                    Steven J. Balick (I.D. #2114)
                                    John G. Day (I.D. #2403)
                                    Tiffany Geyer Lydon (I.D. #3950)
                                    500 Delaware Avenue, 8th Floor
                                    P.O. Box 1150
                                    Wilmington, DE 19899
                                    (302) 654-1888
                                    sbalick@ashby-geddes.com
                                    jday@ashby-geddes.com
                                    tlydon@ashby-geddes.com

*Of Counsel:*                             *Attorneys for Plaintiff*
                                    *U.S. Philips Corporation*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig
Lei Mei
Matthew Levy
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: August 29, 2007
183676.1