IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S OBJECTIONS AND RESPONSE
TO DEFENDANT EASTMAN KODAK COMPANY'S SECOND 30(b)(6) NOTICE OF
DEPOSITION TO PLAINTIFF U.S. PHILIPS CORPORATION**

Plaintiff U.S. Philips Corporation ("Philips"), by its attorneys, hereby objects and

responds to Defendant Eastman Kodak Company's ("Kodak") Second 30(b)(6) Notice of

Deposition to Philips.

**GENERAL OBJECTIONS**

1.     Philips objects to the time and location of the deposition, particularly because the

notice of deposition provides only one specific date and time for the deposition.  Subject to its

objections, Philips will make available representatives at a mutually agreeable time and place.

2.     Philips objects to the Deposition Topics to the extent they are vague, ambiguous,

incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the

matters on which examination is requested.  The level and specificity of the knowledge for which

Philips will be able to prepare a witness or witnesses to testify is necessarily commensurate in

scope with the specificity of the Topics.

3.     Philips objects to the Deposition Topics to the extent they seek information

protected from disclosure by attorney-client privilege and/or work-product immunity, or

information otherwise protected from disclosure.

4.      Philips objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Philips under confidentiality obligations, or that is subject to agreement, court order, or other duty preventing disclosure to Kodak.

5.      Philips objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Philips, or relevant to the claims and defenses in this litigation.

6.      Philips objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Philips.

7.      Philips objects to the Deposition Topics to the extent they are cumulative.

8.      Philips objects to the Deposition Topics to the extent that they call for legal conclusions and/or expert opinions.

9.      Philips objects to the definitions and instructions set forth in Kodak's Second 30(b)(6) Notice of Deposition to the extent that those definitions and instructions purport to impose obligations on Philips that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

10.      Philips incorporates its objections to the definitions and instructions set forth in Philips' responses to Kodak's discovery requests as though fully set forth herein.

11.      Philips objects to the definition of "Philips" to the extent it potentially includes entities or persons outside the possession, custody, or control of Philips.  Philips interprets "Philips" to mean U.S. Philips Corporation.

12.      Philips objects to the definition of "Philips Application" as overly broad and unduly burdensome as it purports to extend to "foreign counterpart applications, and any other

applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit." Philips interprets "Philips Application" to mean U.S. applications for the Patent-in-Suit.

13.    Philips objects to the definition of "Related Philips Patents" as overly broad and unduly burdensome as it purports to extend to "foreign patents corresponding to or related in any way to the Patent-in-Suit, the invention disclosed in the Patent-in-Suit or any other patent related to video compression technology assigned in whole or in part to Philips." Philips interprets "Related Philips Patents" to mean U.S. patents related to the Patent-in-Suit.

14.    Philips objects to the definition of "Related Philips Patent Applications" as overly broad and unduly burdensome as it purports to extend to "any . . . foreign patent applications that led to or matured into any of the Related Philips Patents" and "any . . . foreign patent application from or through which the Patent-in-Suit or any of the Related Philips Patents claim priority, and any predecessors, continuations, divisionals or continuations-in-part of any of the foregoing patent applications." Philips interprets "Related Philips Patent Applications" to mean U.S. patent applications from or through which the Patent-in-Suit or any U.S. patent related to the Patent-in-Suit claim priority.

15.    Philips objects to the definition of "Prior Art" as calling for legal conclusions and analysis. Philips further objects on the grounds that the definition renders vague and ambiguous any request incorporating the term "Prior Art."

16.    Philips objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips interprets "JPEG Standard" to mean the JPEG Standard described in CCITT Recommendation T.81 and ISO/IEC 10918-1.

17.    Philips objects to the definition of "MPEG Standard" as vague and overly broad as it purports to extend to "any and/or all" of the international standards for compression, decompression, processing, and coded representation of moving picture, audio and their combination developed by the ISO and the IEC. Philips interprets "MPEG Standard" to mean the standards for video and audio compression and for multimedia delivery developed by the Moving Picture Experts Group (MPEG).

18.    Philips' deposition responses will be based on Philips' present knowledge, information, and belief and may be subject to change or modification based on Philips' further discovery, or on facts or circumstances that may come to Philips' knowledge. Philips assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

19.    Philips' deposition responses are made solely for the purposes of this action.

20.    These general objections apply to all of the Deposition Topics. To the extent that specific objections are cited as to a specific Deposition Topic, those specific objections are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the Topic.

## RESPONSE AND OBJECTIONS TO TOPICS OF THE DEPOSITION

### Topic No. 1.

Background leading up to the invention(s) allegedly claimed in the '075 patent, including the facts and circumstances supporting Philips' alleged priority date for the patent.

### Response:

Philips objects to this topic as incomprehensibly vague, ambiguous, overbroad, and failing to describe with reasonable particularity the subject matter to be examined with respect to

4

the meaning of the terms "Background" and "facts and circumstances supporting Philips' alleged priority date."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 1.

**Topic No. 2.**

Scope, extent and results of any prior art searches or analyses — including but not limited to identification of search terms, search methodology and those persons involved — conducted by Philips, or on Phillips' behalf or by anyone substantially involved with the prosecution of the '075 patent, both prior to the issuance of the patent and since that time.

**Response:**

Philips objects to this topic as vague, ambiguous, overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it: (1) seeks information relating to patents and patent applications other than the patent asserted in the Complaint; and (2) seeks information for an unspecified and unlimited time period. Philips objects to this topic as incomprehensibly vague, ambiguous, overbroad, and failing to describe with reasonable particularity the subject matter to be examined with respect to the meaning of the terms "prior art searches or analyses."

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 2.

**Topic No. 3.**

Prior art to the alleged invention(s) allegedly claimed in the '075 patent, known at any time by Philips, Philips' attorneys, or anyone substantially involved with the prosecution of the '075 patent prior to the issuance of the patent and since that time.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overbroad, unduly burdensome and failing describe with reasonable particularity the subject matter to be examined to the extent it: (1) calls for legal conclusions and analysis; (2) seeks information for an unspecified and unlimited time period; and (3) seeks information from an unspecified and overly large number of people.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 3.

**Topic No. 4.**

Facts and circumstances supporting conception of the alleged invention(s) claimed in the '075 patent.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 4.

**Topic No. 5.**

Facts and circumstances supporting diligence towards reduction to practice of the alleged invention(s) claimed in the '075 patent.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 5.

**Topic No. 6.**

Reduction to practice of the alleged invention(s) claimed in the '075 patent.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overbroad, unduly burdensome and failing describe with reasonable particularity the subject matter to be examined to the extent it calls for legal conclusions and analysis regarding "Reduction to practice." Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 6.

**Topic No. 7.**

Involvement of persons other than the named inventor in conception, diligence towards reduction to practice, and/or reduction to practice of the alleged invention(s) claimed in the '075 patent, and the nature of the assistance provided.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overbroad, unduly burdensome and failing to describe with reasonable particularity the subject matter to be examined to the extent it calls for legal conclusions and analysis regarding "reduction to practice."    Subject to and without waiving the foregoing General and Specific objections,

Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 7.

**Topic No. 8.**

Preparation, filing, prosecution and issuance of the '075 patent and family members (U.S. and foreign related, parent and children patents) of the '075 patent.

**Response:**

Philips objects to this topic as overbroad, unduly burdensome and beyond the scope of permissible relevant discovery to the extent it seeks information relating to patents and patent applications other than the patent asserted in the Complaint;

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 8.

**Topic No. 9.**

Design, manufacture, importation, offer for sale and sale of the first product (Philips or otherwise) alleged to practice/include or have practiced/included any invention(s) claimed in the '075 patent.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the phrase "first product alleged to practice/include or have practiced/included."

Philips further objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which

examination is requested to the extent it seeks information regarding products from an unlimited set of manufacturers over an unlimited period of time.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 9.

**Topic No. 10.**

First public disclosure of the claimed invention(s) in the '075 patent.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 10.

**Topic No. 11.**

Any commercial success attributed by Philips to the '075 patent (including but not limited to Philips' sales, profitability, advertising, and use of the alleged inventions).

**Response:**

Philips objects to this topic as improper subject matter for a deposition of Philips and as incomprehensibly vague, ambiguous, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the term "commercial success."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 11.

**Topic No. 12.**

Any Philips products or those of third parties that are marked, as that term is understood in the context of to 35 U.S.C. § 287, with the '075 patent.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 12.

**Topic No. 13.**

Discussions or communications within Philips regarding the '075 patent, including but not limited to any assessments of the patent.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

Philips further objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the terms "Discussions," "communications," "assessments," and "within Philips."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 13.

**Topic No. 14.**

Identify all third-parties that Philips contends directly infringes the '075 patent.

**Response:**

Philips objects to this topic as irrelevant and to the extent it seeks information precluded from disclosure by law, court orders/rules, or confidentiality obligations, or protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 14.

**Topic No. 15.**

The existence of any secondary considerations (as that term is used in *Graham v. John Deere Co.*, 383 U.S. 1 (1966)) other than commercial success, such as long felt need, failures of others, industry acknowledgements, copying, etc., of the subject matter of the '075 patent.

**Response:**

Philips objects to this topic as improper subject matter for a deposition of Philips and for failing to describe with reasonable particularity the matter on which examination is requested to the extent this request calls for legal conclusions and analysis. Philips also objects to this request to the extent it seeks information precluded from disclosure by a judicial or administrative order or protected by the attorney-client privilege, the work-product immunity,

or any other applicable privilege or immunity. Philips further objects to this request to the extent it seeks expert discovery outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 15.

**Topic No. 16.**

Philips' knowledge of or involvement in any standards setting organizations related to the subject matter of the '075 patent.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the terms "involvement," "standards setting organization," and "related."

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 16.

12

**Topic No. 17.**

The identity and operating characteristics of any Philips products alleged to perform functions similar to, or otherwise be competitive with, the Kodak products accused of infringing the '075 patent.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the terms "functions similar to" and "competitive with."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 17.

**Topic No. 18.**

The publication, awareness and communications concerning the Widcom VTC-56 and/or the Widcom Personal Videoconferencing Station.

**Response:**

Philips objects to this topic as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information from an unspecified and unlimited set of sources; and (2) information for an unspecified and unlimited period of time.

Philips further objects to this topic as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which

examination is requested with regard to the meaning of the terms "publication, awareness and communications."

Philips further objects to this topic as overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested to the extent it assumes facts that have not been alleged or established.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 18.

**Topic No. 19.**

The decision not to disclose the Widcom VTC-56 and/or the Widcom Personal Videoconferencing Station to the United States Patent Office during the prosecution of the '075 patent.

**Response:**

Philips objects to this topic as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks information from an unspecified and unlimited number of sources.

Philips further objects to this topic as overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested to the extent it assumes facts that have not been alleged or established.

Philips further objects to this topic as overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the phrase "The decision not to disclose."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 19.

**Topic No. 21 [sic].**

The structure and functionality disclosed in the Widcom VTC-56 and/or the Widcom Personal Videoconferencing Station as compared to the structure and functionality disclosed in the '075 patent.

**Response:**

Philips objects to this topic as improper subject matter for a deposition of Philips and for failing to describe with reasonable particularity the matter on which examination is requested (1) to the extent this request calls for legal conclusions and analysis; and (2) with respect to the meaning of the terms "structure and functionality disclosed in." Philips also objects to this request to the extent it seeks information precluded from disclosure by a judicial or administrative order or protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. Philips further objects to this request to the extent it seeks expert discovery outside the protocols for expert discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 21.

**Topic No. 22.**

The identification of persons involved in or knowledgeable about the matters set forth in the prior requests hereto.

**Response:**

Philips objects to this topic as improper subject matter for a deposition of Philips and as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the meaning of the terms "involved in," "knowledgeable about," and "the matters set forth in the prior requests hereto."

Subject to and without waiving the foregoing General and Specific objections, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 22.

**Topic No. 23.**

The identification and location of all documents or other information relating to the matters set forth in this Notice.

**Response:**

Philips objects to this topic as improper subject matter for a deposition of Philips and as incomprehensibly vague, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested.

**Topic No. 24.**

The efforts by Philips to prepare a witness to testify on the topics set forth in this Notice, including documents reviewed, communication with other individuals and any investigation made by the witness(es) in order to prepare for this deposition.

**Response:**

Philips objects to this topic as calling for information protected by the attorney-client privilege, the work-product immunity, and other applicable privileges and immunity.

16

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig
Lei Mei
Matthew Levy
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Dated:  September 4, 2007
183801.1

*Attorneys for Plaintiff*
*U.S. Philips Corporation*