IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S OBJECTIONS AND RESPONSE TO DEFENDANT EASTMAN KODAK COMPANY'S THIRD 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFF U.S. PHILIPS CORPORATION**

Plaintiff U.S. Philips Corporation ("Philips"), by its attorneys, hereby objects and responds to Defendant Eastman Kodak Company's ("Kodak") Third 30(b)(6) Notice of Deposition to Philips.

## GENERAL OBJECTIONS

1.      Philips objects to the time and location of the deposition, particularly because the notice of deposition provides only one specific date and time for the deposition.  Subject to its objections, Philips will make available representatives at a mutually agreeable time and place.

2.      Philips objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Philips will be able to prepare a witness or witnesses to testify is necessarily commensurate in scope with the specificity of the Topics.

3.      Philips objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or

information otherwise protected from disclosure.

4.      Philips objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Philips under confidentiality obligations, or that is subject to agreement, court order, or other duty preventing disclosure to Kodak.

5.      Philips objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Philips, or relevant to the claims and defenses in this litigation.

6.      Philips objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Philips.

7.      Philips objects to the Deposition Topics to the extent they are cumulative.

8.      Philips objects to the Deposition Topics to the extent that they call for legal conclusions and/or expert opinions.

9.      Philips objects to the definitions and instructions set forth in Kodak's Third 30(b)(6) Notice of Deposition to the extent that those definitions and instructions purport to impose obligations on Philips that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

10.     Philips incorporates its objections to the definitions and instructions set forth in Philips' responses to Kodak's discovery requests as though fully set forth herein.

11.     Philips objects to the definition of "Philips" to the extent it potentially includes entities or persons outside the possession, custody, or control of Philips.  Philips interprets "Philips" to mean U.S. Philips Corporation.

12.     Philips objects to the definition of "Philips Application" as overly broad and unduly burdensome as it purports to extend to "foreign counterpart applications, and any other

applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patent-in-Suit." Philips interprets "Philips Application" to mean U.S. applications for the Patent-in-Suit.

13. Philips objects to the definition of "Related Philips Patents" as overly broad and unduly burdensome as it purports to extend to "foreign patents corresponding to or related in any way to the Patent-in-Suit, the invention disclosed in the Patent-in-Suit or any other patent related to video compression technology assigned in whole or in part to Philips." Philips interprets "Related Philips Patents" to mean U.S. patents related to the Patent-in-Suit.

14. Philips objects to the definition of "Related Philips Patent Applications" as overly broad and unduly burdensome as it purports to extend to "any . . . foreign patent applications that led to or matured into any of the Related Philips Patents" and "any . . . foreign patent application from or through which the Patent-in-Suit or any of the Related Philips Patents claim priority, and any predecessors, continuations, divisionals or continuations-in-part of any of the foregoing patent applications." Philips interprets "Related Philips Patent Applications" to mean U.S. patent applications from or through which the Patent-in-Suit or any U.S. patent related to the Patent-in-Suit claim priority.

15. Philips objects to the definition of "Prior Art" as calling for legal conclusions and analysis. Philips further objects on the grounds that the definition renders vague and ambiguous any request incorporating the term "Prior Art."

16. Philips objects to the definition of "JPEG Standard" as vague and overly broad as it purports to extend to "all national standards body versions, equivalents, or variations of the ISO standard or the CCITT standard." Philips interprets "JPEG Standard" to mean the JPEG Standard described in CCITT Recommendation T.81 and ISO/IEC 10918-1.

17.    Philips objects to the definition of "MPEG Standard" as vague and overly broad as it purports to extend to "any and/or all" of the international standards for compression, decompression, processing, and coded representation of moving picture, audio and their combination developed by the ISO and the IEC.  Philips interprets "MPEG Standard" to mean the standards for video and audio compression and for multimedia delivery developed by the Moving Picture Experts Group (MPEG).

18.    Philips' deposition responses will be based on Philips' present knowledge, information, and belief and may be subject to change or modification based on Philips' further discovery, or on facts or circumstances that may come to Philips' knowledge.  Philips assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

19.    Philips' deposition responses are made solely for the purposes of this action.

20.    These general objections apply to all of the Deposition Topics.  To the extent that specific objections are cited as to a specific Deposition Topic, those specific objections are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the Topic.

## RESPONSE AND OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1.**

The earliest date that any person(s) at Philips became aware that Kodak was developing a product that utilized, or purported to utilize, the JPEG Standard; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "became aware" and the term "developing."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 1.

**Topic No. 2.**

The earliest date that any person(s) at Philips became aware that Kodak was developing a digital camera or a peripheral device which displayed digital images; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "became aware" and the term "developing."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 2.

**Topic No. 3.**

The earliest date that any person(s) at Philips became aware that Kodak made a product that utilized, or purported to utilize, the JPEG Standard; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrases "became aware" and "made a product."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 3.

**Topic No. 4.**

The earliest date that any person(s) at Philips became aware that Kodak made a digital camera or a peripheral device which displayed digital images; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "became aware" and the term "made."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 4.

**Topic No. 5.**

The earliest date that any person(s) at Philips became aware that Kodak sold or offered to sell a product that utilized, or purported to utilize, the JPEG Standard; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "became aware."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 5.

**Topic No. 6.**

The earliest date that any person(s) at Philips became aware that Kodak had sold or offered to sell a digital camera or a peripheral device which displayed digital images; each person's identity, the manner in which they became aware and the information they possess.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information about the state of mind of an unspecified and unlimited number of individuals who may have been employed by any Philips entity, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips; and (2) information about the state of mind of individuals who were employed by any Philips entity during an unspecified and unlimited period of time, including individuals who currently are not Philips employees or were employed by entities that are no longer associated with Philips.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "became aware."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 6.

**Topic No. 7.**

The earliest date Philips contends it had notice that Kodak allegedly infringed one or more of the claims of the Patent-in-Suit.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips

will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to

Topic No. 7.

**Topic No. 8.**

All communications between Philips and Kodak relating to the Patent-in-Suit.[sic] prior

to the filing of the complaint on April 18, 2006.

**Response:**

Subject to and without waiving the foregoing General and Specific objections, Philips

will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to

Topic No. 8.

**Topic No. 9.**

The earliest date that Philips first contacted outside counsel concerning an analysis of

whether Kodak's Accused Products infringed the Patent-in-Suit.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly

burdensome, and failing to describe with reasonable particularity the matter on which

examination is requested with respect to the phrase "concerning an analysis."

Philips further objects to this topic to the extent it seeks information protected by the

attorney-client privilege, the work-product immunity, or any other applicable privilege or

immunity.

Philips further objects to this topic as overbroad, unduly burdensome and failing to describe with reasonable particularity the matter on which examination is requested to the extent it assumes facts that have not been alleged or established.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 9.

**Topic No. 10.**

The earliest date that Philips first contacted outside counsel concerning the potential of filing any action for infringement of the Patent-in-Suit.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the phrase "concerning the potential of filing any action for infringement."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

**Topic No. 11.**

Any investigation by and knowledge of Philips concerning Kodak's alleged infringement of the Patent-in-Suit.

**Response:**

Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which

examination is requested with respect to the term "knowledge of Philips" and the phrase "concerning Kodak's alleged infringement."

Philips further objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, Philips will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 11.

**Topic No. 12.**

Any participation by Philips in the Image Encoding Technology community before 2002.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the term "participation."

Philips further objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the terms "Imaging Encoding Technology" and "the Imaging Encoding Technology community," which are not defined.

**Topic No. 13.**

All information related to the August 6, 1997 Bilateral Non-disclosure Agreement Number NDA971240 between Philips and Kodak; including communications regarding the decision to enter into the Agreement.

**Response:**

Philips objects to this topic to the extent it seeks information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

Subject to and without waiving the foregoing General and Specific objections, based on a reasonable investigation, as presently advised, Philips possesses no such information.

**Topic No. 14.**

All information disclosed by Kodak pursuant to the August 6, 1997 Bilateral Nondisclosure Agreement Number NDA971240 between Philips and Kodak.

**Response:**

Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

Subject to and without waiving the foregoing General and Specific objections, based on a reasonable investigation, as presently advised, Philips possesses no such information.

**Topic No. 15.**

      Any business decisions made by Philips based on or influenced by the information exchanged between the parties pursuant to the August 6, 1997 Bilateral Nondisclosure Agreement Number NDA971240 between Philips and Kodak.

**Response:**

      Philips objects to this topic as incomprehensibly vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested with respect to the term "business decisions" and the phrase "based on or influenced by."

      Philips objects to this topic as vague, ambiguous, overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter on which examination is requested to the extent it seeks: (1) information for an unspecified and unlimited number of Philips employees; and (2) information for an unspecified and unlimited period of time.

      Subject to and without waiving the foregoing General and Specific objections, and to the extent the topic can be understood, based on a reasonable investigation, and as presently advised, Philips possesses no such information.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Houtan K. Esfahani
Joyce Craig
Lei Mei
Matthew Levy
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

Dated: September 10, 2007
183957.1