**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **U.S. PHILIPS CORPORATION,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**EASTMAN KODAK COMPANY,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NO. 06-00251 GMS** |

**DEFENDANT EASTMAN KODAK COMPANY'S**
**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970**
**ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the District of Delaware presents its compliments to the Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales and requests assistance in obtaining evidence to be used in a civil proceeding before this Court in the above-captioned matter.

The District Court requests that the Senior Master approve the Defendant's nomination of a practicing Barrister or such other qualified person as the Court deems fit to act as Examiner for the purpose of obtaining oral testimony and documents for trial from non-party witnesses Theodora N. Ngosi, former employee of the British Standards Institute, and Mike Low, current director of the British Standards Institute.

This request is made pursuant to, and in conformity with, Chapter II, Articles 17, 18 and 21 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, to which both the United States and the United Kingdom are parties.

The District Court considers that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention,

that is, testimony or documents merely intended to lead to relevant evidence for trial. This Request fully complies with the United Kingdom's reservations under the Hague Evidence Convention. Trial in this action is scheduled to commence on April 28, 2008.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| *1.* | *Sender* | Hon. Gregory M. Sleet<br>United States District Judge<br>United States District Court for the<br>District of Delaware<br>844 N. King Street, Room 4324<br>Wilmington, DE 19801<br>U.S.A.<br><br>*(CIV NO. 06-00251 GMS)* |
| *2.* | *Central Authority of the*<br>*Requested State:* | COMPETENT AUTHORITY FOR ENGLAND<br>AND WALES<br>Senior Master of the Supreme Court of Judicature<br>Queen's Bench Division<br>ROYAL COURTS OF JUSTICE<br>Strand<br>London WC2A 2LL<br>UNITED KINGDOM<br><br>*On behalf of:*<br><br>THE CENTRAL AUTHORITY FOR THE<br>UNITED KINGDOM<br>Her Majesty's Principal Secretary of State for<br>Foreign Affairs<br>FOREIGN AND COMMONWEALTH OFFICE<br>King Charles Street<br>London SW1A 2AH, England,<br>UNITED KINGDOM |
| *3.* | *Person to whom the executed*<br>*request is to be returned:* | *Defendant's United Kingdom Legal*<br>*Representative:*<br><br>Steven Loble, Esq.<br>LOBLE SOLICITORS<br>The Grain Stores<br>70 Weston Street<br>London SE1 3QH<br>UNITED KINGDOM<br>Tel.: + 44 (0) 20.7939.9100<br>Fax: + 44 (0) 20.7939.9111<br>Email:  steven@loble.co.uk |

*on behalf of:*

Hon. Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware
844 N. King Street, Room 4324
Wilmington, DE 19801
U.S.A.

**4.**    *In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:*

**5.**    *Requesting judicial authority:*    Hon. Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware
844 N. King Street, Room 4324
Wilmington, DE 19801
U.S.A.

*To the competent authority of:*    The United Kingdom of Great Britain and Northern Ireland

**6.**    *Names and addresses of the parties and their representatives:*

    *a.*    *Plaintiff*    **U.S. PHILIPS CORPORATION**, a Delaware corporation with offices in New York

*Plaintiff's U.S. Legal Representatives:*

Steven J. Balick, Esq.
Tiffany Geyer Lydon, Esq.
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
U.S.A.
Tel: +1.302.654.1888
Fax: +1.302.654.2067
Email: sbalick@ashby-geddes.com
Email: jday@ashby-geddes.com
Email: tlydon@ashby-geddes.com

*and*

Thomas Winland, Esq.
Steven M. Anzalone, Esq.
Frank A. De Costa, III, Esq.
Houtan K. Esfahani, Esq.
Joyce Craig, Esq.

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
U.S.A.
Tel: +1.202.408.4000
Fax: +1.202.408.4400
Email: thomas.winland@finnegan.com
Email: steven.anzalone@finnegan.com
Email: frank.decosta@finnegan.com
Email: houtan.esfahani@finnegan.com
Email: joyce.craig-rient@finnegan.com

b.    *Defendant*           **EASTMAN KODAK COMPANY**, a New Jersey
corporation with offices in New York

**_Defendant's U.S. Legal Representatives:_**

Francis DiGiovanni, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
U.S.A.
Tel: +1.302.658.9141
Fax: +1.302. 658-5614
Email: fdigiovanni@cblh.com

*and*

John Allcock, Esq.
Sean C. Cunningham, Esq.
Timothy Lohse, Esq.
John D. Kinton, Esq.
Jesse Hindman, Esq.
Nicole Wyll, Esq.
DLA PIPER US LLP
401 B. Street, Suite 1700
San Diego, CA 92101
U.S.A.
Tel: +1.619.699.2700
Fax: +1.619.699.2701
Email: John.Allcock@dlapiper.com
Email: Sean.Cunningham@dlapiper.com
Email: Timothy.Lohse@dlapiper.com
Email: John.Kinton@dlapiper.com
Email: Jesse.Hindman@dlapiper.com
Email: Nikki.Wyll@dlapiper.com

**_Defendant's United Kingdom Legal_**

*Representatives:*

Steven Loble, Esq.
LOBLE SOLICITORS
The Grain Stores
70 Weston Street
London SE1 3QH
UNITED KINGDOM
Tel.: + 44 (0) 20.7939.9100
Fax: + 44 (0) 20.7939.9111
Email:  steven@loble.co.uk

6.    *Nature and purpose of the proceedings and summary of the facts:*

## PARTIES

Plaintiff/Counterdefendant U.S. Philips Corporation ("Philips") is a corporation organized and existing under the laws of Delaware, with a place of business in New York, New York.  Philips is a subsidiary of global parent Royal Philips Electronics N.V., one of the world's largest publicly-traded electronics companies.

Defendant/Counterclaimant Eastman Kodak Company ("Kodak") is a corporation organized and existing under the laws of New Jersey, with a place of business in Rochester, New York.  Kodak is a public company, providing a wide range of products, equipment and services in the areas of photographic film, digital photography, health imaging, and printing.

## ALLEGATIONS IN THE COMPLAINT

Plaintiff Philips initiated a civil lawsuit in the United States District Court for the District of Delaware against Defendant Kodak on April 18, 2006, pursuant to the Patent Laws of the United States, 25 U.S.C. § 1 *et seq*.  Philips alleges that Kodak has infringed, and continues to infringe, United States Patent Number 4,901,075 ("the '075 patent") (Exhibit 1) through Kodak's manufacture and sale of products that comply with the Joint Photographic Experts Group ("JPEG") standard for digital still image compression and decompression (the "JPEG standard").

Philips seeks a judgment that Kodak has infringed the '075 patent and that the infringement was deliberate and willful; that Kodak be permanently enjoined from making, using,

5

selling or importing within the United States all JPEG compliant image encoding hardware and software products and services, including products made by such products and services; for damages; reasonable attorneys' fees, and such other relief as the Court deems proper.

## DEFENDANT KODAK'S DEFENSES AND COUNTERCLAIMS

In its Answer and Counterclaims, Kodak denies that its products infringe the '075 patent and asserts that the '075 patent is invalid and unenforceable. Furthermore, Kodak asserts that Philips' claims fail due to Philips' participation, through its related corporate entities and representatives, in the development and adoption of the JPEG standard.

Kodak asserts that the JPEG standard is the result of almost a decade of worldwide collaboration by representatives of numerous companies, countries and standards-setting organizations. The Joint Photographic Experts Group committee ("the JPEG committee") was a collaborative effort that consisted of representatives from at least two international standards-setting organizations—the International Telegraph and Telephone Consultative Committee ("CCITT") and the International Standards Organization ("ISO"). The CCITT and ISO each had a subcommittee dedicated to developing a worldwide standard for still-image compression and decompression: CCITT Study Group VIII and ISO Working Group 8. Kodak asserts that Philips was a member and active participant in both subcommittees as well as the JPEG committee itself. Kodak also asserts that Philips was a member of CCITT Study Group XV, which developed Recommendation H.261, a precursor to the MPEG standard. MPEG, short for "Motion Picture Experts Group," is a CCITT-ISO standards effort similar to JPEG, which standardized the compression of video and audio rather than still images. The JPEG committee coordinated its efforts and initiated a "formal liaison" with CCITT Study Group XV. In addition, Kodak asserts that Philips was an active participant in a third standards-setting body involved with JPEG standardization, the British Standards Institute ("BSI") and its subcommittee IST/37.

Kodak asserts that Philips, by and through its related entities and representatives in the Philips group of companies, was a member of CCITT Study Groups VIII and XV, ISO Working

Group 8, BSI subcommittee IST/37 and the JPEG committee.  Kodak further asserts that Philips:

(i)     knew the technical details of the proposed JPEG standard;

(ii)    was aware of the patent disclosure policies of each organization that required it to

        disclose patents and patent applications relevant to the JPEG standard;

(iii)   failed to disclose its patents including the '075 patent and related patent applications

        it now claims are necessary to implement the JPEG standard; and

(iv)    voted on several occasions to approve the JPEG standard.

Kodak also asserts that despite specific requests by committee leaders for patent

disclosure and patent disclosures by other standards-setting committee members, Philips never

disclosed that it owned patents or patent applications that might be relevant to the JPEG standard.

Kodak asserts that it also participated in the development and adoption of the JPEG standard and

that, along with other JPEG standardization participants, reasonably relied on Philips' silence

and/or misrepresentations to conclude that Philips did not possess patents or patent applications

relevant to the JPEG standard.

Kodak further asserts that Philips waited an unreasonably long period of time to assert its

patent.  Kodak asserts that it began making and publicly marketing, advertising and selling its

products which incorporated the JPEG standard in the early 1990s.  Despite Kodak's widespread

public marketing and sale of JPEG standard-enabled products, Philips did not inform Kodak of its

purported belief that Kodak infringed its patent rights until a communication dated October 1,

2002.  Philips did not file suit until April 18, 2006.  Kodak asserts that in the intervening years of

Philips' delay, the JPEG standard became deeply entrenched as the preeminent standard for the

digital compression, storage and transmission of still images, and Kodak has made significant

investments in developing and marketing products and services that implement that standard.

Kodak asserts that as a result of Philips' conduct, Kodak has incurred damages and will continue

to be damaged in the future.

Based on the above facts, Kodak asserts defenses and counterclaims based on waiver and equitable estoppel, laches, implied license, unclean hands, fraud, negligent misrepresentation, and deceptive trade practices under Delaware state law. Kodak seeks a judgment that Kodak has not infringed the '075 patent; that the claims of the '075 patent are invalid; that Philips is barred from enforcing the '075 patent based on equitable estoppel; that Kodak has an implied license for the '075 patent; that Philips has engaged in deceptive trade practices, fraud and negligent misrepresentation; for a permanent injunction prohibiting Philips' deceptive trade practices and further enforcement of the '075 patent; damages; and attorneys' fees and such other relief as the Court or jury deems proper.

## STAGE OF THE PROCEEDINGS

Philips commenced this action on April 18, 2006 when it filed its Complaint. Kodak filed its Answer and Counterclaims on October 17, 2006. Philips filed its Answer to those Counterclaims on November 6, 2006. Responses to written interrogatories and requests for production of documents have been served by the parties. Trial is scheduled to commence on April 28, 2008.

## THE WITNESSES FROM WHOM EVIDENCE AND DOCUMENTS ARE SOUGHT

1.    Ms. Theodora ("Teddie") N. Ngosi, former Secretary of ISO/IEG JTG 1/SC 2/WC 8 accredited to SC 2/WC 8 and ISO as noted by the UK National Technical Committees.

2.    Mike Low, Director, BSI British Standards. BSI was active in the adoption of the JPEG standard as a member of ISO Working Group 8. Numerous representatives of BSI, as well as representatives of the Plaintiff and Defendant attended ISO Working Group 8 committee meetings during development of the JPEG standard between 1984 and 1994.

### RELEVANCE OF THE EVIDENCE SOUGHT

Kodak asserts that the JPEG standard is the result of almost a decade of worldwide collaboration by representatives of numerous companies, countries and standards-setting organizations. The work was largely done by the JPEG committee that consisted of

SD\1752562.1

representatives from at least two international standards-setting organizations—the International

Telegraph and Telephone Consultative Committee ("CCITT") and the International Standards

Organization ("ISO"). Each organization had a subcommittee dedicated to developing a

worldwide standard for still-image compression and decompression: CCITT Study Group VIII

and ISO Working Group 8.

Kodak asserts that Philips was a member and participant in these two subcommittees as

well as the JPEG committee itself, formed as a collaboration between them. In addition, Philips

was a member of BSI and its subcommittees IST/2 and IST/37, which were active in the JPEG

standards-setting process and whose members participated in ISO Working Group 8 meetings.

The JPEG standard was ultimately adopted by BSI as a British standard on July 15, 1994.

Kodak also asserts that Philips was a member and participant in CCITT Study Group XV,

which developed Recommendation H.261, a precursor to the MPEG standard. MPEG, short for

"Motion Picture Experts Group," is a CCITT-ISO standards effort similar to JPEG, which

standardized the compression of video and audio rather than still images. The JPEG committee

coordinated its efforts and initiated a liaison with CCITT Study Group XV.

Kodak asserts that Philips, by and through its related entities in the Philips group of

companies, was a member of CCITT Study Groups VIII and XV, ISO Working Group 8, the

JPEG committee, and BSI subcommittees IST/2 and IST/37 and that Philips:

    (i)     knew the technical details of the proposed JPEG standard;

    (ii)    was aware of the patent disclosure policies of each organization that required it to

            disclose patents and patent applications relevant to the JPEG standard;

    (iii)   failed to disclose its patents including the '075 patent and related patent applications

            it now claims are necessary to implement the JPEG standard; and

    (iv)   voted on several occasions to approve the JPEG standard.

Kodak also asserts that despite specific requests by committee leaders for patent

disclosures and patent disclosures by other standards-setting committee members, Philips never disclosed that it had patents or patent applications that might be relevant to the standard adopted by JPEG.

Kodak asserts that JPEG and the related standards-setting committees sought to adopt an "open" standard that would be free from patent infringement claims and would be widely available for industries, companies, and consumers worldwide to use. Kodak asserts that had Philips disclosed the '075 patent during the JPEG standardization process and made the royalty demands it now makes, JPEG and the related standards-setting committees would have chosen one of the available alternative compression techniques for standardization.

Kodak asserts that since its adoption, the JPEG standard has become deeply entrenched as the preeminent standard for the digital compression, storage and transmission of still images, and Kodak has made significant investments in the products and services that implement this standard. Based on these facts, Kodak asserts defenses and counterclaims of waiver and equitable estoppel, laches, implied license, unclean hands, fraud, negligent misrepresentation, and deceptive trade practices under Delaware state law.

Kodak asserts that the testimony of Ms. Ngosi and the BSI documents to be provided by Mr. Low are relevant to prove: (1) BSI's participation in JPEG standardization; (2) BSI's adoption of the JPEG standard; (3) Philips' participation in JPEG standardization; (2) Philips knowledge of the technical specifications of the JPEG standard; (3) Philips' knowledge of ISO Working Group 8 and BSI patent disclosure policies; and (4) Philips' failure to properly disclose the '075 patent.

Kodak further asserts that documents obtained by Kodak demonstrate that BSI was an active participant in ISO Working Group 8 ("ISO WG8") and further that BSI actively participated in adopting the JPEG standard. BSI members involved in these activities included employees of Philips Research Laboratories, a subsidiary of Royal Philips Electronics, N.V. On July 15, 1994, BSI ultimately adopted the ISO JPEG standard (ISO/IEC 10918-1) as a British

10

Standard. (Exhibit 2 – the first 4 pages of 184 pages are exhibited to show the Plaintiff's involvement in the project.)

Kodak asserts that a January 1990 BSI membership list details those experts from the United Kingdom who were recognized as actively participating in ISO Working Group 8 and accredited to both Working Group 8 and the ISO as noted by the United Kingdom National Technical Committees. This list included the following BSI members employed by Philips Research Laboratories: Mr. Simon Turner, Dr. John Morris, and Mr. Norman Richards. (Exhibit 3, pp. 1, 3.) Mr. Turner is designated as "Convenor" of BSI IST/2/-1. (Exhibit 3, p. 1.) This document also identifies Ms. Ngosi as secretary to BSI subcommittee IST/2/-1. (Exhibit 3, p. 1.)

In addition, Kodak asserts that a WG8 mailing list dated June 1989 lists Turner, Morris and Richards as employees of Philips Research Laboratories in the United Kingdom, and "active" members of WG8. (Exhibit 4, pp. 3, 8.) "Active" members were able to attend WG8 meetings and receive relevant documents. (Exhibit 4, p. 1.) A final WG8 mailing list from April 18, 1990 lists Dr. Morris and Mr. Turner as attendants at four ISO WG8 meetings (Exhibit 5 p. 4) and Ms. Ngosi as a Committee Administrator affiliated with BSI. (Exhibit 5, p. 22.)

Kodak asserts that all three Philips employees attended ISO WG8 JPEG meetings throughout the development of the JPEG standard. Mr. Turner attended an ISO WG8 JPEG meeting on March 24-26, 1987 in Darmstadt, Germany, on behalf of Philips Research Laboratories. (Exhibit 6, p. 8.)   During this meeting, the attendees established compression techniques for consideration as the JPEG standard, and members were informed that an updated initial description of the techniques would be mailed directly to those on the WG8 mailing list. (Exhibit 6, pp. 4, 10, 12.)

Kodak asserts that Mr. Richards attended a ISO WG8 JPEG meeting in Copenhagen, Denmark, held from January 25-27, 1988, where "it was agreed by JPEG that the resulting ADCT technique should be the basis of the future [JPEG] standard." (Exhibit 7, pp. 5, 8.)

Finally, Kodak asserts that Dr. Morris attended three separate ISO WG8 JPEG meetings.

11

In July, 1988 Dr. Morris attended a meeting of the JPEG Ad Hoc Technical Development group in Rennes, France, where technical experts gathered to discuss their work and progress. (Exhibit 5, p. 4; Exhibit 8, p. 1.) During an ISO WG8 meeting in Stockholm, Sweden (July 3-7, 1989) attended by Dr. Morris, members were informed that a working draft of the JPEG standard would "soon" be ready and distributed to the WG8 membership upon completion. (Exhibit 9, p. 3.) Furthermore, Dr. Morris attended a 1989 ISO WG8 JPEG meeting in Japan (Exhibit 5, p. 4) where ANT and Hitachi provided relevant patent filings, and the committee engaged in significant technical discussions regarding arithmetic coding methods under consideration for JPEG. (Exhibit 10, pp. 3, 4.)

Kodak asserts that the facts surrounding BSI's creation of subcommittees IST/2 and IST/37, and its participation in ISO Working Group 8 will establish: (1) Philips' participation in JPEG standardization; (2) Philips' knowledge of the technical specifications of the JPEG standard; (3) Philips' knowledge of BSI and other standards-setting organizations' patent disclosure policies; and (4) Philips' failure to properly disclose the '075 patent. (Exhibit 1.)

The District Court asserts that the facts surrounding BSI's participation in JPEG standardization, and ultimate adoption as a British standard, are essential evidence in relation to the matters in issue between the parties. Justice cannot be completely served without the testimony of Ms. Ngosi and documentary evidence from Mr. Low.

**8.** *Evidence to be obtained or other judicial act to be performed:*

The District Court seeks the oral testimony and specific documents from Mr. Low of BSI and Ms. Ngosi.

Defendant asserts that BSI's cooperation in giving evidence in this matter has been sought but that BSI has indicated to Kodak's counsel that it is only prepared to give evidence pursuant to a formal Request in conformity with the Hague Evidence Convention. Counsel for Kodak previously sought the assistance of BSI and requested documents relating to Philips' participation in IST/37 and their consideration and adoption of the JPEG standard. (Exhibits 11

12

and 12.) BSI informed Kodak that distribution of documents produced by internal committees was within BSI discretion, and they were unable to meet Kodak's request for documents. (Exhibit 13.)

For the reasons set forth above, the District Court believes that the witness, Ms. Ngosi, (whose contact details are given below) will be able to provide evidence directly relevant to the main issues between the parties and without which the ends of justice could not be properly met. The District Court believes that this evidence is not available from any other source.

### SUBJECT MATTER FOR ORAL EXAMINATION

1. Background and foundational information regarding the witness.

2. Background and foundational information regarding the British Standards Institute.

3. The background of BSI-established subcommittees that were involved with the study and adoption of the JPEG standard.

4. BSI patent disclosure policies.

5. BSI's participation in ISO Working Group 8 committee meetings.

6. BSI's knowledge of the subject matter and specification of the JPEG standard gained as a member of ISO Working Group 8.

7. Knowledge of Philips Research Laboratories voting in ISO Working Group 8 to approve the JPEG standard.

8. BSI's adoption of ISO/IEC 10918-1 as a British standard.

9. BSI's knowledge of and compliance with ISO Working Group 8 patent policies.

10. Philips' participation in BSI established sub-committees IST/2 and IST/37, and the ISO WG8 committee.

11. Kodak's participation in BSI established sub-committees IST/2 and IST/37, and the ISO WG8 committee.

### LIST OF DOCUMENTS TO BE PRODUCED FROM MS. NGOSI

1. Ms. Ngosi's notes and materials from the BSI IST/2 meeting on August 6, 1986;

SD\1752562.1

2.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on April 26, 1989;

3.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on July 31, 1989;

4.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on November 27, 1989;

5.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on February 12, 1990;

6.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on February 16, 1990;

7.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on May 17, 1990;

8.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting  on October 5, 1990;

9.  Ms. Ngosi's notes and materials from the BSI IST/2 meeting on May 21, 1991;

10. Ms. Ngosi's notes and materials from the BSI IST/2 meeting on September 28, 1991;

11. Ms. Ngosi's notes and materials from the BSI IST/37 meeting on November 1, 1991;

12. Ms. Ngosi's notes and materials from the BSI IST/37 meeting on March 2, 1992;

13. Ms. Ngosi's notes and materials from the BSI IST/37 meeting on June 11, 1992;

14. Ms. Ngosi's notes and materials from the BSI IST/37 meeting on September 2, 1992.

**LIST OF DOCUMENTS TO BE PRODUCED FROM MIKE LOW**

The District Court requests that Mr. Low, as a representative of BSI, produce and authenticate the following documents in BSI's possession, custody, or control and answer questions relating to those documents:

1.  BSI draft specifications of the JPEG standard for 1986;

2.  BSI draft specifications of the JPEG standard for 1987;

3.  BSI draft specifications of the JPEG standard for 1988;

4.  BSI draft specifications of the JPEG standard for 1989;

5.  BSI draft specifications of the JPEG standard for 1990;

6.  BSI draft specifications of the JPEG standard for 1991;

7.  BSI draft specifications of the JPEG standard for 1992;

8.  BSI draft specifications of the JPEG standard for 1993;

9.  BSI draft specifications of the JPEG standard for 1994;

SD\1752562.1

10.     Final BSI specifications of the JPEG standard;

11.     BSI patent disclosure policies from 1986;

12.     BSI patent disclosure policies from 1987;

13.     BSI patent disclosure policies from 1988;

14.     BSI patent disclosure policies from 1989;

15.     BSI patent disclosure policies from 1990;

16.     BSI patent disclosure policies from 1991;

17.     BSI patent disclosure policies from 1992;

18.     BSI patent disclosure policies from 1993;

19.     BSI patent disclosure policies from 1994;

20.     Meeting minutes for BSI IST/2 on August 6, 1986;

21.     Meeting minutes for BSI IST/2 on April 26, 1989;

22.     Meeting minutes for BSI IST/2 on July 31, 1989;

23.     Meeting minutes for BSI IST/2 on November 27, 1989;

24.     Meeting minutes for BSI IST/2 on February 12, 1990;

25.     Meeting minutes for BSI IST/2 on February 16, 1990;

26.     Meeting minutes for BSI IST/2 on May 17, 1990;

27.     Meeting minutes for BSI IST/2 on October 5, 1990;

28.     Meeting minutes for BSI IST/2 on May 21, 1991;

29.     Meeting minutes for BSI IST/2 on September 28, 1991;

30.     Meeting minutes for BSI IST/37 on November 1, 1991;

31.     Meeting minutes for BSI IST/37 on March 2, 1992;

32.     Meeting minutes for BSI IST/37 on June 11, 1992;

33.     Meeting minutes for BSI IST/37 on September 2, 1992;

34.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr.

       Simon Turner in 1986;

35.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1987;

36.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1988;

37.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1989;

38.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1990;

39.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1991;

40.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1992;

41.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1993;

42.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Simon Turner in 1994;

43.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1986;

44.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1987;

45.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1988;

46.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1989;

47.     BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1990;

SD\1752562.1

48. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1991;

49. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1992;

50. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1993;

51. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG 8 for Dr. John Morris in 1994;

52. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1986;

53. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1987;

54. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1988;

55. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1989;

56. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1990;

57. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1991;

58. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1992;

59. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1993;

60. BSI's letters of appointment or accreditation to ISO/IEC JTC 1/SC 2/WG for Mr. Norman Richards in 1994;

SD\1752562.1

61.  Membership list of BSI committee IST/2 for 1986;

62.  Membership list of BSI committee IST/2 for 1987;

63.  Membership list of BSI committee IST/2 for 1988;

64.  Membership list of BSI committee IST/2 for 1989;

65.  Membership list of BSI committee IST/2 for 1990;

66.  Membership list of BSI committee IST/2 for 1991;

67.  Membership list of BSI committee IST/2 for 1992;

68.  Membership list of BSI committee IST/2 for 1993;

69.  Membership list of BSI committee IST/2 for 1994;

70.  Membership list for BSI committee IST/2-1 for 1986;

71.  Membership list for BSI committee IST/2-1 for 1987;

72.  Membership list for BSI committee IST/2-1 for 1988;

73.  Membership list for BSI committee IST/2-1 for 1989;

74.  Membership list for BSI committee IST/2-1 for 1990;

75.  Membership list for BSI committee IST/2-1 for 1991;

76.  Membership list for BSI committee IST/2-1 for 1992;

77.  Membership list for BSI committee IST/2-1 for 1993;

78.  Membership list for BSI committee IST/2-1 for 1994;

79.  Membership list for BSI committee IST/37 for 1986;

80.  Membership list for BSI committee IST/37 for 1987;

81.  Membership list for BSI committee IST/37 for 1988;

82.  Membership list for BSI committee IST/37 for 1989;

83.  Membership list for BSI committee IST/37 for 1990;

84.  Membership list for BSI committee IST/37 for 1991;

85.  Membership list for BSI committee IST/37 for 1992;

86.  Membership list for BSI committee IST/37 for 1993;

87.   Membership list for BSI committee IST/37 for 1994;

88.   Attendance lists for BSI IST/2 meeting on August 6, 1986;

89.   Attendance lists for BSI IST/2 meeting on April 26, 1989;

90.   Attendance lists for BSI IST/2 meeting on July 31, 1989;

91.   Attendance lists for BSI IST/2 meeting on November 27, 1989;

92.   Attendance lists for BSI IST/2 meeting on February 12, 1990;

93.   Attendance lists for BSI IST/2 meeting on February 16, 1990;

94.   Attendance lists for BSI IST/2 meeting on May 17, 1990;

95.   Attendance lists for BSI IST/2 meeting on October 5, 1990;

96.   Attendance lists for BSI IST/2 meeting on May 21, 1991;

97.   Attendance lists for BSI IST/2 meeting on September 28, 1991;

98.   Attendance lists for BSI IST/37 meeting on November 1, 1991;

99.   Attendance lists for BSI IST/37 meeting on March 2, 1992;

100.   Attendance lists for BSI IST/37 meeting on June 11, 1992;

101.   Attendance lists for BSI IST/37 meeting on September 2, 1992;

102.   Working Group 8's plenary report presented at May 17, 1990 BSI IST/2 meeting;

103.   Copy of DIS 10918-1 (draft of JPEG standard) with comments, that was circulated during a meeting of IST/37 on November 1, 1991;

104.   Report issued by Mr. Turner at October 5, 1990 BSI IST/2 meeting regarding reorganization of Working Group 8;

105.   Written report submitted by IST/2-/1 to IST/2 in May, 1990 regarding BSI concerns about JPEG draft specifications;

106.   Copy of BSI vote approving ISO Standard 10918-1 submitted to ISO;

107.   Copy of British version of ISO 10918-1 signed by Mr. Simon Turner;

108.   Copy of nomination of Mr. Simon Turner by BSI to Working Group 8 as an expert in or about 1987;

109.  Formal ballot from ISO/IEC JTC1 received by BSI committee IST/37 regarding approval of JPEG standard in or about 1994;

110.  Copy of DIS 10918-1 circulated to IST/37 for review in or about 1994;

111.  Copy of Formal Ballot submitted by BSI approving DIS 10918-1 in or about 1994.

| | | |
|---|---|---|
| **9.** | ***Identities and addresses of persons to be examined:*** | Mike Low<br>British Standards Institute<br>389 Chiswick High Road<br>London<br>W4 4AL<br>United Kingdom<br>Tel: +44 (0)20 8996 9001<br><br>Theodora N. Ngosi<br>29 Forest Gardens<br>Haringey, London<br>N17 6XA<br>United Kingdom |
| **10.** | ***Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined:*** | Please see list of subject matters itemized above. |
| **11.** | ***Documents or other property to be inspected:*** | Please see list of documents itemized above. |
| **12.** | ***Any requirement that the evidence be given on oath or affirmation and any specific form to be used:*** | The witness should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of the England & Wales. |

**13.    *Special methods or procedure to be followed:***

The District Court respectfully requests, with respect to the oral testimony being sought:

- That the High Court appoint an Examiner for the purpose of compelling documents and oral testimony from the witness for use at trial;

- That Plaintiff's counsel, Steven Loble, a solicitor with the London firm of Loble Solicitors, arrange for the nomination of a barrister to act as Examiner in this matter in conformity with Article 18 of the Hague Evidence Convention of

March 18, 1970; the Evidence (Proceedings in Other Jurisdictions) Act 1975; and Part 34 of the Civil Procedure Rules;

- That the parties' representatives or their designees, and a court reporter be permitted to be present during the examination, at Kodak's expense; that the representatives or designees be permitted to examine and cross-examine the witnesses; and that the court reporter be permitted to make a verbatim record of the proceedings.

- That a videographer be permitted, at Kodak's expense, to make a videotape recording of the proceedings.

In addition, the District Court requests, with respect to the documents being sought that the Examiner ensure that any documents produced are authenticated in accordance with its normal practice and procedures.

The District Court additionally requests that the confidentiality of any evidence produced as a result of this Request be maintained pursuant to the laws of England.

| | |
|---|---|
| *14. Request for notification of the times and place for the execution of the Request and identity of the person to be notified:* | It is requested that testimony be taken at such place, date or time as ordered by the Senior Master and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties. |

Notice thereof should be made to Plaintiffs' UK designee:

Steven Loble, Esq.
LOBLE SOLICITORS
The Grain Stores
70 Weston Street
London SE1 3QH
UNITED KINGDOM
Tel.: + 44 (0) 20.7939.9100
Fax: + 44 (0) 20.7939.9111
Email: steven@loble.co.uk

SD\1752562.1

| | | |
|---|---|---|
| *15.* | *Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:* | None. |
| *16.* | *Specification of privilege or duty to refuse to give evidence under the laws of the State of origin:* | Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice. |

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

U.S. law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

| | | |
|---|---|---|
| *17.* | *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:* | Defendant Eastman Kodak Company |

*c/o Defendant's legal representative: in the U.S.:*

Francis DiGiovanni, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
U.S.A.
Tel: +1.302.658.9141
Fax: +1.302. 658-5614
Email: fdigiovanni@cblh.com

*and*

John Allcock, Esq.
Sean C. Cunningham, Esq.
Timothy Lohse, Esq.
John D. Kinton, Esq.
Nicole Wyll, Esq.

SD\1752562.1

Jesse Hindman, Esq.
DLA PIPER US LLP
401 B. Street, Suite 1700
San Diego, CA 92101
U.S.A.
Tel:  +1.619.699.2700
Fax:  +1.619.699.2701
Email:  John.Allock@dlapiper.com
Email:  Sean.Cunningham@dlapiper.com
Email:  Timothy.Lohse@dlapiper.com
Email:  John.Kinton@dlapiper.com
Email:  Nikki.Wyll@dlapiper.com
Email:  Jesse.Hindman@dlapiper.com

18.    *Date of Request:*

                                          _____

19.    *Signature and seal of the Requesting*
       *Authority:*



Hon. Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware
844 N. King Street, Room 4324
Wilmington, DE 19801
U.S.A.

**FILED**

OCT - 5 2007

**U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**

SD\1752562.1