# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 19, 2007

The Honorable Gregory M. Sleet                    VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:   *U.S. Philips Corporation v. Eastman Kodak Company*, C.A. No. 06-251-GMS

Dear Judge Sleet:

Pursuant to the Court's Scheduling Order, plaintiff respectfully submits this reply letter in support of plaintiff's request for leave to file a motion for summary judgment.

**Infringement of the '075 Patent**

In its response letter, Kodak has identified no issues of fact relevant to infringement. Most significantly, Kodak admits that all accused products implement the baseline sequential mode of JPEG, D.I. 112 at 1, and does not allege that there are disputed issues concerning the operation of products implementing that mode. Kodak only raises three claim construction issues, which are resolvable as a matter of law. And no issues at all are raised by Kodak disputing that the accused products meet all of the limitations in the first element of independent claim 3, all of the limitations in the first and second elements of independent claim 8, and all of the limitations set forth in the additional elements of dependent claims 4 and 11. The three claim construction issues raised by Kodak concern one phrase, "assigning a code word to represent," in one of the elements of independent claims 3 and 8, one phrase, "video signal," in the preamble of claim 3, and one phrase contained in dependent claim 7. Those issues are matters of law, not disputed issues of fact. Furthermore, if the first claim construction issue is resolved in favor of Philips, Kodak does not dispute that the accused products literally infringe claims 8 and 11.

Kodak first argues that its JPEG-enabled products do not infringe claims 3 and 8 of the '075 patent because its products do not practice the limitation of "assigning a code word to represent" the run length and the non-zero coefficient. D.I. 112 at 2. Kodak explains that "This claim limitation requires that a code word be assigned that represents the run length of zero coefficients and the value of the non-zero coefficient." *Id.* It contrasts this construction with the baseline sequential mode of JPEG, which uses magnitude categories with additional bits to represent the value of the non-zero coefficient. *See id.* But Kodak's opposition relies on a claim construction argument and not a factual dispute. And Kodak's construction would not only read limitations into the claim, but would narrow the claims so that they do not even cover the only embodiment of the invention that is described in the patent specification.

The Honorable Gregory M. Sleet
October 19, 2007
Page 2

Although Kodak uses the word "requires" when describing this limitation, the proper scope of this claim language will be determined by this Court in its *Markman* rulings. This issue, therefore, is a question of law, not a disputed issue of material fact.

Kodak's proposed construction of the '075 patent does not even cover the preferred embodiment described in the specification, in which each code word specifies the run length of the zero coefficients and the range of magnitudes corresponding to the value of the following non-zero coefficient. "A claim construction that excludes a preferred embodiment . . . 'is rarely, if ever, correct.'" *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1285 (Fed. Cir. 2005). It is therefore unsurprising that Kodak's construction would not read on the baseline sequential mode, which is practiced by all of the accused products.

If Kodak's unduly narrow construction of this phrase is not adopted, there is no dispute that at least claims 8 and 11 are literally infringed. Therefore, the issue of infringement is ripe for summary judgment.

Kodak next argues that its products do not infringe claim 3 because claim 3 is "limited to encoding video signals." *Id.* at 3. Again, Kodak is incorrectly labeling a claim construction issue as a question of fact. The phrase "video signal" appears only in the preamble to claim 3, and thus should not limit the scope of the claim, because it does no more than state an "intended use" or intended environment of a claimed invention. *See Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc.*, 246 F.3d 1368, 1372 (Fed. Cir. 2001). Moreover, the construction of the phrase "video signal" offered by Kodak is too narrow and is propped up by Kodak's cherry picking of extrinsic evidence. Therefore the question of whether a "video signal" includes still images is an issue of claim construction that will be determined by the Court.

Kodak admits that these claim limitations would be literally met if Kodak's construction is not adopted. In its Opening *Markman* Brief, Kodak states that the construction of "video signal" "will likely be *case-dispositive*." D.I. 105 at 16 (emphasis added). Thus, Kodak essentially concedes that the issue of infringement of claims 3 and 4 is also ripe for summary judgment.

Kodak's third argument is that its products do not infringe dependent claim 7, because "these products indisputably do not perform the method recited in that claim, which requires (among other things) that 'the sign is coded by a separate bit.'" D.I. 112 at 4. As with Kodak's first two arguments, the issue is actually a claim construction issue.

In the baseline sequential mode, the sign of an encoded non-zero coefficient can be determined by examining a single bit. Philips proposes the construction, "the sign can be determined solely by examining a single bit." D.I. 112 at 10. Philips' construction of this limitation of claim 7 does read on the baseline sequential mode while Kodak's does not. Therefore, no factual determinations are needed to decide whether Kodak has literally infringed claim 7.

**Scope of the Patent is Determined by the Claims**

Kodak's last argument is that Philips' alleged conduct during and after the development of the JPEG standard somehow narrows the scope of the '075 patent. This argument is contrary

The Honorable Gregory M. Sleet
October 19, 2007
Page 3

to the law. "Courts determine patent infringement by construing the patent's claims and then applying that construction to the accused process or product." *Chimie v. PPG Indus.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). If a properly construed claim reads on an accused product, the claim is literally infringed, regardless of any actions by the patent owner after the patent issued. Kodak has raised immaterial questions of fact with its allegations, and those inquiries are not relevant to any determination of infringement. Kodak's attempt to muddy the waters should be rejected.

In conclusion, Philips should be permitted to seek summary judgment on infringement, because literal infringement exists unless, as a matter of law, this Court adopts Kodak's unduly narrow interpretation of the claim limitations described above.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf

185125.1

cc:    Francis DiGiovanni, Esquire (by hand)
       Thomas W. Winland, Esquire (via electronic mail)
       John Allcock, Esquire (via electronic mail)
       Timothy W. Lohse, Esquire (via electronic mail)