IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-251-GMS |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S
REVISED FOURTH NOTICE OF 30(b)(6) DEPOSITION TO KODAK**

PLEASE TAKE NOTICE that beginning at 1:00 p.m. on November 16, 2007, at the offices of Henderson Legal Services, 183 Main Street, Suite 1500, Rochester, NY 14604, or at another time and place agreed upon by the parties, Plaintiff, U.S. Philips Corporation shall take the deposition upon oral examination of Defendant, Eastman Kodak Company ("Kodak"). Kodak is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto. The revisions to Plaintiff U.S. Philips Corporation's Fourth Notice of 30(b)(6) Deposition to Kodak are indicated in bold text in the attached Schedule A.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound and visual means in addition to stenographic means.

                    ASHBY & GEDDES

                    */s/ Lauren E. Maguire*

                    _____
                    Steven J. Balick (I.D. #2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    Lauren E. Maguire (I.D. #4261)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com
                    lmaguire@ashby-geddes.com

                    *Attorneys for Plaintiff*
                    *U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Joyce Craig
Matthew Levy
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: November 15, 2007

185898.1

2

## SCHEDULE A

1. Separately for each product listed by Kodak in one or more of **the chart titled "Kodak's Accused Product List" accompanying the November 14, 2007 letter from M. McCarthy to M. Levy,** Sasson Dep. Ex. 6, Sasson Dep. Ex. 4, or Kodak's Response to Interrogatory No. 1 (Apr. 6, 2007) and for each year since 1991:

    a. identification of that product;

    b. the number of units of that product that Kodak imported into the United States;

    c. the number of units of that product that Kodak manufactured in the United States;

    d. the number of units of that product that Kodak sold to customers in the United States, and the dollar amount of those sales;

    e. the number of units of that product that Kodak sold to customers outside the United States through exports from the United States, and the dollar amount of those sales;

    f. the number of units of that product that Kodak transferred outside the United States through inter-company transfers, and the dollar amount of those transfers; and

    g. identification of the Kodak Business Unit responsible for those sales or inter-company transfers (see, e.g., reference to "Business Unit" in Evenski Dep. Ex. 1).

2. Identification of the Kodak Business Unit responsible for sales of thermal media for printing photographs (see, e.g., reference to "Thermal Media" in Evenski Dep. Ex. 24, pp. 2-4), separately for each year since 1991, and:

    a. the number of units of that media that Kodak sold to customers in the United States, and the dollar volume of those sales, in that year; and

    b. the number of units of that media that Kodak sold to customers outside the United States in exports from the United States in that year.

3. For each Business Unit to be identified in response to Paragraph 1, above, identification and description of each Profit Center within that Business Unit, separately for each year since 1991 (see, e.g., reference to "Profit Center" in Evenski Dep. Ex. 1).

4. For each Profit Center to be identified in response to Paragraph 3, above, identification and description of each Line of Business within that Profit Center, separately for each year since 1991 (see, e.g., reference to "LOB" (Line of Business) in Evenski Dep. Ex. 24).

5. For each Profit Center to be identified in response to Paragraph 3, above, identification and description of each Key Product Aggregation included in that Profit Center, separately for each year since 1991 (see, e.g., reference to "Key Product Aggregation" in Evenski Dep. Ex. 1).

6. For each Key Product Aggregation to be identified in response to Paragraph 5, above, identification and description of each product (or service) and its product number included that Key Product Aggregation, separately for each year since 1991 (see, e.g., descriptions of products and product numbers in Evenski Dep. Ex. 3, and Mr. Evenski identified a master list of products at pp. 20-21 of the rough draft of the transcript of his Rule 30(b)(6) deposition on 11/8/07).

7. For each Business Unit to be identified in response to Paragraph 1, above, the financial chart of accounts for that Business Unit, including but not limited to identification and description of each Profit and Loss Element available for inclusion in a Statement of Earnings (or other profit and loss statement), separately for each year since 1991 (see,

e.g., a list of certain Profit and Loss Elements for Kodak's Statement of Earnings (e.g., 3010) in Evenski Dep. Ex. 2).

8. For each Business Unit to be identified in response to Paragraph 1, above, the Statements of Earnings (or other profit and loss statements) and balance sheets for that Business Unit, separately for each year since 1991 (see, e.g., "Statement of Earnings" for a certain Profit Center within a Business Unit, and a profit and loss statement for a business unit, in Evenski Dep. Ex. 2).

9. For each Profit Center to be identified in response to Paragraph 3, above, the Statements of Earnings (or other profit and loss statements) and balance sheets for that Profit Center, separately for each year since 1991 (see, e.g., a Statement of Earnings for DAI-Cameras and profit and loss statements in Evenski Dep. Ex. 2) (the totals for all the Profit Centers in a Business Unit should amount to the same as that for the Business Unit as a whole).

10. For each Profit Center to be identified in response to Paragraph 3, above, the Basic Statutory Margin reports for that Profit Center for sales to customers in the United States and sales to customers outside the United States through exports from the United States, separately for each year since 1991 (see, e.g., "Basic Statutory Margin" reports in Evenski Dep. Ex. 1 and 2).

11. For each Profit Center to be identified in response to Paragraph 3, above, the inter-company transfers for that Profit Center, and the sales, costs, reclassifications, and products for those transfers, separately for each year since 1991 (see, e.g., inter-company transfer sales, costs, and reclassifications in lines 3030, 3090, 3100, and 4640 referenced in Evenski Dep. Ex. 2).

12. For each product (or service) to be identified in response to Paragraph 6, above, for which the following information is not provided in response to Paragraph 1, above, separately for each year since 1991:

   a. the number of units of that product (or service) that Kodak sold to customers in the United States, and the dollar amount of those sales;

   b. the number of units of that product (or service) that Kodak sold to customers outside the United States through exports from the United States, and the dollar amount of those sales; and

   c. the number of units of that product (or service) that Kodak transferred outside the United States through inter-company transfers, and the dollar amount of those transfers.

13. For thermal media for printing photographs, the Basic Statutory Margin reports for sales to customers in the United States or sales to customers outside the United States through exports from the United States, separately for each year since 1991.