IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. ) | Civil Action No. 06-251-GMS |

**NOTICE OF DEPOSITION AND SUBPOENA OF DR. TOURADJ EBRAHIMI**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26(b)(4)(A), 30 and 45, counsel for U.S. Philips Corporation ("Philips") will take the deposition upon oral examination of Touradj Ebrahimi, PhD. The deposition will begin at 9:00 am on **January 31, 2008**, at the offices of Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, 3300 Hillview Ave., Palo Alto, CA 94304.

The deposition will be conducted pursuant to the Federal Rules of Civil Procedure and will be taken before an officer, notary public, or other person authorized to administer oaths and may be videotaped. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any purposes permitted under the Federal Rules of Civil Procedure.

At the time of the deposition, Dr. Ebrahimi must produce documents in his possession, custody, and control in response to the categories of documents listed in Attachment A to the attached subpoena. All responsive documents should be produced to Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, 3300 Hillview Ave., Palo Alto, CA 94304.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Joyce Craig
Matthew Levy
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: January 24, 2008
187609.1

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| U.S. PHILIPS CORPORATION | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| EASTMAN KODAK COMPANY | Case Number:[1] 06-00251 (GMS) |

TO: Dr. Touradj Ebrahimi
Bd de la Foret 32
CH-1009 Pully
Switzerland

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  3300 Hillview Avenue, Palo Alto, CA 94304-1203 | DATE AND TIME  1/31/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE    Finnegan, Henderson, Farabow, Garrett & Dunner, LLP  3300 Hillview Avenue, Palo Alto, CA 94304-1203 | DATE AND TIME  1/31/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  _Matth A___, Attorney for Plaintiff_ | DATE  1/24/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew Levy; Finnegan, Henderson, LLP, 901 New York Avenue, NW, Washington, DC 20001; 202.408.4000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### Definitions

1. "YOU," "YOUR," or "Ebrahimi" means and refers to Dr. Touradj Ebrahimi.

2. "KODAK" means and refers to Defendant Eastman Kodak Company and its directors, officers, agents, employees, attorneys, partners, affiliates, parents, subsidiaries, successors, assigns, and other representatives or persons acting or purporting to act on its behalf, or within its control, and any person in active concert or participation with it, or through whom or through which it conducts business.

3. "Philips" means and refers to U.S. Philips Corporation or Philips Electronics North America Corporation.

4. "The '075 Patent" refers to U.S. Patent No. 4,901,075.

5. The term "Patent-In-Suit" refers to the '075 Patent.

6. "Document" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34 and includes, but is not limited to, electronic compilations, databases, and all of the items defined in Federal Rules of Evidence 1001, and all preliminary and final drafts of any such items. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English language translation of a requested document shall be deemed a separate document.

7. "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in YOUR possession, custody, or control.

8. A request for a "document" shall be deemed to include a request for a "thing." A

request for a "thing" shall be deemed to include a request for a "document."

9. "Communication" means all written, electronic, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail, and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

10. "Or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear as necessary to make the request inclusive rather than exclusive, and neither of these words shall be interpreted to limit the scope of these Requests.

11. The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

12. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

13. The word "any" means one or more.

14. The terms "relating to" and "concern" and all variations thereof mean: relating to, referring to, pertaining to, regarding, concerning, identifying, containing, reflecting, describing, discussing, evidencing, embodying, constituting or showing, or in any way logically or factually connected with the matter discussed or identified.

15. "This Action" means *U.S. Philips Corp. v. Eastman Kodak Co.,* Civil Action No. 06-00251-GMS, pending in the District of Delaware.

## Instructions

1. Electronically stored information must be produced in an intelligible format, together with a description of the system from which it was derived sufficient to permit rendering the information intelligible.

2. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

3. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

4. Documents attached to each other shall not be separated.

5. Should YOU seek to withhold any document based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

    a. the identity of each document's author, writer, sender, or initiator;

    b. the identity of each document's recipient, addressee, or person for whom it was intended;

    c. the date of creation or transmittal indicated on each document or an estimate of that date, indicated as such, if no date appears on the document;

    d. its present location and the identity of its current custodian;

    e. a listing of all persons, including but not limited to addressees, to whom either copies of or information set forth in the document or thing have been disclosed, including the date and means of such disclosure;

    f. the general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

    g. the nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting YOUR assertion thereof.

  6. If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are not available for production by YOU for any reason whatsoever, identify them as completely as possible, by stating without limitation: the information requested by paragraphs (5) (a)–(g) above, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the document or thing.

**Documents To Be Produced**

To the extent not already produced by counsel for Kodak in this Action, please produce the following:

1. All documents and things concerning your compensation as an expert in this Action, including but not limited to time entries, time entry forms and invoices.

2. All documents and things that evidence, reflect, or concern the expenses incurred by you in connection with the services you performed relating to this Action.

3. Any and all documents and things that you relied upon in considering or formulating your expert opinions in this Action, or in preparing and/or drafting your expert report in this Action, to the extent such materials are not publicly available or produced in this case.