IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> EASTMAN KODAK COMPANY, <br><br> Defendant. | Civil Action No. 06-251 (GMS) |

**DEFENDANT EASTMAN KODAK COMPANY'S MOTION *IN LIMINE* NO. 3: MOTION TO EXCLUDE EVIDENCE RELATED TO THE *CLI V. WIDCOM* CONTEMPT ORDER**

Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") respectfully moves for an order precluding Plaintiff and Counterclaim Defendant U.S. Philips Corporation ("Philips") from offering evidence or argument regarding a California Superior Court contempt order issued against Widergren Communications, Inc. ("Widcom") and a number of its employees (the "Contempt Order").

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

Kodak intends to present evidence at trial regarding a prior art device manufactured by Widcom, known as the VTC-56. On February 25, 1986, the California Superior Court issued an Order in the matter of *Compression Labs, Inc. v. Widergren Communications, Inc.*, *et al.*, Case Number 476629, finding Widcom and several of its employees in contempt of a previous court

order issued in that case. (*See* Ex. A, Contempt Order.)[1] The Contempt Order does not deal with the '075 patent or any issue relevant to this case. Rather, the Contempt Order relates to violations of a previous May 27, 1983 Order in the California state court case—specifically, a provision regarding Widcom's distribution and development of the VTC-56. The alleged violations include: entering into VTC-56 distribution agreements and a development contract; distributing the VTC-56 product manual; drafting articles, such as "Codec Squeezes Teleconferencing Through Digital Telephone Lines," published in Electronics International on January 26, 1984; and giving certain presentations regarding the VTC-56. (*See* Ex. A, Contempt Order.)

The Contempt Order should be excluded because the order and any related documents, testimony, and information are irrelevant to the issues in this case, are prejudicial, and are likely to confuse and mislead the jury. Further, to refute any inferences or allegations related to the Contempt Order, Kodak would have to present additional evidence and testimony that would create an undue waste of judicial resources and time.

**II.    THE COURT SHOULD PRECLUDE PHILIPS FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE WIDCOM CONTEMPT ORDER**

      **A.    The Federal Rules of Evidence Prohibit Irrelevant Testimony**

The Contempt Order and any related testimony, documents, or other information should be excluded under Federal Rule of Evidence 402 which states that "evidence which is not relevant is not admissible." Here, Kodak intends to rely on the VTC-56 as prior art to the '075 patent asserted in this case. Thus, the only relevant evidence regarding the VTC-56 and Widcom

---

[1] All exhibits cited herein are attached to the Declaration of Jesse Hindman in Support of Eastman Kodak Company's Motion in Limine No. 3, and will be referred to as "Ex. __."

is whether the VTC-56 is prior art to the '075 patent and whether the VTC-56 device practices all elements of the asserted claims of the '075 patent.

The Contempt Order, any testimony or references by the Widcom employees to the Contempt Order, and any documents related to the Contempt Order are not relevant to any issue in this case. The Contempt Order does not have any bearing on whether the VTC-56 is prior art, how the VTC-56 operates, or whether that device satisfies all elements of the asserted claims of the '075 patent. Rather, it is an order from the California state court issued more than two decades ago in a different action finding Widcom and some of the companies' employees in contempt arising from certain business practices. The Contempt Order has no tendency to prove or disprove any fact or issue in this case. Any evidence or argument regarding the Contempt Order is simply not relevant to any claim or defense. *See* Fed. R. Evid. 402.

### B. Any Reference to the Contempt Order is Prejudicial and Confusing, Would Mislead the Jury, and Would Waste Valuable Judicial Time and Resources

Moreover, Federal Rule of Evidence 403 requires that even relevant evidence be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Further, under Federal Rule of Evidence 403, evidence that is otherwise relevant is excluded when the probative value would be substantially outweighed by considerations of prejudice, delay or waste of time. *See* Fed. R. Evid. 403.

Here, any reference to the Contempt Order would serve no other role than to confuse and mislead the jury. Contempt proceedings from the mid-1980's in a different lawsuit that is unrelated to the present case have no bearing on whether the VTC-56 is prior art and how that device operates. Any evidence or argument would only confuse and mislead the jury and would almost assuredly prejudice Kodak's ability to present the VTC-56 as prior art to the '075 patent.

3

Moreover, if Philips is permitted to refer to or introduce evidence of the Contempt Order, Kodak may be compelled to call additional witnesses to explain the context of the Contempt Order. This detour would consume valuable trial time on an issue that is not relevant to any issue in this case and would only distract the jury from the real issues of patent infringement and invalidity. Because the Contempt Order has no bearing on the issues in this case, the potential prejudice from any evidence or argument regarding the Contempt Order far outweighs any probative value that order may have. *See* Fed. R. Evid. 403.

## IV.  CONCLUSION

For the reasons expressed herein, Kodak respectfully requests that the Court exclude all evidence and argument relating to the Widcom Contempt Order.

Dated: February 11, 2008                    Respectfully Submitted,


/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EASTMAN KODAK COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-00251-GMS |

## [PROPOSED] ORDER GRANTING MOTION *IN LIMINE* NO. 3: MOTION TO EXCLUDE EVIDENCE RELATED TO THE *CLI V. WIDCOM* CONTEMPT ORDER

The Court, having considered Defendant's Motion *in Limine* No. 3, and for good cause appearing therefore, Defendant's Motion *in Limine* No. 3 to exclude all evidence and argument regarding California Superior Court, Santa Clara County, *Compression Labs, Inc. v. Widergren Communications, Inc.*, *et al.*, Case Number 476629, Order Finding Defendants in Contempt of the Court's May 27, 1983 Order and Dismissing Defendants' Order to Show Cause Re Contempt Against Plaintiff, dated February 25, 1986 (the "Contempt Order") is GRANTED, and all evidence and argument regarding the Contempt Order is excluded from presentation or consideration at trial.

SO ORDERED this _____ day of _____, 2008

_____
Chief Judge Gregory M. Sleet
United States District Court for the District of Delaware

SD\1782782.1

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on February 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 11, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)