IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 06-251 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JESSE HINDMAN IN SUPPORT OF DEFENDANT EASTMAN KODAK COMPANY'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATED TO THE *CLI V. WIDCOM* CONTEMPT ORDER**

I, Jesse Hindman, declare as follows:

1. I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter. Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of California Superior Court, Santa Clara County, *Compression Labs, Inc. v. Widergren Communications, Inc., et al.*, Case Number 476629, Order Finding Defendants in Contempt of the Court's May 27, 1983 Order and Dismissing Defendants' Order to Show Cause Re Contempt Against Plaintiff, dated February 25, 1986 ("Contempt Order").

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated February 11, 2008, in San Diego, California.

_____
T. Jesse Hindman

# EXHIBIT A

```
                    FILED
                 County Clerk
               Santa Clara County
                 FEB 25 1986
              BY      ad
                          DEPUTY
```

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| COMPRESSION LABS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WIDERGREN COMMUNICATIONS, INC., a California corporation, ROBERT D. WIDERGREN, ANDREW G. TESCHER, STANLEY FRALICK, JOHN L. DOUGLAS, ERIC R. HAMILTON, and DOES I through XX, inclusive, <br><br> Defendants. | NO. 476629 <br><br> ORDER FINDING DEFENDANTS IN CONTEMPT OF THIS COURT'S MAY 27, 1983 ORDER AND DISMISSING DEFENDANTS' ORDER TO SHOW CAUSE RE CONTEMPT AGAINST PLAINTIFF |

These matters were heard on January 29, 1986, pursuant to the Order of this Court directing Defendants Widergren Communications, Inc. ("Widcom"), Robert D. Widergren, Andrew G. Tescher, Stanley Fralick, John L. Douglas and Eric R. Hamilton to personally appear before this Court and show cause why they should not be held in contempt of Court and punished accordingly for willfully disobeying this Court's May 27, 1983 Order (the "Order"); and

pursuant to Defendants' Order to Show Cause against Plaintiff for contempt. The Court, having read and considered all of the papers submitted on behalf of the parties hereto, having read and considered the Final Report to the Superior Court ("Final Report") submitted November 12, 1985, by the court-appointed Special Master, having considered and weighed the evidence presented to the Special Master during his investigation of this matter, having considered and weighed the arguments presented by counsel, and having determined that good cause appears therefor:

IT IS HEREBY ORDERED that:

1. Defendant Widcom is and shall be held in contempt of this Court for violating this Court's May 27, 1983 Order by:

    a. Entering into a VTC-56 distribution agreement to Pierce-Phelps that violates paragraph 2(c) of the Court Order.

    b. Entering into a VTC-56 distribution agreement to Vitalink that violates paragraph 2(c) of the Court Order.

    c. Entering into a VTC-56 distribution agreement to Telenorma that violates paragraph 2(c) of the Court Order.

    d. Granting a VTC-56 distribution agreement to Jeumont-Schneider that violates paragraph 2(c) of the Court Order.

    e. Entering into a VTC-56 distribution agreement to Mitsui that violates paragraph 2(c) of the Court Order.

    f. Entering into a development contract with GE Information Services Company that violates paragraph 2(c) of the Court Order.

    g. Distributing the original VTC-56 product manual in

-2-

violation of paragraph 2(c) of the Court Order.

Each violation of the Court Order enumerated above constitutes a separate act of contempt punishable by the imposition of a fine in the amount of ONE THOUSAND DOLLARS ($1,000.00). Defendant Widcom is hereby ordered to remit to this Court the sum of SEVEN THOUSAND DOLLARS ($7,000.00) as a result of its willful refusal to comply with the Order of this Court.

2. Defendant Robert D. Widergren is and shall be held in contempt of this Court for violating this Court's Order by:

    a. Aiding and abetting each and every violation of the Court Order committed by Defendant Widcom.

    b. Contributing to an article entitled "Codec Squeezes Color Teleconferencing Through Digital Lines," published in Electronics, January 26, 1984, disclosing fourteen of fifteen critical techniques and methods of CLI's protected information in violation of paragraph 2(c) of the Court Order.

    c. Making a presentation to Armed Forces Communications Electronics Association (AFCEA) in October, 1984 in which he disclosed fourteen of fifteen critical techniques and methods of CLI's protected information in violation of paragraph 2(c) of the Court Order.

Each violation of the Court Order enumerated above constitutes a separate act of contempt punishable by the imposition of a fine in the amount of ONE THOUSAND DOLLARS ($1,000.00). Defendant Robert D. Widergren is hereby ordered to remit to this Court the sum of NINE THOUSAND DOLLARS ($9,000.00)

WIDCOM 006897

1  as a result of his willful refusal to comply with the Order of this
2  Court.
3       3.  Defendant Andrew G. Tescher is and shall be held in
4  contempt of this Court for violating this Court's Order by:
5           a.  Aiding and abetting each and every violation of the
6  Court Order committed by Defendant Widcom.
7           b.  Contributing to an article entitled "Codec Squeezes
8  Color Teleconferencing Through Digital Lines," published in
9  Electronics, January 26, 1984, describing fourteen of fifteen
10 critical techniques and methods of CLI's protected information in
11 violation of paragraph 2(c) of the Court Order.
12          c.  Authoring an article entitled "Teleconferencing at 56
13 Kilobits per Second," published in Imaging Quarterly, Fall, 1983,
14 describing eleven of fifteen critical techniques and methods of
15 CLI's protected information in violation of paragraph 2(c) of the
16 Court Order.
17      Each violation of the Court Order enumerated above constitutes
18 a separate act of contempt punishable by the imposition of a fine in
19 the amount of ONE THOUSAND DOLLARS ($1,000.00). Defendant Andrew
20 G. Tescher is hereby ordered to remit to this Court the sum of
21 NINE THOUSAND DOLLARS ($9,000.00) as a result of his willful re-
22 fusal to comply with the Order of this Court.
23      4.  Defendant Stanley C. Fralick is and shall be held in
24 contempt of this Court for violating this Court's Order by:
25          a.  Aiding and abetting each and every violation of the
26 Court Order committed by Defendant Widcom.

WIDCOM 006898

1        b. Contributing to an article entitled "Codec Squeezes
2  Color Teleconferencing Through Digital Lines," published in
3  <u>Electronics</u>, January 26, 1984, describing fourteen of fifteen
4  critical techniques and methods of CLI's protected information in
5  violation of paragraph 2(c) of the Court Order.
6        c. Making a presentation to IEEE in October, 1984 during
7  which he disclosed fourteen of fifteen critical techniques and
8  methods of CLI's protected information in violation of
9  paragraph 2(c) of the Court Order.
10       d. Making a presentation to IEEE in February, 1985 during
11 which he disclosed fourteen of fifteen critical techniques and
12 methods of CLI's protected information in violation of paragraph 2(d)
13 of the Court Order.
14    Each violation of the Court Order enumerated above constitutes
15 a separate act of contempt punishable by the imposition of a fine
16 in the amount of ONE THOUSAND DOLLARS ($1,000.00). Defendant
17 Stanley C. Fralick is hereby ordered to remit to this Court the
18 sum of TEN THOUSAND DOLLARS ($10,000.00) as a result of his
19 willful refusal to comply with the Order of this Court.
20    5. Defendant Eric R. Hamilton is in contempt of this Court
21 for violating this Court's Order by:
22       Contributing to an article entitled "Codec Squeezes
23 Color Teleconferencing Through Digital Lines," published in
24 <u>Electronics</u>, January 26, 1984, describing fourteen of fifteen
25 critical techniques and methods of CLI's protected information in
26 violation of paragraph 2(c) of the Court Order.

-5-

1  The violation of the Court Order enumerated above constitutes
2  a separate act of contempt punishable by the imposition of a fine
3  in the amount of ONE THOUSAND DOLLARS ($1,000.00). Defendant Eric
4  R. Hamilton is hereby ordered to remit to this Court the sum of
5  ONE THOUSAND DOLLARS ($1,000.00) as a result of his willful refusal
6  to comply with the Order of this Court.
7  IT IS HEREBY FURTHER ORDERED that the Order to Show Cause
8  filed by Defendants against Plaintiff for contempt of court be,
9  and the same is hereby, dismissed.
10 DATED: This 22nd day of February, 1986.

HOMER B. THOMPSON
Judge of the Superior Court

-6-

WIDCOM 006900

In the Superior Court of the State of California

IN AND FOR THE COUNTY OF SANTA CLARA

Plaintiff

COMPRESSION LABS, INC.,

Defendant

WIDERGREN COMMUNICATIONS, INC., et al.

PROOF OF SERVICE BY MAIL OF:

☐ Trial Setting Conference Order   ☐ Memorandum of Decision
☐ Pre-Trial Conference Order       ☐ _____
☐ Addendum to Pre-Trial/Trial Setting

☒ ~~ORDER~~ Order Finding Defendants in Contempt of this Court's May 27, 1983 Order and Dismissing Defendants' Order To Show Cause Re Contempt Against Plaintiff

FILED
County Clerk
Santa Clara County
FEB 25 1986
BY _____ DEPUTY

Case Number
476629

THE UNDERSIGNED SAYS THAT: "I AM A CITIZEN OF THE UNITED STATES, OVER 18 YEARS OF AGE, EMPLOYED IN SANTA CLARA COUNTY AND NOT A PARTY TO THE WITHIN ACTION. THAT MY BUSINESS ADDRESS IS COURT HOUSE, SAN JOSE, CALIFORNIA. THAT I SERVED THE WITHIN BY CAUSING TO BE PLACED A TRUE COPY THEREOF IN AN ENVELOPE ADDRESSED TO ATTORNEYS FOR PLAINTIFF AND DEFENDANT WHICH ENVELOPE WAS THEN SEALED AND POSTAGE FULLY PREPAID THEREON, AND THEREAFTER WAS DEPOSITED IN THE UNITED STATES MAIL AT SAN JOSE, CALIFORNIA, ON DATE SHOWN BELOW: THAT THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, OR REGULAR COMMUNICATION BY UNITED STATES MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED" AS SHOWN

I certify (or declare) under penalty of perjury, that the foregoing is true and correct.

Executed on FEB 25 1986
at San Jose, California

GRACE K. YAMAKAWA
~~XXXXXXXXXXXXXXXX~~ COUNTY CLERK

By _____ A. Takaoka, Deputy Clerk

Lloyd R. Day, Jr. — handed to
Mark B. Pitchford   Counsel 2/26/86 - 8:10 am
COOLEY, GODWARD, CASTRO   A. Takaoka
5 Palo Alto Square, 4th fl.
Palo Alto, CA 94306

Warren P. Kujawa
Guy W. Chambers
TOWNSEND and TOWNSEND
One Market Plaza
Steuart Street Tower, 20th fl.
San Francisco, CA 94105

4932

# CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 11, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)