IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT EASTMAN KODAK COMPANY'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY LITIGATION OF U.S.
PATENT NO. 4,901,075 PENDING COMPLETION OF PATENT REEXAMINATION**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701
Attorneys for Defendant
Eastman Kodak Company

Dated: February 11, 2008

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................... 2

      A.    This Lawsuit.................................................................................................... 2

      B.    Kodak's Request for Reexamination of the '075 Patent.................................. 2

III.  THE COURT SHOULD STAY LITIGATION OF THE '075 PATENT ........................ 3

      A.    The PTO's Reexamination Could Render Some or All of the Asserted
            Claims Unenforceable...................................................................................... 3

      B.    It Is Highly Likely the PTO Will Grant Reexamination of the '075 Patent ......... 4

      C.    The Court Has Broad Discretion to Grant a Stay Pending Reexamination .......... 4

            1.    A Stay Will Promote Judicial Economy and Simplify the Issues for
                  Trial........................................................................................................ 5

            2.    Philips Will Not Be Prejudiced By a Stay ................................................ 7

            3.    The Procedural Status of the Litigation Supports a Stay. ........................... 8

IV.   CONCLUSION.......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*ASCII Corp. v. STD Entm't USA Inc.*,
      844 F. Supp. 1378 (N.D. Cal. 1994) ...................................................................4

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
      C.A. No. 06-514 GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ........................4, 5, 7

*Bloom Eng'g Co., Inc. v. N. Amer. Mfg. Co., Inc.*,
      129 F.3d 1247 (Fed. Cir. 1997)....................................................................5, 7

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*,
      3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) ...............................................................9

*eSoft, Inc. v. Blue Coat Sys., Inc.*,
505 F. Supp. 2d 784, 786 (D. Colo. 2007)………..………………………………………............5

*Ethicon, Inc. v. Quigg*,
      849 F.2d 1422 (Fed. Cir. 1988)....................................................................4

*GPAC, Inc. v. D.W.W. Enters., Inc.*,
      144 F.R.D. 60 (D.N.J. 1992)........................................................................6

*Gioello Enters. Ltd. v. Mattel, Inc.*,
      No. C.A. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) ........................5, 6, 7, 9

*Gould v. Control Laser Corp.*,
      705 F.2d 1340 (Fed. Cir. 1983).....................................................................5, 8

*Ingro v. Tyco Indus., Inc.*,
      227 U.S.P.Q. 69 (N.D.Ill. 1985) ...................................................................8

*Lentek Int'l, Inc. v. Sharper Image Corp.*,
      169 F. Supp. 2d 1360 (M.D. Fla. 2001)............................................................4

*Middleton, Inc. v. Minnesota Mining and Mfg. Co.*,
      No. 4:03-CV-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004)……………............9

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
      2003 WL 21105073 (D. Del. May 14, 2003).....................................................7

*Sorensen v. Black & Decker Corp.*,
      No. 06cv1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007)..........4, 6, 7, 8

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES**

35 U.S.C. § 302 .................................................................................................................3

35 U.S.C. § 303(a) ...........................................................................................................3

35 U.S.C. § 305 .................................................................................................................3

35 U.S.C. § 307 .................................................................................................................4

37 C.F.R. § 1.530(j) .......................................................................................................3, 5

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should stay litigation of U.S. Patent No. 4,901,075 ("the '075 patent") pending reexamination by the United States Patent and Trademark Office ("PTO").  On February 7, 2008, defendant Eastman Kodak Company ("Kodak") filed a petition with the PTO requesting reexamination of the '075 patent based on prior art not previously considered by the PTO.  In 2007, the PTO granted 97% of such requests.  In this circumstance, courts frequently stay patent infringement claims until reexamination is completed.  A stay will promote judicial economy because it will allow the PTO to determine whether the asserted claims of the '075 patent will survive in their present form before conducting a trial on those claims.  Experience shows that such stays are warranted; indeed, recent statistics published by the PTO confirm that most reexaminations result in claim amendments or cancellations.

This case presents an even more compelling case for a stay because the '075 patent expired in September 2007.  As a result, Philips will not be permitted to amend any claims during reexamination.  It would be highly inefficient to conduct a trial on claims that may not exist after reexamination, particularly since the PTO will be evaluating many of the same prior art references that Kodak would present at a trial in this matter.  Moreover, a stay will not prejudice Philips.  Because the '075 patent is expired, Philips cannot seek any injunction and cannot recover damages for any alleged infringement after September 2007.  In this circumstance, interest on any past damages would be sufficient to compensate Philips during the time the reexamination request is pending if the asserted claims of the '075 patent survive.  Philips cannot credibly argue that it will be prejudiced by a stay.  The Court should stay litigation of the '075 patent until the PTO's reexamination is completed.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    This Lawsuit

On April 18, 2006, Philips filed the complaint in this action alleging that Kodak infringes the '075 patent by selling and marketing products that practice the JPEG standard for still image compression. (*See* Complaint For Patent Infringement; D.I. 1.) Four months later, on August 10, 2006, Philips served the complaint on Kodak. (*See* Summons Issued to Eastman Kodak Company; D.I. 4.) On September 11, 2007, the '075 patent expired. (*See* Ex. A, '075 patent at Kodak_000216.)[1] Thus, Philips is only seeking past damages in this lawsuit and cannot seek an injunction. Trial in this matter is currently set to begin on April 28, 2008.

Although Philips did not file this lawsuit until April 2006, Philips acknowledges it was aware of Kodak's alleged infringement of the '075 patent since mid-1999—approximately seven years before filing the complaint. (*See* Ex. B, Philips' Supp. Responses at p. 24.) Indeed, it is highly likely that Philips was aware of Kodak's alleged infringement long before mid-1999 since many Philips and Kodak employees jointly participated in the JPEG standardization process and it was common industry knowledge that Kodak's products utilized the JPEG standard for more than a decade before Philips filed this lawsuit. (*See* Ex. C, Deposition of Steven J. Sasson at pp. 48-52.)

### B.    Kodak's Request for Reexamination of the '075 Patent

On January 25, 2008, the Court issued a claim construction ruling in this case. (*See* Order Construing the Terms of U.S. Patent No. 4,901,075; D.I. 158.) Based on the claim constructions entered by the Court, substantial new questions of patentability have been raised regarding asserted claims 3-4, 7-8 and 11 of the '075 patent. Accordingly, Kodak filed a petition

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll in Support of Eastman Kodak Company's Motion to Stay and will be referred to as "Ex. __."

with the PTO requesting reexamination of each of the asserted claims of the '075 patent on

February 7, 2008—less than two weeks after the Court's claim construction order issued.  (*See*

Ex. D, Request for Reexam. Transmittal Form.)  Kodak's petition is based on prior art patents

and printed publications that were not considered by the PTO during the prosecution of the

application that ultimately issued as the '075 patent.  (*See* Ex. E, Request for Reexam. at p. 2;

Ex. A at Kodak_000216.)  Significantly, the prior art patents and publications that form the basis

for Kodak's petition for reexamination are many of the same prior art references that Kodak

intends to rely upon at trial.  (*Compare* Ex. E, Request for Reexam. at pp. 3 ("COST Paper"), 17

("Pirsch Patent" in view of the "Chen Article"), and 62 ("Van Voorhis Patent" in view of the

"Chen Article") *with* Ex. F, Ebrahimi Expert Report (Invalidity) at pp. 13 ("Cost Paper"), 14

("Van Voorhis Patent" in view of "Chen Article") and 15 ("Pirsch Patent " in view of "Chen

Article").)

## III.    THE COURT SHOULD STAY LITIGATION OF THE '075 PATENT

### A.    The PTO's Reexamination Could Render Some or All of the Asserted Claims Unenforceable

Reexamination is a procedure by which any person can request that the PTO reevaluate

the validity of a U.S. patent in light of prior art patents or publications.  35 U.S.C. § 302.  The

PTO will reexamine a patent only if "a substantial new question of patentability affecting any

claim of the patent concerned is raised by the request."  35 U.S.C. § 303(a).  Although a patent

owner can usually amend existing claims or add new claims in response to the PTO's rejections

during reexamination, *see* 35 U.S.C. § 305, "[n]o amendment may be proposed for entry in an

expired patent.  Moreover, no amendment, other than the cancellation of claims, will be

incorporated into the patent by a certificate issued after the expiration of the patent."  37 C.F.R.

§1.530(j).  Thus, a decision by the PTO that the reexamined claims of an expired patent—such as

the '075 patent—should be cancelled or amended renders those claims unenforceable in pending

litigation and in any future disputes.  35 U.S.C. § 307; *see Sorensen v. Black & Decker Corp.*,

No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *6 (S.D. Cal. Sept. 10, 2007).

### B.      It Is Highly Likely the PTO Will Grant Reexamination of the '075 Patent

Kodak expects reexamination of the '075 patent to be granted in view of the strength of

its request as well as the PTO's usual and customary practice regarding such requests.  Indeed,

the PTO's most recent statistics confirm that approximately 97% of *ex parte* reexamination

requests were granted in 2007.  (*See* Ex. G, USPTO Performance and Accountability Report.)

Further, PTO statistics regarding the outcome of *ex parte* reexamination proceedings confirm

that the claims of a patent are either amended or cancelled in more than 70 percent of

reexaminations.  (*See* Ex. H, *Ex Parte* Reexam. Filing Data. at 2.)  But "[s]ince no amendments

can be offered to an expired patent," the most likely outcome of Kodak's request is that "the

validity of the claims at issue in this action will be affected by the reexamination process."

*Sorensen,* 2007 WL 2696590, at *6.  Thus, it is highly likely that Kodak's petition for

reexamination will be granted and that the claims of the expired '075 patent will be cancelled

during reexamination.

### C.      The Court Has Broad Discretion to Grant a Stay Pending Reexamination

The Court has the inherent power to control its own docket, including the power to stay

litigation pending resolution of reexamination proceedings before the PTO.  *See Ethicon, Inc. v.*

*Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Abbott Diabetes Care, Inc. v. Dexcom, Inc*.,

C.A. No. 06-514 GMS, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007) ("The decision to stay

a case is firmly within the discretion of the court.").  Indeed, "there is a liberal policy in favor of

granting motions to stay proceedings pending the outcome of the US PTO reexamination . . .

proceedings." *ASCII Corp. v. STD Entm't USA Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)

(stay granted); *see also Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362

(M.D. Fla. 2001) ("[T]he sponsors of the patent reexamination legislation clearly favored the liberal grant of stays….").

Courts generally consider three factors when deciding whether to stay litigation of a patent pending reexamination:  (i) whether a stay will promote judicial economy and simplify the issues in question and trial of the case; (ii) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (iii) the procedural status of the litigation.  *See Abbott Diabetes,* 2007 WL 2892707, at *4; *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001).  Here, these factors support granting Kodak's motion to stay litigation of the '075 patent.

### 1.    A Stay Will Promote Judicial Economy and Simplify the Issues for Trial

Staying litigation of the '075 patent will promote judicial economy and simplify the issues at trial.  As discussed above, it is highly likely that some or all of the claims of the '075 patent will be cancelled during reexamination.  Claims that are cancelled during reexamination are treated as if they had never issued, and they cannot thereafter be asserted in litigation.  *See eSoft, Inc. v. Blue Coat Sys.*, *Inc*.,  505 F. Supp. 2d 784, 786 (D. Colo. 2007); *Gould v. Control Laser Corp*., 705 F.2d 1340 (Fed. Cir. 1983).  Likewise, claims that are substantively amended during reexamination are treated as if they issued at the end of reexamination, and damages for infringement of those claims begin to accrue after issuance of the reexamination certificate.  *See Bloom Eng'g Co., Inc. v. N. Amer. Mfg. Co., Inc*., 129 F.3d 1247, 1250 (Fed. Cir. 1997).  When a patent has already expired, however, claims that could otherwise be substantively amended during reexamination are treated as cancelled claims.  37 C.F.R. §1.530(j).  Thus, if the PTO determines in reexamination that the asserted claims of the '075 patent should be substantively amended, damages for infringement of those claims as well as any cancelled claims can never accrue.  Absent a stay, the Court will likely devote significant time and resources trying patent

claims that may be eliminated during reexamination.  *See Gioello Enters.,* 2001 WL 125340, at *1-2.

In *Gioello Enterprises Ltd. v. Mattel, Inc.*, the Court granted a motion to stay litigation pending reexamination in nearly identical circumstances to this case.  *See id*.  The plaintiff in *Gioello* filed suit in June 1999.  The defendant filed a request for reexamination of the patent-in-suit in November 2000, over a year and half after the complaint was filed and approximately four and a half months before trial was set to begin.  *Id*. at *1.  In December 2000, before the PTO granted the petition for reexamination, defendant filed a motion to stay the proceedings pending the outcome of reexamination.  *Id*.  The PTO granted the request for reexamination and the Court stayed the case less than three months before trial.  *Id*.  In doing so, the Court noted that the PTO's decision to reexamine the patent would "simplify the issues" and "focus the litigation." *Id*.  The Court also noted without a stay, it may waste time determining the validity of claims modified or eliminated in reexamination.  *Id*.  at *2.

So it is here.  As in *Gioello*, a stay pending reexamination will simplify the issues to be resolved at trial.  The infringement and validity issues may be significantly narrowed during reexamination because many of the claims may be cancelled.  *See Sorensen*, 2007 WL 2696590, at *6 (finding that for expired patent, reexamination "has the potential to significantly narrow the issues for trial").  Even if some claims survive, Philips will certainly attempt to distinguish the claims of the '075 patent from the prior art during reexamination.  Such statements will be highly relevant to the parties' validity and infringement arguments at trial, and may even promote settlement.  *See GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992) ("[A] record of the re-examination … may further encourage settlement without further court intervention."); *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003).

In addition, for those claims that survive reexamination, the PTO's analysis of the prior art during reexamination will help narrow the validity issues and provide the Court with the PTO's specialized understanding of the prior art. *See Gioello Enters.,* 2001 WL 125340, at *1 (noting some advantages to granting a stay are "all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise" and "the record of reexamination would probably be entered at trial"); *Abbott Diabetes,* 2007 WL 2892707, at *5 (*quoting Gould v. Control Laser Corp*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). A stay also may simplify the damages issues because Philips will not be able to seek <u>any</u> damages for any claims that are cancelled during reexamination. *See Bloom Eng'g,* 129 F.3d at 1250. The broad range of issues that will be simplified as a result of the reexamination supports a stay.

### 2.     Philips Will Not Be Prejudiced By a Stay

Philips will no doubt argue that it will be prejudiced by a stay. But this argument rings hollow because the '075 patent expired in September 2007. As a result, Philips cannot recover damages for any alleged infringement after September 2007 and cannot seek an injunction. To the extent any claims of the '075 patent survive examination, the only additional damages Philips would be entitled to is interest on past damages, which would continue to accrue during a stay while the reexamination is pending. Such monetary damages are "fully capable of compensating" Philips during any stay. *Sorensen*, 2007 WL 2696590, at *4; s*ee Gioello Enters.,* 2001 WL 125340 at *2 (granting stay where plaintiff was "not selling or actively licensing goods or services related" to the patent in suit and thus "money damages [were] an adequate remedy for any delay in redress.") Because monetary damages and interest can compensate Philips for any alleged past infringement of the '075 patent, the Court should stay this case until the reexamination is completed.

Moreover, any argument that Philips will be prejudiced by a stay pending reexamination strains credibility because it was Philips—not Kodak—that delayed filing this suit for years before asserting the '075 patent despite its awareness of Kodak's alleged infringement. *See Sorensen*, 2007 WL 2696590 at *4 (noting plaintiff "could have prevented this situation by filing suit many years ago, thereby allowing sufficient time for any reexamination to occur before the patent expired"); *Ingro v. Tyco Indus., Inc.*, 227 U.S.P.Q. 69, 71 (N.D. Ill. 1985) ("especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings . . . will constitute neither undue nor unreasonable delay"). Indeed, even after filing suit in April 2006, Philips delayed an additional four months in serving the complaint. (*See* Summons Issued to Eastman Kodak Company; D.I. 4.) Philips will not be prejudiced by any stay.

### 3.    The Procedural Status of the Litigation Supports a Stay

The procedural status of this case also supports a stay. The Court recently issued its claim construction ruling on January 25, 2008. At the time of this Motion, the parties are currently meeting and conferring regarding a schedule for submitting letter briefs requesting permission to file dispositive motions. Philips has previously indicated it intends to file a motion for summary judgment of infringement. (*See* Letter to The Honorable Gregory M. Sleet from Lauren E. Maguire regarding Permission to File and Brief Motions for Summary Judgment; D.I. 103.) Based on the Court's claim construction, Kodak believes summary judgment of noninfringement is appropriate regarding a number of asserted claims of the '075 patent. Moreover, trial preparation has just recently begun, and the trial is not scheduled to begin until April 28, 2008. Thus, a stay at this time will conserve substantial resources—the Court's, the jury's and the parties'—until the uncertainty regarding the '075 patent can be resolved in reexamination. Courts have granted stays pending reexamination in cases at similar stages and at

stages more advanced than here. *See Gioello Enters.*, 2001 WL 125340, at *1; *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669, at *1 (S.D. Iowa Aug. 24, 2004) (granting stay after eight years of litigation and with two months before trial); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1889, 1892 (N.D. Ill. 1987) (granting stay after eighteen months and significant discovery).  The Court should do the same here.

## IV.    CONCLUSION

Staying this case pending reexamination of the '075 patent will promote judicial economy, simplify the issues in this case, and will not prejudice Philips.  Accordingly, Kodak respectfully requests the Court grant Kodak's motion to stay litigation until reexamination of the '075 patent is completed.

Dated: February 11, 2008                    Respectfully Submitted,


                                            /s/ Francis DiGiovanni
                                            Francis DiGiovanni (#3189)
                                            **CONNOLLY BOVE LODGE & HUTZ LLP**
                                            The Nemours Building
                                            1007 N. Orange Street
                                            Wilmington, DE  19899
                                            Phone (302) 658-9141
                                            e-mail: fdigiovanni@cblh.com


                                            John Allcock
                                            Sean C. Cunningham
                                            Tim Lohse
                                            John D. Kinton
                                            **DLA PIPER US LLP**
                                            401 B Street, Suite 1700
                                            San Diego, CA  92101-4297
                                            Tel:  619.699.2700
                                            Fax:  619.699.2701

                                            Attorneys for Defendant/Counterclaimant
                                            Eastman Kodak Company

<u>**CERTIFICATE OF SERVICE**</u>

I, Francis DiGiovanni, hereby certify that on February 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 11, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**<u>BY E-MAIL AND HAND DELIVERY</u>**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**<u>BY E-MAIL AND U.S. MAIL</u>**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)