IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 06-25-GMS | |
| v. ) | |
| ) | |
| EASTMAN KODAK COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 2:**

**MOTION *IN LIMINE* TO PRECLUDE KODAK FROM PRESENTING HEARSAY TESTIMONY BY EXPERT WITNESSES**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*U.S PHILLIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008
188131.1

I.  **INTRODUCTION**

Federal Rule of Evidence 703 precludes Kodak's expert witnesses from testifying to otherwise inadmissible hearsay relied upon by those witnesses. Plaintiff U.S. Philips Corporation ("Philips") moves *in limine* to preclude Eastman Kodak Company's ("Kodak's") expert, Dr. Charles Neuhauser, from testifying to the reverse engineering report (the "Chipworks report") he used in his analysis, or to any facts regarding the Widcom VTC-56 device, including alleged sales and operability of the device. Philips also requests that Kodak's damages expert, Robert Wallace, not be allowed to testify to the expert opinions of others upon which he relied and which are outside his field of expertise, including the opinions of Dr. Ebrahimi regarding the requirements of standards committees and technical assessments of image compression methods, and the opinions of Kenneth Parulski on technical issues.

Dr. Neuhauser submitted an expert report on December 14, 2007 "to provide engineering opinions about the operation of the Widcom VTC-56 Coder Board."[1] Expert Report of Charles J. Neuhauser, PhD at 1 ("Neuhauser report").[2] However, Dr. Neuhauser did not examine a VTC-56 coder board first-hand. Instead, he relied in large part upon the Chipworks report generated in 2004 by a Canadian company, Chipworks, for another litigation. Dr. Neuhauser also relied on statements from counsel for a third party regarding the operability of the VTC-56, in at least one case correcting an error in schematics based on those assurances. However, he has never seen the analyzed VTC-56 actually operating.

---

[1] The Widcom VTC-56 is asserted by Kodak as anticipating the '075 patent. Ex. 1, Kodak Trial Brief at 7. Citations to exhibits refer to Plaintiff's Appendix of Exhibits in Support of its Motions *In Limine*.

[2] Dr. Neuhauser's expert report is attached as Exhibit 17 ("Ex. 17").

Under Rule 703, any reference to the Chipworks report or any reverse engineering of the Widcom VTC-56 device should therefore be excluded. Further, also under Rule 703, Dr. Neuhauser should not be allowed to testify regarding the sale or actual operability of the Widcom VTC-56 device, as he has no knowledge on these topics beyond what he has been told by a lawyer.

Kodak also submitted the expert report of Mr. Wallace on the damages incurred by Philips. Mr. Wallace relies heavily on the expert opinions of others in his analysis. Mr. Wallace relies in part on an expert opinion of Kenneth Parulski, a Kodak employee who has not submitted an expert report and has not even been identified by Kodak as a trial witness in this case. Mr. Wallace also relies on opinions of Dr. Ebrahimi regarding standards and technical issues. Under Rule 703, Mr. Wallace may not testify regarding what Mr. Parulski may have told him, and may not testify to the expert opinions of Dr. Ebrahimi.

## II.    DR. NEUHAUSER MAY NOT TESTIFY ABOUT THE CHIPWORKS REPORT OR FACTS REGARDING THE VTC-56

Federal Rule of Evidence 703 states, "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." For example, an expert generally may not testify to hearsay that is not admissible under any of the exceptions listed in Rules 803 or 804. *E.g.*, *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 409 (6th Cir. 2006).

### A.    The Chipworks Report is Inadmissible Hearsay

The Neuhauser report purports to analyze a simulation of the functionality of the coder board from a Widcom VTC-56. (Ex. 17 at 1). In order to simulate the programming of individual programmable devices (e.g., programmable logic arrays), Dr. Neuhauser relied on the

2

Chipworks report.[3] Neuhauser Dep. 53:1-6, Jan. 30, 2008 ("Neuhauser Dep.").[4] The Chipworks report is an unsigned document created by an unknown author and is not publicly available. (Ex. 18). The address for Chipworks on the cover page of the report is in Ontario, Canada. *Id.* Dr. Neuhauser had no contact with Chipworks regarding its report and never saw the actual VTC-56 device. Neuhauser Dep. at 6:14-16, 91:14-16. Thus, he has no personal knowledge of the contents of the programmable chips on the VTC-56 coder board.

Any statement Dr. Neuhauser makes regarding the contents of the programmable chips on the VTC-56 coder board or other data in the Chipworks report would therefore simply be repeating the contents of the report. This is hearsay under Rule 801(c) and, because the circumstances surrounding creation of the Chipworks report are unknown, there are no hearsay exceptions (listed in Rules 803 and 804) that apply. Therefore, any mention of the Chipworks report or reverse engineering of the VTC-56 coder board is inadmissible under Rules 703 and 802.

### B. Facts Regarding the History of the Analyzed VTC-56 are Inadmissible Hearsay

Dr. Neuhauser also cannot testify to any historical facts regarding the date of sale or level of operability of the VTC-56 device with serial number 3068 ("the analyzed VTC-56"). He never saw any sales receipts or invoices for the analyzed VTC-56, Neuhauser Dep. at 3:10-13, and never saw the analyzed VTC-56 actually working, *id.* at 89:6-90:21. Moreover, Dr. Neuhauser never tested the coder board to ensure that it functioned, *id.* at 73:22-74:7. Any

---

[3] The first eight pages of the Chipworks report are attached as Exhibit 18 ("Ex. 18").

[4] The transcript of Dr. Neuhauser's deposition is attached as Exhibit 19.

statements Dr. Neuhauser makes regarding possible sales or operability of the Widcom VTC-56 would therefore be hearsay under Rule 801(c) and are inadmissible under Rules 703 and 802.

### III. MR. WALLACE MAY NOT TESTIFY TO THE EXPERT OPINIONS OF OTHERS OUTSIDE HIS AREA OF EXPERTISE

In his expert report, Mr. Wallace relies on the expert opinions of others:

- An opinion by Mr. Parulski that certain patents licensed by Kodak for use in its digital cameras are more valuable than the '075 patent. Report of Robert H. Wallace[5] at 36-37 ("Wallace report"). Mr. Parulski was not identified in Kodak's Initial Disclosures, was not disclosed by Kodak as an expert under Fed. R. Civ. P. 26(a)(2), did not provide an expert report, and will not be called by Kodak as a witness at trial. Mr. Parulski's opinions are therefore inadmissible.

- Opinions by Dr. Ebrahimi regarding the duty to disclose patents to the JPEG Committee during development of the JPEG standard. Wallace report at 28, 38-39.

- Opinions by Dr. Ebrahimi regarding actions that the JPEG Committee allegedly would have taken if the '075 patent had been asserted earlier. Wallace report at 7, 26-28.

- Opinions by Dr. Ebrahimi assessing the technical merits of various compression methods, including the '075 patent, the coding method of Chen and Pratt, and arithmetic coding. Wallace report at 8, 64.

- Opinions by Dr. Ebrahimi that the '075 patent contributes no more than one percent of the coding technology in JPEG. Wallace report at 17-18, 50.

---

[5] Mr. Wallace's expert report is attached as Exhibit 2.

4

Mr. Wallace may not express any of the opinions described above, as his testimony would be hearsay under Rule 801(c). Therefore, under Rules 703 and 802, Mr. Wallace should not be allowed to testify to the expert opinions of Mr. Parulski and Dr. Ebrahimi.

## IV.   CONCLUSION

Philips respectfully requests that the Court strike the Chipworks report and preclude Dr. Neuhauser from testifying regarding possible sales or operability of the Widcom VTC-56. Philips also respectfully requests that the Court preclude Mr. Wallace from testifying to any opinions expressed by Mr. Parulski or Dr. Ebrahimi.

ASHBY & GEDDES

/s/ John G. Day
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*Of Counsel:*                                  U.S PHILLIPS CORPORATION

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008
188131.1