IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EASTMAN KODAK COMPANY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 06-251-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 3:**

**MOTION *IN LIMINE* TO LIMIT EXPERT TESTIMONY
ON VALIDITY ISSUES NOT ADDRESSED IN EXPERT REPORT**

							ASHBY & GEDDES
							Steven J. Balick (I.D. #2114)
							John G. Day (I.D. #2403)
							Tiffany Geyer Lydon (I.D. #3950)
							500 Delaware Avenue, 8th Floor
							P.O. Box 1150
							Wilmington, DE 19899
							(302) 654-1888

							*Attorneys for Plaintiffs*
*Of Counsel:*					*U.S PHILLIPS CORPORATION*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008

I.  **INTRODUCTION**

U.S. Philips Corporation ("Philips") moves *in limine* to preclude Dr. Touradj Ebrahimi from expressing opinions on a number of validity issues at trial pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1). Dr. Ebrahimi should not be allowed to express opinions at trial on issues that he never addressed in his expert report.

The expert report of Dr. Ebrahimi submitted by Eastman Kodak Company ("Kodak") alleging invalidity of U.S. Patent No. 4,901,075 does not include any opinions or analysis on the following issues: the priority date of the '075 patent; whether the reference, "Block Coding Using a Two-Dimensional Run-Length Table,"[1] ("COST 211-bis proposal") was a printed publication; the existence of any objective indicia of nonobviousness of the '075 patent; and alleged anticipation of the '075 patent by two references, U.S. Patent No. 4,420,771 ("Pirsch patent") and W.-H. Chen and W. K. Pratt, "Scene-Adaptive Coder," IEEE Transactions on Communications, vol. Com-32, no. 3, pp. 225-232 (March 1984) ("Chen and Pratt Article").[2] Dr. Ebrahimi should therefore not be allowed to present opinions on these issues at trial.[3]

II.  **THE RULES PREVENT EXPERT OPINION TESTIMONY THAT WAS NOT DISCLOSED IN AN EXPERT REPORT**

Under Rules 26 and 37, as well as this Court's Scheduling Order, Dr. Ebrahimi's testimony should be limited to those opinions that were timely expressed in his expert report.

---

[1] The COST 211-bis proposal was written by Peter Vogel, the inventor of the '075 patent. The paper has a date of September 9, 1986 at the top, which is two days before the statutory bar date for the '075 patent of September 11, 1986. This paper was submitted to the Simulation Subgroup of COST 211-bis, a European research organization composed of researchers from various companies and countries. However, as discussed below, papers submitted to this group were kept confidential and not publicly accessible. Moreover, Kodak has not even established that this paper was presented before September 11, 1986.

[2] The Chen and Pratt Article is cited as prior art in the specification of the '075 patent.

[3] The Ebrahimi expert report, Ebrahimi deposition, '075 patent, COST 211-bis proposal, Pirsch patent, and Chen and Pratt article are attached as Exhibits 9, 10, 11, 12, 13, and 14, respectively, to Plaintiff's Appendix.

Fed. R. Civ. P. 26(a)(2)(B) requires that a party submit an expert report for any "witness who is retained or specially employed to provide expert testimony in the case. . ." This report is intended to disclose the entire scope of the expert witness' expected testimony, *Coles v. Perry*, 217 F.R.D. 1, 4; 2003 U.S. Dist. LEXIS 13529, at *5-6 (D.D.C. 2003):

> The interest served by requiring the disclosure of expert opinions is self evident. It is to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross examination. By "locking" the expert witness into what Fed. R. Civ. P. 26(a)(2)(B) calls "a complete statement of all opinions to be expressed and the basis and reasons therefor," the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal.

The 1993 Advisory Committee Notes explain that "a party will not ordinarily be permitted to use on direct examination any expert testimony not [] disclosed" in an expert report. Rule 37(c)(1) provides the remedy for a failure to disclose expert testimony: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use such evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Forest Labs., Inc. v. Ivex Pharms., Inc.*, 237 F.R.D. 106, 113 (D. Del. 2006) (citing *Minebea Co. v. Papst*, 231 F.R.D. 3, 8 (D.D.C. 2005)).

Moreover, expert testimony concerning the invalidity issues raised by Kodak is necessary in this case, which involves complex technology. *See Centricut, LLC v. The Esab Group*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004). It would therefore be unfairly prejudicial for Kodak to present expert opinions on these issues at trial.

### III.   DR. EBRAHIMI FAILED TO OPINE ON FIVE VALIDITY ISSUES IN HIS EXPERT REPORT

Kodak submitted an expert report on January 7, 2008 from Dr. Ebrahimi describing his

2

opinions on the validity of the '075 patent. This report lacked any analysis or opinion regarding: the priority date of the '075 patent; whether the COST 211-bis proposal was a printed publication; the existence of any objective indicia of nonobviousness of the '075 patent; alleged anticipation of the '075 patent by the Pirsch patent; and alleged anticipation by the Chen and Pratt article.

The Ebrahimi expert report does not consider the legal standard for determining the appropriate priority date for the '075 patent and contains no analysis of the evidence. Ebrahimi invalidity report at 4-7. Moreover, Dr. Ebrahimi admitted at his deposition that he has done no analysis to determine the invention date that should be used for the '075 patent:

```
Q.  So you did not do any personal analysis or
examination in Exhibit 23 as to what the invention date
was of the '075 patent?
A.  I used this information, but I did not do a
personal examination of this date.
```

Ebrahimi Dep. at 112:15-17. Instead, Dr. Ebrahimi was simply told what priority dates to use by Kodak's counsel. *Id.* at 112:20-113:1. Dr. Ebrahimi therefore did not disclose in his report any opinions as to the appropriate priority date for the '075 patent.

Similarly, Dr. Ebrahimi's report does not state or consider the legal standard for determining whether a reference is a "printed publication" under 35 U.S.C. § 102(b) and contains no analysis of the relevant facts. Ebrahimi invalidity report at 4-7. In particular, distribution of a reference to a small group abroad does not constitute publication. *See Cordis Corp. v. Boston Scientific Corp.*, No. Civ. 03-027-SLR, 2005 WL 1331172, at *4 (D. Del. June 3, 2005).

Dr. Ebrahimi's report did not and cannot show that the providing of the COST 211-bis proposal to a group in Europe constituted "publication" under U.S. patent law. In his discussion of the proposal in Exhibit B-3 of his report, Dr. Ebrahimi stated only, "The paper was made

3

public and distributed to the participants of the COST 211-bis Simulation Group by at least September 9, 1986," citing a deposition of Peter Vogel.

As Philips' expert, Dr. Girod, explained in his expert report, the COST 211-bis Simulation Group not only had a policy of keeping papers confidential, but also did not index these papers or make them publicly accessible. Rebuttal Expert Report of Professor Girod Regarding Validity at 18-19; Girod Dep. at 204:9-211:9.[4] Dr. Ebrahimi's report contains no opinions indicating that the COST 211-bis proposal was a printed publication and offers no facts that rebut Dr. Girod's undisputed testimony.

Similarly, Dr. Ebrahimi's report contains no description and does not consider the existence of any objective indicia of nonobviousness, as required by *Graham v. John Deere*, 383 U.S. 1, 17 (1966). At his deposition, Dr. Ebrahimi admitted that no one told him that he needed to consider objective indicia, or even told him what the objective indicia of nonobviousness are. Ebrahimi Dep. at 84:4-94:1. Therefore, Dr. Ebrahimi cannot express any opinions at trial on any of the objective indicia of nonobviousness of the '075 patent.

Lastly, the Ebrahimi report asserts that only a combination of the Pirsch patent and the Chen and Pratt article would render the '075 patent invalid and the sole statutory basis offered is obviousness under 35 U.S.C. § 103. Ebrahimi invalidity report at 15, 17. Dr. Ebrahimi did not allege that any of the claims are anticipated by either of these references. *Id.* at 13-14. In fact, Exhibits C-2 and C-10[5] of the Ebrahimi invalidity report contain claim charts that purport to

---

[4] Dr. Girod's expert report and deposition are attached as Exhibits 15 and 16, respectively, to Plaintiff's Appendix.

[5] The Ebrahimi invalidity report was submitted before this Court issued its Claim Construction Order on January 25, 2008. For each combination he alleged rendered the '075 patent obvious, Dr. Ebrahimi submitted two claim charts, one for Kodak's proposed claim constructions and one for Philips' proposed claim constructions. In fact, the claim charts were identical. In his obviousness analysis, Dr. Ebrahimi analyzed the combination of each of eight separate patents with the Chen and Pratt article.

4

show how the Pirsch patent and Chen and Pratt article <u>in combination</u> disclose all of the elements of the asserted claims. Dr. Ebrahimi admitted at his deposition that he did not even try to find all of the claim elements in each individual reference, but only tried to show all of the elements in a combination of the two references. Ebrahimi Dep. at 77:22-81:16.

For example, Dr. Ebrahimi did not look for certain claim requirements, such as transform coding or coefficients, in any of the references (including the Pirsch patent) that he combined with the Chen and Pratt article. *Id.* Dr. Ebrahimi also admitted that the Chen and Pratt article describes a different coding technique than that claimed in the '075 patent, namely, a one-dimensional code instead of the two-dimensional code of the '075 patent. *Id.* at 130:3-134:11. Thus, Dr. Ebrahimi cannot express any opinions at trial indicating that either the Pirsch patent or the Chen and Pratt article anticipate any of the claims.

In summary, Dr. Ebrahimi did not express any opinions or attempt to analyze the relevant facts relating to five separate validity issues in his expert report. As a result, he should not be allowed to present any such opinions or analyses at trial.

## IV.    CONCLUSION

Philips respectfully requests that the Court limit the scope of Dr. Ebrahimi's testimony on validity to the matters addressed in his expert report. Dr. Ebrahimi should be precluded from stating opinions or analyzing facts regarding:

- the priority date of the '075 patent;
- whether the COST 211-bis proposal was a printed publication;
- objective indicia of nonobviousness;
- alleged anticipation of the '075 patent by the Pirsch patent; and
- alleged anticipation of the '075 patent by the Chen and Pratt article.

5

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. PHILIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:    (202) 408-4000

Dated: February 11, 2008
188129.1