IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PHILIPS' MOTION *IN LIMINE* NO. 4:**

**MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO KODAK'S STATE LAW
COUNTERCLAIMS IN FRONT OF THE JURY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*U.S PHILLIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008

188132.1

Plaintiff U.S. Philips Corporation ("Philips") respectfully moves *in limine*, pursuant to Federal Rule of Evidence 403, to preclude Defendant Eastman Kodak Company ("Kodak") from arguing or referring to its state law counterclaims of fraud, negligent misrepresentation, and deceptive trade practices in front of the jury.

## I.    INTRODUCTION

Kodak's fraud, negligent misrepresentation, and deceptive trade practices counterclaims are stealth equitable claims—Kodak wants to present its equitable defenses to the jury in the guise of state law damages claims. But Kodak has failed to present a damages theory for these counterclaims, has not quantified the damages, and does not propose to offer any expert testimony or other evidence on damages for these claims. Absent any damages proof, these counterclaims provide no meaningful role for the jury. Rather they would unfairly inflame, mislead, and confuse the jury, and waste the jury's time. Accordingly, the Court should preclude Kodak from presenting these counterclaims to the jury under Fed. R. Evid. 403.

Kodak bases these state law counterclaims on the same alleged theories and evidence that Kodak asserts for its equitable claims of equitable estoppel, laches, and unclean hands, which the Court must decide after the jury trial. If Kodak believes that the issues underlying these counterclaims have merit, it can argue them to the Court in the equitable relief phase of the case.

## II.    BACKGROUND

Kodak's Answer and Counterclaims pleaded equitable defenses of equitable estoppel, laches, waiver, unclean hands, and implied license based on equitable estoppel, and a counterclaim for a declaratory judgment of equitable estoppel, plus state law counterclaims for fraud, negligent misrepresentation, and deceptive trade practices. (D.I. 9 ¶¶ 30-34, 108-29.) Kodak bases each on its allegations that: (a) Philips allegedly had a duty to disclose its U.S.

Patent No. 4,901,075 to the standards organizations that developed the JPEG standard, but did

not do so; (b) Kodak allegedly relied upon this non-disclosure in developing its digital imaging

business around the JPEG standard; and (c) Philips then filed suit against Kodak for infringement

of the '075 patent. (Ex. 1 at 8-12.)[1] Kodak also refers to these same allegations to support its

quantification of the damages due to Philips as a result of Kodak's infringement of the '075

patent. (*Id.* at 13-14; Ex. 2 at 5-16, 25-29, 45-49.)

Kodak must prove damages for each of its state law counterclaims. Under Delaware law,

both fraud and negligent misrepresentation require actual damages as an element. *See Czarnik v.*

*Illumina, Inc.*, 437 F. Supp. 2d 252, 259-60 (D. Del. 2000) (citing *Gaffin v. Teledyne, Inc.*, 611

A.2d 467, 472 (Del. 1992)) (identifying damages as element of fraud); *H-M Wexford LLC v.*

*Encorp, Inc.*, 832 A.2d 129 (Del. Ch. 2003) (listing pecuniary loss as element of negligent

misrepresentation). In addition, while Delaware's Deceptive Trade Practices Act itself does not

provide for damages, it permits the Court to increase damages for other torts and to award

injunctive relief. *See* Del. Code Ann. tit. 6, § 2533.

Nevertheless, Kodak omitted from its Trial Brief any theory of damages owed to Kodak

for these alleged state law counterclaims, and from its proposed jury instructions any instructions

for awarding those damages. (Ex. 1 at 13-15; Ex. 3 at 54-59.) Kodak also failed to quantify any

damages for these counterclaims, and produced no documents showing any lost sales or

pecuniary harm or containing any statement of attorneys' fees it paid. Likewise, Kodak's

damages expert's report omitted any mention of damages recoverable by Kodak, addressing

---

[1] Citations to exhibits refer to Plaintiff's Appendix of Exhibits in Support of its Motions *In Limine*. Kodak served its Trial Brief, Proposed Jury Instructions, and Proposed Verdict Form, portions of which are included as exhibits in this motion, as parts of Kodak's Proposed Final Pretrial Order on February 7, 2008.

instead only Philips' claims for damages receivable from Kodak for infringement of the '075 patent. (Ex. 2.)

Nevertheless, Kodak plans to ask the jury to decide whether Philips committed each of these state law torts and to award damages to Kodak, since Kodak included the three counterclaims in its proposed Jury Instructions and Verdict Form. (Ex. 3 at 50-53; Ex. 4.)

## III. REFERENCES TO KODAK'S STATE LAW COUNTERCLAIMS IN FRONT OF THE JURY SHOULD BE PRECLUDED UNDER FED. R. EVID. 403, BECAUSE THEY WOULD UNFAIRLY INFLAME, MISLEAD, AND CONFUSE THE JURY, AND WASTE THE JURY'S TIME

Absent any damages, Kodak's state law counterclaims have no relevance to anything the jury will decide. They reduce to arguments for injunctive relief on the same facts that Kodak asserts for equitable estoppel, which the Court must decide. The Court should exclude statements to the jury where their probative value—none here—is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of . . . waste of time . . . "—as it would be here—pursuant to Fed. R. Evid. 403.

Absent damages, Kodak's anticipated statements to the jury that Philips engaged in "fraudulent" conduct, "misrepresentation," and "deceptive practices," and requests that the jury decide these issues, will have no purpose other than to inflame the jury against Philips. This danger substantially outweighs the value (none) of the jury knowing that Kodak asserted three state law counterclaims against Philips. *See* Fed. R. Evid. 403.

Kodak's mentioning and arguing its state law fraud, misrepresentation, and deceptive practices counterclaims to the jury also would likely result in confusing the issues and misleading the jury. Jury members would be confused and misled because they would be asked to deliberate on each of Kodak's state law counterclaims—and if they render a verdict for Kodak, then try to provide relief to Kodak. But the jury could not provide any relief, because

Kodak has provided no theory, evidence, or quantification of its damages. The jury may then try to figure out how to provide relief to Kodak in an unidentified and inappropriate way, yielding confusion and misleading the jury about the relief they can provide.

Consideration of these issues also would waste the jury's time. Because the jury would not be able to award damages for these counterclaims, only equitable relief is possible. Consequently, no right to a jury trial exists for these counterclaims. *See Cox v. Keystone Carbon Co.*, 894 F.2d 647, 650 (3d Cir. 1990); *Gibson v. Hartford Life and Accident Ins. Co.*, C.A. No. 2:06-CV-3814-LDD, 2007 WL 1892486, at *5 (E.D. Pa. June 29, 2007). Moreover, if they were to render verdicts on these counterclaims, the jury would have to consider complex issues that go far beyond any standards-setting facts that Kodak asserts may be relevant to the measure of damages owed to Philips. In particular, jurors would have to decide whether Philips' claims of infringement are not protected by the First Amendment because they are objectively baseless and were brought in an attempt to use the litigation to interfere directly with the business relationships of Kodak. *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993); *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128-29 (3d Cir. 1999). Furthermore, the jury would be exposed to arguments about state law counterclaims barred by the applicable three-year statute of limitations, Del. Code Ann. tit. 10, § 8106, since Kodak pleaded these counterclaims well after learning of Philips' assertion of patent rights in 2000. (Philips' Reply (D.I. 11) ¶¶ 132-134.)

In any event, no injunctive relief would be proper for these counterclaims. Kodak does not seek an injunction for its fraud and negligent misrepresentation counterclaims, which are wholly based on conduct that allegedly took place in the past. (Ex. 1 at 10-11.) For its deceptive trade practices claim, Kodak seeks an injunction against further pursuit of this infringement

litigation. (Answer and Counterclaims (D.I. 12) at 34; Ex. 1 at 12.) But a jury decision in favor of Philips on infringement would nullify the basis for Kodak's deceptive trade practices claim. And a decision in favor of Kodak, on the other hand, would make an injunction against further assertion of the '075 patent moot because the patent expired in September 2007.

Since the jury cannot award any damages or equitable relief for Kodak's state law counterclaims, a jury verdict on these counterclaims would in effect be solely advisory to the Court in ruling on Kodak's equitable defenses and counterclaim. An advisory jury verdict on Kodak's equitable defenses would be neither warranted nor necessary. *See Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149-50 (N.D. Iowa 2003); *Dewey Elecs. Corp. v. Montage, Inc.*, 117 F.R.D. 73, 75 (M.D. Pa. 1987).

To the extent Kodak still wishes to pursue its state law counterclaims, the Court can, when deciding the equitable issues, determine whether Kodak has proved the elements of its state law counterclaims and whether these counterclaims are barred by the statute of limitations or the First Amendment. This approach would eliminate unfair prejudice to Philips, avoid misleading and confusing the jury, and not waste the jury's time.

## III.    CONCLUSION

Kodak's improper attempt to present its state law counterclaims to the jury would unfairly prejudice Philips, mislead and confuse the jury, and waste the jury's time—all unnecessarily because the jury will not be able to provide any relief for Kodak. These circumstances warrant exclusion of any argument or references in front of the jury to Kodak's fraud, negligent misrepresentation, and deceptive trade practices state law counterclaims pursuant to Fed. R. Evid. 403.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*U.S PHILLIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

Dated: February 11, 2008
188132.1

6