IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>    Defendant. | **REDACTED**<br>**PUBLIC VERSION**<br><br>Civil Action No. 06-251-GMS |

**PLAINTIFF U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 1:**

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER LITIGATION AND PATENT OFFICE PROCEEDINGS INVOLVING THE PATENT-IN-SUIT OR ITS FOREIGN COUNTERPARTS, OR KODAK'S LITIGATION REGARDING ANOTHER PATENT ALLEGEDLY RELATED TO THE JPEG STANDARD**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*U.S PHILLIPS CORPORATION*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008
188130.1

Plaintiff U.S. Philips Corporation ("Philips") moves *in limine* to preclude Eastman Kodak Company ("Kodak") from introducing into evidence or relying upon at trial: (1) Kodak's February 7, 2008, request for reexamination of U.S. Patent No. 5,901,075 ("the '075 patent"); (2) infringement actions involving foreign counterparts to the '075 patent or actions taken by foreign patent offices; (3) pending U.S. actions against other parties for infringement of the '075 patent; and (4) litigation to which Kodak was a party involving another U.S. patent allegedly related to the JPEG standard.

I.  **STATEMENT OF FACTS**

On February 7, 2008, twenty-two months after this lawsuit was filed and eleven weeks before trial, Kodak filed a request for reexamination of the '075 patent in the USPTO.

This is not the only lawsuit in which Philips is enforcing its patent rights. Philips sued three other defendants in two other U.S. district courts for infringement of the '075 patent. Further, Philips sued certain parties for infringing counterparts to the '075 patent in Germany, the Netherlands, and Korea. Kodak is a party to the German litigation.

Kodak also was a party to a lawsuit concerning a patent allegedly related to the JPEG standard.[1] In 2004, Compression Labs, Inc. ("CLI") sued over thirty defendants, including Kodak, alleging infringement of U.S. Patent No. 4,698,672 ("the '672 patent"). At issue was whether the '672 patent was infringed by products that use the JPEG standard.

**REDACTED**

---

[1] *In re Compression Labs, Inc. Patent Litigation*, No. 05-01654, a multi-district litigation in the U.S. District Court for the Northern District of California.

[2] Citations to exhibits refer to exhibits to Plaintiff's Appendix of Exhibits in Support of its Motions *In Limine*.

## II. RULES 401-403 PRECLUDE KODAK FROM REFERRING TO ITS REQUEST FOR REEXAMINATION

The USPTO has 90 days to decide whether to grant Kodak's February 7, 2008, request for reexamination of the '075 patent and, thus, may not act until the April 28, 2008, trial is over. *See* 35 U.S.C. 303. Until then, the parties and the Court will not know whether the USPTO believes Kodak has even raised "substantial new questions of patentability." *See id.* Telling the jury that the patent *may* be called into question by the USPTO will interfere with the jury's application of the legal presumption of validity and prejudice Philips. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

Further, even if the USPTO grants Kodak's request for reexamination prior to trial, "that grant is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). And only then will Philips have an opportunity to respond to Kodak's request and address the inconsistencies between Kodak's arguments for trial and in its reexam request. Moreover, the USPTO will not complete the reexam prior to trial.[3] Accordingly, the prejudicial potential of this evidence outweighs any probative value and evidence of Kodak's request for reexam should be excluded.

## III. RULES 401-403 PRECLUDE KODAK FROM REFERRING TO FOREIGN LITIGATION OR ACTIONS OF FOREIGN PATENT OFFICES

Philips also moves to exclude any evidence or argument referencing foreign proceedings involving foreign counterparts to the '075 patent and actions taken by foreign patent offices. Such evidence is irrelevant and unfairly prejudicial as it would confuse and mislead the jury.

---

3 An *ex parte* reexamination takes an average of twenty-four months. Ex. 5, *Ex Parte* Reexamination Filing Data, dated Dec. 31, 2007, at 2. Should the losing party appeal to the Federal Circuit, a decision would not be available for another ten months on average. Ex. 6, http://www.cafc.uscourts.gov/pdf/MedianDispTime(table)99-07.pdf (accessed 02/11/08).

2

Philips prosecuted and litigated foreign counterparts to the '075 patent in Korea, the Netherlands, and Germany. None of these foreign proceedings, however, has any relevance to Philips' infringement claims before this Court because foreign courts apply foreign, as opposed to U.S., patent laws and examine different claims than the ones at issue in this case.

Kodak ignores these differences and has made clear its intent to introduce evidence of foreign proceedings at trial. In its trial brief, for example, Kodak states that "Courts in Korea, Germany, and the Netherlands have agreed with Kodak's assessment [of the '075 patent], finding the '075 patent's foreign counterparts either not infringed by JPEG, invalid or unenforceable." Ex. 1, Kodak's Trial Brief at 8. Kodak has also included on its exhibit list: (1) a judgment from the Hague in the Netherlands regarding validity and infringement of European Patent EP 0 260 748 B1 (Ex. 7, DTX671-672); (2) a judgment from the Seoul Central District Court in Korea regarding LG's infringement of Korean Patent No. 118,698 (Ex. 7, DTX673-674); (3) an opinion from the Korean Intellectual Property Tribunal regarding the scope of the Korean patent's claim language (Ex. 7, DTX675-676); (4) an opinion of the Intellectual Property Tribunal regarding the validity of the Korean patent's claims (Ex. 7, DTX677-678); and (5) the verdict and opinion from the Federal Patent Court in Germany concerning LG's, Kodak's, and Pantech's challenge to European Patent EP 0 260 748 (Ex. 7, DTX679-680).

Aside from being irrelevant because of differences in law and claim language, such decisions would only serve to confuse the jury. Fed. R. Evid. 403. This Court has acknowledged that opinions of foreign tribunals carry with them "a certain imprimatur, which creates a substantial risk that the jury will give its conclusions undue deference." *PharmaStem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148 GMS, 2003 U.S. Dist. LEXIS 17137, *9 (D. Del. Sept. 30, 2003). Accordingly, this Court should not allow Kodak to refer at trial to foreign

3

litigation or proceedings in foreign patent offices.

### IV. RULES 401-403 PRECLUDE KODAK FROM REFERRING TO PENDING U.S. LITIGATION

Philips also moves to exclude any evidence or argument referencing pending lawsuits in which Philips has alleged infringement of the '075 patent. Philips sued Konica Minolta, LG, and Pantech for infringement in two U.S. courts.[4] Both lawsuits are pending and neither has relevance to Philips' infringement claims against Kodak. This case is the furthest along in its schedule; it is the only case in which the patent claims have been construed; and it will be the first to proceed to trial. No decisions or evidence from co-pending cases should be given evidentiary effect on disputed factual issues the jury in this case must resolve. *See Mendenhall v. Cedarapids*, 5 F.3d 1557, 1569-75 (Fed. Cir. 1993).

Aside from being irrelevant, such evidence would also unfairly prejudice Philips and confuse the jury. Fed. R. Evid. 403. In *Mendenhall*, the Federal Circuit affirmed a district court's refusal to admit evidence from other litigation involving the same patents because of its "undue tendency to suggest a decision on that basis . . . and the jury's tendency to follow [other courts'] decisions" without regard to differences in the evidence and defenses presented in each case. *Mendenhall*, 5 F.3d at 1566-67. The same concerns are present here and Kodak should not be allowed to refer to other pending litigation because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

---

[4] The two cases are *U.S. Philips Corporation v. Konica Minolta*, 06-cv-01402-BSJ-THK, pending in the Southern District of New York (Konica Minolta settled) and *U.S. Philips Corporation v. Pantech Wireless, Inc.*, Civ. No. 06-cv-04583-NS, pending in the Eastern District of Pennsylvania.

4

## V. RULES 401-403 PRECLUDE KODAK FROM REFERRING TO THE *CLI* LITIGATION OR SETTLEMENT

Kodak's litigation with CLI is even less relevant to this case than the litigations identified above since it has no relation at all to the '075 patent.

**REDACTED**

The settlement entered by Kodak was driven by CLI's infringement claims concerning the '672 patent, which is not at issue here. Because the *CLI* litigation and resulting settlement have nothing to do with the '075 patent, they have little probative value regarding damages for infringement of the '075 patent. In contrast, the record evidence in this case will include license agreements specific to the '075 patent, which are probative of damages.

For these reasons, evidence or argument related to the *CLI* litigation or the resulting settlement could only mislead and confuse the jury and should be excluded under Rule 403.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff*

5

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 11, 2008
188130.1