IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-00251-GMS<br><br>**REDACTED** |

### DEFENDANT EASTMAN KODAK COMPANY'S MOTION *IN LIMINE* NO. 2: MOTION TO EXCLUDE PATENT LICENSE AGREEMENTS [FILED UNDER SEAL]

Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") hereby submits this motion *in limine* to exclude any evidence or argument regarding certain of Plaintiff and Counterclaim Defendant U.S. Philips Corporation's ("Philips") U.S. Patent No. 4,901,075 (the "'075 patent") license agreements under Federal Rules of Evidence 408 and 403 on the grounds that each was entered into under the threat of future or pending litigation.

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Philips assertion of the '075 patent against the JPEG Standard has not been limited to just Kodak. Rather, beginning in 1999, Philips initiated an aggressive licensing campaign that has capitalized on JPEG's almost universal acceptance as the preeminent standard for digital still images. Since the JPEG Standard was first published in 1992, many companies like Kodak, have made significant investments in products that practice JPEG and by the time that Philips made its position regarding the '075 patent's purported applicability known, were locked into the standard. It is against this backdrop that Philips targeted numerous companies in the digital photography, personal computing and mobile telephone handset industries seeking royalties based on use of a standard that had been previously thought to be "open" and unencumbered by

1

patent claims. Faced with the prospect of protracted litigation, potential injunction and losing years of investment, many companies entered into license agreements with Philips. And other companies, including Kodak, LGE, Konica-Minolta and Pantech have been sued for patent infringement in the U.S. as well as other jurisdictions worldwide.

Since 2002, Philips has entered into a number of licensing agreements that it contends relate to the '075 patent—each involving the threat of future or pending litigation. Each falls within the scope of Federal Rule of Evidence 408 and any evidence relating to those agreements, as well as the agreements themselves, should be excluded. In addition, because these agreements were reached during a continuing threat of litigation any probative value they may have is substantially outweighed by potential prejudice and they should be excluded under Federal Rule of Evidence 403. Finally, so the protections of Rules 408 and 403 are not circumvented, the parties' expert witnesses should be precluded from making any reference to these agreements at trial.

## II.     PHILIPS' '075 PATENT LICENSES ARE INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 408

Federal Rule of Evidence 408 bars admissibility of negotiations or agreements entered into under the threat or probability of litigation. Fed. R. Evid. 408; *Pharmastem Theraputics, Inc. v. Viacell, Inc.*, No. C.A. 02-148 GMS, 2003 WL 22387038, at *2 (D. Del. Oct. 7, 2003). The Advisory Committee's Note to Rule 408 indicates two main grounds for the Rule: (1) "The evidence is irrelevant, since the offer may be motivated by a desire for peace than from any concession of weakness of position" and (2) "promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 Advisory Comm. Note. Application of Rule 408 is not restricted to only those parties involved in the agreement—Rule 408 applies to licensing agreements between patent holders and third parties *unrelated* to the lawsuit, so long as the settlements were negotiated under the threat or probability of litigation. *Pharmastem*, 2003 WL 22387038, at *2 (emphasis added); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa 2003).

Litigation need not have commenced for Rule 408 to apply. *See North Am. Biologicals, Inc. v. Illinois Employers Ins. of Wausau*, 931 F.2d 839, 841 (11th Cir. 1991) (finding letter written prior to suit excludable under Rule 408 as offer of settlement). A dispute for purposes of Rule 408 includes both litigation and less formal states of a dispute. *Pharmastem*, 2003 WL 22387038, at *3 (citations omitted). The court must look at the context in which the license agreement was reached to determine if litigation was threatened or probable for purposes of Rule 408. *Id.* at 2.

Here, the license agreements at issue[1] were entered into under the threat of probable or pending litigation. As discussed above, Philips' attempts to enforce the '075 patent against the JPEG Standard began after companies and entire industries were already deeply entrenched in the standard and had been for years. In almost every case, Philips sent a letter[2] indicating that the recipient was manufacturing or selling products that implement JPEG and that such activities were covered by Philips' patent rights.

**REDACTED**

With these letters, Philips in essence accused implementers of JPEG of patent infringement, making the prospect of litigation probable if a license was not taken. And so far, Philips has followed up with at least fourteen lawsuits worldwide[3] against four companies, including Kodak, that declined Philips' licensing demands. Based on these circumstances, these licenses should be excluded under Federal Rule of Evidence 408.

---

[1] A chart summarizing the relevant agreements is attached as Exhibit A. Kodak will provide copies of each agreement if requested by the Court. All exhibits cited herein are attached to the Declaration of Megan McCarthy in Support of Eastman Kodak Company's Motion in Limine #2, and will be referred to as "Ex._."

[2] Attached as Exhibit B are the referenced letters to the licensees identified in Exhibit A with the exception of             . Philips produced no correspondence related to the            agreements which are,                                    the '075 patent. And the         agreement, while involving the '075 patent and entered into to settle pending litigation, does not relate to JPEG.

[3] Attached as Exhibit C is a list the actions that Philips has filed in its efforts to assert the '075 patent, or its foreign counterparts, against implementers of JPEG.

3

In addition, Philips' agreements with                             were reached after Philips had initiated litigation and were in settlement of those lawsuits. Further, Philips' licenses with                             explicitly identify themselves as settlement agreements. And the additional underlying correspondence with

**REDACTED**

demonstrates that the agreements reached between these parties and Philips arose in the context of an ongoing dispute and settlement negotiations. *Pharmastem*, 2003 WL 22387038, at *3. Rule 408 bars admissibility of such agreements, as well as any underlying communications. Evidence and argument regarding these agreements should be excluded.

### III. PHILIPS' '075 PATENT LICENSES ARE INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 403

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Fed. R. Evid. 403. In *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126 (W.D. Mich. 1996), the court excluded settlement agreements under Rule 403 because the agreements were deemed "litigation settlements" and therefore not considered a fair basis for determining a reasonable royalty rate under the hypothetical negotiation scenario announced in *Georgia Pacific*. *Id.* at 1133-34. The rule is also applied to evidence of license agreements obtained under the threat of anticipated or continuing litigation to prove an established royalty rate. *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983) (offers to license made when "litigation was threatened or probable" should not be considered as evidence of an established royalty).

Each of the licenses identified in Exhibit A possess the characteristics which make them inherently unreliable as evidence of a reasonable royalty. The agreements were reached under the threat or probability of litigation. Factors such as the desire to avoid the expense and risks associated with trial undoubtedly influenced the underlying negotiations. Furthermore, the fact

that each licensee was already deeply invested in practicing the JPEG Standard and therefore could not feasibly abandon the technology in favor of an alternative reduces the agreements' probative value. Because the agreements are unreliable as evidence of established licenses and/or reasonable royalties and their introduction would likely mislead the jury, the Court should exclude all evidence of these agreements.

### IV. THE PARTIES' EXPERTS SHOULD BE PRECLUDED FROM RELYING ON PHILIPS' '075 PATENT LICENSES

Courts have "[declined] to eviscerate Rules 408 and 403" by admitting evidence of licensing efforts through the back door of Rule 703. *Alpex Computer Corp. v. Nintendo Co., Ltd.*, No. 86 Civ. 1749 (KMW), 1994 WL 139423 at 11 (S.D.N.Y. March 18, 1994) (vacated on other grounds by *Alpex Computer Corp. v. Nintendo Ltd.*, No. 6 civ 1749 (KMW), 1994 WK 381659 (S.D.N.Y. July 21, 1994); *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1270 (7th Cir. 1988) ("expert testimony is subject to rule 403's general bar on the admission of unduly prejudicial evidence"). And Rule 703 "should not be regarded as a general exception to otherwise applicable evidentiary limitations." *In re Crash Disaster at Sioux City, Iowa*, Nos. MDL-817, 89 C 8082, 1991 WL 279005, at *8 (N.D. Ill. Dec. 26, 1991). Therefore, an expert should not reveal to the jury the inadmissible factual basis of his opinion if the court has determined that the evidence should be excluded on other grounds. *Nachtsheim*, 847 F.2d at 1271. Thus, to the extent the Court excludes Philips' '075 patent licenses under Rules 408 or 403, the parties' expert witnesses should be precluded from referencing or otherwise relying on those agreements at trial.

### V. CONCLUSION

Each of Philips '075 patent licenses to practice JPEG were entered into under the threat or probability of litigation, are inherently unreliable, and are thus inadmissible under Federal Rules of Evidence 408 and 403. Kodak respectfully requests that the Court exclude all evidence and argument regarding the '075 patent license agreements listed in Exhibit A.

Dated: February 11, 2008

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

SD\1782743.1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 11, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-00251-GMS<br><br>**REDACTED** |

### [PROPOSED] ORDER GRANTING MOTION *IN LIMINE* NO. 2: MOTION TO EXCLUDE PATENT LICENSE AGREEMENTS

The Court, having considered Defendant's Motion *in Limine* No. 2, and for good cause appearing therefore, Defendant's Motion *in Limine* No. 2 to exclude all evidence and argument regarding certain of Philips' patent license agreements is GRANTED. All evidence and argument regarding the following Philips patent license agreements is excluded from presentation or consideration at trial:

| Licensee | Date | Bates Range |
|---|---|---|
| | | PH_PAN 0199926-0199934 |
| | | PH_PAN 0289480-0289492 |
| | | PHLPSKD_00079088-00079097 |
| | | PH_PAN 0206925-0206935 |
| **REDACTED** | | PH_PAN 0226221-0226229 |
| | | PHLPSKD_00079165-00079173 |
| | | PH_PAN 0197768-0197797 |
| | | PH_PAN 0176767-0176777 |
| | | PH_PAN 0199993-0200007 |

SD\1782787.1

| Licensee | Date | Bates Range |
|---|---|---|
| | | PHLPSKD_00079213-00079230 |
| | | PH_LG 0172778-0172784; PH_PAN 0176691-0176702 |
| | | PH_PAN 0281758-0281775 |
| | | PH_PAN 0206914-0206924 |
| | | PH_PAN 0202256-0202265 |
| REDACTED | | PH_PAN 0176811-PH_PAN 0176820 |
| | | PH_PAN 0190653-PH_PAN 0190660 |
| | | PH_PAN 0190661-0190670 |
| | | PH_PAN 0266122-0266131 |
| | | PH_PAN 0199935-0199947 |
| | | PH_PAN 0195912-0195924 |
| | | PHPSKD_00042369-00042380 |
| | | PH_PAN 0227986-0227997 |
| | | PH_PAN 0175231-0175244 |

SO ORDERED this _____ day of _____, 2008

_____
Chief Judge Gregory M. Sleet
United States District Court for the District of Delaware

SD\1782787.1