IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S ANSWER TO DEFENDANT EASTMAN KODAK COMPANY'S MOTION *IN LIMINE* NO. 3:**

**THE WIDCOM CONTEMPT ORDER BEARS ON THE CREDIBILITY OF KODAK'S WITNESSES AND IS NOT UNDULY PREJUDICIAL**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: February 25, 2008

## I.    INTRODUCTION

The Court should deny Defendant Eastman Kodak Company's ("Kodak") Motion *in Limine* No. 3, because the Contempt Order that Kodak seeks to exclude is material to the credibility of Kodak's fact witnesses for its primary invalidity defense.

The Contempt Order the state court issued in *Compression Labs, Inc. v. Widergren Communications, Inc.*, No. 476629 (Cal. Super. Ct. Feb 25, 1986)[1] against certain of Kodak's witnesses is material to the jury's weighing the credibility of their testimony.  Kodak intends to present evidence at trial regarding its main item of alleged prior art, a device manufactured by Widcom known as the VTC-56, to attempt to invalidate Philips' patent-in-suit.  (D.I. 166 at 1.)  Specifically, Kodak intends to call Stanley Fralick as a live witness and to offer the deposition testimony of Eric Hamilton and Andrew Tescher[2]—all former Widcom employees, whom the California court held in contempt for "willfully disobeying" an earlier Order.  (D.I. 167, Ex. A at 4-6.)  They are the fact witnesses Kodak must rely on to argue whether, how, and when the Widcom device operated.  The Contempt Order directly bears on the character of these former Widcom employees regarding truthfulness.

Kodak provides no evidence or case law support for its assertion that evidence of the Contempt Order would be unfairly prejudicial to it.  (D.I. 166 at 3-4.)  Furthermore, Kodak's argument that the Contempt Order would confuse or mislead the jury fails, because the Contempt Order only bears on the credibility of Widcom witnesses and not on other issues in this case.  Accordingly, the Court should deny Kodak's motion *in limine* under Fed. R. Evid. 402 and 403,

---

[1] D.I. 167, Ex. A.

[2] Exhibits 1 and 2 to this Motion are, respectively, Kodak's Witness List and excerpts from Kodak's Deposition Designations for Trial, both of which Kodak served as part of its Proposed Final Pretrial Order on February 7, 2008. Ex. 1 lists Stanley Fralick as a witness whom Kodak intends to call to testify live at trial.  Ex. 2 lists the deposition testimony of Stanley Fralick, Eric Hamilton, and Andrew Tescher that Kodak has designated for use at trial.

and allow Plaintiff U.S. Philips Corporation ("Philips") to use the Contempt Order to impeach the dubious credibility of these witnesses.

## II.    THE CONTEMPT ORDER IS RELEVANT BECAUSE IT BEARS ON THE CREDIBILITY OF KODAK'S MAIN FACT WITNESSES ON INVALIDITY

Widcom's VTC-56 device provides the core of Kodak's invalidity defenses.  Kodak's only expert witness on invalidity lists the VTC-56 as the first of three allegedly anticipatory references that Kodak asserts.[3]  One of the other two alleged prior art references Kodak relies on is a patent filed after the priority date to which the '075 patent is entitled, and the PTO considered that reference during the prosecution of the '075 patent.  (D.I. 173 at 3.)  The other alleged prior art reference is the inventor's own work and clearly was not a "publication" within the meaning of 35 USC § 102(b).  (D.I. 173 at 3-4.)  The Widcom VTC-56 thus appears to be Kodak's primary reference for its defense of invalidity.

Much of the relevant evidence concerning the VTC-56 can only be provided by live or deposition witness testimony, since other forms of admissible evidence are lacking or do not support Kodak's position.  Kodak's own expert witness on invalidity, Dr. Ebrahimi, cited the deposition testimony of Fralick and Hamilton to support many of his conclusions.  (Ex. 3.)  But when, as here, alleged third-party inventors testify that their invention anticipated the patentee's, the jury should be skeptical of such testimony.  *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998).  Because Kodak claims that Widcom's VTC-56 device anticipated the '075 patent and will attempt to describe it through the testimony of Fralick, Tescher, and Hamilton—former Widcom colleagues—the jury must examine their testimony with heightened scrutiny.  The lack of contemporaneous documentary evidence describing the

---

[3] *See* Exhibit B-1 of Expert Report of Dr. Ebrahimi on Invalidity, included in Exhibit 3 to this Motion.

relevant functionality of the VTC-56 indicates that these witnesses' testimony lacks support, and the Contempt Order further diminishes their credibility.

More specifically, the Contempt Order found Tescher, Fralick, and Hamilton in contempt for their "willful refusal to comply with [an earlier] Order" of the California state court. (D.I. 167, Ex. A at 4-6.) In addition to their aiding and abetting Widcom in entering several contracts in violation of the earlier Order, the court determined that Tescher, Fralick, and Hamilton contributed to or authored articles or made technical presentations that disclosed protected information belonging to a party in the state court case. Willfully disregarding a court order in this way is clearly probative of their character for truthfulness, which the jury should be allowed to consider.

The central role that these witnesses' testimony will play in Kodak's primary invalidity defense increases the need for the jury to scrutinize their testimony and to closely evaluate their credibility. It is disingenuous for Kodak to assert that the Contempt Order, which bears directly on the credibility of the main fact witnesses with respect to its primary invalidity defense, is not relevant.

## III.    PHILIPS' REFERENCE TO THE CONTEMPT ORDER DOES NOT RISK UNFAIR PREJUDICE OR CONFUSING OR MISLEADING THE JURY

Kodak has not provided a sufficient foundation to preclude this evidence under Rule 403, because there exists neither danger of unfair prejudice, confusion of the issues, or misleading the jury, nor any risk of waste of time, that would substantially outweigh the probative value of the Contempt Order in assessing the credibility of the Widcom witnesses.

Kodak argues that the Contempt Order "would almost assuredly prejudice Kodak's ability to present the VTC-56 as prior art to the '075 patent," but fails to provide any evidentiary or case law support for this conclusory statement. (D.I. 166 at 3.) "Unfair prejudice" in Rule

403 is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Rutland*, 372 F.3d 543, 543 (3d Cir. 2004) (quoting Advisory Committee Note to Fed. R. Evid. 403). But the Contempt Order shows that Fralick, Hamilton, and Tescher disregarded an Order from a California state court and bears on their credibility, which is a proper basis for the jury to decide whether to believe them now. *See United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir. 1986) (stating that evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case") (citation omitted).

Kodak's argument that the Contempt Order would mislead or confuse the jury is also unfounded. Kodak admits that the Contempt Order is from a "different lawsuit that is unrelated to the present case [and has] no bearing on whether the VTC-56 is prior art and how that device operates." (D.I. 166 at 3.) The jury thus will be able to distinguish Philips' narrow use of the Contempt Order from any technical arguments regarding operation of the VTC-56.

The Contempt Order also will not waste time, as Kodak wrongly suggests. It is directly material to the credibility of witnesses that Kodak intends to present and whose testimony must be carefully scrutinized. If Kodak finds it necessary to present additional evidence, it may do so.

Because no danger of unfair prejudice, confusion of the issues, or misleading the jury exists, and evidence of the Contempt Order will not waste time, Kodak has failed to meet its burden to show that these factors substantially outweigh the probative value of the Contempt Order. *See* Fed. R. Evid. 403.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny Kodak's Motion *in Limine* No. 3 and

allow Philips to advise the jury about the Contempt Order against Kodak's witnesses.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Dated: February 25, 2008
188582.1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EXHIBIT D2:**

**EASTMAN KODAK COMPANY'S WITNESS LIST**

Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") hereby

submits its witness list as of February 7, 2008. Kodak reserves the right to submit, as

appropriate, additions and/or revisions to its witness list as the pretrial and trial process evolves,

including meeting and conferring with Plaintiff U.S. Philips Corporation ("Philips") on

outstanding trial management issues and receiving the Court's rulings on matters such as the

parties' respective motions in limine. Kodak reserves the right to call any witnesses on Philips'

witness list and any other witnesses called by Philips. To the extent that Philips has not yet had

an opportunity to depose a potential witness and will not be provided with an opportunity to

depose such a witness, Kodak objects to Philips' inclusion of such witness(es) on its witness list.

Kodak reserves all objections under Fed. R. Civ. R. 32. Kodak also reserves the right to

introduce deposition testimony consistent with the deposition designations set forth in Exhibit

F2.

**Witnesses Who Will Be Called:**

1.   Dr. Touradj Ebrahimi, Bd de la Forêt 32, CH-1009 Pully, Switzerland

2.   Mr. Andrew R. Evenski, Eastman Kodak Company, 343 State Street, Rochester, NY 14650

3.   Dr. Stanley Fralick, 9220 Los Lagos Circle South, Granite Bay, CA 95746

4.   Dr. Joan Mitchell, Infoprint Solutions Co., 6300 Diagonal Hwy., Boulder, CO 80301

5.   Dr. Charles J. Neuhauser, 525 West Remington Drive, Suite 126, Sunnyvale, CA 94087

6.   Mr. Michael Nier, 22638 Rose Quartz Square, Ashburn, VA 20148

7.   Mr. Steve Sasson, Eastman Kodak Company, 343 State Street, Rochester, NY 14650

8.   Mr. Majid Rabbani, Eastman Kodak Company, 343 State Street, Rochester, NY 14650

9.   Mr. Robert Wallace, Brodshatzer, Wallace, Spoon & Yip, 555 W. Beech Street, Suite 400, San Diego, CA 92101


**Witnesses May Be Called:**

1.   Mr. Jan van der Meer, Philips Research Eindhoven, High Tech Campus 44, 5656 AE Eindhoven, The Netherlands

2.   Dr. Peter Vogel, Freesienweg 37, 41564 Kaarst, Germany

2

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>EASTMAN KODAK COMPANY, )<br><br>Defendant. ) | Civil Action No. 06-251 (GMS) |

## EXHIBIT F2:
## EASTMAN KODAK COMPANY'S DEPOSITION DESIGNATIONS FOR TRIAL

Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") hereby submits its initial designations of the depositions of certain witnesses as of February 7, 2008. Kodak reserves the right to use any and all of its initial deposition designations as counter-designations to Philips' initial designations or as reply designations to Philips' counter-designations. Kodak also reserves the right to submit designations of depositions of expert witnesses, as those depositions have either recently taken place, or have not taken place as of the time of this submission.

1

**EXCERPTS**

| Witness | Date | Kodak's Designated Testimony | Philips' Objections | Philips' Counter-Designations | Kodak's Objections | Kodak's Rebuttal Designations |
|---|---|---|---|---|---|---|
| Derounian cont. | | 30:24-31:23 | | | | |
| | | 36:3-15 | | | | |
| | | 39:4-40:5 | | | | |
| | | 42:8-43:7 | | | | |
| | | 43:25-44:8 | | | | |
| | | 44:14-20 | | | | |
| | | 45:4-46:15 | | | | |
| | | 61:13-62:16 | | | | |
| | | 67:7-68:19 | | | | |
| | | 68:23-69:4 | | | | |
| | | | | | | |
| Fralick, Stanley | 10/22/2007 | 5:8-11 | | | | |
| | | 6:16-21 | | | | |
| | | 9:22-10:13 | | | | |
| | | 10:19-12:7 | | | | |
| | | 13:11-14:14 | | | | |
| | | 15:14-20 | | | | |
| | | 16:2-20:21 | | | | |
| | | 23:4-32:22 | | | | |
| | | 33:6-9 | | | | |
| | | 34:1-13 | | | | |
| | | 39:1-21 | | | | |
| | | 45:15-20 | | | | |
| | | 47:12-49:4 | | | | |
| | | 51:20-53:2 | | | | |
| | | 56:8-16 | | | | |
| | | 58:21-59:1 | | | | |
| | | 59:7-17 | | | | |
| | | 62:1-9 | | | | |
| | | 62:17-20 | | | | |
| | | 64:4-12 | | | | |
| | | | | | | |
| Hamilton, Eric | 10/10/2007 | 7:22-8:3 | | | | |
| | | 10:7-11:7 | | | | |
| | | 12:22-13:8 | | | | |
| | | 16:4-14 | | | | |
| | | 16:21-17:1 | | | | |
| | | 17:4-10 | | | | |
| | | 17:15-18:10 | | | | |
| | | 18:19-20:11 | | | | |
| | | 20:21-21:12 | | | | |
| | | 21:17-20 | | | | |

| Witness | Date | Kodak's Designated Testimony | Philips' Objections | Philips' Counter-Designations | Kodak's Objections | Kodak's Rebuttal Designations |
|---|---|---|---|---|---|---|
| Hamilton cont. | | 23:7-8 | | | | |
| | | 23:14-22 | | | | |
| | | 25:5-26:11 | | | | |
| | | 27:18-28:3 | | | | |
| | | 28:22-29:8 | | | | |
| | | 29:16-21 | | | | |
| | | 33:14-34:6 | | | | |
| | | 34:16-19 | | | | |
| | | 35:3-6 | | | | |
| | | 35:10-11 | | | | |
| | | 42:6-18 | | | | |
| | | 45:4-47:16 | | | | |
| | | 48:1-21 | | | | |
| | | 49:9-50:5 | | | | |
| | | 50:22-51:6 | | | | |
| | | 51:19-52:11 | | | | |
| | | 55:11-56:4 | | | | |
| | | 56:10-57:4 | | | | |
| | | 57:12-58:19 | | | | |
| | | 59:18-60:4 | | | | |
| | | 61:15-21 | | | | |
| | | 62:1-8 | | | | |
| | | 63:6-9 | | | | |
| | | 63:15-64:4 | | | | |
| | | 65:22-66:20 | | | | |
| | | 67:14-69:20 | | | | |
| | | 70:2-6 | | | | |
| | | 70:15-18 | | | | |
| | | 71:12-74:5 | | | | |
| | | 77:20-82:16 | | | | |
| | | 84:11-18 | | | | |
| | | 87:6-88:3 | | | | |
| | | 88:21-89:22 | | | | |
| | | 90:7-17 | | | | |
| | | 92:11-93:2 | | | | |
| | | 93:21-94:7 | | | | |
| | | 94:15-95:15 | | | | |
| | | 96:16-97:13 | | | | |
| | | 97:20-98:2 | | | | |
| | | 98:14-99:8 | | | | |
| | | 99:12-15 | | | | |
| | | 100:3-16 | | | | |

| Witness | Date | Kodak's Designated Testimony | Philips' Objections | Philips' Counter-Designations | Kodak's Objections | Kodak's Rebuttal Designations |
|---|---|---|---|---|---|---|
| Hamilton cont. | | 106:10-19 | | | | |
| | | 107:4-12 | | | | |
| | | 113:3-11 | | | | |
| | | 114:9-14 | | | | |
| | | 114:21-115:10 | | | | |
| | | 117:18-118:4 | | | | |
| | | 131:14-21 | | | | |
| | | | | | | |
| Marion, Michael | 10/23/07 | 5:2-8 | | | | |
| | | 5:13-17 | | | | |
| | | 12:16-13:2 | | | | |
| | | 13:6-23 | | | | |
| | | 14:17-19 | | | | |
| | | 14:21-23 | | | | |
| | | 15:20-21 | | | | |
| | | 15:23-16:5 | | | | |
| | | 16:8-23 | | | | |
| | | 19:7-21:7 | | | | |
| | | 21:9-15 | | | | |
| | | 21:17-23:12 | | | | |
| | | 23:14-19 | | | | |
| | | 23:21 | | | | |
| | | 24:8-10 | | | | |
| | | 24:15-16 | | | | |
| | | 24:19-23 | | | | |
| | | 25:1-3 | | | | |
| | | 25:6-7 | | | | |
| | | 25:9 | | | | |
| | | 25:11-26:6 | | | | |
| | | 27:14-18 | | | | |
| | | 27:21 | | | | |
| | | 27:23-28:23 | | | | |
| | | 28:25-29:7 | | | | |
| | | 29:12-23 | | | | |
| | | 29:25-30:1 | | | | |
| | | 33:23-34:4 | | | | |
| | | 34:7-9 | | | | |
| | | 34:18-35:7 | | | | |
| | | 35:10-15 | | | | |
| | | 35:19 | | | | |
| | | 36:10-12 | | | | |
| | | 36:14-37:1 | | | | |

| Witness | Date | Kodak's Designated Testimony | Philips' Objections | Philips' Counter-Designations | Kodak's Objections | Kodak's Rebuttal Designations |
|---|---|---|---|---|---|---|
| Speidel cont. | | 48:7-49:1 | | | | |
| | | 49:13-51:6 | | | | |
| | | 51:10-18 | | | | |
| | | 52:6-11 | | | | |
| | | 52:16-53:4 | | | | |
| | | 54:16-55:22 | | | | |
| | | 56:14-57:3 | | | | |
| | | 57:20-58:1 | | | | |
| | | 58:10-59:14 | | | | |
| | | 60:19-61:15 | | | | |
| | | 62:1-14 | | | | |
| | | 63:14-16 | | | | |
| | | 63:19-64:2 | | | | |
| | | 64:14-65:1 | | | | |
| | | 65:5-14 | | | | |
| | | 65:18-25 | | | | |
| | | 66:1-10 | | | | |
| | | 66:19-22 | | | | |
| | | 66:25-67:4 | | | | |
| | | 83:25-84:18 | | | | |
| | | 86:14-25 | | | | |
| | | 87:13-19 | | | | |
| | | | | | | |
| Tescher, Andrew | 10/5/2007 | 7:1-4 | | | | |
| | | 7:21-8:16 | | | | |
| | | 10:15-11:3 | | | | |
| | | 11:12-19 | | | | |
| | | 12:19-13:16 | | | | |
| | | 14:2-3 | | | | |
| | | 14:10-18 | | | | |
| | | 17:15-18:4 | | | | |
| | | 30:21-31:3 | | | | |
| | | 31:7-18 | | | | |
| | | 32:3-4 | | | | |
| | | 33:10-34:20 | | | | |
| | | 35:4-7 | | | | |
| | | 35:14-17 | | | | |
| | | 37:13-14 | | | | |
| | | 37:16-38:7 | | | | |
| | | 38:19-39:9 | | | | |
| | | 48:1-6 | | | | |
| | | 49:7-18 | | | | |

| Witness | Date | Kodak's Designated Testimony | Philips' Objections | Philips' Counter-Designations | Kodak's Objections | Kodak's Rebuttal Designations |
|---|---|---|---|---|---|---|
| Tescher cont. | | 49:21-52:1 | | | | |
| | | 52:6-53:7 | | | | |
| | | 53:9-11 | | | | |
| | | 54:12-57:3 | | | | |
| | | 58:3-59:3 | | | | |
| | | 59:18-60:18 | | | | |
| | | 60:22-61:10 | | | | |
| | | 61:17-62:11 | | | | |
| | | 62:16-18 | | | | |
| | | 63:12-66:14 | | | | |
| | | 68:18-21 | | | | |
| | | 69:4-8 | | | | |
| | | 69:13-19 | | | | |
| | | 70:2-11 | | | | |
| | | 72:1-3 | | | | |
| | | 72:7-13 | | | | |
| | | 73:1-8 | | | | |
| | | 73:16-74:10 | | | | |
| | | 75:17-77:3 | | | | |
| | | 77:12-78:20 | | | | |
| | | 82:11-83:17 | | | | |
| | | 84:9-85:7 | | | | |
| | | 92:5-13 | | | | |
| | | 94:15-95:11 | | | | |
| | | 115:2-10 | | | . | . |
| | | 115:14-116:19 | | | | |
| | | | | | | |
| Turner, Simon | 9/28/07 | 5:20-23 | | | | |
| | | 6:1-11 | | | | |
| | | 8:14-23 | | | | |
| | | 9:2-5 | | | | |
| | | 9:11-19 | | | | |
| | | 10:4-14 | | | | |
| | | 10:20-23 | | | | |
| | | 11:13-17 | | | | |
| | | 12:15-24 | | | | |
| | | 14:9-24 | | | | |
| | | 15:16-16:10 | | | | |
| | | 17:1-18:3 | | | | |
| | | 18:7-12 | | | | |
| | | 20:15-21:3 | | | | |
| | | 22:23-23:19 | | | | |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-00251-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EXPERT REPORT OF DR. TOURADJ EBRAHIMI FOR U.S. PATENT NO. 4,901,075**

**ON INVALIDITY**

EXCERPTS

## VII.    INVALIDITY

### A.    Anticipatory Prior Art Under Kodak's Constructions

40.     It is my opinion that the prior art listed in this section below anticipates one or more of the Asserted Claims under Kodak's claim constructions for the reasons set forth below.

#### 1.    Widcom VTC-56

41.     It is my opinion that the Widcom VTC-56 codec anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of the Widcom VTC-56 codec under Kodak's constructions are set forth in Appendix B, Exhibit 1.

#### 2.    U.S. Patent No. 4,698,672 to Chen et al.

42.     It is my opinion that U.S. Patent No. 4,698,672 to Chen et al. anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of U.S. Patent No. 4,698,672 to Chen et al. under Kodak's constructions are set forth in Appendix B, Exhibit 2.

#### 3.    "Block Coding Using a Two-Dimensional Run-Length Table" Paper published to the COST 211bis Simulation Subgroup

43.     It is my opinion that the "Block Coding Using a Two-Dimensional Run-Length Table" Paper anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of the "Block Coding Using a Two-Dimensional Run-Length Table" Paper under Kodak's constructions are set forth in Appendix B, Exhibit 3.

### B.    Anticipatory Prior Art Under Philips' Constructions

44.     It is my opinion that the prior art listed in this section below anticipates one or more of the Asserted Claims under Philips' claim constructions for the reasons set forth below.

# EXHIBIT B-1

EXHIBIT B-1

**Invalidity Chart For Widcom VTC-56**

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| 3. In a method of coding a signal comprising a sequence of coefficients which results after a blockwise transform of pixels of a video signal with subsequent quantization, for transmission at a reduced bit rate, said signal comprising a plurality of zero coefficients, and a plurality of non-zero coefficients said method comprising the steps of: | Prior to the end of 1985, Kodak developed a video conferencing center that included a video conference room at the State Street Kodak office and a video conference room at Kodak Park Building 205. Each of the video conference rooms had a Widcom VTC-56 codec. *See KODAK_015739 – KODAK_015743. See also Final Transcript of Deposition of Robert Derounian taken on September 14, 2007 ("Derounian Tr.") at 13:7 – 15:17 and 21:22-24, 23:20- 24:24, 30:25- 31_23, 34:17- 36:15 and Exhibits 4-8.* The Widcom VTC-56 codecs were purchased by Kodak prior to the end of 1985. *See Derounian Tr. at 24:25 – 25:11 and 26:21 – 27:15 and WIDCOM 001550 and WIDCOM 001551.* Mr. Derounian trained more than 100 people to use the Widcom VTC-56 (and in fact the Widcom VTC-56 was used during each training) and was present during each training. *See Derounian Tr. at 27:19 – 30:24.* The Widcom VTC-56 codec was used for two-way video conferencing more than 100 times. *See Derounian Tr. at 44:16-20.* |
| | In total, more than 100 Widcom VTC-56 codec were sold and the sales occurred prior to the end of January 1986. *See WIDCOM 001550 and WIDCOM 001551. See also Final Transcript of Deposition of Shrikant Acharya taken on October 30, 2007 ("Acharya Tr.") at 28:7-15. See also Final Transcript of Deposition of Stanley Fralick taken on October 22, 2007 ("Fralick Tr.") at 31:7 – 32:22.* |
| | The Widcom VTC-56 is a video codec that has the boards shown in the diagram reproduced below. *See "Codec Squeezes Color Teleconferencing Through Digital Telephone Lines", J Anderson et al., Electronics, January 26, 1984, pp. 113-115 at KODAK_051224 – KODAK_051226 ("Widcom 1984 Article") at pg. 115.* |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| |  |

The boards include a cosine transform board and a coder board. The VTC-56 divides each frame of video signal into 8X8 blocks of pixels that are then cosine transformed. In particular, the cosine transform board performs a cosine transform that generates an array of transform coefficients that contains a DC coefficient and 63 AC coefficients with many zero-valued AC coefficients. *See Widcom 1984 Article, pg. 114. See Widcom 1984 Article, pg. 114.* See also *Expert Report of Charles Neuhauser, Ph.D. ("Neuhauser Expert Report") at 2 and Exhibit H.* The coefficients in the array of transform coefficients are quantized and coded. *See Widcom VTC-56 machine. See also Neuhauser Expert Report at 17 and 19 and Exhibit AA.*

The operation and coding of the Widcom VTC-56 machine was simulated using software written in Fortran and the Fortran software performed the same coding as the Widcom VTC-56 machine. *See Acharya Tr. at 40:17-22 and WIDCOM 003705 – WIDCOM 003712. See Acharya Tr. at 41:9 – 49:10.*

The Widcom VTC-56 performs bandwidth compression (on color video signals) at ratios of up to 1,440:1 which is sufficient to transmit color-TV signals through a telephone

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | line. *See Widcom 1984 Article, pg. 113.* The cosine transform coding for the pixel-to-pixel decorrelation (performed by the cosine transform and coder board) result in a 6:1 compression ratio (*See Widcom 1984 Article, pg. 113, table*) of the color-TV signals (converting into quantized coefficient values which are the sequence of signal values.) The bandwidth compression causes a bitrate reduction of the sequence of signal values.<br><br>Based on the above, it is my opinion that the VTC-56 machine performs a method of coding a signal that has a sequence of coefficients which results after a blockwise transform of pixels of a video signal with subsequent quantization, for transmission at a reduced bit rate. |
| (a) deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient, and | The VTC-56 derives from the transformed and quantized video signals, a series of events that are made up of runs of zero AC coefficients followed by an AC coefficient having an absolute value of one (RL1) and runs of zero AC coefficients followed by an AC coefficient having an absolute value greater than one (RL0). *See VTC-56B Coder Theory of Operation by Widcom, Inc. (KODAK_079513 – KODAK_079570) ("VTC-56B Coder Theory of Operation") at KODAK_079517. See Fralick Tr. at 52:3 - 53:2. See also Widcom VTC-56 machine.* These events are then encoded with a code word wherein more frequently occurring values are represented by short code words and less frequently occurring values are represented by longer code words. *See Widcom 1984 Article at pg. 114.* In the VTC-56, the codewords are selected from several different tables based on the entropy of the image being encoded. In particular, there are six different tables that are used to code the AC coefficients wherein each table is optimized for a particular entropy level of the image to be coded. The table is selected based on a calculation of a standard deviation of the computed transform coefficients. *See VTC-56B Coder Theory of Operation at KODAK_079516.* See also *Final Transcript of Deposition of Eric Hamilton taken on October 10, 2007 ("Hamilton Tr.") at 90:7- 93:20. See also Widcom VTC-56 machine.*<br><br>Based on the above, it is my opinion that the VTC-56 machine derives, from the video signal, a plurality of events each comprising a run of said zero-coefficients |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | having a respective run length and preceded or followed by at least one non-zero coefficient. |
| (b) for each of said events, determining said respective run length and assigning a code word to represent said non-zero coefficient and said run length. | In the VTC-56, each event that includes a run of zero AC coefficients followed by an AC coefficient having an absolute value of one (RL1) are assigned a single Huffman code word to represent the event. *See Widcom 1984 Article at pg. 114. See also Hamilton Tr. at 87:13 – 100:16. See also Widcom VTC-56 machine.* |
| | The hardware of the VTC-56 machine produces such single Huffman code when coding typical video signals as demonstrated by the simulation of the VTC-56 hardware done by Dr. Neuhauser. *See Neuhauser Expert Report at 16, 18 and 19 and Exhibits AB and AC.* |
| | The AC coefficients in the array of quantized transform coefficients are encoded in which runs of zero AC coefficients followed by a non-zero AC coefficient are encoded. In the VTC-56, runs are zero valued AC coefficients are encoded: |
| | *"Because there are so many zero-valued coefficients, the final code is further compressed by coding run lengths instead of transmitting long runs of 0 bits."* See Widcom 1984 Article, p. 114. |
| | Based on the above, it is my opinion that the VTC-56 machine determines, for each event the respective run length and assigns a code word to represent said non-zero coefficient and said run length. |
| 4. The method of claim 3, wherein said code words are Huffman code words. | The code words are Huffman codewords. In the VTC-56, the Huffman codeword is selected from several different tables based on the entropy of the image being encoded. In particular, there are six different tables that are used to code the AC coefficients wherein each table is optimized for a particular entropy level of the image to be coded. The table is selected based on a calculation of a standard deviation of the computed transform coefficients. *See Hamilton Tr. at 90:7- 93:20 and Acharya Tr. at 37:7-15. See also Widcom VTC-56 machine. See Widcom 1984* |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | *Article at pg. 114.* |
| | |
| 7. A method as claimed in claim 4, characterized in that the Huffman codeword is independent of the sign of that non-zero coefficient which succeeds or precedes the run of zero-coefficients and in that the sign is coded by a separate bit. | The VTC-56 codes the AC coefficient magnitudes with the Huffman code words above so that the Huffman codewords are independent of the sign of that coefficient. The coder board then sends the sign separately from the code for the AC coefficient magnitude. *See VTC-56B Coder Theory of Operation at KODAK_079516. See also Widcom VTC-56 machine. See Neuhauser Expert Report at 18-19 and Exhibits AB and AC.* |
| | |
| 8. A method for coding a signal for transmission at a reduced bandwidth, comprising the steps of: | Prior to the end of 1985, Kodak developed a video conferencing center that included a video conference room at the State Street Kodak office and a video conference room at Kodak Park Building 205. Each of the video conference rooms had a Widcom VTC-56 codec. *See KODAK_015739 – KODAK_015743. See also Final Transcript of Deposition of Robert Derounian taken on September 14, 2007 ("Derounian Tr.") at 13:7 – 15:17 and 21:22-24, 23:20- 24:24, 30:25- 31_23, 34:17- 36:15 and Exhibits 4-8.* The Widcom VTC-56 codecs were purchased by Kodak prior to the end of 1985. *See Derounian Tr. at 24:25 – 25:11 and 26:21 – 27:15 and WIDCOM 001550 and WIDCOM 001551.* Mr. Derounian trained more than 100 people to use the Widcom VTC-56 (and in fact the Widcom VTC-56 was used during each training) and was present during each training. *See Derounian Tr. at 27:19 – 30:24.* The Widcom VTC-56 codec was used for two-way video conferencing more than 100 times. *See Derounian Tr. at 44:16-20.* In total, more than 100 Widcom VTC-56 codec were sold and the sales occurred prior to the end of January 1986. *See WIDCOM 001550 and WIDCOM 001551. See also Final Transcript of Deposition of Shrikant Acharya taken on October 30, 2007 ("Acharya Tr.") at 28:7-15. See also Final Transcript of Deposition of Stanley Fralick taken on October* |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | *22, 2007 ("Fralick Tr.") at 31:7 – 32:22.* |

The Widcom VTC-56 is a video codec that has the boards shown in the diagram reproduced below. *See "Codec Squeezes Color Teleconferencing Through Digital Telephone Lines", J Anderson et al., Electronics, January 26, 1984, pp. 113-115 at KODAK_051224 – KODAK_051226 ("Widcom 1984 Article") at pg. 115.*



The boards include a cosine transform board and a coder board. The VTC-56 divides each frame of video signal into 8X8 blocks of pixels that are then cosine transformed. In particular, the cosine transform board performs a cosine transform that generates an array of transform coefficients that contains a DC coefficient and 63 AC coefficients with many zero-valued AC coefficients. *See Neuhauser Expert Report at 2 and Exhibit H.* The coefficients in the array of transform coefficients are quantized and coded. *See also Widcom VTC-56 machine. See Neuhauser Expert Report at 17 and 19 and Exhibit AA.*

The operation and coding of the Widcom VTC-56 machine was simulated using software written in Fortran and the Fortran software

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | performed the same coding as the Widcom VTC-56 machine. *See Acharya Tr. at 40:17-22 and WIDCOM 003705 – WIDCOM 003712. See Acharya Tr. at 41:9 – 49:10.* |
| | The Widcom VTC-56 performs bandwidth compression (on color video signals) at ratios of up to 1,440:1 which is sufficient to transmit color-TV signals through a telephone line. *See Widcom 1984 Article, pg. 113.* The cosine transform coding for the pixel-to-pixel decorrelation (performed by the cosine transform and coder board) result in a 6:1 compression ratio (*See Widcom 1984 Article, pg. 113, table*) of the color-TV signals (converting into quantized coefficient values which are the sequence of signal values.) The bandwidth compression causes a bitrate reduction of the sequence of signal values. |
| | Based on the above, it is my opinion that the VTC-56 machine performs a method of coding a signal for transmission at a reduced bandwidth. |
| (a) transforming said signal into a sequence comprising zero coefficients occurring in runs and non-zero coefficients; | The boards of the VTC-56 include a cosine transform board. The VTC-56 divides each frame into 8X8 blocks of pixels that are then cosine transformed. In particular, the cosine transform board performs a cosine transform that generates an array of transform coefficients that contains a DC coefficient and 63 AC coefficients with many zero-valued AC coefficients. *See Widcom 1984 Article, pg. 114.* See also Widcom VTC-56 machine. |
| | Based on the above, it is my opinion that the VTC-56 machine transforms the video signal into a sequence of zero coefficients occurring in runs and non-zero coefficients. |
| (b) deriving from said sequence, a plurality of events each comprised of a run of zero coefficients having a respective run length, which is preceded or followed by at least one non-zero coefficient, and | The VTC-56 derives from the transformed and quantized video signals, a series of events that are made up of runs of zero AC coefficients followed by an AC coefficient having an absolute value of one (RL1) and runs of zero AC coefficients followed by an AC coefficient having an absolute value greater than one (RL0). *See VTC-56B Coder Theory of Operation by Widcom, Inc. (KODAK_079513 – KODAK_079570) ("VTC-56B Coder Theory of Operation") at KODAK_079517. See Fralick Tr. at 52:3 - 53:2.* See also Widcom VTC-56 machine. |
| | Based on the above, it is my opinion that the VTC-56 |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
| | machine derives, from the video signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient. |
| (c) for each of said events, determining the run length and assigning a code word to represent said run length and said non-zero coefficient. | These events are then encoded with a code word wherein more frequently occurring values are represented by short code words and less frequently occurring values are represented by longer code words. *See Widcom 1984 Article at pg. 114.* In the VTC-56, the codewords are selected from several different tables based on the entropy of the image being encoded. In particular, there are six different tables that are used to code the AC coefficients wherein each table is optimized for a particular entropy level of the image to be coded. The table is selected based on a calculation of a standard deviation of the computed transform coefficients. *See VTC-56B Coder Theory of Operation at KODAK_079516.* See also *Final Transcript of Deposition of Eric Hamilton taken on October 10, 2007 ("Hamilton Tr.") at 90:7- 93:20. See also Widcom VTC-56 machine.*<br><br>In the VTC-56, each event that includes a run of zero AC coefficients followed by an AC coefficient having an absolute value of one (RL1) are assigned a single Huffman code word to represent the event. *See Widcom 1984 Article at pg. 114. See also Hamilton Tr. at 87:13 – 100:16. See also Widcom VTC-56 machine.*<br><br>The hardware of the VTC-56 machine produces such single Huffman code when coding typical video signals as demonstrated by the simulation of the VTC-56 hardware done by Dr. Neuhauser. *See Neuhauser Expert Report at 16, 18 and 19 and Exhibits AB and AC.*<br><br>The AC coefficients in the array of quantized transform coefficients are encoded in which runs of zero AC coefficients followed by a non-zero AC coefficient are encoded. In the VTC-56, runs are zero valued AC coefficients are encoded:<br><br>*"Because there are so many zero-valued coefficients, the final code is further compressed by* |

| US 4,901,075 CLAIM ELEMENTS | Widcom VTC-56 |
|---|---|
|  | *coding run lengths instead of transmitting long runs of 0 bits."* *See Widcom 1984 Article, p. 114.*<br><br>Based on the above, it is my opinion that the VTC-56 machine determines, for each event the respective run length and assigns a code word to represent said non-zero coefficient and said run length. |