IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-00251-GMS |
| v. | ) |
| | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |
_____ )


**DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO PLAINTIFF U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF OTHER LITIGATION AND PATENT OFFICE PROCEEDINGS**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

Willful infringement is a serious charge and carries with it significant potential consequences. *See* 35 U.S.C. §§ 284, 285. Facing that charge, Kodak should not be hamstrung in its defense. But Philips' motion to exclude evidence of the '075 patent reexamination would do precisely that. Under the Federal Circuit's new standard for willful infringement, the key inquiry is whether Kodak acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Because the PTO only grants a request for reexamination where there is a substantial new question of patentability raised by the prior art, evidence of reexamination would undermine Philips' claim that Kodak has willfully infringed the '075 patent. The Court should deny Philips' motion.

For the same reason, the Court should deny Philips' motion to exclude evidence regarding Philips' unsuccessful efforts to enforce the '075 patent's foreign counterparts. During the last year, courts in Korea, Germany and the Netherlands have rejected Philips' attempts to sue Kodak and other third parties for infringement of the '075 patent's foreign counterparts. The bases for those rejections are the same defenses Kodak is asserting in this action. Philips' unsuccessful litigation regarding the '075 patent's foreign counterparts is relevant to whether there is an objectively high likelihood that the '075 patent is valid, infringed and enforceable.

II.     **EVIDENCE OF KODAK'S REEXAMINATION REQUEST IS RELEVANT TO WILLFUL INFRINGEMENT**

Kodak has filed a petition requesting reexamination of each of the asserted claims of the '075 patent. Although the PTO has not yet ruled on Kodak's request, the PTO's decision on Kodak's request for reexamination is directly relevant to the issue of willful infringement—an issue Philips chose to inject into this case. Under the Federal Circuit's new standard for willfulness, Philips "must show by clear and convincing evidence that [Kodak] acted despite an

objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*.

The PTO's decision regarding Kodak's petition for reexamination is highly relevant to whether Kodak acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Because the USPTO only grants reexamination where there is a "substantial new question of patentability," 35 U.S.C. § 303(a), granting Kodak's request for reexamination of the '075 patent would cast a significant shadow over Philips' claim that there was an "objectively high likelihood" that the '075 patent is valid. Indeed, it is difficult to imagine a more objective indicator of the reasonableness of Kodak's position that the '075 patent is invalid than a finding by the PTO that there is a "substantial new question of patentability." At a minimum, the PTO's decision on reexamination is substantial evidence that the issue of validity is close, which is one of the factors that may be considered in a willful infringement analysis. *See In re Seagate*, 497 F.3d at 1374 ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct.").

Philips' argument that the Court should exclude evidence of reexamination because "the grant is not probative of unpatentability" is a straw man. (Philips' Motion *in limine* No. 1; D.I. 171 at 2 (citing *Hoechst Celanese Corp. v. BP Chemicals Limited*, 78 F.3d 1575, 1584 (Fed. Cir. 1996)). Kodak does not intend to argue that evidence of reexamination is relevant to the underlying issue of invalidity. Rather, Kodak's request for reexamination is directly relevant to the issue of willful infringement—an issue Philips ignores altogether in its motion. Indeed, the

2

authority cited by Philips supports Kodak's position. In *Hoechst*, while the Federal Circuit found that reexamination was not sufficient to support granting JMOL of no willful infringement because the totality of the circumstances supported the jury's willfulness verdict, the Federal Circuit did take into consideration the USPTO's grant of a reexamination request. *Hoechst*, 78 F.3d at 1584. This undermines Philips' argument that the same evidence should be excluded in this case. *Id.* As in *Hoechst*, it should be left to the jury to determine what weight to grant that evidence. *See also Arthrocare Corp. v. Smith & Nephew, Inc.,* 2003 WL 1905636 at *1 (D. Del. 2003) (denying motion in limine to exclude evidence of patent reexamination).

Philips' argument that evidence of reexamination should be excluded under Rule 403 is likewise meritless. Although Philips vaguely refers to an alleged "prejudicial potential" (D.I. 171 at 2) of reexamination evidence, Philips fails to explain how this evidence is unfairly prejudicial. Evidence is not excluded under Rule 403 simply because it undermines a party's claim. *See, e.g., Daigle v. Maine Medical Center, Inc.* 14 F.3d 684, 690-91 (1st Cir. 1994) ("All evidence is meant to be prejudicial…. The element that triggers a need to exclude evidence under Rule 403 is not prejudice, but *unfair* prejudice."). To the extent Philips believes evidence of reexamination may "interfere with the jury's application of the legal presumption of validity" (D.I. 171 at 2), that concern should be addressed with jury instructions, not by excluding relevant evidence on the separate issue of willful infringement.

### III. EVIDENCE OF PHILIPS' FAILED EFFORTS TO ASSERT THE '075 PATENT'S FOREIGN COUNTERPARTS IS RELEVANT TO WILLFUL INFRINGEMENT

At the same time Philips filed this lawsuit asserting the '075 patent, Philips also attempted to enforce the '075 patent's foreign counterparts in Korea, Germany, and the Netherlands. Although Philips' motion glosses over the results of those cases, Philips' efforts to enforce the '075 patent's foreign counterparts have resoundingly failed:

3

- In June 2007, a judgment from the Hague in the Netherlands found Philips' foreign counterpart to the '075 patent unenforceable in litigation against LG Electronics due to Philips' misconduct in the JPEG standards-setting organizations. "…Philips did participate in the study groups of the CCITT and ISO in which the JPEG standard was established and furthermore that the nature of this participation was such that it resulted in an obligation for Philips to disclose Vogel." (Ex. A[1].)

- In June 2007, a German court found Philips' EU counterpart to the '075 patent "null and void in its entirety effective for the Federal Republic of Germany" in patent nullity proceedings filed by Kodak and LG against Philips. (Ex. B.)

- In February 2007, the Seoul Central District Court issued a judgment in litigation between Philips and LG finding that LG did not infringe Philips' Korean counterpart to the '075 patent by selling products that implement the JPEG standard. (Ex. C.)

Philips' unsuccessful attempts to enforce the foreign counterparts to the '075 patent are relevant to the issue of willful infringement. These foreign judgments against Philips based on the same defenses Kodak will present at trial in this case—noninfringement, invalidity, and unenforceability based on Philips' standards-setting misconduct—are relevant to whether there is an "objectively high likelihood" that the '075 patent is infringed, valid and enforceable. Although Philips dismisses the results in the foreign cases because of purported "differences in claim language" (D.I. 171 at 3), Philips' argument is contrary to its own statements to the Korean patent office. During prosecution of the Korean application, Philips amended its application and "replaced its claims with the claims indicated in the US Patent 4,901,075, which is issued US

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll in Support of Eastman Kodak Company's Opposition to Philips' Motion *in limine* No. 1 and will be referred to as "Ex_."

4

patent that corresponds to the present application…." (Ex. D.) The Korean court's finding that nearly identical claims to those in the '075 patent do not infringe the accused JPEG standard is relevant to whether there is an "objectively high likelihood" that, in this case, the same JPEG standard infringes the '075 patent.[2] Similarly, Philips' argument that the judgments should be excluded under Rule 403 falls short. Although Philips claims the judgments will result in jury confusion and prejudice, "confusion and unfair prejudice can be prevented through appropriate instructions and by appropriate questioning by counsel." *Donnelly Corp. v. Gentex Corp.,* 918 F. Supp. 1126, 1134 (W.D. Mich. 1996). So it is here. The Court should deny Philips' motion.

### IV.   KODAK AGREES THAT EVIDENCE REGARDING SETTLEMENTS OF ACTUAL OR THREATENED LITIGATION SHOULD BE EXCLUDED

Kodak does not oppose Philips' motion to exclude evidence regarding pending U.S. litigation and Kodak's settlement agreement in the *CLI* litigation. However, the same basis for Philips' motion to exclude evidence of the *CLI* litigation settlement compels exclusion of all agreements to settle lawsuits or threatened litigation. Philips has indicated it will attempt to introduce evidence at trial regarding a number of agreements arising out of actual or threatened litigation in an effort to convince the jury of the value of the '075 patent. But Philips' motion is directed to only the litigation settlement with a value that Philips views as unfavorable. Philips cannot have it both ways. If the Court excludes certain settlement agreements under Rule 408, the Court should also exclude Philips' agreements arising out of actual or threatened litigation for the same reason. (*See* Kodak's Motion *in limine* No. 2; D.I. 164.)

---

[2] Philips' reliance on *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 2003 WL 22244704 (D. Del. Sept. 20, 2003) is misplaced. *Pharmastem* was decided before the Federal Circuit's decision in *Seagate* articulating a new, objective standard for willful infringement.

5

Dated: February 25, 2008

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001


/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)