IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)     Civil Action No. 06-251 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF NICOLE WYLL IN SUPPORT OF DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO PHILIPS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION AND PATENT OFFICE PROCEEDINGS

I, Nicole Wyll, declare as follows:

1.      I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter.  Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of selected pages from a certified translation of the June 11, 2007 judgment from the Court of 'S-Gravenhage in the case of LG Electronics Benelux Sales B.V. v. Koninklijke Philips Electronics N.V.

3.      Attached hereto as Exhibit B is a true and correct copy of selected pages from a certified translation of the June 5, 2007 judgment from the Federal Patent Court of Germany in the patent nullity claim brought by LG Electronics Deutschland GmbH and Kodak GmbH against Philips Intellectual Property & Standards GmbH.

4.      Attached hereto as Exhibit C is a true and correct copy of selected pages from a certified translation of the February 7, 2007 judgment from the Seoul Central District Court in the matter of Koninklijke Philips Electronics N.V. v. LG Electronics.

5.      Attached hereto as Exhibit D is a true and correct copy of page 89 from a certified translation of the prosecution history of Korean Patent No. 118698.


I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated February 25, 2008, in San Diego, California.


Nicole Wyll

# EXHIBIT A

# Judgment

**COURT OF 'S-GRAVENHAGE**

Department of Civil Law

case number / list number: 287026 / KG ZA 07-528

**Judgment in summary proceedings of June 11, 2007**

in the case of

the private limited company
**LG ELECTRONICS BENELUX SALES B.V.,**
located in Almere,
plaintiff,
attorney Mr. P.J.M. von Schmidt auf Altenstadt,
lawyer Mr. P.L. Reeskamp in Amsterdam,

against

the public corporation
**KONINKLIJKE PHILIPS ELECTRONICS N.V.,**
located in Eindhoven,
defendant,
attorney Mr. H.J.A. Knijff,
lawyer Mr. B.J. van den Broek in Amsterdam.

Hereinafter the parties will be referred to as LG and Philips.

## 1.    Proceedings

1.1.    On May 14, 2007 LG issued a summons against Philips to appear before the provisional judge of this court at the hearing dated June 4, 2007. Prior to the hearing LG submitted 48 exhibits. Philips produced 19 exhibits.

1.2.    During the hearing LG's lawyer explained the claims by means of pleading notes and exhibits (in further detail). Philips' lawyer forwarded a defense, also by means of pleading notes and exhibits, stating that the claims should be dismissed.

1.3.    During the hearing Philips agreed to suspend the execution of the interlocutory injunction to be specified up to and including the day of this judgment. Subsequently the parties requested a judgment, on submission of documents, including the pleading notes.

1.4.    The judgment was determined on June 18, 2007. At present the judgment is being pronounced in advance.

KODAK_024381

287026 / KG ZA 07-528                                    9
June 11, 2007

4.13.    However, the account of this meeting (exhibit 11 LG) shows that *Patent Issues* were discussed: *It was reported in N741 that the patent search instigated by DEC had so far not turned up any obviously applicable patents. Known patents appeared to relate to moving picture coding. Members were advised to have searches of their own performed.*

4.14.    Document N741 was submitted by Philips (exhibit 17 Philips). It shows that the *search* concerns the *ADCT proposal* as discussed in Copenhagen. For the time being it is therefore sufficiently evident that during the mentioned meeting it was even requested of Mr. Weth, even though apparently he can no longer recall this, to have a patent search performed. The fact that obviously Mr. Weth did not act upon this request within Philips should remain Philips' responsibility.

4.15.    The provisional judge does not touch upon the additional names of Philips employees provided by LG. The participation of the two employees mentioned above illustrates that Philips did participate in the JPEG deliberation. The role of Philips was obviously not that of a *proposer* making technical proposals with regard to the standard. The participants on behalf of Philips were possibly not very well informed in the technical area of *still picture coding*; however as a *listener* they should have been informed of the request to report relevant patents all the same.

4.16.    Therefore as yet the provisional judge is of the opinion that, contrary to the previous assessment of the court by means of the documents available in that procedure in section 5.28 of the judgment dated April 25, 2007, the documents submitted by LG in these summary proceedings sufficiently prove that Philips did participate in the study groups of the CCITT and ISO in which the JPEG standard was established and furthermore that the nature of this participation was such that it resulted in an obligation for Philips to disclose Vogel.

4.17.    It is improbable that the court, had it disposed of the information currently revealed would have imposed the interlocutory injunction. This leads to the conclusion that LG's claims will be granted.

4.18.    If the court rules against Philips, they will be sentenced to the costs of the procedure. The provisional judge understands that in the sense of article 1019h of the Code of Civil Procedure, LG claims the full costs because the summons was issued after May 1, 2007. Just as in the procedure leading to the judgment of April 25, 2007, these execution proceedings have the enforcement of an IP right at stake. The legal costs insofar as claimed will be granted. LG did not specify any additional legal costs other than the summons costs amounting to EUR 70.85 and legal charges of EUR 251. These costs were not disputed; Philips will be sentenced to paying them. With regard to the attorney's wages LG did not state that they exceed the (usual) liquidation rate, therefore they are granted.

KODAK_024389

City of Coffs Harbour, New South Wales, Australia

I, Anna Biezen, hereby certify that the document **"Dutch Judgment – LG Electronics Benelux Sales versus Koninklijke Philips Electronics** *(see KODAK 021495)"* is, to the best of my knowledge and belief, a true and accurate translation from Dutch into English.

Anna Biezen, Accredited Translator Dutch-English

Sworn to before me this
February 12th 2008

Signature, Justice of the Peace

Jennifer Lesley Evans    183817
Stamp, Justice of the Peace

KODAK_024391

# EXHIBIT B

[stamp]
BARDEHLE PAGENBERG
DOST ATTENBURG GEISSLER
Galileiplatz 1, 81679 Munich
Sept. 04, 2007
Deadline
Processed.    1

[logo]

# FEDERAL PATENT COURT

## IN THE NAME OF THE PEOPLE

## JUDGMENT

Pronounced on
June 5, 2007
May
Head secretary of justice as
Clerk of the Court
of the branch

4 Ni 60/069 (EU)
in connection with
4 Ni 65/06 (EU)

**(File number)**

**in re patent nullity claim**

1. LG Electronics Deutschland GmbH, represented by the managing director Weon Dae Kim, Jakob-Kaiser-Straße 12, 47877 Wittlich,

Plaintiff (4 Ni 60/06),

Attorney of Record: Patent Attorney Dipl. Ing. A. Katérle (Wüsthoff & Wüsthoff), Schweigerstraße 2, 81541 Munich,

2. KODAK GmbH, represented by the managing director Uwe Börke, Hedelfinger Straße 60, 70327 Stuttgart,

Plaintiff (4 Ni 65/06)

Attorney of record: Patent Attorney Dipl.-Phys. P.-K. Hess (Bardehle Pagenberg Dost Altenburg Geissler), Galileiplatz 1, 81679 Munich,

Side intervenient on behalf of the plaintiffs:
Pantech Europe GmbH, represented by the managing director Deok-Yoon Chung, Mergenthaler Allee 15-21, 65760 Eschborn,

BPatG 253
08.05

KODAK_024350

-2-

Attorney of record: Patent attorney and Attorney at Law Dr.-Ing. F. Peterreins
(Bardehle Pagenberg Dost Altenburg Geissler), Galileiplatz 1, 81679 Munich,

**Versus**

Philips Intellectual Property & Standards GmbH, represented by the managing directors Georg Volmer and
Dr. Thomas Piehler, Steindamm 94, 2099 Hamburg,

**Respondent,**

Attorney of Record: Patent Attorney J. Ehlers (Eisenführ, Speiser & Partner),
Martinistraße 24, 28060 Bremen,

**regarding European patent 0 260 748**
**(DE 37 50 206)**

the 4th senate (nullity senate) of the Federal Patent Court, upon the hearing on May 30, 2007 with the
presiding judge Winkler and the judges Voit, Dipl.-Ing. Höppler, Dipl.-Phys. Dr. Morawek and Dipl.-Phys.
Dr. Staudenmaier

has adjudged:

1. The European patent 0 260 748 is declared null and void in its entirety effective for the Federal Republic
of Germany.
2. The costs of the litigation are to be borne by the respondent.
3. The costs of the side intervention are to be borne by the respondent.

KODAK_024351

City of Miami, State of Florida, County of Miami-Dade

I, Tanja Cruz, hereby certify that the document **"Decision in the German Nullity Case"** is, to the best of my knowledge and belief, a true and accurate translation from German into English.



Tanja Cruz

Sworn to before me this

February 12, 2008



Signature, Notary Public



Stamp, Notary Public
State of Florida

KODAK_024379

# EXHIBIT C

[logo: Court]

| | www.scourt.go.kr | |
|---|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] | |

| Authorization | PF in charge | PF Manager | Key-W (SMF) | Team Leader | P.S Registration | PDF |
|---|---|---|---|---|---|---|
| | [signature] | | ☐ Used<br>☐ Unused | [signature] | [seal:] [Ki Rak Kim] | |

Seoul Central District Court

Civil Section 61

JUDGMENT

Case:               2006*gahap*16005 Compensation

Plaintiff:          Koninklijke Philips Electronics N.V.
                    Groenewoudseweg 1, Eindhoven, Netherlands
                    CEO Ruud J. Peters
                    Counsel: Attorneys Soon Sung Park, Kwan Suk Oh, Kyung Sik Noh, Yong Gap Kim
                    Co-Counsel: Attorney Young Joon Yang

Defendant:          LG Electronics (110111 – 2487050)
                    20, Yoido-dong, Youngdeungpo-ku, Seoul
                    CEO Ssang Soo Kim
                    Counsel: Yulchon Attorneys at Law
                    Attorneys Young Il Yoo, Jung Wook Cho, Wan Soo Lee, Dong Se Kang

Final Argument:     December 20, 2006

Judgment:           February 7, 2007

[stamp: Yulchon Attorneys at Law, February 12, 2007, No. *7-78*, Court]

Order

KODAK_024392

[illegible]

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

said storage mechanisms are provided to select the Huffman code word independent of the sign of the said coefficient which succeeds or precedes the said run of zero and to encode the said code by a separate bit.

    b.  Configuration of the technology implemented by the Defendant

      (1)  The Defendant is manufacturing and selling a communication terminal for a cell phone with a camera function. This communication terminal is using the "baseline sequential DCT based motion mode" (hereinafter referred to as "technology implemented by the Defendant") among the international standards, JPEG standards, for the digital image data compression in compressing and storing the image data pictured by the camera.

      (2)  The configuration of the technology implemented by the Defendant (refer to the attached drawings 2-1 and 2-2) is to count the run of zero coefficients until a non-zero coefficient appears by confirming whether each coefficient is a non-zero coefficient or a zero coefficient in encoding the sequence of coefficients that have passed through in blockwise forward direction the discrete cosign transformation and quantization, to seek the synthesized 8 bit value in the form of "RRRRSSSS" combined with "SSSS" indicating the range of the value of non-zero coefficient, i.e. the bit rate when the run length value of zero coefficients "RRRR" and non-zero coefficient value are changed into binary digit if the non-zero coefficient is found and determines the respective Huffman code word, and to perform coding by adding the additional bit (low end SSSS bit of the non-zero coefficient value if the non-zero coefficient value is 0 or more or low end SSSS bit of the "non-zero coefficient value -1" if the non-zero coefficient value is less than 0) designating the signal and correct value of non-zero coefficient to this.

2.  Judgment

    a.  Whether the technology implemented by the Defendant belongs to section 1, Scope of Patent Claims of the invention of this case

KODAK_024400

    (1)  As the configuration of the invention in Claim 1 of this case composed of "the step

[illegible]

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient, and the step determining the said respective run length for each of the said events and assigning a code word to represent said non-zero coefficient" and said run length considers the pair of the "non-zero coefficient itself" and the zero coefficients with run length as one treatment unit and a code word representing the "non-zero coefficient itself" and zero run length in its statement of the claim, assigning a code word indicating this to the pair of non-zero coefficient value itself and zero run length shall be within the Scope of Claims. As the technology implemented by the Defendant assigns the Huffman code to RRRRSSSS, the combined value of the bit number (SSSS) which expresses a non-zero coefficient as a binary digit and the run length of zero coefficient (RRRR), not the pair of the non-zero coefficient itself and the zero coefficients with run length and performs the coding by transforming the signal and size of the non-zero coefficient to a binary digit and adding it, so the processing unit (event) which is the object of the code word assignment is different from each other. One is "non-zero coefficient itself and zero run length" and the other is "a binary digit of a non-zero coefficient and a zero run length." And as the code word of the invention of this case in its section 1 is assigned to the zero run length and the non-zero coefficient value itself, the correct value of the non-zero coefficient is included in the code word itself assigned this way, whereas in this technology implemented by the Defendant, as the Huffman code word is assigned to a binary digit of a non-zero coefficient and a zero run length so a correct non-zero coefficient value can be decoded from the decoder with the Huffman code word alone and thus, an extra additional bit indicating the non-zero coefficient value is needed. While in case of the technology implemented by the Defendant, only if the binary digit of a non-zero coefficient is the same, the same Huffman code word is assigned even if the non-zero coefficient value itself is different, the invention in Claim 1 of this case assigns a different code word when the non-zero coefficient value is different even

KODAK_024401

[illegible]

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

if the binary digit value of the non-zero coefficient value is the same. In this sense, the technology implemented by the Defendant is different from the invention in Claim 1 of this case in the code word assignment method too. Therefore, the technology implemented by the Defendant does not belong to the scope of the invention in Claim 1. (And the patent of this case is separately claiming in Claim 8 "the configuration in which the same code word is assigned to the non-zero coefficients that belong to a certain range if the non-zero coefficient falls in the range exceeding a certain value, not the non-zero coefficient value itself." In view of this, the non-zero coefficient in the invention in Claim 1 of this case does not mean the binary digit of a non-zero coefficient but the non-zero coefficient value itself).

(2) With respect to this, the Plaintiff asserts that as the "code word representing non-zero coefficient and run length" does not have any limitation on whether additional bit is included or not or the number of code words in Claim 1, the code word that includes the additional bit also falls into this category and the case in which an additional bit is added to a Huffman code word to represent the pair of non-zero coefficient and run length also belongs to the above Scope of Claims. As the configuration in which a code word is formed by adding additional bit (2nd code word) to the Huffman code (1st code word) as provided in the Item 60 of the Figure 4 of the patent statement of this case as an implementation example of the invention in Claim 1, the technology implemented by the Defendant that assigns the code word in the way described above belongs to the protection scope of the invention of this case. And when reviewing the combination of the Huffman code assigned to the zero run length and the binary bit number of non-zero coefficient and the binary additional bit representing the size of non-zero coefficient as a whole in the technology implemented by the Defendant, the code word represents the pair of the zero run length and the non-zero coefficient value so this amounts to the code word in the invention of Claim 1.

KODAK_024402

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

The purpose of the patent invention of this case is to reduce the bit rate. For this, this invention improves the prior coding method in which zero run length and non-zero coefficient value were separately processed and coding was separately performed by using two Huffman code tables. This invention uses only one code table by processing the pair of a zero run length and the non-zero coefficient value itself as an event and assigns a code word to each event and thus, the bit rate is reduced further[4]. The code word (00001111s++++++) composed of Huffman code (00001111s) and the additional bit (++++++) is shown in the Item 60 of the Figure 4 of the patent statement of this case as a code word which is assigned when the non-zero coefficient value is 9 or above and the zero run length is 0 but because the size of the assigned code word (bits) is the same when the same Huffman code word is assigned correctively even though the non-zero coefficient value changes as shown in the above Item 60, the characteristics of the variable length code can't be utilized and thus, it has nothing to do with the reduction of the bit rate which is the purpose that this invention intends to achieve but it only reduces the size of the Huffman code table. The code word in Figure 4 forms an effective invention only as a whole code set but the code word of the Item 60 used under some condition does not form an implementation example so this can't be considered as an implementation example of the invention in Claim 1. The technical philosophy of the invention in Claim 1 of this case is to assign a code word to the pair of a zero run length and a non-zero coefficient value itself and the Detailed Explanation of the Invention of the invention of this case and the other parts of the drawings in addition to the above Item 60 are explaining the assignment of a code word to the pair of a zero run length and a

KODAK_024403

---

[4] Line 7 of page 2 of the patent statement of this case, "This object is satisfied by assigning a Huffman code word to each run of the signals with the value A, where A having length 0, 1, 2, etc., together with the signal value subsequent to the run or together with the signal value preceding the run" and line 32 of page 2, "This additional bit rate reduction is possible because the probability of the event of the run of three zero-coefficients occurring followed by a coefficient having the value 2 will not be equal to the product of the probability of the run of three zeros occurring and the probability of the coefficient having the value 2 occurring."

[illegible]

[logo: Court]

| www.scourt.go.kr | |
| --- | --- |
| Supreme Court of Korea [repeated four times] | [illegible] |

non-zero coefficient value itself as described above. In the above Figure 4, when the non-zero coefficient value is 8 or lower, which shall be the case for most of the sequence of image signal coefficients actually quantized, one code word is assigned to the pair composed of a zero run length and a non-zero coefficient value itself. As the code word of the patent invention of this case plays the role of confronting the respective part of the sequence of quantized coefficients to other signal systems to reduce the bit rate, it is difficult to say that the additional bit that doesn't have any effect of bit rate reduction at all, just like simply changing non-zero coefficient value into binary digit, is included in this. In consideration of the fact that the configuration that adds an additional code word to be related to the Huffman code word when the non-zero coefficient value exceeds a certain range or the zero run length exceeds a certain value as shown in the Item 60 has been separately claimed in Claim 12 (in this case, the Plaintiff has not been asserting the violations of Claims 12 and 8 and in view of the contents of each claim described before, it is difficult to consider that the technology implemented by the Defendant belongs to the scope of Claims 8 and 12), the code word assignment method of the patent invention of this case uses the code word that can generate the effect of bit rate reduction like Huffman code word to represent the pair of a run length of zero coefficient and a non-zero coefficient value itself but uniformly assigns a predetermined Huffman code word to prevent the Huffman code table from continuing to grow larger when the non-zero coefficient value is bigger than a certain value, for example 8, even if the effect of bit rate reduction is limited and then adds the additional bit representing the non-zero coefficient value. Therefore, with respect to the invention of Claim 1, the case in which a code word representing the pair of a zero run length and a non-zero coefficient value itself is

KODAK_024404

[illegible]

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

assigned must be interpreted as belonging to the Scope of the Claims. However, this isn't applicable to the case in which the pair of a zero run length and a non-zero coefficient value is represented by adding the additional bit that displays the non-zero coefficient value as a binary digit. The code word described in the invention of Claim 1 must be considered as the code word directly representing the "pair of a zero run length and a non-zero coefficient value itself" derived as an event and as it doesn't show the technical characteristics of the invention of this case at all which tries to reduce the bit rate through the code word assignment to the product when the code word doesn't display such an event; the code word assigned to the pair of a binary bit digit of non-zero coefficient and a zero run length and the arrangement of the additional bits displaying the non-zero coefficient value as a binary digit in the technology implemented by the Defendant can't be deemed to represent non-zero coefficient and zero run length as a whole. When the code word is decoded, the information of the unit intended to display by the code word from the original sequence of coefficient must be obtained. As argued by the Plaintiff, when the array of the code words is combined to see them as one code word, the original value can't be obtained by decoding the code word itself combined like this. Therefore, the Plaintiff's argument isn't justified in any sense.

(3)  As described above, due to the difference in the configuration in case of the technology implemented by the Defendant in which a code word is not assigned to the pair of a zero run length and a non-zero coefficient value itself but to the pair of the binary bit digit of a non-zero coefficient and a zero run length, the length of the code word (bit rate) in case that the code word is assigned to the pair of a zero run length and a non-zero coefficient value itself as in the invention of this case and the length of the code word in case that it is composed of the code word assigned to the pair of the binary bit digit of a non-zero coefficient and

KODAK_024405

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

a zero run length and the binary bit added to this are different from each other and thus, the bit rate, which is the number of bits needed to process a pixel, is also different from each other. In comparison with the case in which a code word is assigned to the pair of a zero run length and a non-zero coefficient value itself, the number of code words needed is smaller and the code table gets smaller as it can be processed with the same code word if the number of binary bits is the same even though the non-zero coefficient value is different. And as this will have an effect on the memory required for coding and the processing speed, there is a difference in the operational effects due to the difference in the technical configurations. As long as they are essentially distinguished from each other not only in technical configuration but also in the effects of invention as described above, the technology implemented by the Defendant is not deemed to be equal to or equivalent to the invention of Claim 1 of this case.

(4) Therefore, the technology implemented by the Defendant does not belong to the scope of rights of the invention in Claim 1 of this case.

b. Whether it belongs to the scope of right of the invention in Claims 6, 10 and 11

As the configuration of the invention in Claim 6 comprising "the step deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient, and the step determining the said respective run length for each of the said events and assigning a code word to represent said non-zero coefficient and said run length" and the configuration of the invention in Claim 10 comprising the steps of the following: deriving from the said signal, a plurality of events each comprising a run of the said first coefficients having a respective run length, which is preceded or followed by at least one second coefficient, and; for each of said events, determining said respective run lengths and assigning a code word to represent said second coefficient and said run length are essentially the same with the invention in Claim 1 comprising "the step deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient, and the step determining the said respective run length for each of the said events and assigning a code word to represent said non-zero coefficient and said run length." The configuration of the invention in Claim 11 which provides "the mechanism forming at least a

KODAK_024406

[illegible]

[logo: Court]

| | www.scourt.go.kr |
|---|---|
| Supreme Court of Korea [repeated four times] | [illegible] |

Huffman code word from the following run of the given signal value if it can be used with other signal value or from the preceding run of a given signal value if it can be used with other signal value, and in which only the preceding or following run of the said give signal is used with the said other signal value in forming a sequence of code word" retains the technical characteristics of the above configurations intact of Claim 1 but expresses its invention category differently so it is essentially the same with others also. Therefore, as long as the technology implemented by the Defendant does not belong to the scope of the rights of the invention in Claim 1, it does not belong to the scope of the rights of the invention in Claims 6, 10 and 11 either. Whether it belongs to the scope of rights of the invention in Claims 2, 5, 9, 13 and 16

The invention described in Claims 2 and 5 of this case is subordinate to the invention in Claim 1; the invention of Claim 9 is subordinate to the invention of Claim 6, and the invention in Claims 13 and 16 is subordinate to the invention in Claim 11. They have been embodied by adding or limiting the configurations of the independent Claims 1, 6 and 11. Since the technology implemented by the Defendant doesn't belong to the scope of the rights of the invention in Claims 1, 6 and 11 as discussed above, it also doesn't belong to the scope of rights of the subordinate claims as the subordinate claims have narrower scope than the independent claims.

d.  Adjudication

Therefore, the technology implemented by the Defendant doesn't infringe upon the patent of this case.

4. Conclusion

As we have no reason to review the Plaintiff's claim further, it is dismissed and the judgment is rendered as described in the order of judgment.

KODAK_024407

[illegible]

City of Centreville, State of Virginia, County of USA

I, Jong M. Choi, hereby certify that the document "**Korean District Court Decision of Noninfringement for Koninklijke Philips Electronics N.V. v. LG Electronics** *(see KODAK 024205)*" is, to the best of my knowledge and belief, a true and accurate translation from Korean into English.

Jong M. Choi

Sworn to before me this
February 14, 2008

Signature, Notary Public

MONA YOUNES
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES NOV. 30, 2009
COMMISSION # 368104

Stamp, Notary Public

KODAK_024420

# EXHIBIT D

3.    본원을 이용한 구체적인 실시예가 없는등 실질적인

기술적 사상이 나타나지 아니함(특 8 조 3 항).

첨부 : 상기 공보 각 1 부" 라고 한바,


상기 거절이유에 대하여 본 출원인은 본원의 명세서를

보다 명료하게 보정하고, 특허청구 범위는 본원에 대한

대응공보인 미국 특허 제 4,901,075 호의 청구범위로 완전

대치하여 본 의견서와 동시에 자진 보정서로서 제출하오며,

이에 의거하여 다음과 같은 의견을 개진하고자 합니다.


의견 개진의 순서는, 먼저 본원의 발명을 간단히

요약하여 말씀드리고, 다음에 상기 거절이유에 대하여 항목별로

말씀드리겠습니다.


1.    본원 발명을 요약해서 말씀드리면,

본원 발명은 비디오 신호를 계수화하고, 계수를

이벤트로 분할한 후에, 각각의 이벤트에 대해 허프만

085

**KODAK 024627**

3.    It fails to manifest a practical concept of art, as attested by the absence of any concrete embodiment that uses the present application (Patent Law Section 8 Para 3).

Attachment: 1 copy of each of the aforementioned Patent Gazettes"

In response to the Office Action above, the applicant has amended the Specification of the present application to make it clearer, and also completely replaced its claims with the claims indicated in the US Patent 4,901,075, which is issued U.S. patent that corresponds to the present application, and the applicant submits it as a voluntary Amendment along with this Opinion.  Based on this, the following opinion is stated.

In stating the opinion, the applicant will briefly summarize the invention of the present application, followed by the opinion in respect of said Office Action on an item-by-item basis.

1.    Let us summarize the present invention.

The present invention relates to quantifying the video signals, dividing the quantity into events, and allocating the Huffman code word to each event.

089

KODAK 024628

## CERTIFICATION OF TRANSLATION

I hereby certify that the following Korean to English translation of the attached 1 page document (Page 089 of the) of the Korean language document " KR-File Wrapper 4" is an accurate and complete rendering of the contents of the source document to the best of my knowledge and ability. I further certify that I translated said document and that I am a qualified professional translator familiar with both languages with about ten years of experience in Korean to English translation of various legal, technical or business documents including a number of legal evidentiary documents submitted to various courts.

Signature _____     Date _____February 23, 2008_____
              Ann Park

KODAK 024629

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

### BY E-MAIL AND HAND DELIVERY
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

### BY E-MAIL AND U.S. MAIL
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)