IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
U.S. PHILIPS CORPORATION,           )
                                    )
            Plaintiff,              )
                                    )  Civil Action No. 06-00251-GMS
      v.                            )
                                    )
                                    )
EASTMAN KODAK COMPANY,              )
                                    )
            Defendant.              )
_____)


**DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO U.S. PHILIPS
CORPORATION'S MOTION *IN LIMINE* NO. 2: TO PRECLUDE KODAK FROM
PRESENTING HEARSAY TESTIMONY BY EXPERT WITNESSES**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

U.S. Philips Corporation's ("Philips") motion to preclude Eastman Kodak Company ("Kodak") from presenting hearsay testimony by expert witnesses should be denied. Philips' reliance on Federal Rule of Evidence 703 ("Rule 703") as the entire basis for its motion is misplaced, as Rule 703 does not preclude an expert from presenting testimony based on hearsay. To the contrary, Rule 703 specifically allows an expert to rely on hearsay. That rule also allows such evidence to be admitted for the purpose of assisting the jury in evaluating an expert's opinion, if that evidence is of a type reasonably relied upon by an expert and the probative value of the underlying data substantially outweighs its prejudicial effect. Philips fails to even address the issues of reasonable reliance or prejudicial effect. Philips' silence is telling.

Philips' motion is also contrary to its own conduct in this case. Philips' damages expert, Mark Peterson, relies extensively on hearsay throughout his expert report, including the opinions of Philips' experts Timothy Schoechle and Bernd Girod, and discussions with at least two Philips employees. Philips fails to explain why its expert should be permitted to rely on hearsay, while Kodak's experts cannot. Philips' attempt to preclude Kodak from doing the very thing Rule 703 allows, namely, to present testimony based on facts and data which contain hearsay, should be denied.

## II.   PHILIPS' MOTION SHOULD BE DENIED

By seeking to preclude Dr. Neuhauser and Mr. Wallace from testifying on certain topics, Philips seeks the "extreme sanction" of the "exclusion of critical evidence" which is "not normally imposed absent a showing of willful deception or 'flagrant' disregard of a court order by the proponent of the evidence." *Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 438 (D. Del. 2007) (*quoting In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3rd Cir. 1994. The Third Circuit has identified several factors for the court to consider in

deciding whether to exclude testimony, among them include: (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;" (2) "the ability of that party to cure the prejudice;" and (3) "bad faith or willfulness in failing to comply with the district court's order." *Id.* Philips does not address any of these factors in support of its motion. That is because none of these factors exist.

Tellingly, Philips cites only one case in its motion to generally support its position that "an expert may not testify to hearsay that is not admissible under any of the exceptions listed in Rules 803 or 804." *See* Philips' Motion *in limine* No. 2, D.I. 172. at p. 2. However, that case actually supports the well-established principle that "an expert may testify as to his or her opinion formed from facts not admitted into evidence." *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 409 (6th Cir. 2006); *see Inline*, 470 F. Supp. 2d at 442-43; *Forest Labs., Inc. v. IVAX Pharms., Inc.*, 237 F.R.D. 106, 112 (D. Del. 2006).

Further, Philips' attempt to preclude Dr. Neuhauser and Mr. Wallace from testifying on certain topics ignores the requirements of Rule 703. Rule 703 "impacts the disclosure of information that is reasonably relied on by an expert, when that information is not admissible for substantive purposes." *Inline*, 470 F. Supp. 2d at 439 (*quoting* the FRE 703 *Advisory Notes*, 2000 Amendments). It does not, as Philips argues, impact the admissibility of testimony related to evidence which would otherwise be inadmissible due to hearsay. To preclude the underlying facts and data from being disclosed to a jury, Rule 703 requires the following inquiries: (1) "whether the facts are of a type reasonably relied on by experts in the particular field;" and (2) "whether the probative value of the underlying data substantially outweighs its prejudicial effect." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1061 (9th Cir. 2003). Because Philips' motion fails to address either issue, it should be denied.

2

### III. DR. NEUHAUSER MAY TESTIFY ABOUT THE CHIPWORKS REPORT AND FACTS REGARDING THE WIDCOM VTC-56

Dr. Neuhauser's expert testimony is entirely proper. Dr. Neuhauser's report analyzes a simulation he prepared based directly on the schematics of the Widcom VTC-56 Coder Board (the "Coder Board") and the data values and logic contained in programmable devices in that schematic. (*See* Ex. A[1], Neuhauser Report at p. 1.) Philips does not dispute that Dr. Neuhauser is an expert qualified to opine on the simulation of the Coder Board. In preparing his opinions in this matter, Dr. Neuhauser relied on 11 different sources of information regarding the Coder Board. (*Id.* at p. 2.) Among those 11 sources is an "Extraction Report" authored by Chipworks, and the data files associated with that report. In his report, Dr. Neuhauser notes that Chipworks is "a well-known reverse engineering company that specializes in semiconductor analysis." (*Id.* at p. 5.) Dr. Neuhauser also testified that the readouts Chipworks performed were a "relatively straightforward engineering task" done by "competent engineers." (Ex. B, Neuhauser Depo. Tr. at 74:10-17 and 90:22-92:2.) As such, Dr. Neuhauser is entitled to rely upon the Chipworks report.

Philips has not satisfied its burden to demonstrate that this information is not the type reasonably relied upon by an expert in Dr. Neuhauser's field and that the probative value is outweighed by the prejudicial effect. To the contrary, this is the type of information that an expert in Dr. Neuhauser's field would reasonably rely upon as one of many sources of information in analyzing the simulation. (*See* Ex. B at 74:10-17 and 90:22-93:18.) Further, Philips has failed to argue that the Chipworks report would be prejudicial or would otherwise confuse the jury.

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll in Support of Eastman Kodak Company's Opposition to Philips' Motion *in limine* No. 2, and will be referred to as "Ex. _."

3

With respect to the remaining issues addressed in Philips' motion, Dr. Neuhauser already stated in his deposition that he will not be offering an opinion regarding the prior use or sale of the Coder Board. (Ex. B at 9:16-21.) Dr. Neuhauser's opinions are related solely to the operation of the device. *Id*. To that end, Dr. Neuhauser should be allowed to testify to the functionality and operation of the Coder Board as he "compiled the appropriate data and used standard methods" for his analysis, his "techniques and theories are clearly explained and documented" in his report and in his deposition, and his "analysis, sources and conclusions can be tested through cross-examination." *Inline*, 470 F.Supp. 2d at 442. Philips' motion as to Dr. Neuhauser's testimony should be denied.

## IV.  MR. WALLACE MAY BASE HIS TESTIMONY ON OTHER INDIVIDUALS' STATEMENTS

Mr. Wallace's testimony is also entirely proper. The opinions in Mr. Wallace's damages report are based in part on information provided to him by a Kodak employee and by Kodak's technical and standards-setting expert, Dr. Touradj Ebrahimi. "FRE 703 allows experts to use evidence that would not usually be admissible, such as hearsay, as long as it is reasonably applied or relied upon by experts in the field for their conclusions." *Inline*, 470 F. Supp. 2d at 443. Philips does not claim that the evidence upon which Mr. Wallace relies is unreasonably applied or unreasonably relied upon. It cannot do so, because Philips' own expert on damages, Mr. Peterson, also relies upon information provided to him by two different Philips employees and by Philips' experts on infringement, validity and standards-setting, Dr. Girod and Dr. Schoechle. (*See* Ex. C, Peterson Report at pp. 6-8, 11-13, 22, and 28.) Philips' motion is inconsistent with its own conduct.

The information Philips seeks to preclude was reasonably applied and reasonably relied upon by Mr. Wallace, a member of the American Institute of Certified Public Accountants

4

("AICPA"). (*See* Ex. D, Wallace Report at App. A.) Mr. Wallace gathered data using methodologies consistent with the Litigation Services and Applicable Professional Standards of the AICPA. *See Inline*, 470 F. Supp. 2d at 443. "Under AICPA standards, experts may base opinion testimony on either facts or assumptions, including assumptions provided by the client." *Id*. "The data gathering process may include a review of relevant documents, research analysis, and interviews. . . . Experts may base assumptions on facts, presumptions from facts, or assumptions provided by the client, other experts or counsel." *Id*. The burden is "generally on counsel 'through cross-examination to explore and expose any weaknesses in the underpinnings of an expert's opinion.'" *Id*. Mr. Wallace will be subject to cross-examination and Philips is free to question him regarding the bases for his opinions. The jury should be permitted to accord that evidence whatever weight it believes is appropriate. But Philips' motion to preclude portions of Mr. Wallace's testimony should be denied.

## V.     CONCLUSION

For the foregoing reasons, Kodak respectfully requests that the Court deny Philips' Motion *in limine* No. 2 to preclude Kodak from presenting hearsay testimony by expert witnesses.

Dated: February 25, 2008                                   Respectfully Submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

5

        John Allcock
        Sean C. Cunningham
        Tim Lohse
        John D. Kinton
        **DLA PIPER US LLP**
        401 B Street, Suite 1700
        San Diego, CA  92101-4297
        Tel:  619.699.2700
        Fax:  619.699.2701

        Attorneys for Defendant/Counterclaimant
        Eastman Kodak Company

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)