IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-00251-GMS |
| v. | ) |
| | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

_____  )


**DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY ON VALIDITY ISSUES NOT ADDRESSED IN EXPERT REPORT**


Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701


Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

SD\1783934.1

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Eastman Kodak Company ("Kodak") does not disagree in principle with U.S. Philips Corporation's ("Philips") motion to limit expert testimony on issues not addressed in an expert report. Kodak agrees that both parties' experts should adhere to the opinions expressed in their respective reports and should not opine on issues which were not addressed. However, Kodak does not agree with Philips' motion to the extent Philips is seeking to exclude Dr. Touradj Ebrahimi from providing testimony on opinions he formed based on assumptions provided to him by Kodak's counsel. Such testimony is proper under Federal Rule of Evidence 703, which specifically allows for an expert to provide testimony based upon facts or data which might otherwise be inadmissible as evidence. Philips' arguments go to the weight of Dr. Ebrahimi's testimony, not its admissibility. Accordingly, Philips' motion should be denied to the extent it seeks to exclude Dr. Ebrahimi from testifying to the opinions expressed in his expert report or his deposition, which are properly based upon assumptions of facts.

**II.     DR. EBRAHIMI MAY TESTIFY TO OPINIONS BASED UPON ASSUMPTIONS OF FACT**

Dr. Ebrahimi is being offered as an expert in the fields of image and video compression, and in the standardization of those fields. In his expert report, Dr. Ebrahimi provided his opinions on the invalidity of the '075 patent based upon his analysis of prior art. Dr. Ebrahimi is not being offered as an expert in patent law, but in order to opine on invalidity, he must make certain assumptions of patent law. He therefore properly based some of his invalidity opinions upon the following assumptions: (a) the priority date for the '075 patent, and (b) the status of the

COST 211-bis document as a printed publication. (*See* Ex. A[1], Ebrahimi Invalidity Report at ¶¶ 18 and 22.) Dr. Ebrahimi did not, and moreover was not obligated to, opine on what the correct priority date of the '075 patent should be, nor on whether the COST 211-bis document is considered a printed publication. The factual basis for those issues will be addressed by other witnesses to be called at trial.

Dr. Ebrahimi's reliance on certain assumptions provided by Kodak counsel was proper. *See Inline Connection Corp. v. AOL Time Warner Inc.,* 470 F. Supp. 2d 435, 442-43 (D. Del. 2007). "The data gathering process may include a review of relevant documents, research analysis, and interviews. . . . Experts may base assumptions on facts, presumptions from facts, or assumptions provided by the client, other experts or counsel." *Id.* at 443. Then, the burden is "generally on counsel 'through cross-examination to explore and expose any weaknesses in the underpinnings of an expert's opinion.'" *Id.* Dr. Ebrahimi will be subject to cross-examination and Philips can address its concerns regarding the priority date and the COST 211-bis document at that time. Philips' arguments regarding Dr. Ebrahimi's testimony go the weight of the evidence, not its admissibility.

## IV.    CONCLUSION

For the foregoing reasons, Kodak respectfully requests that the Court deny Philips' Motion *in limine* No. 3, to the extent it seeks to exclude Dr. Ebrahimi from providing opinion testimony which is based upon assumptions of fact.

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll in Support of Eastman Kodak Company's Opposition to Philips' Motion *in limine* No. 3 and will be referred to as "Ex. _."

3

Dated: February 25, 2008

Respectfully Submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)