IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | )<br>)  Case No. 06-0251 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF NICOLE WYLL IN SUPPORT OF DEFENDANT
EASTMAN KODAK COMPANY'S OPPOSITION TO PHILIPS' MOTION *IN
LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY ON VALIDITY ISSUES NOT
ADDRESSED IN EXPERT REPORT**

I, Nicole Wyll, declare as follows:

1. I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter. Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of pages 1-2, 5-7, 13-18 and 22 of the Expert Report of Dr. Touradj Ebrahimi for U.S. Patent No. 4,901,075 on Invalidity, on behalf of Eastman Kodak Company.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated this 25th day of February, 2008, in San Diego, California.

                                                                                                                      /s/ Nicole Wyll
                                                                                                                      Nicole Wyll

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-00251-GMS |
| v. ) | |
| ) | |
| ) | |
| EASTMAN KODAK COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**EXPERT REPORT OF DR. TOURADJ EBRAHIMI FOR U.S. PATENT NO. 4,901,075**

**ON INVALIDITY**

SD\1777173.1                    1

## I. INTRODUCTION

1. I submit this Expert Report in this case on issues relating to invalidity of U.S. Patent No. 4,901,075 (the "'075 Patent") being asserted by U.S. Philips Corporation ("Philips") against Eastman Kodak Company ("Kodak"). I reserve the right to supplement or modify this Expert Report as necessary or appropriate and in response to any expert reports served by Philips.

2. I have been retained by DLA Piper as an expert in this case as to the '075 Patent. No part of my compensation is dependent upon the outcome of this case or any issue in it.

3. I am being compensated at my usual rate of $300 per hour for work on this case.

4. This expert report contains eight sections, including this Introduction. The additional parts are: Qualifications (Part II), List of Materials Reviewed (Part III), Legal Basis for Opinion (Part IV), Background of Technology (Part V), Claim Construction (Part VI), Invalidity (Part VII) and Conclusion (Part VIII).

## II. QUALIFICATIONS

5. A copy of my current curriculum vitae ("CV") is attached as Exhibit 1.

6. I am a Professor of Image Processing at the Swiss Federal Institute of Technology (EPFL), in Lausanne, Switzerland, involved in teaching and research in the field of Multimedia Signal Processing. Before joining EPFL as a faculty member in 1994, I was with AT&T Bell Laboratories Research Center in Holmdel, NJ, USA, where I worked on video compression techniques for communication. Prior to that, I was with Sony Corporation in Tokyo, Japan, working at its Corporate Research Center in the area of image and video compression for storage applications.

### C. Anticipation

16. I have been informed by counsel for Kodak that a patent claim may be invalid under 35 U.S.C. §102 if prior art anticipates the claim. I further understand that for anticipation, every element in a claim must be identically shown in a single reference and arranged as in the claim in order for that reference to anticipate the claim.

#### 1. 35 U.S.C. §102(a)

17. Counsel for Kodak has informed me that a patent is invalid under 35 U.S.C. §102(a) if the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

18. Counsel for Kodak has additionally informed me that a patent or printed publication reference qualifies as prior art under 35 U.S.C. §102(a) if it has a publication date that predates the priority date of the invention.

#### 2. 35 U.S.C. §102(b)

19. Counsel for Kodak has informed me that a patent is invalid under 35 U.S.C. §102(b) if the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

20. Counsel for Kodak has additionally informed me that a patent or printed publication reference qualifies as prior art under 35 U.S.C. §102(b) if it has a publication date that is more than one year before filing of the application for patent.

### 3.    35 U.S.C. §102(e)

21.    Counsel for Kodak has informed me that a patent is invalid under 35 U.S.C. §102(e) if the invention was described in: (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for the purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

22.    Counsel for Kodak has additionally informed me that a U.S. Patent qualifies as prior art under 35 U.S.C. §102(e) if it has an effective filing date that predates the priority date of the invention.

### D.    Obviousness

23.    Counsel for Kodak has informed me that a patent claim is invalid when the differences between the subject matter of the claim and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the invention pertains. I have further been informed that the inquiry as to whether a patent claim is obvious includes the steps of determining the scope and content of the prior art; determining the differences between the prior art and the claims at issue; and determining the level of ordinary skill in the art. Against this background the obviousness or non-obviousness of the claim is determined.

24.    I have also been informed by counsel for Kodak that a patent claim composed of several elements is not proved obvious merely by demonstrating that each element was,

independently, known in the prior art. This is because most, if not all, inventions will be combinations of known elements. A primary reference may not be modified in light of or combined with one or more secondary references where the result would be to render the primary reference inoperable for its intended purpose. Rather, the combination is likely to be obvious when it is the predictable use or variation of prior art elements according to their established functions. Stated another way, the combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results. I also understand that the prior art reference must be viewed without the benefit of hindsight reasoning.

### E. Indefiniteness

25. Counsel for Kodak also has informed me that, under 35 U.S.C. § 112, patent claims must particularly point out and distinctly claim the subject matter which the applicant regards as his invention. Kodak's counsel has also informed me that this definiteness requirement does not compel absolute clarity, but that only claims not amenable to construction or insolubly ambiguous are indefinite. I further understand that the definiteness of claim terms depends on whether those terms can be given any reasonable meaning, and that claims are found indefinite only if reasonable efforts at claim construction prove futile.

## V. BACKGROUND OF TECHNOLOGY

### A. Digital Images and Compression

26. Digital images are produced as the result of a sampling and quantization process applied to an analog signal (picture). In their canonical form, digital images are often represented by one or three matrices whose elements contain the luminance or the three color components values of the quantized samples of the image also referred to as pixels. The

## VII. INVALIDITY

### A. Anticipatory Prior Art Under Kodak's Constructions

40. It is my opinion that the prior art listed in this section below anticipates one or more of the Asserted Claims under Kodak's claim constructions for the reasons set forth below.

#### 1. Widcom VTC-56

41. It is my opinion that the Widcom VTC-56 codec anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of the Widcom VTC-56 codec under Kodak's constructions are set forth in Appendix B, Exhibit 1.

#### 2. U.S. Patent No. 4,698,672 to Chen et al.

42. It is my opinion that U.S. Patent No. 4,698,672 to Chen et al. anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of U.S. Patent No. 4,698,672 to Chen et al. under Kodak's constructions are set forth in Appendix B, Exhibit 2.

#### 3. "Block Coding Using a Two-Dimensional Run-Length Table" Paper published to the COST 211bis Simulation Subgroup

43. It is my opinion that the "Block Coding Using a Two-Dimensional Run-Length Table" Paper anticipates claims 3-4 and 7-8 of the '075 Patent. The details of my analysis of the "Block Coding Using a Two-Dimensional Run-Length Table" Paper under Kodak's constructions are set forth in Appendix B, Exhibit 3.

### B. Anticipatory Prior Art Under Philips' Constructions

44. It is my opinion that the prior art listed in this section below anticipates one or more of the Asserted Claims under Philips' claim constructions for the reasons set forth below.

### 1. Widcom VTC-56

45. It is my opinion that the Widcom VTC-56 codec anticipates claims 3-4 and 7-8 of the '075 Patent under Philips' constructions for the same reasons as set forth in Appendix B, Exhibit 1 above.

### 2. U.S. Patent No. 4,698,672 to Chen et al.

46. It is my opinion that U.S. Patent No. 4,698,672 to Chen et al. anticipates claims 3-4 and 7-8 of the '075 Patent under Philips' constructions for the same reasons as set forth in Appendix B, Exhibit 2 above.

### 3. "Block Coding Using a Two-Dimensional Run-Length Table" Paper published to the COST 211bis Simulation Subgroup

47. It is my opinion that the "Block Coding Using a Two-Dimensional Run-Length Table" Paper anticipates claims 3-4 and 7-8 of the '075 Patent under Philips' constructions for the same reasons as set forth in Appendix B, Exhibit 3 above.

## C. Obviousness Prior Art Under Kodak's Constructions

48. It is my opinion that the prior art listed in this section below renders one or more of the Asserted Claims unpatentable under Kodak's claim constructions for the reasons set forth below.

### 1. U.S. Patent No. 3,984,833 Van Voorhis in view of Chen Article

49. It is my opinion that claims 3, 4 and 8 of the '075 Patent are unpatentable over U.S. Patent No. 3,984,833 to van Voorhis in view of the Chen Article. The details of my analysis of U.S. Patent No. 3,984,833 to van Voorhis in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 1.

### 2. U.S. Patent No. 4,420,771 to Pirsch in View of the Chen Article

50. It is my opinion that claims 3, 4 and 8 of the '075 Patent are unpatentable over U.S. Patent No. 4,420,771 to Pirsch in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,420,771 to Pirsch under Kodak's constructions are set forth in Appendix C, Exhibit 2.

### 3. U.S. Patent No. 4,316,222 to Subramaniam in view of Chen Article

51. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,316,222 to Subramaniam in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,316,222 to Subramaniam in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 3.

### 4. U.S. Patent No. 4,363,036 to Subramaniam in view of Chen Article

52. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,363,036 to Subramaniam in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,363,036 to Subramaniam in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 4.

### 5. U.S. Patent No. 4,092,676 to Saran in view of Chen Article

53. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,092,676 to Saran in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,092,676 to Saran in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 5.

### 6. U.S. Patent No. 4,136,363 to Saran in view of Chen Article

54. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,136,363 to Saran in view of the Chen Article. The details of my analysis of

U.S. Patent No. 4,136,363 to Saran in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 6.

### 7. U.S. Patent No. 4,494,151 to Liao in view of Chen Article

55. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,494,151 to Liao in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,494,151 to Liao in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 7.

### 8. "Upper Bound, Lower Bound and Run-Length Substitution Coding" Article by Henry Liao in view of Chen Article

56. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over Liao Article in view of the Chen Article. The details of my analysis of the Liao Article in view of the Chen Article under Kodak's constructions are set forth in Appendix C, Exhibit 8.

### D. Obviousness Prior Art Under Philips' Constructions

57. It is my opinion that the prior art listed in this section below renders one or more of the Asserted Claims unpatentable under Philips' claim constructions for the reasons set forth below.

### 1. U.S. Patent No. 3,984,833 Van Voorhis in view of Chen Article

58. It is my opinion that claims 3-4 and 8 of the '075 Patent are unpatentable over U.S. Patent No. 3,984,833 to van Voorhis in view of the Chen Article. The details of my analysis of U.S. Patent No. 3,984,833 to van Voorhis in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 9.

### 2. U.S. Patent No. 4,420,771 to Pirsch in View of the Chen Article

59. It is my opinion that claims 3, 4 and 8 of the '075 Patent are unpatentable over U.S. Patent No. 4,420,771 to Pirsch in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,420,771 to Pirsch under Philips' constructions are set forth in Appendix C, Exhibit 10.

### 3. U.S. Patent No. 4,316,222 to Subramaniam in view of Chen Article

60. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,316,222 to Subramaniam in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,316,222 to Subramaniam in view of the Chen Article under Philips' constructions are the same as set forth in Appendix C, Exhibit 3.

### 4. U.S. Patent No. 4,363,036 to Subramaniam in view of Chen Article

61. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,363,036 to Subramaniam in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,363,036 to Subramaniam in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 11.

### 5. U.S. Patent No. 4,092,676 to Saran in view of Chen Article

62. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,092,676 to Saran in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,092,676 to Saran in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 12.

### 6. U.S. Patent No. 4,136,363 to Saran in view of Chen Article

63. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,136,363 to Saran in view of the Chen Article. The details of my analysis of

U.S. Patent No. 4,136,363 to Saran in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 13.

### 7.  U.S. Patent No. 4,494,151 to Liao in view of Chen Article

64. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over U.S. Patent No. 4,494,151 to Liao in view of the Chen Article. The details of my analysis of U.S. Patent No. 4,494,151 to Liao in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 14.

### 8.  "Upper Bound, Lower Bound and Run-Length Substitution Coding" Article by Henry Liao in view of Chen Article

65. It is my opinion that claims 3-4, 8 and 11 of the '075 Patent are unpatentable over Liao Article in view of the Chen Article. The details of my analysis of the Liao Article in view of the Chen Article under Philips' constructions are set forth in Appendix C, Exhibit 15.

### E.  Indefiniteness under 35 USC 112, second paragraph of Terms "For Transmission at a Reduced Bit Rate" and "For Transmission at a Reduced Bandwidth" (Claims 3 and 8)

66. The preambles of claim 3 and claim 8 include claim elements that are ambiguous and would not have been understood by those skilled in the art because there are no disclosures within the '075 patent or its prosecution history to determine what is meant by the phrases "reduced bit rate" and " reduced bandwidth." Alternately, these phrases might be construed relative to the encoding method of the Chen 1984 article against which the claimed encoding method purportedly provides a 12% reduction.

## VIII. CONCLUSION

78.  In my expert opinion, the Asserted Claims of the '075 Patent are invalid because the Asserted Claims are anticipated by a piece of prior art, unpatentable over a piece of prior art or a combination of prior art or are indefinite.

79.  I reserve the right to modify and supplement this report in response to any reports drafted by or testimony offered by Philips' expert witnesses and in response to any other fact discovery that is conducted by the parties.

Dated: _14 Dec 2007_

Touradj Ebrahimi, Ph.D.

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)