IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-00251-GMS |
| v. | ) |
| | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO
U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 4:
TO EXCLUDE REFERENCES TO KODAK'S STATE LAW COUNTERCLAIMS IN
FRONT OF THE JURY**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Philips' motion *in limine* is a thinly-veiled motion for summary judgment seeking to eliminate Kodak's right to a jury trial under the pretext of evidentiary preclusion. A motion *in limine* is designed to address evidentiary prejudice; it is not an appropriate means to adjudicate entire claims. Indeed, Philips' motion is directed to counterclaims that Philips has already acknowledged are not appropriate for summary judgment. Now, however, Philips claims that Kodak cannot prove damages at trial and should therefore be precluded from pursuing its counterclaims—a charge directed to the merits of Kodak's claims, not an evidentiary issue appropriate for a motion *in limine*. For this reason alone, the Court should deny Philips' motion.

Procedural defects aside, Philips' motion is also factually incorrect. The evidence at trial will establish that Philips' fraudulent and misleading conduct has damaged Kodak. Furthermore, the relief Philips requests would deny Kodak the Seventh Amendment right to a jury trial on its claims for fraud, negligent misrepresentation, and for relief under the Delaware Deceptive Trade Practices Act. As Philips concedes, there is significant evidentiary overlap between Kodak's equitable defenses and its state law counterclaims. But this does not justify denying Kodak its constitutional right to a jury trial on the counterclaims. To the contrary, the evidentiary overlap supports trying these issues together before the jury to preserve judicial economy and avoid duplicative presentation of evidence. Finally, Federal Rule of Evidence 403 does not provide a basis to preclude Kodak from presenting its state law claims to the jury, especially in light of Kodak's constitutional right to a jury trial. Philips' motion should be denied.

## II.   FACTUAL BACKGROUND OF KODAK'S STATE LAW COUNTERCLAIMS

Kodak's state law counterclaims for fraud, negligent misrepresentation and deceptive trade practices are based on Philips' participation in the standard-setting organizations responsible for setting the JPEG standard. JPEG and its parent organizations promulgated

specific policies that required its participants to disclose patents that they believed would be relevant to the developing standard.  (Ex. A[1], Ebrahimi Standards Report at pp. 15-21.)  Despite these policies and despite verbal and written requests to disclose related patents, Philips never disclosed that the '075 patent might be relevant to JPEG.  (*Id*. at 21-22.)  Philips' silence misled other JPEG participants, including Kodak, into believing that Philips did not have patents that might be relevant to the JPEG standard.  (*Id*. at 22-25.)

       The evidence in this case establishes that during standardization, Philips knew of the '075 patent's purported applicability to JPEG but nevertheless did not disclose the patent.  The '075 patent's inventor, Peter Vogel, testified during his deposition that he prepared handwritten notes on a draft version of the JPEG Standard dated October 1991—one year before the JPEG Standard was first published—that specifically identify his belief that the '075 patent is applicable to the JPEG Standard.  (Ex. B, Vogel Depo. Tr. at 126:25-127:8, 128:7-10; Ex. C, Unofficial Copy of 10918-1.)  Dr. Vogel also testified that he sent the draft standard along with his handwritten notes to Philips' international patent department.  (Ex. B at 128:21-129:11.)  Dr. Vogel's handwritten notes and testimony establish that Philips was alerted to the '075 patent's purported applicability to the JPEG Standard.  Nevertheless, Philips chose to remain silent both during standardization and for the decade following, during which time industries and consumers worldwide became locked into JPEG.  (Ex. A at 22.)  Now Philips claims that implementers of JPEG, including Kodak, infringe the '075 patent—an assertion that is directly at odds with Philips' many years of conduct to the contrary.  Philips' conduct constitutes fraud, negligent misrepresentation and deceptive trade practices under Delaware state law.

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll in Support of Eastman Kodak Company's Opposition to Philips' Motion *in limine* No. 4, and will be referred to as "Ex._."

2

### III. PHILIPS' MOTION IS PROCEDURALLY AND FACTUALLY DEFECTIVE

Philips' motion *in limine* improperly seeks dismissal of Kodak's state law counterclaims based on the merits of the claims. "Motions *in limine* are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment." *Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* No. 04-1880, 2007 WL 2908007 at *1 (W.D. Pa. Oct. 2, 2007); *see also Natural Res. Def. Council v. Rodgers,* No. CIV-S-88-1658, 2005 WL 1388671 at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions *in limine* address evidentiary questions and are inappropriate devices for resolving substantive issues."). Philips' argument that Kodak should be precluded from trying its counterclaims to the jury on the grounds that Kodak allegedly cannot establish damages, that Kodak's claims are precluded by the First Amendment, and that statutes of limitation may apply are not appropriate issues for a motion *in limine*. Philips' motion seeks adjudication of entire claims—not evidentiary rulings. Philips' motion should be denied.

Significantly, Philips chose not to seek summary judgment on these claims. In a summary judgment letter brief submitted to the Court in October 2007, Philips withdrew its proposed motion on these same claims and stated that "[b]ased on further analysis and additional discovery since the submission of our … opening letter, <u>U.S. Philips no longer believes that such a motion for partial summary judgment is warranted</u>." (Letter regarding Philips' Withdrawal of One Request for Permission to File Summary Judgment, D.I. 110 (emphasis added)). Having specifically declined to pursue summary judgment regarding any of the defenses raised in its motion, Philips should not be permitted to now inject those issues into a motion *in limine* and deny Kodak the opportunity to respond under Rule 56 and the Court's Local Rules.

Aside from being procedurally defective, Philips' motion misstates the facts; Philips' misconduct has caused severe damage to Kodak  In this case, Kodak is entitled to damages that

would place it in the same financial position that would have existed if Philips' misrepresentations had been true—i.e. that Philips had no patents applicable to the JPEG Standard. *See* Del. P.J.I. Civ. § 22.17 (2000). If Philips' misrepresentations had been true, Kodak would never have incurred the substantial expenses associated with defending against this lawsuit, including significant costs associated with international discovery and expert witness fees. And according to Philips and its damages expert, Kodak now faces potential infringement liability in excess of $78 million dollars. (Ex. D, Peterson Damages Report at p. 5.) Kodak will present evidence of these damages at trial, and if requested by the Court, at the hearing on the instant motion.

Moreover, Philips' references to Kodak's draft pretrial documents exchanged between the parties is inaccurate. Kodak's draft Trial Brief specifically identifies "potential damage liability" and the expense of "significant resources" defending Philips' lawsuit as harm caused by Philips' misconduct. (Philips' Motion *in limine* No. 4, D.I. 175 at Ex. 1 pp. 10-11.) And Kodak has provided Philips with a proposed fraud/negligent misrepresentation damages jury instruction adapted from the Delaware Pattern Jury Instructions. (Ex. E, Kodak's Final Jury Instructions at p. 57.) Philips' misplaced reliance on draft documents underscores the lack of evidentiary support for Philips' motion.

**IV.    KODAK HAS A CONSTITUTIONAL RIGHT TO A JURY TRIAL ON ITS COUNTERCLAIMS**

Philips' motion should also be denied because it improperly seeks to deny Kodak its constitutional right to a jury trial. The Seventh Amendment guarantees a right to a jury trial for civil causes of action based on the common law. U.S. Const. Amend. VII; *Benjamin v. Traffic Executive Ass'n Eastern Railroads* 869 F.2d 107, 114 (2d Cir. 1989). Fraud and negligent misrepresentation "are claims at law which the Seventh Amendment right to a jury trial

4

attaches." *In re Tou Houa Thao,* 2006 WL 3716055 at *2 (Bkrtcy.W.D. Mo. 2006). In addition, the Seventh Amendment applies to actions brought under Delaware's Deceptive Trade Practices Act. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 (1989).

Philips' request that Kodak's state law counterclaims be tried outside the presence of the jury should be denied because it would violate Kodak's Seventh Amendment rights. The factual and evidentiary overlap between Kodak's equitable and common law defenses and counterclaims does not justify disregarding Kodak's constitutional rights. Rather, the overlap between Kodak's jury counterclaims and its equitable defenses of estoppel and unclean hands suggests that the equitable issues should be tried to the jury to promote judicial economy because a separate trial would result in duplicative presentation of evidence and waste the Court's time.

Finally, Federal Rule of Evidence 403 does not trump Kodak's rights under the U.S. Constitution. Nor is it a substitute for summary judgment under Rule 56. Rather, it is an evidentiary rule to exclude unfairly prejudicial evidence—not entire claims. Fed. R. Evid. § 403. And Rule 403 does not work to exclude evidence simply because a party considers it prejudicial to its case—"all evidence is meant to be prejudicial, elsewise, the proponent would be unlikely to offer it." *Daigle v. Maine Medical Center, Inc.* 14 F.3d 684, 690 (1st Cir. 1994). It is only *unfair* prejudice which Rule 403 requires to be balanced against the probative value of evidence. *Id.* at 691; *Dittrich v. Seeds*, Nos. Civ.A. 03-CV-6128, Civ.A. 04-CV-130, 2005 WL 2436648 at *15 (E.D. Pa. Sept. 28, 2005). There is nothing unfair about allowing Kodak to present its case to the jury in accordance with its Seventh Amendment rights. Rule 403 is inapplicable and does not support Philips' motion.

Dated: February 25, 2008

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
Attorneys for Defendant
Eastman Kodak Company

# CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on February 25, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)