## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251-GMS |
| v. | ) | |
| | ) | **REDACTED** |
| EASTMAN KODAK COMPANY, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF U.S. PHILIPS CORPORATION'S ANSWER TO DEFENDANT EASTMAN KODAK COMPANY'S MOTION *IN LIMINE* NO. 2:**

**PHILIPS IS ENTITLED TO RELY ON ITS JPEG LICENSE AGREEMENTS**

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: February 25, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

I.    INTRODUCTION

The Court should reject the attempt by Defendant Eastman Kodak Co. ("Kodak") to prevent the jury from learning of the digital camera industry's wide acceptance of Plaintiff U.S. Philips Corporation's ("Philips") U.S. Patent No. 4,901,075.  Philips' licensing program led to licenses with REDACTED companies, covering over REDACTED % of the digital camera market, with similar royalty rates.  Kodak seeks to hide this fact so that it can claim that the license fees for the '075 patent—computed based on Kodak's own license agreements—should not even cover the cost of obtaining and maintaining the patent.

Kodak's competitors understand the value of the '075 patent and are willing to pay for it in order to continue producing cameras that encode JPEG images.  Their licenses with Philips provide strong evidence of the value that digital camera manufacturers place on the '075 patent.  "It is well established that a patent holder's license agreements with third parties are permissible considerations in a reasonable royalty calculation." *Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. C.A. 02-148 GMS, 2003 WL 22387038, at *2 (D. Del. Oct. 7, 2003).  But Kodak cannot cogently argue its damages theory of an absurdly low royalty of zero to $15,000 if the jury sees that its competitors paid millions more.  (D.I. 175, Ex. 1 at 14.)

Contrary to Kodak's arguments, Federal Rule of Evidence 408 does not bar these licenses.  Kodak offers no evidence that most of them were entered in settlement or under threat of litigation.  In addition, they are admissible for purposes other than to prove liability for, invalidity of, or the amount of a claim that was disputed as to validity or amount.  Kodak asserts that the '075 patent is obvious over certain combinations of references; extensive licensing, however, is a strong indicium of nonobviousness.  Similarly, Kodak accuses Philips of bringing this lawsuit in bad faith, and seeks damages for product disparagement; the fact that Kodak's

competitors agreed to pay substantial license fees for the '075 patent, however, shows that Philips asserted the '075 patent in good faith.

Moreover, Kodak seeks to cherry-pick licenses based on whether it likes the royalty rate. It offers some of its own licenses for other patents, such as its license with REDACTED to support reduced damages even though Rule 408 is emblazoned on every page (Ex. 1), while Kodak tries to exclude all of Philips' '075 patent licenses, none of which even mentions Rule 408.

## II.     RULE 408 DOES NOT BAR PHILIPS' JPEG LICENSES

### A.     Kodak fails to meet its burden to show that Philips' JPEG licenses must be excluded under Rule 408

This Court cautioned that it "must look *carefully* at the context in which the license agreement was reached to determine whether it meets any of [Rule 408's] requirements," i.e., whether the license "(1) was reached under a threat of litigation, (2) arose in a situation where litigation was threatened or probable, or (3) was negotiated against a backdrop of continuing litigation infringement." *Pharmastem*, 2003 WL 22387038, at *2 (emphasis added). Kodak presents no such evidence for REDACTED licenses it seeks to exclude. For REDACTED others, these factors were not shown to be present. While REDACTED agreements were entered under threat of litigation or are settlements, their terms are consistent with the other licenses, and Rule 408 does not automatically exclude settlements with third parties.

Kodak points to no relevant evidence regarding Philips' licenses with ¹

REDACTED

Kodak simply points to notice letters and asserts that Philips "in essence" accused these companies of patent infringement. (D.I. 164 at 3.) But routine notice letters are not evidence of threatened litigation. Broad exclusion would be the antithesis of the required "careful" examination of the context in which

2

each agreement was reached.  In the absence of any evidence of the individual context or the

three factors, no grounds exist to exclude these agreements.

Kodak offers correspondence with .

**REDACTED**

in arguing that these licenses arose in the context of

"ongoing dispute and settlement negotiations." (D.I. 164 at 4.)  Kodak fails to explain how the

correspondence demonstrates such a context and fails to meet its burden to "carefully" look at the

situation.  Moreover, none of these licenses refer to Rule 408, and Kodak concedes that no

litigation was ever filed against these companies.  Because Kodak has failed to meet its burden to

demonstrate the context or establish any of the three factors, no grounds exist to bar these

licenses under Rule 408.

The last agreements, :            **REDACTED**                were settlements of

pending or threatened litigation. (In contrast, the **REDACTED** agreement only refers to    **REDACTED**

and not to litigation.)  However, exclusion is not required under Rule 408.  *See Pharmastem*,

2003 WL 22387038, at *2 (court "may" exclude settlement agreements).  JPEG licenses are held

by most of Kodak's competitors, which control about      % of the digital camera market.  (Ex. 2
**REDACTED**

at 12.)  All of the licenses are relevant to show the broad acceptance of Philips' licensing terms,

and the terms of these last agreements are consistent with the other seventeen.  Moreover, no

policy reason exists to bar them, because they are *not* being offered against any settling party;

Kodak claims (and can show) no prejudice from any of these (or the other seventeen) agreements

(D.I. 164); and Philips does not object to evidence of the negotiations.  This is unlike

*Pharmastem*, in which this Court barred the use of settlement negotiations and licenses where the

plaintiff objected to use of its negotiations but wanted to use its licenses, and the defendant

argued it would be prejudiced if the negotiations were barred.  2003 WL 22387038, at *1-2; *see*

3

*United States v. Am. Soc. of Composers, Authors & Publishers,* Civ. No. 13-95 (WCC), 1989 WL 222654, at *8-10 (S.D.N.Y. Dec. 20, 1989), *aff'd,* 912 F.3d 563 (2d Cir. 1990) (Rule 408 does not bar use of settlement offer against non-party to settlement). Accordingly, the Court should allow the jury to decide what weight to give them.

### B. Philips' JPEG licenses are probative for defense against Kodak's counterclaims

Rule 408 does not preclude admissibility of settlements of litigation if they are relevant for a purpose other than to prove the amount of a claim where that amount is disputed. Fed. R. Evid. 408. Kodak has raised at least two issues to which Philips' JPEG licenses are particularly relevant, and should not be permitted to exclude evidence that it has made relevant.

First, Kodak asserts that the '075 patent is obvious. (D.I. 175, Ex. 1 at 7.) Extensive licensing and wide acceptance by the industry are strongly indicative of nonobviousness. *See, e.g., Arkie Lures, Inc. v. Gene Larew Tackle, Inc.,* 119 F.3d 953, 957 (Fed. Cir. 1997) ("[E]vidence of secondary considerations may often be the most probative and cogent evidence in the record.").

Second, Kodak contends that Philips employed deceptive trade practices by asserting patent infringement by Kodak products that practice the JPEG standard. (D.I. 175, Ex. 1 at 11-12.) Kodak further claims that its deceptive trade practices counterclaim is not preempted by federal law because Philips' suit was brought in bad faith. *Id.* The extensive licensing of the '075 patent by Kodak's competitors and widespread acceptance of the '075 patent by the digital camera industry provide strong evidence of Philips' good faith in suing Kodak. Moreover, exclusion of Philips' JPEG licenses would prejudice Philips' ability to demonstrate that Kodak's counterclaim is preempted by federal protection of good faith litigation. *See Moore North*

*America, Inc. v. Poser Business Forms, Inc.*, No. 97-712-SLR, 2000 WL 1480992, at \*7 (D. Del. Sept. 29, 2000).

### III.    PHILIPS' EXPERTS MAY RELY UPON PHILIPS' JPEG LICENSES UNDER RULE 703

Rule 703 requires a narrow inquiry: whether the evidence is the sort relied upon by experts in the field. *De Luca v. Merrell Dow Pharmaceuticals*, 911 F.2d 941, 952 (3d Cir. 1990). Philips' JPEG patent licenses are clearly relevant to a determination of reasonable royalties for the '075 patent. *See Pharmastem*, at \*2 (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)); *Studiengesellschaft Kohle m.b.H. v. Dart Indus.*, 862 F.2d 1564, 1571-72 (Fed. Cir. 1988) (prior cases "do not establish any rule that all post-infringement evidence is irrelevant to a reasonable royalty calculation."). And, as just discussed, they are relevant to nonobviousness. Thus, Philips' damages expert, Mr. Peterson, and its technical expert, Dr. Girod, should be allowed to rely upon Philips' JPEG licenses in forming their opinions.

### IV.    EXCLUSION IS NOT APPROPRIATE UNDER RULE 403

Exclusion under Rule 403 requires that the prejudice of the evidence *substantially outweigh* its probative value. Kodak points to no unfair prejudice it might suffer (other than its incorrect assertion of unreliability). (D.I. 164 at 4-5.) Moreover, otherwise reliable expert testimony should generally not be excluded under Rule 403. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1239 (3d Cir. 1993) ("[I]f expert testimony survives the rigors of Rules 702 and 703, then Rule 403 becomes an unlikely basis for exclusion.").

### V.    CONCLUSION

For the reasons discussed, the Court should deny Kodak's Motion *in Limine* #2 to exclude evidence of Philips' JPEG patent licenses.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Dated: February 25, 2008
188578.1

6

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

# REDACTED