IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-251-GMS |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**REPLY TO KODAK'S OPPOSITION TO PLAINTIFF U.S. PHILIPS CORPORATION'S MOTION *IN LIMINE* NO. 1:**

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER LITIGATION AND PATENT OFFICE PROCEEDINGS INVOLVING THE PATENT-IN-SUIT OR ITS FOREIGN COUNTERPARTS, OR KODAK'S LITIGATION REGARDING ANOTHER PATENT ALLEGEDLY RELATED TO THE JPEG STANDARD**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

Dated: March 3, 2008

Kodak's response to Philips' first motion *in limine* expressly concedes that evidence relating to other U.S. litigation brought by Philips on the '075 patent should not be introduced at the upcoming trial, since such evidence is misleading and irrelevant to any issues that the jury must decide. (D.I. 185 at 5.) But astonishingly, Kodak wants the same jury to be confused and misled by requests or interlocutory rulings made in other proceedings that are even more tangential to this case because they involve entities other than U.S. courts that are applying different rules or laws, such as a request for reexam that Kodak delayed filing until this year and pending proceedings involving foreign counterparts having patent claims with different limitations.

The requests and interlocutory rulings made in these other proceedings identified in Philips' motion also should be excluded. For example, the Federal Circuit rejected Kodak's argument (D.I. 185 at 2) that the USPTO's decision whether to grant an accused infringer's request for reexamination of the '075 patent is relevant to the willfulness of the infringement:

> BP also argues that the acceptance by the patent examiner of the reexamination request was evidence of the closeness of the question and supports the position that infringement was not willful. We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a "substantial new question of patentability" has been raised, *35 U.S.C. § 303*), does not establish a likelihood of patent invalidity.

*Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996).

In addition, Kodak contends only that the *USPTO's decision* on Kodak's request for reexamination is relevant to the issue of willful infringement. (D.I. 185 at 1.) Thus, if the USPTO does not act on Kodak's request prior to trial, Kodak concedes that evidence of Kodak's pending request for reexam should be excluded.

Moreover, Kodak's claim that it will be "hamstrung" in its willfulness defense if the

Court excludes its post-litigation reexam request and post-infringement evidence of foreign litigations fails, because Kodak's *prelitigation* conduct determines its willfulness. "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Here, the reexam and foreign litigation events Kodak seeks to rely upon occurred after Philips filed its complaint.[1] Thus, they are not probative of the willfulness of Kodak's prelitigation infringement, which began in the 1990s and continued past the filing of suit. For example, the fact that in February 2007, ten months after this lawsuit was filed and seven months before the patent expired, a Korean court ruled, applying Korean patent law, that another party's products do not infringe the Korean counterpart to the '075 patent, which contains claims that differ from those in the '075 patent, has nothing to do with the willfulness issues here: whether there was an "objectively high likelihood" that Kodak's prior actions in the United States constituted infringement of the U.S. patent, and whether Kodak knew or should have known of that risk. *See Seagate*, 487 F.3d at 1371.

Kodak argues that Philips' reliance on this Court's decision in *PharmaStem Therapeutics, Inc. v. Viacell Inc.*, No. 02-148 GMS, 2003 U.S. Dist. LEXIS 17137, *9 (D. Del. Sept. 30, 2003), is misplaced because the decision pre-dates the Federal Circuit's decision in *Seagate*. (D.I. 185 at 5, n.2.) Kodak has pointed to nothing in *Seagate*, however, that would change the Court's evidentiary finding in *PharmaStem,* that opinions of foreign tribunals carry with them "a certain imprimatur, which creates a substantial risk that the jury will give its conclusions undue deference." 2003 U.S. Dist. LEXIS 17137, at *9. Indeed, the *PharmaStem* decision dealt with

---

[1] Philips filed this lawsuit in April 2006, yet Kodak seeks to rely on 2007 interlocutory rulings from the Netherlands, Germany, and Korea, all of which Kodak perceives as more favorable than any rulings by this Court. Kodak also relies on its February 2008 request for reexam, even though it was filed five months after expiration of the patent-in-suit.

2

inequitable conduct, not willfulness. Accordingly, this Court should not allow Kodak to refer at trial to foreign litigation or proceedings in foreign patent offices.

Kodak wrongly argues that any unfair prejudice can be ameliorated by jury instructions limiting them to willfulness issues. (D.I. 185 at 3, 5.) Because the reexam is by the USPTO, and because the foreign decisions are by courts, the jury is likely to consider them as having greater significance and likely will not confine its effect to only willfulness.

Kodak does not dispute that the co-pending U.S. litigations, which involve the same patent at issue in this case and the same patent law this Court applies, are irrelevant and unduly prejudicial. (D.I. 171 at 4-5; D.I. 185 at 5.) For the same and additional reasons already discussed, foreign proceedings, in which foreign courts apply foreign patent laws to patents not at issue in this case that contain different claims and involve translation issues, are likewise irrelevant and unduly prejudicial.

Finally, although Kodak expressly agreed to exclude evidence regarding Kodak's settlement agreement in the previous *CLI* litigation, Philips also seeks to exclude any reference to the *CLI* litigation. Kodak presents no argument as to why evidence or argument regarding the *CLI* litigation should not be excluded. Philips' motion to exclude this evidence is, thus, unopposed and should be granted.

Because the probative value of any USPTO grant of Kodak's request for reexam, the foreign litigations, the co-pending U.S. litigations, and the CLI litigation and settlement is, at best, minimal and outweighed by the prejudice Philips would suffer in front of the jury, the Court should exclude that evidence under Federal Rules of Evidence 401-403.

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
| *Of Counsel:* | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
| Thomas W. Winland | tlydon@ashby-geddes.com |
| Steven M. Anzalone |  |
| Frank A. De Costa, III | *Attorneys for Plaintiff* |
| Kenneth M. Frankel | *U.S. Philips Corporation* |
| Joyce Craig |  |
| Matthew Levy |  |
| Michael Skopets |  |
| FINNEGAN, HENDERSON, FARABOW, |  |
|  GARRETT & DUNNER, L.L.P. |  |
| 901 New York Avenue, N.W. |  |
| Washington, D.C. 20001-4413 |  |
| (202) 408-4000 |  |

Dated: March 3, 2008
188740.1

4