IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>   Plaintiff,<br><br>  v.<br><br>EASTMAN KODAK COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 06-251-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF U.S. PHILIPS CORPORATION'S REPLY TO DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO PHILIPS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE KODAK FROM PRESENTING HEARSAY TESTIMONY BY EXPERT WITNESSES**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*U.S. Philips Corporation*

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: March 3, 2008

Kodak concedes that its experts, Dr. Neuhauser and Mr. Wallace, use inadmissible hearsay in the form of others' expert opinions, but attempts to argue that Rule 703 allows them to repeat those opinions to the jury. Because Kodak concedes that these opinions are hearsay, they may not be used for any substantive purpose. Further, the unfair prejudice to Philips from admission of opinions that Kodak was aware of for months before they were disclosed and which consist of the untested conclusions of "experts" who Kodak has effectively shielded from cross-examination far outweighs any potential probative value this hearsay might have.

The admission of opinions and reports of alleged experts whom Philips cannot cross-examine and that Kodak has chosen not to disclose, *i.e.*, Kodak employee Kenneth Parulski and the unknown author of a Chipworks report prepared in Canada, would be unfairly prejudicial to Philips. Kodak does not dispute that the opinions of Mr. Parulski are inadmissible hearsay. Kodak also agrees that Dr. Neuhauser will not be offering any opinions regarding the alleged prior use or sale of the principal reference on which Kodak is relying for purposes of validity, *i.e.*, the Widcom VTC-56. (D.I. 187 at 4.)

Kodak also does not dispute that the Chipworks report is an unsigned, unauthenticated, anonymously authored, unpublished document created by a private company in Canada for an unknown purpose. Kodak does not dispute that Dr. Neuhauser had no contact with Chipworks regarding the report, and that he has no personal knowledge of the contents of the programmable chips on the VTC-56 coder board. Kodak does not even dispute that the Chipworks report is inadmissible hearsay. Nonetheless, Kodak is having Dr. Neuhauser use this Chipworks report as substantive evidence in forming his opinion. Therefore, Dr. Neuhauser should not be allowed to testify regarding the operation of programmable chips on a Widcom VTC-56 that were only examined by persons at Chipworks.

As Kodak admits, Rule 703 "does not impact the admissibility of testimony related to evidence which would otherwise be inadmissible due to hearsay." (D.I. 187 at 2.) Such evidence is admissible solely for the purpose of assisting the jury in evaluating the expert's opinion, and should not be admitted unless its probative value *in assisting the jury* substantially outweighs its prejudicial effect. Fed. R. Evid. 702 advisory committee's note.

Kodak does not dispute that all of the evidence to which Philips objects in its motion is hearsay and inadmissible under any hearsay exception. That is, even if Dr. Neuhauser were to be allowed to testify regarding the Chipworks report or the alleged reverse engineering of a Widcom VTC-56 device, such testimony could not be used for a substantive purpose.

Nevertheless, Kodak improperly proposes to use the Chipworks report as substantive evidence. But the court in *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058 (9th Cir. 2003), which is cited approvingly by Kodak, barred such an improper use of inadmissible evidence. In *Turner*, a fire investigator commissioned a lab report that allegedly showed gasoline present in a soil sample taken from the scene of a fire; based on that lab report, he was prepared to testify that the fire at issue resulted from arson. *Id.* at 1060. The court did not permit the investigator to testify to this opinion, because he was using that lab report as evidence of gasoline at the fire and the lab report was the *only* evidence of gasoline in the soil. *Id.* at 1062. Allowing such testimony would effectively admit hearsay, *i.e.*, the lab report, for a substantive purpose.

Similarly, the Chipworks report is the *only* evidence that Dr. Neuhauser has of the data contained in programmable chips on a Widcom VTC-56 coder board. (D.I. 175, Ex. 19.) Based on that evidence alone, Dr. Neuhauser concludes that a VTC-56 board codes runs of zeros followed by a one differently from runs of zeros followed by a non-one. (D.I. 175, Ex. 17.) Dr. Neuhauser will testify about the coding algorithm on the VTC-56 board based on the data content

2

of programmable chips listed in the Chipworks report. Allowing such testimony would effectively and improperly admit inadmissible hearsay for a substantive purpose.

The rationale for exclusion here is even stronger than in *Turner*. Unlike the lab report in *Turner*, which was commissioned by the testifying expert, *Turner* at 1060, the Chipworks report is completely unauthenticated and Dr. Neuhauser has no personal knowledge of how, why, or by whom the report was created. Kodak withheld the Chipworks report until after fact discovery closed and did not identify Dr. Neuhauser or Chipworks as experts until it served Dr. Neuhauser's report and the Chipworks report on December 14, 2007. (Decl. of Matthew A. Levy, ¶ 2.) During expert discovery, Philips specifically asked Kodak to provide someone from Chipworks to be deposed regarding the report, but Kodak refused. *Id.* at ¶ 3. The Chipworks report is dated July, 16, 2004, nearly two years before the start of this litigation, so Kodak had an opportunity to gather evidence regarding the report's creation, but has failed to produce any.

Admitting any evidence concerning this inadmissible and unauthenticated report would be unfairly prejudicial. It would be manifestly unjust to allow Dr. Neuhauser to testify that he analyzed data from an actual Widcom VTC-56. Even referring to a Chipworks report in front of the jury will likely lead them to believe that the report was produced by reverse engineering a Widcom VTC-56. In effect, this would be using the Chipworks report to establish that, as a factual matter, what it says is true, *i.e.*, programmable chips on a particular VTC-56 coder board contained the data listed in the report. Any mention of the Chipworks report or the alleged reverse engineering of the VTC-56 therefore should be excluded.

For the reasons discussed, the Court should grant Philips' Motion *in Limine* #2 to strike the Chipworks report, preclude Dr. Neuhauser from testifying to operation of the Widcom VTC-56, and preclude Robert Wallace from testifying to any opinions of Mr. Parulski or Dr. Ebrahimi.

3

|  | ASHBY & GEDDES |
|---|---|
|  | /s/ *Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
| *Of Counsel:* | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
|  | tlydon@ashby-geddes.com |
| Thomas W. Winland |  |
| Steven M. Anzalone |  |
| Frank A. De Costa, III | *Attorneys for Plaintiff* |
| Kenneth M. Frankel | *U.S. Philips Corporation* |
| Joyce Craig |  |
| Matthew Levy |  |
| Michael Skopets |  |
| FINNEGAN, HENDERSON, FARABOW, |  |
|  GARRETT & DUNNER, L.L.P. |  |
| 901 New York Avenue, N.W. |  |
| Washington, D.C. 20001-4413 |  |
| (202) 408-4000 |  |

Dated: March 3, 2008
188741.1

4