IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-251-GMS |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF U.S. PHILIPS CORPORATION'S REPLY IN SUPPORT OF
ITS MOTION *IN LIMINE* NO. 4:**

**MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO KODAK'S STATE LAW
<u>COUNTERCLAIMS IN FRONT OF THE JURY</u>**

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy
Michael Skopets
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: March 3, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
U.S. Philips Corporation*

Defendant Eastman Kodak Company ("Kodak") has finally disclosed its theories of damages for its state law counterclaims: (1) its litigation expenses in defending Plaintiff U.S. Philips Corporation's ("Philips") infringement suit; and (2) whatever damages it may be required to pay for its infringement of Philips' patent. (D.I. 193 at 4.) Now that Kodak has disclosed those theories, the Court should not permit Kodak to assert and support any other theories of damages for its state law counterclaims. Indeed, Kodak does not dispute that it has provided no other theories of damages or any evidence or quantification of damages. (D.I. 174 at 2-3; D.I. 193 at 3-4.) Were Kodak to assert other theories at this late stage of the litigation just before trial, it would unduly prejudice Philips. *See* Fed. R. Evid. 403.

For those two theories, the Court, not the jury, must determine the amount of damages, because Kodak will not be able to prove until after trial the amount of any adverse damage award for which it is liable or its litigation expenses. The amount of damages for which Kodak is liable may be affected by decisions the Court must make if the jury were to find that Kodak willfully infringed Philips' patent, or if the Court were to find in favor of Kodak on its equitable defenses of equitable estoppel and laches. Likewise, the litigation expenses will not be quantifiable until after trial. *See TruePosition Inc. v. Andrew Corp.*, 507 F. Supp. 2d 447, 465 (D. Del. 2007) (deferring alleged relief for fraud, based on possible infringement damages and attorneys fees, for the Court's consideration after trial); *Acierno v. Goldstein*, No. Civ. A. 20056-NC, 2005 WL 3111993, at *6 (Del. Ch. Nov. 16, 2005) ("Delaware law does not permit the fact finder to supply a damages figure based on 'speculation or conjecture' where the plaintiff has failed to meet its burden of proof on damages." (citing *Henne v. Balick*, 146 A.2d 394, 396 (Del. 1950))).

The amount of these unquantifiable damages thus has no probative value during the jury trial. Any argument about the amount of these damages before the jury would only confuse or

1

mislead the jury as to the relief they can provide and should be precluded under Fed. R. Evid. 403.

In addition, the Court should not permit Kodak to argue that it is entitled to its litigation expenses as damages for its fraud or negligent misrepresentation counterclaims. Delaware courts follow the "American Rule," under which litigants generally bear their own costs of litigation. *See MBKS Co. Ltd. v. Reddy*, 924 A.2d 965, 977 (Del. Ch. 2007); *Brice v. State Dept. of Correction*, 704 A.2d 1176, 1178 (Del. 1998). Unlike Delaware's Deceptive Trade Practices Act, 6 *Del. C.* § 2533(b), no statutory exception to the American Rule exists for Kodak's fraud or negligent misrepresentation counterclaims. *See Brice*, 704 A.2d at 1178. The other exception is a possible grant of attorney's fees to the prevailing party under the Court's *equitable* powers, based on a losing party's bad faith in bringing or conducting the litigation. *See id.* at 1179; *MBKS Co. Ltd.*, 924 A.2d at 977. The jury would play no role in awarding these fees. Likewise, the Court, not the jury, would decide any attorney fees award under the Delaware Deceptive Trade Practices Act. *See* 6 *Del. C.* § 2533(b) ("The *court* in exceptional cases may award reasonable attorneys' fees against a defendant only if the *court* finds that the defendant has willfully engaged in a deceptive trade practice." (emphasis added)); *Edwards v. William H. Porter, Inc.*, Civ. A. No. 88C-OC-174, 1991 WL 165877, at *10 (Del. Super. July 26, 1991) (court decided damages after jury trial under Deceptive Trade Practices Act), *aff'd*, 616 A.2d 838 (Del. 1992). Accordingly, any argument to the jury about litigation expenses for Kodak's fraud or negligent misrepresentation counterclaims would have no probative value, because this relief is equitable and within the Court's sole discretion, and would confuse and mislead the jury. *See* Fed. R. Evid. 403.

Consequently, Philips respectfully requests that the Court, pursuant to Fed. R. Evid. 403, preclude Kodak from: (1) presenting and supporting any theories of damages for its state law counterclaims in addition to the two it has now put forth; (2) making any arguments to the jury about the amount of damages for its state law counterclaims; and (3) arguing to the jury that its litigation expenses form all or part of its damages for its fraud or negligent misrepresentation counterclaims.

Finally, contrary to Kodak's arguments, Philips' Motion *in Limine* No. 4 is not effectively a motion for summary judgment. Philips has not sought to exclude Kodak's state law counterclaims from trial, but rather to limit argument of some aspects of its state law counterclaims (or all aspects, before Kodak disclosed its damages theories) to the Court rather than the jury.

|  | ASHBY & GEDDES |
|---|---|
|  | /s/ Tiffany Geyer Lydon |
|  | ——————————————— |
|  | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
| *Of Counsel:* | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
| Thomas W. Winland | tlydon@ashby-geddes.com |
| Steven M. Anzalone |  |
| Frank A. De Costa, III | *Attorneys for Plaintiff* |
| Kenneth M. Frankel | *U.S. Philips Corporation* |
| Joyce Craig |  |
| Matthew Levy |  |
| Michael Skopets |  |
| FINNEGAN, HENDERSON, FARABOW, |  |
|  GARRETT & DUNNER, L.L.P. |  |
| 901 New York Avenue, N.W. |  |
| Washington, D.C. 20001-4413 |  |
| (202) 408-4000 |  |

Dated: March 3, 2008
188742.1

4