IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                            )
U.S. PHILIPS CORPORATION,                   )
                                            )
            Plaintiff,                      )
                                            )   Civil Action No. 06-251 (GMS)
        v.                                  )
                                            )
EASTMAN KODAK COMPANY,                      )
                                            )
            Defendant.                      )
_____)

**KODAK'S REPLY TO PHILIPS' OPPOSITION TO
KODAK'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE
RELATED TO THE *CLI V. WIDCOM* CONTEMPT ORDER**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant
Eastman Kodak Company

I.  **INTRODUCTION**

Philips' opposition fails to explain how a civil Contempt Order issued in a different case more than twenty years ago can be relevant to any issue in this case. It does not do so, because the law is clear that a lapse in time of that magnitude negates any bearing the issuance of such an order might have on the credibility of any witnesses subject to that order. Allowing Philips to refer to an irrelevant order merely for the purpose of smearing the reputations of third party witnesses would be highly prejudicial to Kodak's invalidity defense, and would confuse the jury and waste time. The Court should not permit Philips' proposed sideshow, and should preclude Philips from offering any evidence or argument regarding the twenty-two year old Contempt Order in the *CLI v. Widcom* case, including any related documents and testimony.

II.  **THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE CONTEMPT ORDER**

A.  **The Contempt Order Is Irrelevant**

Philips cites no case law to support its argument that the 1986 Contempt Order is relevant to the credibility of the Widcom witnesses. This is because the law is clear that to be relevant to the credibility of a witness, evidence must be probative of truthfulness or untruthfulness. *United States v. Leake,* 642 F.2d 715, 718 (4th Cir. 1981) (credibility evidence must be clearly probative of truthfulness or untruthfulness). The evidence must also "be of a recent vintage." *Okai v. Verfuth*, 275 F.3d 606, 610 (7th Cir. 2001). The Contempt Order is neither and is therefore inadmissible under Federal Rule of Evidence 402.

The conduct addressed in the Contempt Order is not probative of the Widcom witnesses' truthfulness. Rather, the Order addresses business issues, such as Widcom's distribution agreements and development contracts for the VTC-56 device, distribution of the VTC-56 product manual, and articles and presentations regarding the VTC-56 made by Widcom employees. Neither the Contempt Order nor any of these underlying acts relate to the

1

truthfulness of the Widcom witnesses in this matter. *See United States v. Colella*, CRIM No. 88-538, 1989 WL 89212, at *4 (E.D. Pa. July 26, 1989) (holding that contempt of court does not bear on witness's truthfulness).

Further, the Contempt Order, issued in 1986, is not reasonably close in time to this case to be relevant to the credibility of the Widcom witnesses. *See, e.g.*, *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 145-46 & n. 2 (3rd Cir. 2002) (finding that a résumé with false statements submitted nine years earlier was too remote in time to be probative); *Carter v. Bell*, 218 F.3d 581, 602 (Fed. Cir. 2000) (evidence two decades old too remote in time to be relevant as to credibility).

Philips attempts to circumvent these two large holes in its argument by alleging that the Widcom witnesses will provide "much of the relevant evidence" regarding the VTC-56 prior art device, and that this evidence is relevant because of an alleged "lack of contemporaneous documentary evidence" regarding the machine's functionality and existence as prior art. (D.I. 184 at 2-3.) But that is a different issue. Philips is certainly permitted to cross-examine the Widcom witnesses regarding the alleged "lack of contemporaneous documentary evidence" regarding the Widcom device and its operation, but that should not give Philips a license to tar the reputations of those witnesses by referring to a 22-year old civil Contempt Order that has no bearing on any issue in this case. Because Philips has not established any connection between the Contempt Order and the witnesses' testimony, the Court should preclude Philips from presenting evidence or argument related to the irrelevant Contempt Order.

> **B.    Any Reference to the Contempt Order is Prejudicial and Confusing, Would Mislead the Jury, and Would Waste Valuable Judicial Time and Resources**

Allowing Philips to use an irrelevant Contempt Order to attack the Widcom witnesses would unfairly prejudice Kodak's ability to present its invalidity claims regarding the Widcom VTC-56 device. Further, introducing a twenty-two year old Contempt Order issued by a

2

different court in an unrelated case would create a sideshow that will only confuse the jury and distract from the sole issue the Widcom witnesses will address at trial—whether the VTC-56 is prior art and how that device operates. Finally, any questioning regarding the Contempt Order would waste the Court's and the juries' time on issues that have no bearing on this lawsuit. For these reasons, the prejudice from the Contempt Order significantly outweighs any probative value that order may have. *See* Fed. R. Evid. 403.

## III.    CONCLUSION

For these reasons, Kodak respectfully requests that the Court exclude all evidence and argument relating to the Widcom Contempt Order.

Dated: March 3, 2008

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Attorneys for Defendant
Eastman Kodak Company

3

GT\6562624.1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 3, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)