IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>EASTMAN KODAK COMPANY,<br><br>        Defendant. | Civil Action No. 06-251 (GMS) |

**DECLARATION OF NICOLE WYLL IN SUPPORT OF DEFENDANT EASTMAN KODAK COMPANY'S REPLY TO PLAINTIFF U.S. PHILIPS CORPORATION'S OPPOSITION TO MOTION *IN LIMINE* NO. 2 TO EXCLUDE PATENT LICENSE AGREEMENTS**

I, Nicole Wyll, declare as follows:

1. I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter. Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of correspondence dated January 30, 2008 from Joyce Craig to Megan E. McCarthy.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated March 3, 2008, in San Diego, California.

                                                                           Nicole Wyll

# EXHIBIT A



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

JOYCE CRAIG
202.408.6013
joyce.craig@finnegan.com

January 30, 2008

Megan E. McCarthy, Esq.
DLA Piper
401 B Street
Suite 1700
San Diego, California 92101-4297

**Via Electronic Mail**
**Confirmation via U.S. Mail**

Re:    <u>U.S. Philips v. Eastman Kodak, Civil Action No. 06-251-GMS</u>

Dear Megan:

This letter responds to your letter dated January 25, 2008, regarding the production of licenses relied upon by Mr. Peterson in his expert report.

Today we sent a supplemental expert report on damages, dated January 29, 2008, to the attention of Jesse Hindman. The supplemental report does not reference the Fuji license. As we explained in our letter to Kodak dated November 14, 2007, we inadvertently produced a copy of Philips' license agreement with Fuji, which was subject to confidentiality restrictions, and requested that Kodak destroy all copies of that agreement in this litigation, which Kodak agreed to do (November 15, 2007 letter). Despite Philips' requests to permit use of that agreement in this litigation, Fuji has not agreed to allow use of the agreement under the protective order.

Philips has produced all licenses relied upon by Mr. Peterson in his supplemental expert report dated January 29, 2008. These license agreements were also subject to confidentiality restrictions, but we received permission of the licensees to produce them under the most restrictive provisions for confidential documents in the protective order. The licensees have not granted Philips permission to produce "all correspondence and materials" related to the license agreements and these remain subject to confidentiality restrictions.

Megan E. McCarthy, Esq.
January 30, 2008
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Please contact me if you have any questions.

Sincerely,

*Joyce Craig*

Joyce Craig

JC/bat

## **CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on March 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 3, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)