IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-251 (GMS) |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

_____)

**EXHIBIT I7:**
**EASTMAN KODAK COMPANY'S PROPOSED VOIR DIRE**

1.      Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call voir dire.  The purpose of the voir dire examination is:

    (a)      to enable the court to determine whether or not any prospective juror should be excused for cause;

    (b)      to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges — that is, challenges for which counsel need not give a reason.

2.      If any of you answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your name.  At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

3.      This case is expected to take 7 days to try.  The schedule that I expect to maintain over those 7 days will be as follows:

We will normally begin the day at 9:00 a.m. promptly.  We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m.  There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m.  One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation.  On that day, the proceedings might last beyond 4:30 p.m.  We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

1

4.     This case is an action for patent infringement arising under the patent laws of the United States.  The plaintiff in this case is U.S. Philips Corporation (or simply "Philips").  The defendant in this case is Eastman Kodak Company (or simply "Kodak").

For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn in as jurors and again at the conclusion of the trial.  For now, I will simply tell you that Kodak is accused by Philips of infringing Philips' patent-in-suit by importing, manufacturing, using, selling, and offering for sale certain digital cameras and other image encoding hardware and software products.  Philips also seeks damages for this alleged infringement.

Kodak denies that it has infringed Philips' patent and asserts defenses to the charges of infringement.  Specifically, Kodak  asserts that the '075 patent is invalid and unenforceable against Kodak.  Kodak also asserts defenses and counterclaims against Philips based on fraud, negligent misrepresentation, deceptive trade practices, equitable estoppel and laches.

Has any member of the panel heard or read anything about this case?

5.     Have you or any member of your immediate family (spouse, child, parent or sibling) ever been employed by Philips or Kodak?

6.     Have you or any member of your immediate family ever owned stock in any of these companies?

7.     Have you or any member of your immediate family ever had a business relationship of any kind with any of these companies?

8.     To the best of your knowledge, have you or any member of your family had any negative or positive experience with the products of any of these companies?

9.     Have you or, to the best of your knowledge, any member of your immediate family, had any experiences with any of these companies that might keep you from being a fair and impartial juror?

10.    Do you possess any opinions about any of these companies that might keep you from being a fair and impartial juror?

11.    COURT READS LIST OF COUNSEL

For Eastman Kodak Company: John Allcock, Sean Cunningham, Timothy Lohse, Richard Mulloy, John Kinton, Jesse Hindman, Nikki Wyll and Megan McCarthy of DLA Piper US LLP and Frank DiGiovanni of Connolly Bove Lodge & Hutz LLP.

For U.S. Philips Corporation: Thomas Winland, Steven Anzalone, Frank Decosta III, Kenneth Frankel, Joyce Craig and Matthew Levy of Finnegan, Henderson, Farabow, Garrett and Dunner LLP and Steven J. Balick and John Day of Ashby & Geddes.

Does any member of the panel, or your immediate family, know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

12.     COURT READS LIST OF WITNESSES

Mr. Majid Rabbani, Dr. Joan Mitchell, Mr. Steve Stasson, Mr. Michael Nier, Dr. Touradj Ebrahimi, Mr. Andrew Evenski, Mr. Robert Wallace, Dr. Charles Neuhauser, Mr. Stanley Fralick, Mr. Istvan Sebestyen, Mr. Richard Clark, Mr. Peyton Watkins, Dr. Bernd Girod, Mr. Mark Peterson, Dr. Timothy Schoechle, Mr. Jack Slobod, Mr. Jan van der Meer, Dr. Peter Vogel, Mr. Kenneth Cho, Dr. John Morris, Mr. Norman Richards, Mr. Eric Schylander, Mr. Joachim Speidel, Mr. Susumu Tsugaru, and Mr. Simon Turner.

Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

13.     Have you ever worked in the fields of data compression or digital imaging, or for a company that makes digital cameras, digital camcorders, or other digital imaging equipment?

14.     Do you believe companies frequently try to infringe or violate the patent rights of other companies?

15.     Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office or the United States Department of Commerce?

16.     Do you hold any opinions about the U.S. Patent and Trademark Office or the U.S. Department of Commerce that might keep you from being a fair and impartial juror?

17.     Have you or anyone in your immediate family ever applied for or obtained a patent in the U.S. or abroad?

18.     Have you or any member of your immediate family ever had an experience with patents or the patent system that has resulted in feelings that might keep you from being a fair and impartial juror?

19.     Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

20.     Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

21.     Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

22.     Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?