IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-251 (GMS) |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT I 3a:**

**PRELIMINARY JURY INSTRUCTIONS [PATENT]**

Plaintiff and Counterclaim Defendant U.S. Philips Corporation ("Philips") and Defendant

and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") submit the following proposed

Preliminary Jury Instructions and objections as of March 3, 2008.  The parties reserve the right to

submit modifications to these instructions and/or additional instructions on any pertinent issue.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Of counsel:*

Thomas W. Winland
Steven M. Anzalone
Frank A. De Costa, III
Kenneth M. Frankel
Joyce Craig
Matthew Levy

CONNOLLY BOVE LODGE & HUTZ LLP

Francis DiGiovanni (I.D. #3189)
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
(302) 658-9141
fdigiovanni@chlh.com

*Of counsel:*

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

*Attorneys for Plaintiff*

(619) 699-2700

*Attorneys for Defendant*

# TABLE OF CONTENTS

1.   INTRODUCTION [AGREED].................................................................1

2.   THE PARTIES AND THEIR CONTENTIONS [DISPUTED] .......................................2

3.   DUTIES OF THE JURY [AGREED] ..........................................................7

4.   EVIDENCE [AGREED] ....................................................................8

5.   CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY
     [AGREED]..........................................................................10

6.   BURDEN OF PROOF [DISPUTED]...........................................................11

7.   GENERAL GUIDANCE REGARDING PATENTS [AGREED] ................................14

     7.1.   CONSTITUTIONAL BASIS FOR PATENT GRANT  [AGREED]..................15

     7.2.   EXCLUSIONARY RIGHT AND TERM OF A PATENT [AGREED] .............16

8.   THE PARTS OF A PATENT [AGREED] .....................................................17

9.   SUMMARY OF THE ISSUES [DISPUTED]...................................................19

10.  CONDUCT OF THE JURY [AGREED] .......................................................23

11.  COURSE OF THE TRIAL [AGREED] .......................................................25

12.  TRIAL SCHEDULE [AGREED] ............................................................26

13.  GLOSSARY OF PATENT TERMS [AGREED] .................................................27

### 1.  INTRODUCTION [AGREED]

Members of the jury:  Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

These instructions will give you some general rules and guidance that might apply to any civil case.  However, because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

**Source:**        Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 2. THE PARTIES AND THEIR CONTENTIONS
### [DISPUTED]

**[PHILIPS' INSTRUCTION]**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

The parties in this case are the plaintiff, U.S. Philips Corporation, and the defendant, Eastman Kodak Company.

The dispute between the parties relates to the importation, manufacture, and sale of JPEG image encoding hardware and software products, including digital cameras, file scanners, document scanners, software, and scanning services. During the trial, the parties will offer testimony to familiarize you with this technology.

Philips asserts that it owns a United States Patent that it alleges Kodak has infringed, Patent No. 4,901,075. Because a patent number is so long, a patent is usually referred to by its last three digits. For example, Patent No. 4,901,075 is called simply "the '075 patent." Sometimes the patent will be referred to as the "Patent-In-Suit." Philips contends that Kodak has made, used, sold, and offered for sale image encoding products that infringe this patent. Philips contends that Kodak's infringement of the '075 patent has been willful. Philips seeks damages for Kodak's alleged infringement.

Philips does not contend that Kodak has infringed all of the claims of the patent. Instead, Philips asserts that only certain claims have been infringed. They may be called "asserted claims." Philips contends that some of Kodak's products have infringed the asserted claims. I,

and the attorneys and witnesses, may refer to these products as "accused products." You, of course, will determine whether or not each accused product has infringed the asserted claims of Philips' patent.

Persons or companies sued for allegedly infringing a patent can deny infringement. They can also defend a charge of infringement by proving the patent is invalid or unenforceable. In this case, Kodak denies that it has infringed Philips' patent and asserts what are called "affirmative defenses" to the charges of infringement. Kodak asserts defenses and counterclaims against Philips based on fraud, negligent misrepresentation, and deceptive trade practices. I will tell you more about infringement in a few minutes. I will instruct you as to defenses to a charge of infringement and possible damages resulting from a finding of infringement in my instructions to you at the close of the evidence.

**Source:**       Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06

**[KODAK'S OBJECTIONS]**

Kodak  objects on the grounds that Philips' proposed instruction fails to include or mention Kodak's affirmative defenses of equitable estoppel and laches.  Although Kodak acknowledges these are equitable issues, given the substantial factual and evidentiary overlap with Kodak's state law counterclaims, Kodak believes a combined trial with all issues being presented before the jury for advisory verdicts would promote judicial economy. Kodak respectfully requests the opportunity to address this issue at the pre-trial conference.

Kodak objects to Philips' characterization of  "JPEG image encoding hardware and software products" as prejudicially overemphasizing the JPEG functionality of Kodak's accused products.  The accused products include digital cameras, digital scanners, complex medical imaging devices and software whose functionality goes far beyond being merely JPEG compliant.  Kodak's proposed language fairly characterizes the accused products.

**[KODAK'S INSTRUCTION]**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

The parties in this case are the plaintiff and counterclaim defendant U.S. Philips Corporation, and the defendant and counterclaim plaintiff Eastman Kodak Company.

The dispute between the parties relates to the importation, manufacture, and sale of digital cameras, document scanners, software, and other products and services that are compliant with or utilize the JPEG Standard for digital image compression and storage. During the trial, the parties will offer testimony to familiarize you with this technology.

Philips asserts that it owns a United States Patent that it alleges Kodak has infringed, Patent No. 4,901,075. Because a patent number is so long, a patent is usually referred to by its last three digits. For example, Patent No. 4,901,075 is called simply "the '075 patent." Sometimes the patent will be referred to as the "Patent-In-Suit." Philips contends that Kodak has made, used, sold, and offered for sale image encoding products that infringe this patent and that such infringement has been willful. Philips seeks damages for Kodak's alleged infringement.

Philips does not contend that Kodak has infringed all of the claims of the patent. Instead, Philips asserts that only certain claims have been infringed. They may be called "asserted claims." Philips contends that some of Kodak's products have infringed the asserted claims. I, and the attorneys and witnesses, may refer to these products as "accused products." You, of course, will determine whether or not each accused product has infringed the asserted claims of Philips' patent.

Persons or companies sued for allegedly infringing a patent can deny infringement. They can also defend a charge of infringement by proving the patent is invalid or unenforceable. In this case, Kodak denies that it has infringed Philips' patent and asserts defenses to the charges of infringement. Specifically, Kodak asserts that the '075 patent is invalid and unenforceable against Kodak. Kodak also asserts defenses and counterclaims against Philips based on fraud, negligent misrepresentation, deceptive trade practices, equitable estoppel and laches.

I will tell you more about infringement in a few minutes. I will instruct you as to defenses to a charge of infringement and possible damages resulting from a finding of infringement in my instructions to you at the close of the evidence. I will also instruct you regarding Kodak's defenses and claims that Philips has committed standard setting misconduct.

**Source:**      Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

**[PHILIPS' OBJECTIONS]**

Philips objects to the inclusion of equitable estoppel and laches, which are claims for the Court to decide. *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997) ("Laches and estoppel are equitable defenses, committed to the sound discretion of the trial court." (quoting *Hemstreet v. Computer Entry Sys. Corp.,* 972 F.2d 1290, 1292 (Fed. Cir. 1992) (*citing A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed.Cir. 1992))); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990) (explaining that claims for equitable relief do not give rise to a right to a jury trial); *Gibson v. Hartford Life and Accident Ins. Co.*, No. 2:06-CV-3814-LDD, 2007 WL 1892486, at *5 (E.D. Pa. June 29, 2007) (citing *Cox*, 894 F.2d at 649-50).

Philips also objects to the last line regarding "standard setting misconduct." It is a redundant characterization, slanted to prejudice Philips. Its substance is already covered by the "defenses to a charge of infringement and possible damages" sentence just before it, as well as

the sentence in the previous paragraph that states "Kodak denies that it has infringed Philips'

patent and asserts defenses to the charges of infringement."

### 3. DUTIES OF THE JURY [AGREED]

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all of the instructions that I give you, even if you personally disagree with them. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**Source:**      Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 4.  EVIDENCE [AGREED]

The evidence from which you will find the facts will consist of the testimony of witnesses (testimony of witnesses consists of the answers of the witnesses to questions posed by the attorneys or the court — you may not ask questions).  Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  As a general rule, the law makes no

distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**Source:**     Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

.

## 5.  CREDIBILITY OF WITNESSES -
## WEIGHING CONFLICTING TESTIMONY [AGREED]

You are the sole judges of each witness's credibility.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses, including expert witnesses.

**Source:**       Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 6.  BURDEN OF PROOF [DISPUTED]

**[PHILIPS' INSTRUCTION]**

As I have already told you, in this case Philips is the owner of a patent which it contends Kodak infringes.  Philips has the burden of proving infringement by what is called a preponderance of the evidence.  That means Philips has to produce evidence, which, considered in light of all the facts, leads you to believe that what the patent owner alleges is more likely true than not.  To put it differently, if you were to put Philips' and Kodak's evidence on opposite sides of a scale, the evidence supporting Philips' allegations would have to make the scale tip somewhat on its side.  If Philips fails to meet this burden, the verdict must be for Kodak.  Philips must also prove its damages by a preponderance of the evidence.  Kodak must prove its counterclaims or defenses of fraud, negligent misrepresentation, and deceptive trade practices by a preponderance of the evidence as well.

In this case, Kodak asserts that Philips' patent is invalid and unenforceable.  A patent, however, is presumed to be valid and enforceable.  Accordingly, the party challenging the patent has the burden of proving by clear and convincing evidence that the patent is invalid or unenforceable.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.  Philips also contends that Kodak willfully infringed the patent-in-suit.  Philips must prove willful infringement by clear and convincing evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**Source:**        Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

**[KODAK'S OBJECTIONS]**

Kodak objects on the grounds that Philips' proposed instruction fails to include or mention Kodak's affirmative defenses of equitable estoppel and laches. Although Kodak acknowledges these are equitable issues, given the substantial factual and evidentiary overlap with Kodak's state law counterclaims, Kodak believes a combined trial with all issues being presented before the jury for advisory verdicts would promote judicial economy.

Kodak respectfully requests the opportunity to address this issue at the pre-trial conference.

**[KODAK'S INSTRUCTION]**

As I have already told you, in this case Philips is the owner of a patent which it contends Kodak infringes. Philips has the burden of proving infringement by what is called a preponderance of the evidence. That means Philips has to produce evidence, which, considered in light of all the facts, leads you to believe that what the patent owner alleges is more likely true than not. To put it differently, if you were to put Philips' and Kodak's evidence on opposite sides of a scale, the evidence supporting Philips' allegations would have to make the scale tip somewhat on its side. If Philips fails to meet this burden, the verdict must be for Kodak. Philips must also prove its damages by a preponderance of the evidence. Kodak must prove its counterclaims or defenses of equitable estoppel, fraud, negligent misrepresentation, deceptive trade practices, and laches by a preponderance of the evidence as well.

In this case, Kodak asserts that Philips' patent is invalid. A patent, however, is presumed to be valid. Accordingly, the party challenging the patent has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the

evidence. Philips also contends that Kodak willfully infringed the patent-in-suit. Philips must prove willful infringement by clear and convincing evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**Source:**        Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

**[PHILIPS' OBJECTIONS]**

Philips objects to the inclusion of equitable estoppel and laches, which are claims for the Court to decide. *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997) ("Laches and estoppel are equitable defenses, committed to the sound discretion of the trial court." (quoting *Hemstreet v. Computer Entry Sys. Corp.,* 972 F.2d 1290, 1292 (Fed. Cir. 1992) (*citing A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed.Cir. 1992))); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990) (explaining that claims for equitable relief do not give rise to a right to a jury trial); *Gibson v. Hartford Life and Accident Ins. Co.*, No. 2:06-CV-3814-LDD, 2007 WL 1892486, at *5 (E.D. Pa. June 29, 2007) (citing *Cox*, 894 F.2d at 649-50).

### 7.  GENERAL GUIDANCE REGARDING PATENTS
### [AGREED]

I will now give you a general overview of what a patent is and how one is obtained.

**Source:**        Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

### 7.1.    CONSTITUTIONAL BASIS FOR PATENT GRANT  [AGREED]

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and the useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

**Source:**    Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06

## 7.2.   EXCLUSIONARY RIGHT AND TERM OF A PATENT
### [AGREED]

The United States Patent and Trademark Office is responsible for reviewing patent applications and granting patents.  Once the "Patent and Trademark Office" or "PTO" has issued a patent, the patent owner has the right to exclude others from making, using, selling, or offering for sale the invention throughout the United States for the length of the patent term.  If the invention covered by the patent is a method, the patent law gives the patent owner the right to exclude others from using the method throughout the United States or making or selling throughout the United States any product made by the patented method anywhere in the world.

A person who, without the patent owner's authority, makes, uses, sells, or offers to sell a product or employs a method that is covered by one or more claims of a valid patent, infringes the patent.  A person can also induce others to infringe a patent by suggesting to other persons or companies that they undertake acts that constitute infringement.  This is called inducing infringement.

**Source:**        Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 8.  THE PARTS OF A PATENT [AGREED]

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents.  Many of the terms used by me in this description are contained in a "Glossary of Patent Terms," which I will give to you along with a copy of these preliminary instructions.  Feel free to refer to the Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the patent laws, the Patent and Trademark Office examines patent applications and issues patents.  A person applying for a patent must include a number of items in his or her application, including: (1) a detailed description of the invention in terms sufficiently full, clear, concise, and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing; and (3) one or more claims.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention.  The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.  When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the U.S. patent laws.  The examiner reviews the prior work of others in the form of voluminous files of patents and publications.  This type of material is called "prior art."  Prior art is generally technical information and knowledge that was known to the public either before the invention by the applicant or more than one year before the filing date of the application.  Sometimes, in specific circumstances and

under specific conditions, technical information that was not known to the public can also be prior art. Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. The compilation of the papers concerning the proceedings before the Patent and Trademark Office is called the "prosecution history," "file wrapper," or "file history." The PTO does not have its own laboratories or testing facilities.

The examiner may "reject" the application claims if he or she believes that they are applications for inventions that are not patentable in light of the prior art, or because the patent specification does not adequately describe the claimed inventions. The applicant may then amend the claims to respond to the examiner's rejections. If, after reviewing the prior art maintained at the PTO, the examiner concludes that the claims presented by the applicant define the applicant's claimed invention over the most relevant known prior art in a manner that is patentable and that the patent meets the other requirements for patentability, the application is granted as a U.S. patent.

**Source:**       Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06

## 9.    SUMMARY OF THE ISSUES [DISPUTED]

**[PHILIPS' INSTRUCTION]**

In this case, you must decide several things according to the instructions that I will give

you at the end of the trial.  Those instructions will repeat this summary and will provide more

detail.  One thing you will need not decide is the meaning of the patent claims.  That is one of

my jobs — to explain to you what the patent claims mean.  By the way, the word "claims" is a

term of art and I will instruct you on its meaning at trial's end.  Meanwhile, you will find a

definition in the glossary attached to these preliminary instructions.  In essence, you must decide:

(1)    whether Philips has proven by a preponderance of the evidence that Kodak

infringed the asserted claims of the '075 patent;

(2)    if you find that Kodak infringed the '075 patent, whether Philips has proven by

clear and convincing evidence that Kodak's infringement was willful;

(3)    whether the asserted claims of Philips' patent that have been infringed have been

proven by Kodak by clear and convincing evidence to be invalid or

unenforceable;

(4)    if you find that Philips' patent, before it expired, was valid and infringed, whether

Philips has proven its measure of damages for the infringement by a

preponderance of the evidence;

(5)    whether Kodak has proven by a preponderance of the evidence that Philips

engaged in fraud, negligent misrepresentation, or deceptive trade practices.

**Source:**    Adapted from Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06

**[KODAK'S OBJECTIONS]**

Kodak  objects on the grounds that Philips' proposed instruction fails to include or

mention Kodak's affirmative defenses of equitable estoppel and laches.  Although Kodak

acknowledges these are equitable issues, given the substantial factual and evidentiary overlap

with Kodak's state law counterclaims, Kodak believes a combined trial with all issues being

presented before the jury for advisory verdicts would promote judicial economy.

Kodak respectfully requests the opportunity to address this issue at the pre-trial conference.

Kodak further objects to Philips' proposed instruction to the extent it seeks to take the

issue of damages relating to Kodak's state law counterclaims from the jury.  The Seventh

Amendment guarantees a right to a jury trial for civil causes of action based on the common law.

U.S. Const. Amend. VII; *Benjamin v. Traffic Executive Ass'n Eastern Railroads* 869 F.2d 107,

114 (2d Cir. 1989).  Fraud and negligent misrepresentation "are claims at law which the Seventh

Amendment right to a jury trial attaches."  *In re Tou Houa Thao*, 2006 WL 3716055 at *2

(Bkrtcy.W.D. Mo. 2006).  And the Seventh Amendment applies to statutory actions such as

those brought under Delaware's Deceptive Trade Practices Act.  *See Granfinanciera, S.A. v.*

*Nordberg,* 492 U.S. 33, 42 (1989).  Kodak has a constitutional right to present its damages

claims to the jury.

**[KODAK'S INSTRUCTION]**

In this case, you must decide several things according to the instructions that I will give

you at the end of the trial.  Those instructions will repeat this summary and will provide more

detail.  One thing you will need not decide is the meaning of the patent claims.  That is one of

my jobs — to explain to you what the patent claims mean.  By the way, the word "claims" is a

term of art and I will instruct you on its meaning at trial's end.  Meanwhile, you will find a

definition in the glossary attached to these preliminary instructions.  In essence, you must decide:

1.    whether Philips has proven by a preponderance of the evidence that Kodak

       infringed the asserted claims of the '075 patent;

2.    whether the asserted claims of the '075 patent have been proven by Kodak by clear and convincing evidence to be invalid;

3.    if you find that Philips' patent, before it expired, was valid and infringed, whether Philips has proven its measure of damages for the infringement by a preponderance of the evidence;

4.    if you find that Kodak infringed the '075 patent, whether Philips has proven by clear and convincing evidence that Kodak's infringement was willful;

5.    if you find Kodak liable, whether Kodak has proven by a preponderance of the evidence that pre filing damages should be excluded under the doctrine of laches;

6.    whether Kodak has proven by a preponderance of the evidence that Philips engaged in fraud, negligent misrepresentation, or deceptive trade practices;

7.    if you find that Philips engaged in fraud or negligent misrepresentation, whether Kodak has proven its measure of damages by a preponderance of the evidence;

8.    whether Kodak has proven by a preponderance of the evidence that Philips' patent is unenforceable against Kodak due to equitable estoppel.

**Source:**    Adapted from Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

**[PHILIPS' OBJECTIONS]**

Philips objects to the inclusion of equitable estoppel and laches, which are claims for the Court to decide. *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997) ("Laches and estoppel are equitable defenses, committed to the sound discretion of the trial court." (quoting *Hemstreet v. Computer Entry Sys. Corp.,* 972 F.2d 1290, 1292 (Fed. Cir. 1992) (*citing A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed.Cir. 1992))); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990) (explaining that claims for equitable relief do not give rise to a right to a jury trial); *Gibson v. Hartford Life and*

*Accident Ins. Co.*, No. 2:06-CV-3814-LDD, 2007 WL 1892486, at *5 (E.D. Pa. June 29, 2007) (citing *Cox*, 894 F.2d at 649-50).

Philips also objects to paragraph 7, which asks the jury to decide damages for Kodak's fraud and negligent misrepresentation counterclaims. Kodak claims as damages for its state law claims: (1) its litigation expenses in defending Philips infringement suit; and (2) whatever damages it may be required to pay for its infringement of Philips' patent. For those two theories, the Court, not the jury, must determine the amount of damages, because Kodak will not be able to prove until after trial the amount of any adverse damage award for which it is liable or its litigation expenses. The amount of damages for which Kodak is liable may be affected by decisions the Court must make if the jury were to find that Kodak willfully infringed Philips' patent, or if the Court were to find in favor of Kodak on its equitable defenses of equitable estoppel and laches. Likewise, the litigation expenses (even if Kodak were entitled to claim them as damages for its fraud and negligent misrepresentation counterclaims, which it is not) will not be quantifiable until after trial. *See TruePosition Inc. v. Andrew Corp.*, 507 F. Supp. 2d 447, 465 (D. Del. 2007) (deferring alleged relief for fraud, based on possible infringement damages and attorneys fees, for the Court's consideration after trial); *Acierno v. Goldstein*, No. Civ. A. 20056-NC, 2005 WL 3111993, at *6 (Del. Ch. Nov. 16, 2005) ("Delaware law does not permit the fact finder to supply a damages figure based on 'speculation or conjecture' where the plaintiff has failed to meet its burden of proof on damages.") (citing *Henne v. Balick*, 146 A.2d 394, 396 (Del. 1950)).

## 10.  CONDUCT OF THE JURY [AGREED]

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them.  In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.  If anyone should try to talk to you about the case, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes.  A word of caution is in order.  There is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your

memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And remember that they are only for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**Source:**      Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 11.  COURSE OF THE TRIAL [AGREED]

This trial, like most jury trials, comes in seven stages or phases.  We have already been through the first phase, which was to select you as jurors.  The remaining stages are:

2.    These preliminary instructions to you;

3.    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.  The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence;

4.    The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

5.    My final instructions on the law to you;

6.    The closing arguments of the lawyers, which will be offered to help you make your determination; and, finally,

7.    Your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal.  So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**Source:**    Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

## 12. TRIAL SCHEDULE [AGREED]

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take seven (7) days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one-hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen-minute break at 11:00 A.M. and another fifteen-minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for your convenience in the jury room.

**Source:**       Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

# 13.  GLOSSARY OF PATENT TERMS [AGREED]

| | |
|---|---|
| Applicants | The named inventors who are applying for the patent. |
| Assignment | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| Claims | The part of a patent that defines the invention.  These are found at the end of the patent specification in the form of numbered paragraphs. |
| Disclosure of Invention | The part of the patent specification that explains how the invention works and usually includes a drawing. |
| File Wrapper, File History or Prosecution History | The written record of proceedings in the United States Patent and Trademark Office ("Patent and Trademark Office" or "PTO"), including the original patent application and later rejections, responses to the rejections and other communications between the Patent and Trademark Office and the applicant. |
| Patent Application | The initial papers filed in the Patent and Trademark Office by an applicant. These typically include a specification, drawings, claims and the oath (Declaration) of the applicant. |
| Patent Examiners | Personnel employed by the Patent and Trademark Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and whether the disclosure adequately describes the invention. |
| Prior Art | Any information that is used to describe public, technical knowledge prior to the invention by the applicant or more than a year prior to the filing of his/her application. |
| Prior Art References | Any item of prior art (publication, patent or product) used to determine patentability. |
| Specification | The part of the patent application or patent that describes the invention, and may include drawings.  The specification does not define the invention, only the claims do. |

**Source:**     Preliminary Jury Instructions - Patent (GMS) Rev: 1/18/06.

27