IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EASTMAN KODAK COMPANY, ) <br> ) <br> Defendant. ) | Civil Action No. 06-00251-GMS |

**DEFENDANT EASTMAN KODAK COMPANY'S MOTION *IN LIMINE* NO. 1:
MOTION TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING
PRIVILEGED OPINIONS OF COUNSEL**

Defendant and Counterclaim Plaintiff Eastman Kodak Company ("Kodak") hereby submits this motion *in limine* to preclude U.S. Philips Corporation ("Philips") from presenting any evidence or argument regarding the opinion of counsel obtained by Kodak regarding U.S. Patent No. 4,901,075 ("the '075 patent").

I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

The Court should preclude Philips from presenting any evidence or argument at trial regarding the opinion of counsel obtained by Kodak regarding the '075 patent. Kodak is not relying on its opinion of counsel as a defense to willful infringement in this case and Kodak has not waived the attorney-client privilege with respect to the opinion of counsel. In these circumstances, it would be improper for Philips to present any evidence or argument regarding Kodak's opinion letter. Any references to the opinion letter Kodak obtained would improperly suggest to the jury that Kodak has asserted the attorney-client privilege with respect to that

opinion because the outcome of the letter is unfavorable.  This is contrary to the law and would be highly prejudicial.  Philips should not be permitted to present any evidence or argument at trial regarding Kodak's opinion of counsel, or Kodak's alleged failure to obtain an opinion.

## II. RELEVANT FACTUAL BACKGROUND

On April 18, 2006, Philips filed the complaint in this action alleging that Kodak infringes the '075 patent.  (*See* Complaint For Patent Infringement; D.I. 1.)  Shortly thereafter, Kodak obtained an opinion of counsel regarding the '075 patent.  (*See* Ex. A, Kodak's Log of Privileged Documents at p. 23.)[1]  Kodak has not waived the attorney-client privilege regarding that opinion and does not intend to rely on that opinion as a defense to Philips' allegation of willful infringement.  However, Philips has indicated in interrogatory responses that it intends to argue that Kodak has willfully infringed the '075 patent because "[a]fter being made aware of the '075 patent, Kodak did not obtain advice of counsel."[2]  (Ex. B, Philips Supp. Interrogatory Response at pp. 17-19.)  In addition to misstating the facts, Philips' argument is contrary to the law.

## III. THE LAW PROHIBITS PHILIPS FROM PRESENTING ANY ARGUMENT OR EVIDENCE AT TRIAL REGARDING KODAK'S OPINION OF COUNSEL

In *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), the Federal Circuit established a new legal standard for evaluating willful infringement.  First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*,

---

[1] All exhibits cited herein are attached to the Declaration of Nicole Wyll In Support of Eastman Kodak Company's Motion *in Limine* No. 1, and will be referred to as "Ex. __."

[2] Although the parties have agreed not to include any documents created after the filing of the complaint on their respective privilege logs, Kodak specifically identified the opinion letter on its privilege log after receiving Philips' interrogatory response.  (*See* Ex. C, Wyll letter to Levy.)  Philips has never supplemented that interrogatory response and apparently intends to argue to the jury that Kodak did not receive any opinion of counsel.

497 F.3d 1360, 1371 (Fed. Cir. 2007). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id*. Second, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id*. In addition, the Federal Circuit overruled its previous precedent and confirmed that an accused infringer has "no affirmative obligation to obtain opinion of counsel." *Id*. If, however, a defendant obtains an opinion of counsel regarding the asserted patent, the Federal Circuit has held that "the assertion of … privilege and the withholding of the advice of counsel cannot entail an adverse inference as to the nature of the advice" that was given. *Knorr-Bremse Systeme Fuer Nutzfahrzuege GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004); *In re Seagate*, 497 F.3d at 1370.

In *Knorr-Bremse*, the Federal Circuit held that permitting an adverse inference regarding a privileged opinion letter would be contrary to the policy and purpose of the attorney-client privilege. "There should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney." *Knorr-Bremse*, 383 F.3d at 1344. Accordingly, the court held that "the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference as to the nature of the advice." *Id.* at 1345.

Cases applying the Federal Circuit's decision in *Knorr-Bremse* confirm that it would be improper to permit Philips to present evidence or argument to the jury regarding Kodak's opinion of counsel in this case. *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810 (E.D. Cal. 2006), is directly on point. In *McKessson*, the defendant filed a

motion *in limine* to exclude evidence and testimony regarding an opinion letter it obtained regarding the asserted patent. The defendant, like Kodak, did not waive the attorney-client privilege with respect to the opinion of counsel. *McKesson*, 434 F. Supp. 2d at 811. Although the patentee conceded that an adverse inference was inappropriate, it argued that it "may nonetheless inform the jury that Bridge asserted the attorney-client privilege over the opinion it received regarding McKesson's patent." *Id.* The court disagreed. In granting the defendant's motion to exclude evidence regarding the opinion of counsel, the court noted that it could not simultaneously "honor the shield of the attorney-client privilege and then allow McKesson to use it as a sword to prove its case[.]" *Id.* at 812. The court further stated:

> Were the court to permit such evidence, even with a cautionary instruction imposing *Knorr's* limitations (of no adverse inference), the jury would nevertheless be left to speculate why Bridge would not reveal its counsel's opinion. <u>It is inescapable that the jury would likely conclude that Bridge received an unfavorable opinion, otherwise Bridge would reveal it. This is precisely the negative inference *Knorr* prohibits.</u>

*Id.* (emphasis added).

Like the defendant in *McKesson*, Kodak has sought and obtained an opinion of counsel related to the asserted '075 patent. Significantly, this is not a case where Kodak failed to obtain any opinion at all. *See Energy Transp. Group, Inc. v. William Demant Holding A/S*, No. 05-422 GMS, 2008 WL 114861 at *1 (D. Del. Jan. 7, 2008). Rather, Kodak has elected to maintain the attorney-client privilege regarding the opinion it obtained, rather than rely on the advice of counsel as a defense to willful infringement at trial. As in *McKesson*, Philips should not be permitted to present any evidence or argument regarding the opinion letter or Kodak's assertion of the attorney-client privilege with respect to that letter. Nor should Philips be permitted to present its patently incorrect argument that "Kodak did not obtain advice of counsel." In addition to misstating facts, Philips' argument is contrary to the law because it seeks to punish

Kodak for choosing not to waive the attorney-client privilege. *See Knorr-Bremse*, 383 F.3d at 1345. Philips' argument is contrary to the law, would be highly prejudicial, and should not be permitted. Fed. R. Evid. 403.

IV. **CONCLUSION.**

For the foregoing reasons, Kodak respectfully requests that the Court issue an Order excluding all evidence or argument regarding whether Kodak obtained an opinion of counsel.

Dated: March 4, 2008                                    Respectfully Submitted,


/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>) Civil Action No. 06-00251-GMS<br>v. )<br>)<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. )<br>) | |

**[PROPOSED] ORDER GRANTING MOTION *IN LIMINE* NO. 1: MOTION TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PRIVILEGED OPINIONS OF COUNSEL**

The Court, having considered Defendant's Motion *in Limine* No. 1, and for good cause appearing therefore, Defendant's Motion *in Limine* No. 1 to exclude all evidence and argument regarding privileged opinions of counsel is GRANTED, and all evidence and argument regarding Kodak's opinion of counsel is excluded from presentation or consideration at trial.

SO ORDERED this _____ day of _____, 2008

_____
Chief Judge Gregory M. Sleet
United States District Court for the District of Delaware

SD\1782769.1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 4, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)