IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-00251-GMS |
| v. | ) |
| | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT EASTMAN KODAK COMPANY'S
REPLY BRIEF IN SUPPORT OF MOTION TO STAY LITIGATION
OF U.S. PATENT NO. 4,901,075
PENDING COMPLETION OF PATENT REEXAMINATION**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant/Counterclaimant
Eastman Kodak Company

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT. ............................................... 1

II. THE COURT SHOULD STAY THIS CASE UNTIL REEXAMINATION IS COMPLETE. .................................................................................................................... 2

    A. A Stay Will Avoid Wasting the Court's and the Parties' Resources. ..................... 2

    B. A Stay Will Not Prejudice Philips. ........................................................................ 5

    C. Kodak's Motion is Timely. .................................................................................... 7

III. CONCLUSION............................................................................................................... 10

## TABLE OF AUTHORITIES

**Page**

### CASES

*Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*,
   129 F.3d 1247 (Fed. Cir. 1997) ............................................................................................... 3

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
   734 F. Supp. 656 (D. Del. 1990) ............................................................................................. 5

*Freeman v. Minnesota Mining and Manuf. Co.*,
   661 F. Supp. 886 (D. Del. 1987) ............................................................................................. 9

*Gioello Enters. Ltd. v. Mattel, Inc.*,
   No. C.A. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) ................................... 2, 5

*Gladish v. Tyco Toys, Inc.*,
   No. S-92-16666 WBS/JFM, 1993 WL 625509 (E.D. Cal. Sept. 15, 1993) ........................... 9

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................... 2

*Grayling Indus., Inc. v. GPAC, Inc.*,
   No. 1:89-cv-451-ODE, 1991 WL 236196 (N.D. Ga. March 25, 1991) ................................. 7

*Ingro v. Tyco Indus., Inc.*,
   227 U.S.P.Q. 69 (N.D.Ill. 1985) .............................................................................................. 8

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   No. C 05-03116 JSW, 2006 WL 708661 (N.D. Cal. March 16, 2006) ................................. 2

*RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*,
   326 F.3d 1255 (Fed. Cir. 2003) ............................................................................................... 9

*Sorensen v. Black and Decker Corp.*,
   No. 06cv1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ............. 5, 8, 10

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
   33 U.S.P.Q.2d 2022 (N.D. Cal. 1995) .................................................................................... 3

### STATUTES

37 C.F.R. § 1.530(j) ....................................................................................................................... 3

37 C.F.R. § 1.913 ........................................................................................................................... 6

I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Philips' opposition fails to address the key issue raised by Kodak's motion—that the '075 Patent's expiration presents a unique and compelling basis to stay this litigation pending reexamination. Because the patent is expired, Philips will not be permitted to amend any claims during reexamination and there is a high likelihood that all the asserted claims will not survive. It would be a waste of resources—the Court's, the juries' and the parties'—to conduct a trial on patent claims that will likely not exist after reexamination. Philips' opposition barely acknowledges that the patent is now expired, and completely fails to address this key factor that weighs heavily in favor of granting the motion to stay. Indeed, Philips does not cite even one case where a motion to stay litigation pending reexamination of an expired patent was denied.

Rather than address the issue on the merits, Philips slings mud and accuses Kodak of gamesmanship. But Philips' arguments ring hollow. For example, Philips criticizes Kodak for "withholding" a particular prior art product (the Widcom VTC-56) from the reexamination. But since reexamination is limited by statute to patents and printed publications, Kodak cannot include the VTC-56 in its reexamination petition. Philips also criticizes Kodak for pursuing *ex parte* reexamination instead of *inter partes* reexamination. But the '075 patent is not eligible for *inter partes* reexamination because the patent application was filed in 1987—more than a decade before the first date on which *inter partes* reexamination became available. Philips' criticism of Kodak for not relying on prior art and procedures that the reexamination statute expressly prohibits is a transparent effort to distract from the merits of Kodak's motion. The Court should disregard Philips' red herring arguments.

Despite its thin arguments to the contrary, a stay will not prejudice Philips. Because the '075 patent is expired, Philips cannot seek any injunction and cannot recover damages for any alleged infringement after September 2007. In this circumstance, interest on any past damages

would be sufficient to compensate Philips during the time the reexamination request is pending if the asserted claims of the '075 patent survive. Although Philips correctly notes that the parties and the Court have already expended time and resources in this case, that does not justify the significant expenditure of time and resources that remain in connection with summary judgment motions and a seven-day jury trial regarding patent claims that will likely be cancelled during reexamination. Staying this case now will save significant time and resources, and will not prejudice Philips' ability to recover damages from Kodak if the asserted claims survive reexamination.

## II.     THE COURT SHOULD STAY THIS CASE UNTIL REEXAMINATION IS COMPLETE

### A.     A Stay Will Avoid Wasting the Court's and the Parties' Resources

Staying this case now will conserve the Court's and the parties' resources by allowing the PTO to examine the substantial questions of patentability raised by Kodak's reexamination petition before proceeding with a trial regarding those same issues.[1] *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at *4 (N.D. Cal. Mar. 16, 2006). Contrary to Philips' suggestion, many courts—including this Court—have acknowledged that staying litigation pending completion of reexamination conserves judicial resources and simplifies litigation by eliminating or narrowing patent validity and infringement issues, and by promoting settlement. *See, e.g., Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D.

---

[1] Philips quibbles with the reexamination statistics presented by Kodak and states that "the USPTO granted 92% of requests for *ex parte* reexam in 2007." (D.I. 197, Philips Br. at 15, n.10.) But the 92% figure cited by Philips relates to all reexamination petitions filed from 1981 to 2007, not just 2007. (D.I. 197, Philips Br., Ex. I.) In 2007, that figure was 97%. (D.I. 170, Decl. of N. Wyll, Ex. G.) But whether the percentage is 97% or 92%, it is clear that the PTO grants reexamination in an overwhelming majority of cases. Significantly, Philips does not argue that Kodak's request will be any different.

Del. Jan. 29, 2001); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995).

Philips' argument that a stay will not conserve judicial resources because "[a]ll claims are cancelled during *ex parte* reexamination only 10% of the time" misses the mark. (D.I. 197, Philips Br. at 9, n.7.) Indeed, Philips fails to note that patent claims are cancelled *or amended* in more than 70% of reexaminations initiated by third parties. (D.I. 197, Philips Br., Ex. I at 2.) The 70% figure is most significant because claims that are substantively amended during reexamination are treated as if they issued at the end of reexamination. *See Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). But since the '075 patent is already expired, a claim amendment during reexamination would have exactly the same effect as a claim cancellation. 37 C.F.R. §1.530(j) ("no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent"). Thus, there is a high likelihood that the asserted claims of the '075 patent will not survive reexamination. Philips' argument to the contrary ignores or disregards that the '075 patent is expired.

Because of the high likelihood that the claims of the '075 patent will be canceled during reexamination, a stay will promote judicial economy. Although Philips correctly notes that the Court and the parties have already devoted resources in this case (D.I. 197, Philips Br. at 13), there are many significant tasks remaining. While the parties have just recently submitted pre-trial filings and completed briefing on motions *in limine* in accordance with the Court's scheduling order, the Court will not need to devote substantial time or resources to those filings before ruling on Kodak's motion to stay. Furthermore, both parties have already requested permission to file motions for summary judgment in advance of trial. Philips has indicated it intends to file at least two motions for summary judgment: one regarding Kodak's state law

counterclaims for fraud and negligent misrepresentation—a motion Philips acknowledged four months ago is not warranted—and at least one other motion regarding Section 112 defenses and other unidentified issues. (D.I. 110; Decl. of Megan E. McCarthy in Support of Kodak's Reply Memorandum, Ex. A at 24:8-25, 30:24-31:6.) A stay will eliminate the need for the Court to devote significant resources evaluating the parties' pre-trial filings in advance of the April 2, 2008 pre-trial conference, ruling on the parties' proposed motions for summary judgment, and conducting a seven-day jury trial scheduled to begin on April 21, 2008.

Philips' argument that a stay will not conserve judicial resources because Kodak allegedly "contradicts" its trial theories in the reexamination mischaracterizes Kodak's petition. (D.I. 197, Philips Br. at 10.) There is nothing contradictory about Kodak's request for reexamination. To the contrary, the petition relies on many of the same references as those relied upon by Kodak's invalidity expert in this case. (*Compare* D.I. 170, Decl. of N. Wyll, Ex. E, Request for Reexam. at pp. 3 ("COST Paper"), 17 ("Pirsch Patent" in view of the "Chen Article"), and 62 ("Van Voorhis Patent" in view of the "Chen Article") *with* D.I. 170, Decl. of N. Wyll, Ex. F, Ebrahimi Expert Report (Invalidity) at pp. 13 ("Cost Paper"), 14 ("Van Voorhis Patent" in view of "Chen Article") and 15 ("Pirsch Patent " in view of "Chen Article").) What Philips really means is that Kodak has presented *additional* art and theories in its reexamination petition that it does not intend to present at trial. But the fact that the reexamination includes the references Kodak may present at trial and also includes additional references does not make it "contradictory" as Philips suggests. That Kodak may not present every reference referred to in its reexamination petition at trial in no way affects the savings of time and resources that will result from allowing the PTO to consider many of the same references that Kodak is relying upon in this case.

### B. A Stay Will Not Prejudice Philips

Philips has not identified any prejudice sufficient to justify denying Kodak's motion. Because the '075 patent expired in September 2007, there can be no ongoing infringement as a matter of law, no injunction regarding future conduct, and damages for any alleged infringement stopped accruing in September 2007. In these circumstances, a stay will not be prejudicial because Philips would be entitled to interest on past damages to the extent any of the claims survive reexamination. *See Sorensen v. Black and Decker Corp.*, No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) (monetary damages sufficient to compensate patentee where patent has expired); s*ee Gioello Enters.,* 2001 WL 125340, at *2 ("money damages [were] an adequate remedy for any delay in redress."). Because monetary damages and interest can compensate Philips for any alleged past infringement of the '075 patent, the Court should stay this case until the reexamination is completed.

In its effort to manufacture prejudice where none exists, Philips first attempts to stand the law on its head by suggesting it is Kodak's burden to demonstrate "a clear case of hardship or inequity" to support its stay motion. (D.I. 197, Philips Br. at 14.) Philips' interpretation of the law is contrary to this Court's previous order in *Gioello*, which granted a motion to stay litigation pending reexamination without requiring such a showing. *Gioello Enters.,* 2001 WL 125340. Indeed, the case that Philips cites to support its position is inapposite because it does not involve a motion to stay litigation pending completion of patent reexamination. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656 (D. Del. 1990). Philips' effort to apply a heightened and inapplicable legal standard to Kodak's motion should be rejected.

Further, Philips' accusation that Kodak is seeking to "try out selected invalidity defenses in the USPTO" by holding certain prior art "in reserve" strains credibility. (D.I. 197, Philips Br. at 3, 8.) Throughout its brief, Philips repeatedly criticizes Kodak for "failing" to include the

Widcom VTC-56, a prior art product, in its petition for reexamination. (*See, e.g.,* D.I. 197, Philips Br. at 1, 5, 9.) However, Philips later acknowledges (in a footnote) that the VTC-56 "does not fall into any of the categories of prior art that the USPTO considers during reexamination, namely, prior publications and patents." (D.I. 197, Philips Br. at 9, n.6.) Thus, Kodak could not have included the VTC-56 in its petition for reexamination. Likewise, Philips' suggestion that it will be prejudiced by Kodak's decision to seek *ex parte* reexamination instead of *inter partes* reexamination is meritless. While Philips is correct that *inter partes* reexamination bars a requester from later asserting the invalidity of a patent based on the same prior art considered in reexamination, that procedure is simply not available for the '075 patent. *Inter partes* reexamination is limited to those patents with an effective filing date on or after November 29, 1999. *See* 37 C.F.R. § 1.913. However, the application for the '075 patent was filed on September 11, 1987—more than a decade before the cutoff for *inter partes* eligibility.[2] The Court should disregard Philips' arguments criticizing Kodak for not relying on prior art and procedures that the reexamination statutes expressly prohibit.

Ultimately, Philips' claimed prejudice boils down to its argument that the parties have already expended significant resources preparing for trial. But contrary to Philips' suggestion, there is no reason to believe that the parties' preparations to date would go to waste if the '075 patent emerges from reexamination. Further, Philips' statement that it is "difficult to imagine what litigation costs a stay would make unnecessary at this late date, apart from the costs directly associated with holding the actual trial" is contrary to Philips' own statements to the Court. (D.I. 197, Philips Br. at 13.) Indeed, just one week ago Philips indicated it intends to file motions for

---

[2] Though not required in *ex parte* reexamination, in the interest of conserving judicial resources, Kodak is willing to agree that it will be bound in this lawsuit by the PTO's decision during reexamination whether the prior art relied on in Kodak's position discloses the limitations of the asserted claims if the court grants Kodak's motion to stay.

summary judgment on the patent issues in this case and Kodak's state law counterclaims. (*See* McCarthy Declaration, Ex. A at 24:8-25, 30:24-31:6.) Moreover, the costs and time to be expended by the Court and the parties associated with conducting a seven-day jury trial are significant, and Philips' efforts to slight that commitment falls short. Eliminating the need for the Court to evaluate pre-trial filings, rule on summary judgment motions, and conduct a jury trial regarding patent claims that are unlikely to survive reexamination would save significant judicial resources, and Philips will not be prejudiced by the Court exercising its discretion to stay this matter. *See Grayling Indus., Inc. v. GPAC, Inc.*, No. 1:89-cv-451-ODE, 1991 WL 236196, at *1, 3 (N.D. Ga. March 25, 1991) (petition filed 23 months after filing of complaint; "The interests underlying the reexamination procedure doubtlessly would have been served better by an earlier filing of the petition for reexamination. However, they are better served by granting a stay at this point than by denying it and allowing the trial on the merits to continue parallel to the reexamination procedure.").

      C.    **Kodak's Motion is Timely**

Philips' argument that Kodak has delayed too long in filing its motion ignores the procedural status of this case. Kodak filed its petition just two weeks after the Court issued its claim construction in this case. Based on the Court's January 25, 2008 claim construction order, it became apparent that substantial new questions regarding the patentability of the claims of the '075 patent exist. Accordingly, Kodak filed its petition and promptly filed this motion just days later. Although Philips correctly notes that the PTO is not obligated to act on Kodak's petition for 90 days from filing, Philips' suggestion that the PTO will not do so before trial reflects a misunderstanding of reexamination procedure. (D.I. 197, Philips Br. at 14.) Based on all *ex parte* reexamination petitions noticed in the February 2008 issues of the PTO's Official Gazette —a sample size of more than 30 petitions—the PTO acted on average within 60 days of the

filing of the request.  (*See* Exhibit 1.)   Thus, it is highly likely that the PTO will rule on Kodak's request in early April—weeks before trial is scheduled to begin.

Indeed, Philips' timing arguments are misplaced because it is Philips—not Kodak—that impermissibly delayed in filing this suit.  *See Ingro v. Tyco Indus., Inc.*, 227 U.S.P.Q. 69, 71 (N.D. Ill. 1985) ("especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings…will constitute neither undue nor unreasonable delay").  Although Philips' opposition sets forth a timeline of certain events, Philips' timeline does not begin until 2004.  (D.I. 197, Philips Br. at 3.)  But more than a decade earlier, Kodak was manufacturing and marketing JPEG-compliant products.  (D.I. 170, Decl. of N. Wyll, Ex. C at 48:20-49:22)  Nonetheless, Philips chose not file suit against Kodak at that time.  Nor did Philips file suit in 1999, when by its own admission Philips became aware of Kodak's alleged infringement.  (D.I. 170, Decl. of N. Wyll, Ex. B.)  It was not until 2006 that Philips finally filed the complaint in this case.  Having elected to wait until the '075 patent was nearly expired before filing suit, Philips should not be heard to complain about a stay that will help conserve substantial judicial resources because that patent has now expired.  *See Sorensen,* 2007 WL 2696590, at *4 (noting plaintiff "could have prevented this situation by filing suit many years ago, thereby allowing sufficient time for any reexamination to occur before the patent expired").

Philips' accusations that Kodak has somehow misled the Court are without merit.  Although Philips claims—without any supporting evidence—that Kodak filed its petition hoping that the USPTO would "disregard" the Court's construction (D.I. 197, Philips Br.  at 6), Philips' argument is directly contradicted by the reexamination petition itself.  Indeed, Kodak's petition attaches the Court's January 25, 2008 claim construction order and cites that order to support its request for reexamination.  (D.I. 170, Decl. of N.Wyll, Ex. E at 2.)  Not surprisingly, Philips fails

to cite any portion of Kodak's reexamination petition that urges a construction of any claim limitation in any manner that contradicts the Court's claim construction order.

Similarly, Philips accuses Kodak—again, without any supporting evidence—of attempting to delay proceedings until the district court construes the '075 patent in a different case involving Philips and LG Electronics. But a claim construction issued by a different district court would not have collateral estoppel or res judicata effect on the parties in this case. *RF Delaware, Inc. v. Pac. Keystone Techs., Inc.* 326 F.3d 1255, 1261-62 (Fed. Cir. 2003). As a result, it is difficult to imagine what effect the LG claim construction could have on this Court's ruling. Philips' accusations are meritless.

Further, Philips' argument that Kodak's motion to stay is somehow inconsistent with its laches defense reflects a misunderstanding of Kodak's defense and the procedural status of this case. (D.I. 197, Philips Br. at 19.) Specifically, Philips contends "[y]ears from now, when this case comes back for trial after reexam, witnesses' memories presumably would be even more 'faded,' causing the very evidentiary prejudice of which Kodak complains." (*Id.*) Philips' argument ignores the fact that those witnesses have now had their depositions taken in this lawsuit and the parties have the benefit of their recorded testimony. That is not the case, however, during the approximately 15 years Philips knew or should have known of its infringement allegations, but simply decided not to pursue this case. Philips' attempt to compare this motion to stay with Kodak's laches defense falls short.

Finally, the cases cited by Philips all fail to squarely address the circumstances in this case. For example, Philips relies heavily on *Freeman v. Minnesota Mining and Manuf. Co.*, 661 F.Supp. 886 (D. Del. 1987). (D.I. 197, Philips Br. at 7.) But *Freeman* involved a motion to prevent PTO reexamination proceedings, not a motion to stay litigation, and has no application here. *Freeman,* 661 F. Supp. at 887. Philips' reliance on *Gladish v. Tyco Toys, Inc.*, No. S-92

16666 WBS/JFM, 1993 WL 625509 (E.D. Cal. Sept. 15, 1993), is likewise misplaced. (D.I. 197, Philips Br. at 7-8.) In *Gladish,* the plaintiff patentee filed the motion to stay after initiating reexamination proceedings regarding his own patent. In those circumstances, the court properly denied a stay because the plaintiff "chose this forum, forced Tyco to expend time and money" in connection with litigation, and because Tyco had a strong interest in concluding the lawsuit without delay since its customers were aware of plaintiff's infringement allegations. *Gladish,* 1993 WL 625509, at *3. Again, these facts have no bearing on this case. Significantly, Philips fails to cite even a single case denying a motion to stay litigation pending reexamination of an expired patent. Thus, none of Philips' cases address the unique circumstances and judicial economy concerns presented in this case. *Sorensen,* 2007 WL 2696590, at *4.

### III. CONCLUSION

The expiration of the '075 patent presents a unique and compelling case for a stay, and Philips' opposition fails to squarely address this issue. Staying this case pending reexamination of the '075 patent will promote judicial economy, simplify the issues in this case, and will not prejudice Philips. Accordingly, Kodak respectfully requests the Court grant Kodak's motion to stay litigation until reexamination of the '075 patent is completed.

Dated: March 4, 2008                                    Respectfully Submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

-11-

        John Allcock
        Sean C. Cunningham
        Tim Lohse
        John D. Kinton
        **DLA PIPER US LLP**
        401 B Street, Suite 1700
        San Diego, CA  92101-4297
        Tel:  619.699.2700
        Fax:  619.699.2701

        Attorneys for Defendant/Counterclaimant
        Eastman Kodak Company

# EXHIBIT 1

SD\1785085.1

# EXHIBIT 1– REEXAMINATIONS STATISTICS IN FEBRUARY 2008

| USPTO Official Gazette Notice | Patent No. | Reexam Control No. | Date Reexam Request Filed | Date USPTO Issued Reexam Determination | Days from Filing to Determination |
|---|---|---|---|---|---|
| 1327 OG 26 (Feb. 5, 2008) | 5,566,913 | 90/010056 | 11/16/2007 | 1/17/2008 | 62 |
| | 6,287,556 | 90/008859 | 11/7/2007 | 1/16/2008 | 70 |
| | 6,340,074 | 90/010054 | 11/13/2007 | 12/10/2007 | 27 |
| | 6,599,502 | 90/008857 | 11/7/2007 | 1/16/2008 | 70 |
| | 6,607,057 | 90/010055 | 11/13/2007 | 12/14/2007 | 31 |
| | 7,223,236 | 90/010053 | 11/9/2007 | 1/18/2008 | 70 |
| 1327 OG 89 (Feb. 12, 2008) | 5,405,368 | 90/010068 | 12/5/2007 | 1/22/2008 | 48 |
| | 5,626,631 | 90/010069 | 12/5/2007 | 1/24/2008 | 50 |
| | 5,707,403 | 90/010067 | 12/5/2007 | 1/30/2008 | 56 |
| | 5,964,749 | 90/010070 | 12/5/2007 | 1/29/2008 | 55 |
| | 5,987,434 | 90/008900 | 10/26/2007 | 11/29/2007 | 34 |
| | 6,149,522 | 90/008901 | 11/1/2007 | 12/10/2007 | 39 |
| | 6,164,533 | 90/010064 | 12/5/2007 | 1/23/2008 | 49 |
| | 6,174,325 | 90/010066 | 12/5/2007 | 1/24/2008 | 50 |
| | 6,280,438 | 90/010065 | 12/5/2007 | 1/30/2008 | 56 |
| | 7,232,935 | 90/008899 | 11/5/2007 | 1/30/2008 | 86 |
| 1327 OG 146 (Feb. 19, 2008) | 4,934,831 | 90/008904 | 10/26/2007 | 1/16/2008 | 82 |
| | 4,972,181 | 90/008905 | 10/26/2007 | 1/16/2008 | 82 |
| | 5,191,525 | 90/008910 | 10/31/2007 | 12/19/2007 | 49 |
| | 5,462,414 | 90/008907 | 10/30/2007 | 1/4/2008 | 66 |
| | 5,648,931 | 90/008911 | 11/5/2007 | 1/14/2008 | 70 |
| | 5,682,833 | 90/008919 | 11/8/2007 | 1/3/2008 | 56 |
| | 5,899,855 | 90/008909 | 12/11/2007 | 1/24/2008 | 44 |
| | 6,133,122 | 90/008912 | 11/5/2007 | 12/19/2007 | 44 |
| 1327 OG 203 (Feb. 26, 2008) | 5,133,352 | 90/008923 | 11/15/2007 | 1/11/2008 | 57 |
| | 5,268,166 | 90/010073 | 12/7/2007 | 2/8/2008 | 63 |
| | 5,329,369 | 90/010074 | 12/7/2007 | No Determination yet | |
| | 5,389,206 | 90/008924 | 11/16/2007 | 1/23/2008 | 68 |
| | 5,566,913 | 90/010078 | 12/26/2007 | No Determination yet | |
| | 5,966,456 | 90/010057 | 1/15/2008 | 2/15/2008 | 31 |
| | 6,023,154 | 90/008848 | 1/7/2008 | No Determination yet | |
| | 6,115,074 | 90/010075 | 12/27/2007 | No Determination yet | |

**Average number of days from reexamination filing to USPTO determination**     **56**

SD\1785085.1

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on March 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 4, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)