IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-251 (GMS) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF MEGAN E. MCCARTHY IN SUPPORT OF DEFENDANT
EASTMAN KODAK COMPANY'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY LITIGATION OF U.S. PATENT NO. 4,901,075 PENDING
COMPLETION OF PATENT REEXAMINATION**

I, Megan E. McCarthy, declare as follows:

1.      I am an associate with the law firm DLA Piper US LLP, attorneys of record for

defendant Eastman Kodak Company ("Kodak") in the above matter.  Unless the context

indicates otherwise, I make this declaration based upon my own personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of the transcript from the

February 25, 2008 teleconference proceedings before the Honorable Gregory M. Sleet.


I declare under penalty of perjury that the forgoing is true and correct to the best of my

knowledge.

Dated March 4, 2008, in San Diego, California.


Megan E. McCarthy

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

1

2

3

4  U.S. PHILIPS CORPORATION, :      Civil Action

                          :

5            Plaintiff,    :

                          :

6      v.                 :

                          :

7  EASTMAN KODAK COMPANY,  :

                          :

8            Defendant.   :      No. 06-251-GMS

9                    - - -

10              Wilmington, Delaware

                Monday, February 25, 2008

11                 11:00 a.m.

                Teleconference

12

                    - - -

13

14  BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

15  APPEARANCES:

16          STEVEN J. BALICK, ESQ.

            Ashby & Geddes

17                -and-

            STEVEN M. ANZALONE, ESQ., and

18          KENNETH M. FRANKEL, ESQ.

            Finnegan, Henderson, Farabow,

19          Garrett & Dunner, L.L.P.

            (Washington, D.C.)

20

                          Counsel for Plaintiff

21          JAMES HEISMAN, ESQ.

            Connolly Bove Lodge & Hutz LLP

22                -and-

            RICHARD T. MULLOY, ESQ., and

23          T. JESSE HINDMAN, ESQ.

            DLA PIPER US LLP

24          (San Diego, CA)

25                        Counsel for Defendant

1          MR. MULLOY:  Thank you, Your Honor.

2          THE COURT:  Scope of summary judgment letters, I

3   am not sure exactly what that means.  Philips, I think, has

4   withdrawn its request to file summary judgment on certain

5   affirmative defenses, I believe.  Was there a counterclaim?

6          MR. ANZALONE:  Your Honor, let me kind of

7   explain the situation here.  It's a little confused.

8          Originally, when we met with you at the original

9   conference, initial scheduling conference, we had proposed,

10  jointly proposed a schedule with a Markman hearing.  And the

11  Court shortened the schedule, but kept the Markman date.

12  And as a result, our date for filing summary judgment

13  letters was fairly early in the process.  And Philips filed

14  the letter.  Kodak did not.

15         We had a hearing before Your Honor where Your

16  Honor asked why are we doing this now.  And I basically

17  indicated I did agree with Kodak that I did think it was

18  premature but it was what your order required.  And I

19  basically said I would be happy to, you know, have us

20  supplement later after the Markman decision.  I said we

21  would have no objection to that.  That would make more

22  efficient use of our time.

23         In fairness to the Court, what you also said is

24  it should be based upon things that change since the Markman

25  decision.

1          Since that time, since a lot of time has passed,

2     and discovery is closed, I think it would be convenient --

3     and I haven't been able to reach agreement with Kodak on

4     this point -- to basically allow Philips and Kodak, if it

5     seeks, to put in the request for summary judgment letter

6     some fairly straightforward issues, which I agree were not

7     affected by the Markman decision.

8          In particular, in our original letter, Your

9     Honor, we tried to strike all of their equitable defenses.

10    Later on we said, well, there is some disputed issues of

11    fact.  We are not going to be able to do that.

12         What we would like to put in this letter, and it

13    is outside what the Court authorized us to do, which is why

14    I am going to the Court, to make sure I can get permission

15    to do this, what I would like to do is point out that all of

16    the state law claims that Kodak is raising are barred by the

17    statute of limitations and that it's a straightforward issue

18    which only requires a calendar and counting on the fingers

19    of one hand up to three.

20         That is clearly not something you authorized me

21    to do, because it is not affected by the Markman.  But I

22    think it is a fairly straightforward issue.  I would like to

23    put it in the letter.  Kodak can respond to my letter.  If

24    the Court agrees and it's kicked out of the case, it will

25    simplify issues greatly.

1          MR. MULLOY:  Your Honor, Kodak could get its

2   motion on file next week.

3          One issue, Your Honor, I did want to raise with

4   the Court, I don't know if the Court is aware or not, but we

5   have filed a motion to stay this case pending reexamination

6   of the '075 patent.

7          THE COURT:  I wasn't aware of that.

8          MR. MULLOY:  I don't know if the Court would

9   want to consider ruling on that motion before accepting

10  summary judgment briefing.  We will proceed at the Court's

11  pleasure.

12         THE COURT:  I think I would.  Has that been

13  fully briefed?

14         MR. ANZALONE:  Your Honor, we have not had an

15  opportunity to respond to that motion yet.  We, of course,

16  will.

17         MR. MULLOY:  I believe the briefing is set to be

18  completed next week, Your Honor.

19         THE COURT:  That's probably why I don't know

20  about it.  It's going to make sense to postpone this

21  conversation at least until I have had a chance to

22  preliminarily examine the briefing.  And then I will get

23  back to you.

24         MR. ANZALONE:  Your Honor, let me clarify in

25  view of what Mr. Mulloy said.  I certainly don't have an

1    objection to what Mr. Mulloy was proposing to put in his

2    summary judgment letter, assuming it is a letter.  There

3    were other things I was going to put in that letter which I

4    also believe are Markman-related, such as Section 112,

5    Paragraph 2, they are defenses now in view of your ruling on

6    the Markman issues.

7              I wanted to make clear that the reason I raised

8    the statute of limitations and wanted to have a conference

9    with the Court, I just wanted to let the Court know, that

10   was clearly not within the context of what you indicated

11   would be allowed before.

12             THE COURT:  Sure.  Well, the fact that a motion

13   to stay has been filed is a revelation, one that I think

14   warrants a postponement of this discussion, at least a brief

15   postponement, at least -- when is the answer due?

16             MR. ANZALONE:  Tomorrow, Your Honor.

17             THE COURT:  I will be able to pull those two

18   briefs and then your reply, and I will consider it when it

19   comes in, and at least form some preliminary view, and if I

20   feel it wise to get back on the phone with you regarding

21   summary judgment.

22             MR. MULLOY:  Thank you, Your Honor.

23             THE COURT:  All right, counsel.  Take care.

24             (Conference concluded at 11:40 a.m.)

25   Reporter: Kevin Maurer

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 4, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 4, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)