IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-251 (GMS) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

Now before the court is the plaintiff Eastman Kodak Company's ("Kodak") motion to stay this matter pending the potential reexamination of U.S. Patent No. 4,901,075 (the "'075 patent"). (D.I. 168.) The defendant, U.S. Philips Corporation ("Philips"), opposes the motion.

On February 7, 2008, two weeks after this court's claim construction order, (D.I. 158), Kodak filed a petition with the United States Patent and Trademark Office ("PTO") requesting reexamination of the '075 patent based on prior art not previously considered by the PTO. (D.I. 169 at 1.) The reexamination request is the basis for Kodak's motion to stay, which was filed on February 11, 2008, and fully briefed on March 4, 2008. (D.I. 168; D.I. 217.) The Pretrial Conference in this case is scheduled for April 2, 2008, and the seven-day jury trial is set to begin on April 21, 2008.

Whether to grant a motion to stay proceedings is within the discretion of the trial court. *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 U.S. Dist. LEXIS 73198, at *12-13 (U.S.D.C.-Del. 2007) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). The current case, in which Kodak has requested the PTO to reexamine the '075 patent, is no

exception. *See id.* (citing *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.")). To decide whether to stay a given proceeding, courts generally consider three factors: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Id.* (internal citations omitted).

Kodak argues that, in light of its recent reexamination request, these factors support a stay. (D.I. 169.) According to Kodak, the PTO grants the vast majority of requests for reexamination (97%),[1] and most reexaminations (more than 70%) result in amendment or cancellation of at least some of the reexamined patent's claims. (D.I. 169 at 4; D.I. 217 at 3.) Thus, Kodak contends, it is likely that the reexamination request will lead to changes in the patent claims at issue in this case. (D.I. 217 at 3.) Assuming the PTO's reexamination rendered some of the claims unenforceable, Kodak asserts, the stay could result in simplified issues for trial. (D.I. 169 at 5-6.) Kodak also claims that any prejudice to Philips resulting from the delay could be cured by awarding interest on any infringement damages awarded at trial. (D.I. 169 at 7.)

Philips opposes this motion, contending that a stay would cause it a clear tactical disadvantage: by delaying this proceeding, Kodak could employ invalidity arguments before the PTO that are not available to it at trial, create grounds to amend its expert reports based on any PTO decision, and observe, from the sidelines, the results of Philips' related suit against a third party in the United States District Court for the Southern District of New York. (D.I. 197 at 6-7,

---

[1] Philips disputes this figure, contending that it is 92% of all requests that are granted. (D.I. 195 at 15 n.10; *cf.* D.I. 217 at 2 n.1 (Kodak's reply).)

11.) Philips also challenges Kodak's explanation of the reasons for its reexamination request. Kodak states in its opening brief that it requested reexamination because the court's claim construction order of January 25, 2008, raised "substantial new questions of patentability." (D.I. 169 at 2.) It is unclear, however, what new questions the court's claim construction order raised, and how it did so, because Kodak does not specify these new questions. Given this failure, the court is left only to guess as to what new patentability issues are raised by its claim construction order. The order, after all, is based on the intrinsic record, the parties' submissions, and existing case law. (D.I. 158.) Moreover, Kodak must have possessed the intrinsic record, known the parties' positions, and anayzed these positions in light of the applicable law months before it filed for reexamination of the '075 patent.

In addition, Kodak's reexamination request is "based on prior art not previously considered by the PTO." (D.I. 169 at 2.) As noted above, Kodak fails to explain just what the "substantial new questions of patentability" are or how those questions may be related to unconsidered prior art. (D.I. 169; D.I. 217.) Moreover, Philips contends that Kodak knew about this art for several months, if not years, before filing its reexamination request. (D.I. 197 at 7-8.) Therefore, Philips maintains that Kodak's efforts are otherwise motivated; specifically, that Kodak seeks to delay these proceedings in order to obtain a strategic or tactical advantage over Philips in this and other litigation involving the '075 patent. The court agrees that Kodak's request for reexamination does not appear to be well motivated.

Regardless, it is unclear the degree to which the reexamination would result in the conservation of the resources of the court and the parties by simplifying issues for trial. According to Philips, and not specifically disputed by Kodak in its reply brief, Kodak's sole

invalidity expert in this matter relies on only three prior art references. (*Cf.* D.I. 197 at 4-5.) Of these three, according to Philips, one is the inventor's own work and not a printed publication; the second, another patent, was filed after the priority date of the '075 patent; and the third will not be considered by the PTO in any potential reexamination because, by statute, the PTO is not allowed to do so. (*Id.* at 4-5, 9 at n.6, 11.) Because Kodak was not permitted, by law, to submit this third piece of alleged prior art to the PTO, the potential reexamination would not include prior art that will be at issue at trial. Thus, Philips argues that reexamination will likely not substantially simplify the ensuing trial. (*Id.* at 11.) Kodak's response to this assertion is unavailing. (D.I. 217.)

In addition, this case is weeks from trial, fact and expert discovery have been closed for some time, and the parties have filed their motions *in limine* as well as their proposed Pretrial Order. Further, the pretrial conference is four weeks away, and jury trial three weeks thereafter. For the reasons stated above, the court finds that a stay of this action is not warranted.

Therefore, IT IS HEREBY ORDERED THAT:

Kodak's motion to stay the litigation pending potential reexamination of the '075 patent, (D.I. 168), is DENIED.

Dated: March 7, 2008          /s/ Gregory M. Sleet
                              CHIEF, UNITED STATES DISTRICT JUDGE