IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>          Plaintiff,<br><br>          v.<br><br>EASTMAN KODAK COMPANY,<br><br>          Defendant. | Civil Action No. 06-251 (GMS) |

## KODAK'S REPLY TO PHILIPS' OPPOSITION TO KODAK'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PRIVILEGED OPINIONS OF COUNSEL

Francis DiGiovanni (#3189)
Kristen Healey Cramer (#4512)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
e-mail: fdigiovanni@cblh.com

John Allcock
Sean C. Cunningham
Tim Lohse
John D. Kinton
Jesse Hindman
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
Eastman Kodak Company

SD\1786272.1

I.   **INTRODUCTION**

Philips' opposition disregards the law on willfulness, waiver of privilege and adverse inferences associated with advice of counsel. The Federal Circuit has made clear that "there is no affirmative obligation to obtain opinion of counsel." *In re Seagate Tech.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This is true before and after a suit is filed. Because there is no obligation to obtain an opinion of counsel and further, no affirmative duty of due care in the willfulness inquiry, it is irrelevant <u>when</u> Kodak obtained any advice from its counsel.[1] Although Kodak obtained advice from its counsel, it has not relied on that advice as a defense to willful infringement and has not waived the attorney-client privilege. The inquiry into whether Philips should be precluded from referring to Kodak's opinion of counsel should stop there.

Philips' opposition attempts to split hairs about the timing and form of Kodak's opinion of counsel by arguing that Kodak did not obtain a formal opinion of counsel before Philips instigated this lawsuit. But Philips' point is irrelevant because there is no duty to obtain an opinion before or after a suit is filed. Further, Philips' opposition is based on a false premise—that since Kodak received a formal opinion <u>after</u> the suit was filed, Kodak did not obtain any advice of counsel <u>before</u> suit was filed. In fact, Kodak did receive advice of counsel concerning the '075 patent long before suit was filed. (*See* Ex. A,[2] Kodak's Privilege Log.) In similar circumstances, this Court has granted motions *in limine* to exclude references to advice of counsel. (D.I. 223, Ex. 1.) The result here should be the same.

---

[1] Philips states in its opposition that "Kodak allegedly obtained a counsel's opinion regarding the patent-in-suit." However, there is nothing "alleged" about the fact that Kodak obtained opinions of counsel. The formal opinion letter, as well as pre-litigation communications with counsel concerning Philips' infringement allegations and the validity of the '075 patent, exist and are properly listed on Kodak's privilege log.

[2] All exhibits cited are attached to the Declaration of Nicole Wyll in Support of Kodak's Reply to Philips' Opposition to Kodak's Motion *in limine* No. 1, and will be referred to as "Ex. _."

1

Furthermore, allowing Philips to introduce evidence or argument that Kodak did not seek advice until after Philips filed suit would place Kodak in an untenable position. Either Kodak must remain silent regarding the advice of counsel it did obtain (thus improperly suggesting to the jury that Kodak never obtained any advice before or after suit was filed), or Kodak must refer to the fact that it did obtain advice of counsel but chose not to rely on it in this case, which invites an improper adverse inference that the opinions were unfavorable and potentially risks a waiver of the privilege. Either situation is unfairly prejudicial to Kodak.

## II. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT OF KODAK'S OPINION OF COUNSEL OR ALLEGED LACK THEREOF

Philips relies on the Court's decision in *Telcordia Tech., Inc. v. Lucent Tech., Inc.*, No. 1:04-cv-00875-GMS (D. Del. Apr. 24, 2007), to assert that the timing of Kodak's opinion of counsel is "material" to the totality of the circumstances the jury must consider in its analysis of willful infringement. (D.I. 223, Ex. 1.) But *Telcordia* supports Kodak's position, not Philips'. Contrary to Philips' suggestion, *Telcordia* does not make any distinction concerning the timing of obtaining opinions of counsel. Instead it specifically deals with two distinct scenarios: one where a defendant (Cisco) obtained an opinion of counsel but asserted the attorney-client privilege, and one where a defendant (Lucent) failed to seek an opinion of counsel altogether. (D.I. 223, Ex. 1 at 10.) Kodak falls into the former category, not the latter. Kodak, like Cisco, received advice from its counsel regarding the patent-in-suit before the case was filed but elected not to waive the privilege regarding advice of counsel. (*See* Ex. A, Kodak's Privilege Log at entries 11, 15, 25; Ex. B, Cisco's Opening Brief at 1.) In these circumstances, the Court stated that "it can envision only one inference that the jury will draw from learning that the defendant has consulted counsel and obtained advice, but has chosen to assert the attorney-client privilege: that the opinion received by the defendant was unfavorable." (D.I. 223, Ex. 1 at 10-11). So it is here. Allowing Philips to question Kodak witnesses regarding opinions of counsel would require

2

Kodak to inform the jury that it asserted the attorney-client privilege instead of relying on its advice of counsel, which would "run afoul of the Federal Circuit's reasoned opinion in *Knorr-Bremse*" and would invite "an inference that this court will not permit the jury to draw." *Id.* at 11.

But that is exactly what Philips seeks to do by presenting argument and evidence to the jury that Kodak "failed" to obtain an opinion of counsel. (D.I. 223 at 3.) This suggestion is false and would be highly prejudicial to Kodak. If asked any questions regarding opinions of counsel, Kodak witnesses would be obligated to inform the jury that Kodak did, indeed, seek the advice of counsel in connection with this case. The jury would then make the highly prejudicial adverse inference that the advice was unfavorable. (D.I. 223; Ex. 1 at 11.)

Furthermore, Philips' stated attempt to "meet Kodak's concerns" by agreeing that it "will not introduce evidence concerning Kodak's decision not to disclose privileged advice of counsel that Kodak received *after* Philips filed suit" is a distinction without a difference. (D.I. 223 at 3.) Not surprisingly, Philips cites no case supporting its artificial distinction between advice obtained before or after a lawsuit was filed. Moreover, Philips' proposal is no less prejudicial to Kodak. Allowing Philips to introduce evidence or argument suggesting that Kodak failed to obtain advice of counsel <u>before</u> filing suit would put Kodak in the untenable position of either remaining silent regarding the advice it did obtain (thus falsely suggesting that Kodak obtained no advice of counsel) or risk waiving the attorney-client privilege by informing the jury that it did obtain an opinion. This is precisely the type of undue pressure on the attorney-client privilege that the Federal Circuit sought to avoid in *Knorr-Bremse*. *Knorr-Bremse*, 383 F.3d 1337, 1334 (Fed. Cir. 2004). Because Kodak obtained advice of counsel and elected not to rely upon it in this case, allowing Philips to present irrelevant evidence or argument regarding opinions would be unfairly prejudicial to Kodak. Fed. R. Evid. 403.

3

                CONNOLLY BOVE LODGE & HUTZ, LLP

                /s/ Kristen Healey Cramer
                Francis DiGiovanni (#3189)
                Kristen Healey Cramer (#4512)
                The Nemours Building
                1007 N. Orange Street
                Wilmington, Delaware 19899
                (302) 658-9141
                fdigiovanni@cblh.com

                *Attorneys for Defendant*

                *Of Counsel:*

                John Allcock
                Sean C. Cunningham
                Tim Lohse
                John D. Kinton
                T. Jesse Hindman
                DLA PIPER US LLP
                401 B Street, Suite 1700
                San Diego, California 92101-4297
                (619) 699-2700

## CERTIFICATE OF SERVICE

I, Kristen Healey Cramer, hereby certify that on March 19, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 19, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Kristen Healey Cramer
Kristen Healey Cramer (#4512)