IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EASTMAN KODAK COMPANY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-251 (GMS) |

**DECLARATION OF NICOLE WYLL IN SUPPORT OF DEFENDANT EASTMAN KODAK COMPANY'S REPLY TO PLAINTIFF U.S. PHILIPS CORPORATION'S OPPOSITION TO MOTION *IN LIMINE* NO. 1 TO EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PRIVILEGED OPINIONS OF COUNSEL [EXHIBIT A FILED UNDER SEAL]**

I, Nicole Wyll, declare as follows:

1. I am an associate with the law firm DLA Piper US LLP, attorneys of record for defendant Eastman Kodak Company ("Kodak") in the above matter. Unless the context indicates otherwise, I make this declaration based upon my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of Kodak's Log of Privileged Documents.

3. Attached hereto as Exhibit B is a true and correct copy of the redacted version of Defendants' Motion *in Limine* No. 3 Re: Advice of Counsel, in *Telcordia Tech., Inc. v. Lucent Tech., Inc.*, No. 1:04-cv-00875-GMS.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

SD\1786771.1

Dated March 19, 2008, in San Diego, California.

_/s/ Nicole Wyll_
Nicole Wyll

THIS DOCUMENT

WAS FILED

UNDER SEAL

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-875 (GMS) |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | REDACTED VERSION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-876 (GMS) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | REDACTED VERSION |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

YOUNG, CONAWAY, STARGATT &
   TAYLOR, LLP
John W. Shaw (#3362)
Monte T. Squire (#4764)
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

*Attorneys for Lucent Technologies, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Cisco Systems, Inc.*

Original Filing Date: February 8, 2007

Redacted Filing Date: February 16, 2007

Defendants Cisco Systems, Inc. and Lucent Technologies, Inc. respectfully submit the following motions:

**Joint Motions**

Exhibit 1    Motion *In Limine* No. 1 Re:  Unsupported Damages Theories

Exhibit 2    Motion *In Limine* No. 2 Re:  Uncorroborated Evidence of Conception

Exhibit 3    Motion *In Limine* No. 3 Re:  Advice of Counsel

Exhibit 4    Motion *In Limine* No. 4 Re:  *Telcordia v. Fore Systems* License and Settlement Agreements

**Cisco's Motion**

Exhibit 5A    Cisco's Motion *In Limine* No. 5 Re:  Hyperbolic and Prejudicial Argument or Evidence

**Lucent's Motion**

Exhibit 5B    Lucent's Motion *In Limine* No. 5 Re:  References to the Alcatel-Lucent Merger

Counsel for the Defendants certify that, pursuant to D. Del. LR 7.1.1, the subject of the foregoing motions has been discussed with counsel for the Plaintiff and that the parties have not been able to reach agreement thereon. Counsel for the Defendants further certify that counsel for Plaintiff refused to confer about the subject of Plaintiff's motions *in limine*.

| | |
|---|---|
| YOUNG, CONAWAY, STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ John W. Shaw* | */s/ Leslie A. Polizoti* |
| John W. Shaw (#3362)<br>Monte T. Squire (#4764)<br>1000 West Street, 17th Floor, P.O. Box 391<br>Wilmington, DE 19899<br>(302) 571-6600<br>*Attorneys for Lucent Technologies, Inc.* | Jack B. Blumenfeld (#1014)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market Street<br>Wilmington, DE 19899<br>(302) 658-9200<br>*Attorneys for Cisco Systems, Inc.* |

Original Filing Date: February 8, 2007

Redacted Filing Date: February 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick, John G. Day, Tiffany Geyer Lydon, Israel S. Mayergoyz, David A. Nelson, Neilesh R. Patel, John W. Shaw, John M. Williamson, Jack B. Blumenfeld, Jessica L. Davis, Sonal N. Mehta, Leslie A. Polizoti, and Edward R. Reines.

I further certify that I caused copies of the foregoing document to be served on February 16, 2007 upon the following in the manner indicated:

**BY HAND**

John G. Day
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801

John W. Shaw
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE  19801

**BY FEDERAL EXPRESS on 2/16/07**

Don O. Burley
FINNEGAN, HENDERSON,
 FARABOW, GARRETT & DUNNER
901 New York Avenue
Washington, DC  20001

David A. Nelson
LATHAM & WATKINS
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606

**BY ELECTRONIC MAIL**

Steve Balick (sbalick@ashby-geddes.com)
Tiffany Geyer Lydon (tlydon@ashby-geddes.com)
John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)
Israel Mayergoyz (sasha.mayergoyz@lw.com)
David Nelson (david.nelson@lw.com)
Neilesh Patel (neilesh.patel@lw.com)
John Shaw (jshaw@ycst.com)

/s/ Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

# Exhibit 3

## MOTION *IN LIMINE* NO. 3 RE: ADVICE OF COUNSEL

Defendants move *in limine* to preclude Telcordia from introducing evidence of Defendants' decision not to disclose advice of counsel pertaining to the '763 or '633 patents, or to argue that Defendants did not properly seek legal counsel.

### I. TELCORDIA SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE RELATING TO CISCO'S RELIANCE ON PRIVILEGE FOR ADVICE OF COUNSEL

Pursuant to this Court's scheduling order, Cisco was required to disclose within 14 days after issuance of the claim construction order whether it intended to rely on advice of counsel as a defense to patent infringement. D.I. 20.[1] Cisco declined this election, choosing to invoke the attorney-client privilege instead. The Court's scheduling order then barred Telcordia from taking discovery on any advice of counsel that Cisco may have obtained. *Id.*

Consistent with its decision, Cisco asserted privilege in response to discovery requests seeking advice of counsel and served a privilege log with over 400 entries. Such documents include legal advice provided by Cisco's then in-house patent counsel, Robert Barr. In addition, it is a matter of record that, before this case even started, Cisco retained Baker & Botts to provide advice relating to Telcordia's infringement claims. Indeed, over a multi-year period prior to the initiation of this lawsuit, Telcordia negotiated with Baker & Botts about the patent infringement claims against Cisco at issue here.[2]

Telcordia has now made clear that it will attempt to use Cisco's decision to rely on

---

[1] All D.I. numbers are from *Telcordia v. Cisco Systems, Inc.*, C.A. No. 04-876-GMS.

[2] In its trial brief, Telcordia asserts that Cisco failed to "identify any legal advice – even on its privilege log – during discovery in this case." Telcordia Trial Br. at 10. As noted above, Telcordia's assertion is incorrect. Furthermore, to the extent that Telcordia alleges that Cisco failed to log any formal opinion letters, Cisco did in fact log all legal advice save post-suit communications which were excluded per the parties' agreement. Thus, any argument that Cisco failed to identify formal opinion letters is moot.

privilege for advice of counsel to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[3] Telcordia Trial Br. at 10. Asking the jury to infer willfulness based on the absence of evidence of advice of counsel is contrary to the policy behind the attorney-client privilege and prohibited by *Knorr-Bremse*. More importantly, it is unfairly prejudicial because it invites the jury to speculate blindly as to the content of any advice.

### A. RECENT CASE LAW SEVERELY LIMITS THE WEIGHT ATTACHED TO A DEFENDANT'S DECISION NOT TO IDENTIFY ADVICE OF COUNSEL

The Federal Circuit has been clear that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure *to obtain or produce* an exculpatory opinion of counsel." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004).[4] It is Telcordia's burden, as the patentee, to present threshold evidence of culpable behavior on the part of the alleged infringer, and it cannot do this "merely by proof that the accused is asserting the attorney-client privilege to withhold an opinion of counsel." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006); *see also Knorr*, 383 F.3d at 1344 ("[N]o adverse inference shall arise from invocation of the attorney-client and/or work product privilege."). Thus, according to the Federal Circuit, a defendant's failure to rely on advice of counsel has no probative value.

As Judge Jordan has noted, in light of *Knorr-Bremse*, there is no reason why a patentee should be permitted to introduce evidence at trial about an opinion of counsel that was not disclosed:

> I have never yet heard anybody make a reasoned argument to me

---

[3] Indeed, Telcordia has designated portions of deposition transcripts where Cisco's attorneys instructed Mr. Barr on the basis of privilege. *See, e.g.*, Exh. 3-A [May 27, 2006 Barr Tr.] at 32-33, 35-38, 76, 78, 88.

[4] Emphases supplied throughout.

2

> why it could be put before a jury after the *Knorr-Bremse* opinion that an opinion was received but not tendered. And in the absence of that, I'm inclined to think there probably isn't a reasoned argument. That the only reason for putting it in front of a jury would be so that they draw an adverse inference, which was what *Knorr-Bremse* says could not happen.

Exh. 3-B [*Pharmacia & Upjohn Co. v. Sicor Inc.*, C.A. No. 04-833 (D. Del.), Transcript of October 11, 2005 Telephone Conference] at 38:8-16. For the exact same reasons, the Model Patent Jury Instructions for the Northern District of California explicitly exclude from consideration reliance on advice of counsel *unless* the accused is relying on advice of counsel as a defense. Exh. 3-C [N.D. Cal. Model Patent Jury Instructions] at 22 n.7.

It is inappropriate for Telcordia to attempt to have the jury – even tacitly – draw a negative inference of willfulness from Cisco's invocation of the privilege. Indeed, *Knorr-Bremse* specifically condemns any adverse inference from "an alleged infringer's failure *to obtain*" advice. *Id.* at 1341. Any suggestion that Cisco did not seek legal advice is further improper because it would require Cisco to invoke the privilege in front of the jury, which itself is unfairly prejudicial. *See United States v. Tomaiolo*, 249 F.2d 683, 690 (2d Cir. 1957).

### B. INVITING THE JURY TO SPECULATE AS TO THE ADVICE OF COUNSEL IS UNFAIRLY PREJUDICIAL

It is a long-standing principle that evidence that invites the jury to speculate is generally excluded as unfairly prejudicial under Federal Rule of Evidence 403. *See, e.g., McAvey v. Lee*, 260 F.3d 359, 374 (5th Cir. 2001).

In this case, the danger from jury speculation is particularly acute. In *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810 (E.D. Cal. 2006), the accused infringer received advice of counsel as to infringement, but invoked the privilege regarding the contents of that advice. *Id.* at 811. As is the case here, plaintiff attempted to introduce evidence of defendant's position to show willful infringement. The defendant moved *in limine* to prevent the

3

introduction of such evidence. The court weighed the interests of the parties, "consider[ed] the dictates of *Knorr-Bremse* and its emphasis on the sanctity of the privilege," and ultimately held:

> Were the court to permit such evidence, even with a cautionary instruction imposing *Knorr's* limitations (of no adverse inference), the jury would nevertheless be left to speculate why [defendant] would not reveal its counsel's opinion. It is inescapable that the jury would likely conclude that [defendant] received an unfavorable opinion, otherwise [defendant] would reveal it. This is precisely the negative inference *Knorr* prohibits.

*Id.* at 812. Telcordia is trying to do the same thing that the plaintiff in *McKesson* tried, and there is the same risk that the jury will draw a prohibited inference based on speculation. Accordingly, any and all evidence and argument pertaining to Cisco's alleged failure to seek advice of counsel or decision to assert the privilege should be excluded.

## II. TELCORDIA SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE THAT LUCENT DID NOT OBTAIN ADVICE OF COUNSEL

Telcordia does not allege that Lucent willfully infringed the '763 patent. Any reference by Telcordia to the fact that Lucent does not rely upon advice of counsel regarding the '763 patent is therefore irrelevant and highly prejudicial.

Although Telcordia alleges that Lucent willfully infringed the '633 reissue patent and bears the burden of proving this allegation by clear and convincing evidence, at this late stage of submitting a Pretrial Order, Telcordia still cannot identify a date on which it contends Lucent first had notice of the '633 patent prior to the commencement of this lawsuit. *See* Exh. 3-D [May 4, 2006 DePinho Tr.] at 199:4-200:3. Indeed, consistent with the testimony of Telcordia's own Rule 30(b)(6) witness, Lucent did not have notice of the '633 patent until shortly before Telcordia amended its complaint to assert that patent – almost a year after it filed the original complaint asserting only the '306 patent.[5] By the time Telcordia amended its complaint, Lucent

---

[5] Though Lucent was aware of the '633 patent after Telcordia originally asserted the patent

4

had retained litigation counsel to defend against the original complaint. It is both misleading and prejudicial for Telcordia to argue to the jury that Lucent did not have advice of counsel when Lucent was nearly a year into this litigation before having notice of the '633 patent.

Telcordia bears the burden of establishing a *prima facie* case of when Lucent had actual notice of the '633 patent. *See Imonex Servs. v. Munzprufer DietmarTrenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005). "'The patentee must present threshold evidence of culpable behavior' before the burden of production shifts to the accused to put on evidence that it acted with due care." *Golden Blount*, 438 F.3d at 1368. Accordingly, the Court should preclude Telcordia from making any reference that Lucent did not obtain advice of counsel when Telcordia cannot establish a *prima facie* case of notice of the '633 patent.

Under such circumstances any reference that Lucent did not obtain advice of counsel should be deemed inadmissible under Federal Rule of Evidence 403.

### III. CONCLUSION

For the foregoing reasons, Defendants request that Telcordia be precluded from introducing evidence of Defendants' decisions not to disclose advice of counsel, to argue that Defendants did not properly seek legal counsel, or to introduce evidence that Defendants asserted the attorney-client privilege.

---

against Cisco, because Lucent was selling the accused products at that time but was not accused of infringement, Telcordia's conduct indicated that it would not assert the patent against Lucent.

**CERTIFICATE OF SERVICE**

I, Kristen Healey Cramer, hereby certify that on March 19, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on March 19, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**BY E-MAIL AND HAND DELIVERY**
Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL AND U.S. MAIL**
Thomas W. Winland
Steven M. Anzalone
Frank A. DeCosta, III
Joyce Craig
Finnegan Henderson Farabow Garrett and Dunner LLP
901 New York Avenue, NW
Washington, DC 20001

/s/ Kristen Healey Cramer
Kristen Healey Cramer (#4512)